UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
(WESTERN DIVISION - LOS ANGELES)

| | | |
|---|---|---|
| MATTHEW D. VAN STEENWYK, | ) | CASE NO:  2:20-CV-02375-FLA-AFM |
| | ) | |
| Plaintiff, | ) | CIVIL |
| | ) | |
| vs. | ) | Los Angeles, California |
| | ) | |
| KEDRIN E. VAN STEENWYK, ET AL, | ) | Friday, February 26, 2021 |
| | ) | |
| Defendants. | ) | |

HEARING RE:

(1)  PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS
       FROM ADELAIDA CELLARS, INC [ECF.NO.108];

(2)  PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS
       FROM DEFENDANT KEDRIN VAN STEENWYK [ECF.NO.110]

BEFORE THE HONORABLE ALEXANDER F. MacKINNON,
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:            SEE PAGE 2

Court Reporter:         Recorded; Zoom Webinar

Deputy Clerk:           Ilene Bernal

Transcriber:            Exceptional Reporting Services, Inc.
                        P.O. Box 8365
                        Corpus Christi, TX 78468
                        361 949-2988

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

**APPEARANCES:**

For Plaintiff:                CHASE W. MARTIN, ESQ.
                              Adamski Moroski Madden, et al.
                              P.O. Box 3835
                              San Luis Obispo, CA 93403

                              DIANE H. BANG, ESQ.
                              Spertus Landes & Umhofer, LLP
                              1990 South Bundy Drive
                              Suite 705
                              Los Angeles, CA 90025


For Defendants:               JARED M. AHERN, ESQ.
                              Winget Spadafora & Schwartzberg, LLP
                              1900 Avenue of the Stars
                              Suite 450
                              Los Angeles, CA 90067

**Los Angeles, California; Friday, February 26, 2021**

**(Ms. Bang, Messrs. Martin and Ahern**

**Appearing via Zoom Video Conference)**

**(Call to Order)**

**THE CLERK:** Calling Case Number CV20-2375-FLA-AFMx, *Matthew D. Van Steenwyk versus Kedrin E. Van Steenwyk, et al.*

Counsel, please make your appearances for the record.

**MR. MARTIN:** Good morning, Court and Counsel. This is Chase Martin for the Plaintiff here with my co-counsel.

**MR. AHERN:** Good morning, Your Honor. This is Jared Ahern from Winget Spadafora and Schwartzberg and I represent Defendants Adelaida Cellars and Kedrin Van Steenwyk.

**THE COURT:** Okay. Good morning, everybody. We're here this morning on a hearing regarding two pending discovery motions and the Court has reviewed the parties' joint stipulations and the supplemental memoranda submitted by each side. And before hearing from the parties today and on these two motions, the Court will provide its tentative views on these discovery disputes.

Beginning first, I'll (indiscernible) sort of the basic legal principles that would be applied here. Federal Rule of Civil Procedure 26(b)(1) provides that a party may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and is proportional to the needs of the case.

1            Factors to consider include the importance of the
2   issues at stake in the action, the amount in controversy, the
3   parties' relative access to relevant information, the parties'
4   resources, the importance of the discovery in resolving the
5   issues and whether the burden or expense of the proposed
6   discovery outweighs its likely benefit.  Discovery need not be
7   admissible in evidence to be discoverable.
8            However, a Court must limit the frequency or extent
9   of discovery otherwise allowed by the Federal Rules if the
10  discovery sought is unreasonably cumulative or duplicative or
11  can be obtained from other source that is more convenient, less
12  burdensome or less expensive or if the party seeking discovery
13  has had ample opportunity to obtain the information by
14  discovery in this action or if the proposed discovery is
15  outside the scope permitted by Rule 26(b).
16           Boilerplate or general objections are not appropriate
17  and a party's objection should be specific to each particular
18  discovery request and supported by evidence.  See Federal Rule
19  of Civil Procedure 26(b)(2) and a case *Bragel versus Kohl's*
20  *Department Stores*, 2018 Westlaw 7890682, Central District of
21  California, November 14th, 2018.  Further, under Federal Rule
22  of Civil Procedure 1, the Federal Rules of Civil Procedure must
23  be construed, administered and employed by the Court and the
24  parties to procure the just, speedy and inexpensive
25  determination of every action and proceeding.

1               In addition, in connection with these two motions,
2    the issue of privacy of the Defendants has been raised.  When a
3    right of privacy is asserted here in Federal court, it must be
4    balanced against the parties' rights to obtain discovery of
5    relevant documents and information.  When the right to discover
6    relevant information outweighs the right to privacy,
7    confidential information may be required to be disclosed,
8    particularly when confidentiality can be still maintained
9    through a protective order.  See *Ragge versus MCA Universal*
10   *Studios*, 165 FRD 601, Central District of California, 1995 and
11   *Ruben* -- this is *Ruben versus the University of California*, 14
12   FRD 1, Northern District of California, 1986.
13              Applying those principles to the issues in dispute in
14   the two motions, the Court tentatively rules as follows.  As to
15   the motion to compel by Plaintiff against Defendant Adelaida
16   Cellars, which is at ECF 108, regarding Issue 1 which deals
17   with RFPs 75 and 98, the Court would grant the motion and
18   require Adelaida to provide the requested financial documents.
19   These financial documents from Adelaida are likely to contain
20   information relevant to Plaintiff's claims regarding one-sided
21   transactions between Adelaida and ATA.
22              According to the Third Amended Complaint, ATA has
23   subsidized nearly all of Adelaida's cost of doing business and
24   the requested financial documents are relevant to such claims.
25   The documents are also likely to be relevant to the issue of

1  damages.  Besides relevancy, Adelaida objects on the grounds of
2  proportionality and privacy.  Neither is persuasive on this
3  issue to the Court.  Financial records should not be difficult
4  to produce and Adelaida has not shown otherwise.
5           As to privacy, whatever privacy rights this company
6  has in its financial records must be weighed against
7  Plaintiff's rights to discovery.  Where a protective order has
8  been in place in this case, the Court finds that the balance
9  tips sharply in favor of production of the documents.  The
10 Court would order the documents that were requested to be
11 produced within 14 days.
12          As to Issue 2, documents relating to Stoneway
13 Properties, that's RFPs 106 and 107.  The Court's tentative is
14 to deny the motion as to these requests.  As set out in the
15 party's filings, the term "Stoneway Properties" is ambiguous.
16 It refers -- it's a DBA term that has been used inconsistently
17 apparently to refer either to four ranch properties owned by
18 ATA or to refer to an entity, ATA Ranches.
19          Given this ambiguity and the fact that Stoneway
20 Properties is not a legal entity, it would not be appropriate
21 to attempt to force these RFPs by Court order.  Of course,
22 Plaintiff can still obtain the relevant documents by RFPs
23 directed to the various legal entities that use this DBA term.
24          Issue 3, which is referred to as "Emailed
25 communications responsive to all requests."  The Court's

1  tentative is at this point to deny the motion subject to

2  further meet-and-confer efforts by the parties.  The motion as

3  it's phrased, which would require generally email

4  communications in response to all requests, is too broad and

5  undefined for the Court to grant and enforce.

6          However, the Defendants are required to include

7  reasonable searches for responsive emails as part of their

8  document searching and production where those searches are

9  likely to lead relevant information and are proportional to the

10 needs of the case.  The parties, therefore, would be ordered to

11 meet and confer as to the email searches by Adelaida including

12 the specific requests for which email searches are necessary

13 and any search terms to be used in the email search process.

14         The meet-and-confer process and a joint report, which

15 would be filed with the court, should be completed within 14

16 days.  The Court would then review the joint stipulation and

17 determine if there are any open issues and would then rule on

18 any open issues regarding email communications but the joint --

19 the meet-and-confer process would substantially narrow and make

20 more specific this issue of email searches by Adelaida.

21         The fourth issue raised by the motion I think has

22 been boiled down essentially to a request for tax returns of

23 Adelaida.  And at this time, it's the Court's tentative view

24 that Plaintiff has not shown a compelling need for the tax

25 returns of Adelaida which under California law is required for

1  production of tax returns.  And the Court would deny the motion
2  to compel the returns without prejudice.
3          Plaintiff in its motion focuses primarily on the
4  relevancy that it might have of obtaining tax returns.
5  However, he has not shown a compelling need at this time and
6  the inability to obtain the information from other sources
7  particularly when the Plaintiff has not yet reviewed the
8  financial documents which would be produced under this order.
9          So at this point, I don't believe the compelling need
10 standard has been met and as I said, I would as a tentative
11 matter deny without prejudice these requests for tax returns.
12         Turning to the other motion, which is the motion to
13 compel documents from Defendant Kedrin Van Steenwyk, the
14 Court's tentative with regard to this motion is to deny the
15 motion subject to certain conditions.  In response to this
16 motion, Ms. Van Steenwyk submitted a sworn declaration stating
17 that she has exhaustively searched her email and paper files
18 and has provided all responsive documents to counsel.  That's
19 found at ECF 110-3 at Page 6.
20         Therefore, as a condition to the denial of this
21 motion, Ms. Van Steenwyk shall provide a further -- a
22 supplemental declaration that details in particularity what she
23 has done to search her email and paper files, that is, where
24 and how the searches took place and what documents she
25 identified and provided to counsel.

1       Ms. Van Steenwyk's counsel shall also provide a
2  declaration stating what documents were received from
3  Ms. Van Steenwyk and confirming that those documents minus any
4  privileged documents have been produced and, therefore, that
5  all responsive documents have been -- that have been identified
6  by a reasonable search have been -- by Ms. Van Steenwyk have
7  been produced in this case.
8       These declarations would be filed within 14 days.  If
9  later facts emerge that indicate that the content of these
10 declarations are not true or complete, at that point, the
11 motion to compel further documents from Ms. Van Steenwyk can be
12 renewed.
13      With regard to the issue of sanctions, the Court
14 would reserve ruling on that issue until the joint report and
15 the declarations that would be required have been filed so that
16 the Court can review those documents before determining whether
17 any -- an award of fees and expenses to the Plaintiff would be
18 appropriate here.
19      So I put this forth in a detailed oral order in part
20 because I see you have a discovery cutoff in April.  I want to
21 move this along and I don't want it delayed by me having to
22 write a lengthy order and then you wait for that before
23 proceeding and I think we need to proceed promptly on these
24 matters.
25      So let me first hear from Plaintiff's counsel in

1 response to the tentative, please.

2 **MR. MARTIN:** Thank you, Your Honor. I appreciate the
3 Court's workup and the thoroughness with which the Court
4 explained it to us. I have no questions with respect to Issue
5 Number 1.

6 With respect to Issue Number 2, I don't disagree with
7 the Court that there is an ambiguity with respect to how
8 Stoneway Property is iterated. I would tell the Court that
9 this week we've been taking depositions on this case from
10 numerous Adelaida witnesses, all of whom seem to know what
11 Stoneway is and how they use it.

12 So is the Court suggesting that we essentially write
13 a new set of requests for production of documents based on the
14 discovery we have now undertaken?

15 **THE COURT:** Well, I don't know what -- I was
16 surprised you had more than a hundred RFPs, to be honest with
17 you. So I don't know within those hundred RFPs whether you
18 have requested the same information about or from the entities
19 that use this DBA term. What I -- I guess what I'm getting at
20 is that by saying it's ambiguous, it doesn't mean that the
21 documents requests could not be stated more particularly
22 without the use of the DBA.

23 If that means you're going to need to assert new
24 RFPs, that may be -- you may have existing RFPs that cover the
25 same ground. I don't know but I don't think, given what I have

1   -- and I don't -- obviously don't know what's come up in these
2   depositions but given what was submitted to me, I couldn't
3   issue an order that I felt would be enforceable given the
4   differences of the way that this term has been used as
5   represented to me.
6           **MR. MARTIN:** I understand, Your Honor. With -- then
7   with -- turning to -- I also understand with respect to Issue
8   Number 3 with respect to the email searches. We'll look for
9   that from Defense counsel. With respect to --
10          **THE COURT:** Well, you're going to meet with them on
11  it and talk to them very specifically back and forth. Let me
12  put it this way. I don't expect that they're going to be
13  searching for over a hundred categories of information in the
14  -- through emails. I mean, you need to focus it down somewhat
15  so that an email search can be proportional to this case. I'm
16  not going to tell you how to do that at this point. I quite
17  frankly don't know how you would do it but I think it can be
18  done and I think when you get that done, then they can do
19  whatever additional email searching is necessary.
20          **MR. MARTIN:** Thank you, Your Honor. And then finally
21  with respect to Issue Number 4 and speaking specifically about
22  the Adelaida motion, in addition to tax returns, there were
23  also numerous requests detailing a presentation that was made
24  by Moss Adams at what we've referred to as the "2016 Financial
25  Summit." What is the Court's position with respect to those

1 documents that are non-tax return related documents?

2     **THE COURT:** My understanding from reading the joint

3 stip -- and I guess I'll hear in a moment whether I'm right

4 about that -- was that the Defendants were going to produce

5 those and that -- what they're really holding their ground on

6 was the tax return issue.

7     **MR. MARTIN:** All right. I have no further questions

8 then, Your Honor. Thank you for this Court's tentative ruling.

9     **THE COURT:** Yeah. And I -- and what about Ms. Van

10 Steenwyk, the motion regarding her?

11     **MR. MARTIN:** I don't have any questions about that

12 particular motion, Your Honor.

13     **THE COURT:** Okay, thank you.

14     **MR. MARTIN:** Thank you.

15     **THE COURT:** Mr. Ahern?

16     **MR. AHERN:** Thank you, Your Honor. Just very

17 briefly, on the Stoneway, I think that's right. And we're

18 talking -- we actually have a deposition today that we're

19 taking a little break on and we were talking to Stoneway. So I

20 think it's correct that KMBG, ATA Ranches, that's sort of one

21 in the same as Stoneway and all of that has been produced. So

22 that's fine.

23     With the privacy, I just want to argue briefly about

24 that. I think the issues in this case are really the

25 transactions between the companies and whether fair value has

1  been given.  So we've got, are the -- is the grape prices fair,

2  services prices fair?  Have there been intercompany

3  transactions that haven't been accounted for?  So we've

4  produced everything about grapes.  We've got the services and

5  we have actually detailed ledgers of the intercompany

6  transactions.

7  　　　　　　　I think there's a disconnect with -- between my

8  position and Plaintiff's position is that I don't think the

9  entirety of the company's financials is at issue.  I equate it

10 to -- and this might be a bad example but if a Ford shareholder

11 is saying that Ford is selling its cars to a different company

12 for an unfair price, I don't think that shareholder should get

13 that other company's complete financial records.  I don't think

14 that's relevant.

15 　　　　　　　And I haven't really had a good explanation from

16 Plaintiff's counsel as to why it's relevant.  I think they're

17 interested in seeing the profit and loss statements just out of

18 curiosity but I don't think it really connects to any issues in

19 this case.  So that's my argument on that one.

20 　　　　　　　**THE COURT:**  Right.  I understood your argument and I

21 think your -- it's a relevancy point and I think that given

22 that this case involves financial transactions and arguments of

23 self-dealing and, as you said, whether things are properly

24 accounted for, I think it's drawing too fine a line at this

25 point to say, well, I'm going to give them some financial

1 records and not others.  If you were Ford, I might feel

2 otherwise.  I don't -- but I don't think your company you're

3 representing is Ford and I can't imagine the financial records

4 are going to be of the same extent that Ford would have.

5       It also strikes me -- I assume this is a -- I mean,

6 it is a privately-held company.

7       **MR. AHERN**:  Yes.

8       **THE COURT**:  And I gather the Plaintiff and at least

9 some of the people and the Defendant are related given the fact

10 their names are the same.  Are they brother and sister or

11 something or --

12       **MR. AHERN**:  Yes.  Yes, Your Honor.  Yeah, the

13 Plaintiff is the brother of my client Kedrin Van Steenwyk.

14 Their parents started the companies and then this is the next

15 generation.

16       **THE COURT**:  Right.  So I don't see that their --

17 given that you have a protective order, given the fact that

18 this fellow is a shareholder -- I know he's not a majority

19 shareholder.  He has -- I guess he has Class B rights or

20 something.  But to me, privacy just can be accounted for

21 through a protective order and I think from a relevancy

22 standpoint, there's been a sufficient showing that they should

23 be able to see the financial records that they're seeking.

24       **MR. AHERN**:  Okay, fair, Your Honor.  So we'll do the

25 -- I'll meet and confer with counsel and it'll probably just be

1   the annual financial statements, things like that.  And then --

2       **MR. MARTIN:**  No, general ledgers also, Mr. Ahern.

3       **THE COURT:**  Yeah, I think whatever the request stated

4   is what I ruled upon.

5       **MR. AHERN:**  Okay, general ledgers.  And -- okay,

6   that's fair.

7       And, yes, you are correct, Your Honor.  We did

8   provide everything from the accountants except for -- and I'm

9   going to provide them a little log of what we held back and I

10  guess we'll -- maybe we can get your guidance on this.  The one

11  thing I didn't give them is an inventory listing of all the

12  inventory of Adelaida because I also think that is just not

13  pertinent here.

14      And I think there's a little bit of a -- one concern

15  I have is this Plaintiff is sort of a repeat litigant against

16  his sister and the family and I'm a little bit concerned that

17  information in this case -- even though we have a protective

18  order, it still might be -- try to use in another case later to

19  build a new case.  We also have instances in this case where

20  Matthew Van Steenwyk, the Plaintiff, is getting information

21  from a board member of my client who's his brother Bret

22  (phonetic) who is a nonparty.

23      So I think there's a lot of just kind of fishing for

24  all the information we can get without really connecting it to

25  the claims in this case and I'm a little bit concerned that

Case 2:20-cv-02375-FLA-AJR   Document 121   Filed 03/02/21   Page 16 of 20   Page ID #:2307

16

1    that's going to spawn new claims in the future.

2            **THE COURT:** So I am sure that Plaintiff's counsel is
3    aware and -- that whatever they get in this case under the
4    protective order is to be used solely for prosecution of this
5    case and no other purposes. When this case is over, the
6    information is -- whatever those terms say -- destroyed,
7    returned. You can't use it for a basis of another case as long
8    as it's subject of the protective order.

9            So that's the order I think -- I believe would take
10   care of that and I'm sure, Mr. Martin, you're aware of that?

11           **MR. MARTIN:** Yes, I am, Your Honor. And we don't
12   plan on doing anything of this sort. We're not going to use
13   them for any nefarious purpose.

14           **THE COURT:** So with regard to the withholding of the
15   inventory of -- what'd you say -- I forget -- what, an
16   inventory of (indiscernible). Is that what it is?

17           **MR. MARTIN:** Of Adelaida?

18           **THE COURT:** Yeah.

19           **MR. MARTIN:** It's the -- just how much -- all the
20   wine it has from everything --

21           **THE COURT:** So what I'm going to tell you, I honestly
22   didn't focus on that. I'm going to tell you, you have to meet
23   and confer with them on email searches. So discuss that with
24   them as well at that time and include it in the joint report if
25   you don't have an agreement.

1  **MR. AHERN:** Okay, Your Honor. We will definitely do
2  that. And I guess -- yeah, that's everything. I appreciate
3  you looking at this, Your Honor. I know it's kind of paper. I
4  will meet and confer with counsel. And I appreciate the
5  discussion of the proportionality on the emails because it is a
6  small company and it has taken the employees we're working with
7  a lot of time to help us with the discovery in this case since
8  -- I think they've been putting in overtime working on their
9  duties of the company and then also helping us with the case.
10 **THE COURT:** Yeah, it's unfortunate about lawsuits and
11 it's why it's good sometimes to carefully consider whether or
12 not lawsuits should be settled but I'm not going to get into
13 that today. It is -- it can be -- and that's why we try to
14 make it proportional and that's the standard that we have to
15 apply here but -- so I'm going to stand by my tentative and
16 it's going to be the order on the motion.
17 I'll do a short minute order but the details will be
18 in this transcript which I'm going to order a copy of the
19 transcript to be prepared. If each side wants a transcript,
20 you need to order it separately but there will be one going to
21 be prepared because I'm going to ask the court reporter to do
22 that.
23 One other thing I wanted to ask you about -- I
24 believe there is another motion to compel in this case that's
25 been filed. Am I right about that?

1    **MR. MARTIN:**  Yes, Your Honor.  We also have a motion
2    to compel against ATA represented by a different firm.
3    **THE COURT:**  A different firm?
4    **MR. MARTIN:**  Not us.  We'll still be there but
5    Mr. Ahern will be replaced with Johnny Antwiler.
6    **THE COURT:**  Okay.  Well, I don't know if that's going
7    to provide much help to get that one resolved.  I haven't
8    looked at it yet.  What's the basic issue -- I'm not trying to
9    -- don't argue it for me.  Just what's the basic issue that
10   you're dealing with there?
11   **MR. MARTIN:**  The basic issue on that one, Your Honor,
12   is just failure to provide documents.  They've provided some,
13   not all.  The Court may remember that we actually appeared at
14   an informal discovery conference with Mr. Antwiler on his
15   document production.  He's in violation of that Court order.
16   So it's -- I think it's a little more straightforward.
17   **THE COURT:**  Okay.  Well, if you want -- if somebody
18   gets a transcript and they think it's helpful to share my views
19   on this motion with Mr. Antwiler, I don't think there's any
20   reason why you couldn't do that but I'll have to look at that
21   and I'll -- I may or may not schedule another Zoom hearing or I
22   might do it on the papers.  I don't know.  I don't know enough
23   about it.  But since he's not on this call, I won't talk
24   anymore about that one at the moment.
25   **MR. MARTIN:**  All right, Your Honor.

1      **THE COURT:** Okay.  Anything further from the
2  Plaintiff at this time?
3      **MR. MARTIN:** Nothing further from the Plaintiff, Your
4  Honor.  Thank you for your time.
5      **THE COURT:** You bet.
6      Mr. Ahern, anything further from you and your client?
7      **MR. AHERN:** Nothing further, Your Honor.  Thank you
8  very much.
9      **THE COURT:** Okay.  Thank you, guys, appreciate it.
10     **MR. MARTIN:** Thank you, Madame Clerk.
11     **MR. AHERN:** Thank you, Madame Clerk.  Have a great
12 day, guys.
13     **THE CLERK:** Thank you.
14     This hearing is now adjourned.
15     **(This proceeding adjourned)**
16
17
18
19
20
21
22
23
24
25

# CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_____           March 2, 2021

TONI HUDSON, TRANSCRIBER