UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
(WESTERN DIVISION - LOS ANGELES)

| | | |
|---|---|---|
| MATTHEW D. VAN STEENWYK, | ) | CASE NO:  2:20-CV-02375-FLA-AFM |
| | ) | |
| Plaintiff, | ) | CIVIL |
| | ) | |
| vs. | ) | Los Angeles, California |
| | ) | |
| KEDRIN E. VAN STEENWYK, ET AL, | ) | Tuesday, December 22, 2020 |
| | ) | |
| Defendants. | ) | |

HEARING:

TELEPHONE CONFERENCE RE DISCOVERY DISPUTE

BEFORE THE HONORABLE ALEXANDER F. MacKINNON,
UNITED STATES MAGISTRATE JUDGE

**APPEARANCES:**         SEE PAGE 2

Court Reporter:          Recorded; AT&T Teleconference

Deputy Clerk:            Ilene Bernal

Transcriber:             Exceptional Reporting Services, Inc.
                         P.O. Box 8365
                         Corpus Christi, TX 78468
                         361 949-2988

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

**APPEARANCES:**

For Plaintiff:             CHASE W. MARTIN, ESQ.
                           Adamski Moroski Madden, et al.
                           P.O. Box 3835
                           San Luis Obispo, CA 93403

                           DIANE H. BANG, ESQ.
                           Spertus Landes & Umhofer, LLP
                           1990 South Bundy Drive
                           Suite 705
                           Los Angeles, CA 90025


For Defendants:            JOHNNY L. ANTWILER, II, ESQ.
                           O'Hagan Meyer, LLC
                           4695 MacArthur Court
                           Suite 210
                           Newport Beach, CA 92660

**Los Angeles, California; Tuesday, December 22, 2020**

**(Call to Order)**

**(Ms. Bang, Messrs. Martin and Antwiler**

**Appearing via Teleconference)**

    **THE CLERK:** Calling Case Number CV 20-2375-FMO-AFMx, *Matthew Van Steenwyk versus Kedrin E. Van Steenwyk*.

    Counsel, please make your appearances. Plaintiff, you may go first.

    **MR. MARTIN:** Good morning, Your Honor, Chase Martin for Matthew Van Steenwyk along with my colleague Diane Bang.

    **THE COURT:** Good morning.

    **MS. BANG:** Good morning, Your Honor.

    **MR. ANTWILER:** Good morning, Your Honor, Johnny Antwiler from O'Hagan Meyer. We represent the Applied Technologies -- ATA, ATA Ranches and the -- most of the directors for ATA and ATA Ranches as well.

    **THE COURT:** Okay. Those are the Defendants?

    **MR. ANTWILER:** Correct.

    **THE COURT:** Okay. Good morning as well. Thank you.

    So we're having a discovery conference by telephone today in response to an email that the Court received over a discovery issue that exists between the parties. This is the first of these type of conferences we've had in this case. So I'm just going to briefly tell the parties sort of what the purpose of these is in terms of how I deal with discovery

1  matters and sort of what typically occurs.

2           As indicated on the website, the purpose of these is
3  mainly to try to give the parties a way to get the Court's view
4  on discovery issues early rather than having to brief issues
5  and go through the joint stipulation process under the local
6  rules.  So what I usually do is provide the parties with my, I
7  would say, initial reaction to the issue and my thought process
8  behind it so they understand sort of how I come -- where I come
9  from and how I would address the issue.  Typically, however, I
10 don't give final orders or make rulings on these calls unless
11 the issue is really, really, really straightforward and I can
12 do it based upon the short amount of information that's been
13 presented to me.

14          But, hopefully, having heard what I think about the
15 issue, it will guide the parties and they can get it resolved
16 going forward without the necessity of a motion.  Sometimes it
17 works and sometimes it doesn't work.  If it doesn't work and
18 the dispute continues, then the dispute will have to be raised
19 by the Court through the procedures set forth in Local Rule 37
20 through the joint stipulation process.  And I think that
21 typically I do hear a little bit of discussion from both sides
22 on the issue and then I give my reaction to the -- to what I
23 see the issue to be.

24          So in this instance, my understanding is that the
25 issue is being raised by the Plaintiff concerning a date for

1  documents to be produced by the Defendants and I'll let the
2  Plaintiff -- if you -- anything else you want to supplement
3  besides the short email to me, you can go ahead and do so now.
4  Thanks.
5          **MR. MARTIN:**  Thank you, Your Honor, Chase Martin for
6  Matthew Van Steenwyk.  Hopefully, this will be one of those
7  straightforward issues you referred to earlier that the Court
8  could give its impression and maybe issue a ruling on today.
9  We chose this forum specifically for the sort of expedited
10 aspects of it.
11         These deal -- our motion deals with -- or our request
12 deals with requests for production of documents that we served
13 on the Defendants represented by Mr. Antwiler on May 18th,
14 2020.  Before Mr. Antwiler was involved in the case, there was
15 another attorney from the O'Hagan firm named K. Adam Bloom.  He
16 was representing ATA and the individual Defendants prior to
17 Mr. Antwiler.
18         We sent the requests for production of documents to
19 their firm.  The original due date was June 17th, 2020.
20 Shortly before that time, they called and asked for an
21 extension of time to serve their responses.  We granted that
22 which meant the production was due on July 17th, 2020.  On that
23 date, no documents were produced, only written responses that
24 contained boilerplate objections repeated throughout the
25 request for production of documents.

1          Since that time, Mr. Bloom has now departed the case.
2   Mr. Antwiler has entered the case and, Mr. Antwiler, to his
3   credit, has done a much better job.  He has produced documents.
4   Many of them have been very valuable.  However, he still has a
5   long way to go.  We have not received any documents from any of
6   the individual Defendants and there are still several hundred
7   emails -- is my understanding -- maybe even more, that are
8   outstanding as well.
9          We've been, I think, diligent in following up with
10  Mr. Antwiler and sending him emails and having discovery
11  conferences with him, meeting and conferring with him.  The
12  pattern has typically been Mr. Antwiler will promise
13  production.  Occasionally, a production will be produced as
14  promised, oftentimes, not as promised.  In general, the issue
15  is that it's always being postponed and it's continually
16  postponed.
17         We still have substantial records that we need to
18  receive, a complete production of documents, a -- any document
19  responsive from any of the individual Defendants that
20  Mr. Antwiler represents.  We need a corrected production of
21  documents with errors.  For example, some emails were attached
22  without -- or were sent to us with missing attachments.  I
23  believe there's a privilege log that probably will need to be
24  produced.
25         All of that has been outstanding now since June 2020.

1  The Plaintiff feels that they have waited long enough.  We're
2  asking for the Court's intervention and we're asking for all
3  documents, including from the individual Defendants to be
4  produced no later than January 8th, 2021.
5          **THE COURT:**  Okay, thank you.  Let me ask you just one
6  follow-up question on that.  In terms of the written responses
7  that were provided, did that written response include a date by
8  which they would produce documents?
9          **MR. MARTIN:**  No, Your Honor.  Thank you for asking.
10 Actually, the written responses came with no documents at all.
11 In a subsequent email communication from Mr. Antwiler's
12 predecessor, Mr. K. Adam Bloom told us that they would be
13 producing documents on "a rolling basis."  They did that
14 without asking us.  We objected to that.  However, we've been
15 trying to work with the Defendants ever since and fast-forward
16 several months and here we are.
17         **THE COURT:**  Okay.  Mr. Antwiler, what do you say
18 about this?
19         **MR. ANTWILER:**  Well, I would agree that we have been
20 working together with Plaintiff's counsel.  It admittedly has
21 taken a very long time.  We have produced a lot of documents.
22 I think we've produced over 27,000 pages of documents.  We have
23 produced substantially all of the corporate documents other
24 than emails.
25         I know that once in a while we are still meeting and

1   conferring about some additional information they have but at
2   this point, we are down to just a few board notes for the
3   individual Defendants, the directors, a few personal emails and
4   then the emails that are on the system for basically the ATA,
5   the corporate Defendant.
6           We have been diligently working through them.  It has
7   taken longer than I expected, longer than I had hoped it would
8   take.  We have over a million total emails.  We are trying to
9   get through those as quickly as possible but the -- with the
10  subject matter and there's 150 requests.  And this request for
11  production set one, it's just taken us quite some time to get
12  through there.  I have two other associates that are also
13  assisting on trying to get this through.  I think we've made
14  substantial progress and we are nearing the finish line.  But I
15  also understand Plaintiff's viewpoint on wanting a date certain
16  that we can have everything finalized for this first request
17  for production of documents.
18          Along those lines I think that January 8th is a
19  little fast given the holidays but we could commit to January
20  8th for all of the documents for the individual defendants, and
21  30 days from today's date for all documents for ATA, including
22  the responsive emails.
23          **THE COURT:**  So that would be January -- what's that?
24  -- 21st, 2021.  Would that be 30 days from today?
25          **MR. ANTWILER:**  I think so, Your Honor.  One moment

1 and I have it pulled up and I'm just calculating the date to
2 make sure that that is -- yes, Thursday, January 21st.
3     **THE COURT:** Okay. So Mr. Martin, he says January 8th
4 for all the individual defendants' documents. And the emails
5 from the company going through and they'll produce them by
6 January 21st, 2020. What do you think about that?
7     **MR. MARTIN:** Your Honor, if at all possible, we would
8 prefer it all to be due on the 8th, given the amount of time
9 that we've had to wait for them thus far. And I think we've
10 been more than fair in terms of waiting for them as long as we
11 have.
12     Like I said, they originally were due on June 17th.
13 So I understand that there's quite a bit of information but
14 half a year or more is certainly enough time for any production
15 of documents to be done and I think January 8th is enough.
16     It should also be noted though that the discovery
17 cutoff date is April 8th. And because these documents are
18 voluminous, we do need as much time as humanly possible to get
19 them to various folks for review and digestion to prepare for
20 trial. So we would prefer January 8th if at all possible.
21     **THE COURT:** Okay. You know, just to back up a little
22 bit -- and some of this is probably maybe better -- will come
23 into play for the next round of production if there is one in
24 this case.
25     But under Federal Rules of Civil Procedure

1  34(b)(2)(B), the responses to requests for production are
2  supposed to either include the documents on the date requested
3  or specify another reasonable time by which the documents will
4  be produced.
5       Now, I know in reality in commercial litigation,
6  productions do go on beyond the specified date.  That's not
7  unusual.  I think probably here it's gone on more than what
8  would be expected and probably more than what is reasonable.
9       On the other hand, I am also aware that when you deal
10 with emails and particularly if you have a million emails,
11 getting through those to find relevant and responsive material
12 and calling out privileged material can be time-consuming.
13      The choices here would be -- I'm prepared to set what
14 I think are reasonable dates and by which this would all be
15 completed.  If somebody thinks those dates are not either --
16 are too short or too long, the option would be then to bring
17 some sort of a motion with me to try to modify them; I think
18 that would probably not be efficient in this case.
19      So I think in this particular instance, I think that
20 going with the defendants' suggestion of January 8th for
21 completing the production from the individual defendants seems
22 to be reasonable and agreed to by the plaintiff.  The only
23 issue is for the emails.
24      I understand that January 21st seems longer by a
25 couple of weeks than what the plaintiff would like.  On the

1  other hand, I think that by giving this extra time to the
2  defendants, I think that this can be sort of a real deadline
3  that should not be exceeded absent some really good cause being
4  shown by the defendants.  In other words, the documents should
5  be provided as of this date.  And I think the Court's prepared
6  to order that everything be produced by January 21st, 2020 from
7  these emails.
8         I think that that's, as I said, more than the
9  plaintiff would like but I think given the emails that need to
10 be gone through and the fact that there are holidays and we're
11 also dealing with the COVID situation which makes all of this
12 more difficult, I think the Court will be prepared to set that
13 as a deadline.
14        I think that the other thing that we need to take
15 into consideration if you're the defendants is the privilege
16 log situation.
17        If you're withholding privileged materials and you
18 don't provide a log, in some instances that can lead to waiver.
19 So you need to produce your privilege log either when these --
20 at the time these documents are going to be produced or within
21 a short period thereafter to avoid issues about waiver and to
22 give sufficient information to the plaintiff that they can
23 determine whether or not they think any of those privilege log
24 entries are subject to challenge.
25        So the date of January 8th for the documents of the

1  individual defendants and January 21st, 2021 for the emails of
2  the corporate defendants takes into account that there's going
3  to be privilege logs provided either on those dates or
4  relatively shortly thereafter in order to complete the
5  production obligations.
6       So I think that's how I would resolve the dispute at
7  this time.
8       Anything further from the plaintiff regarding it?
9       **MR. MARTIN:** Nothing from the plaintiff, Your Honor,
10 thank you.
11      **THE COURT:** Anything further, Mr. Antwiler, for the
12 defendants?
13      **MR. ANTWILER:** Nothing, Your Honor, thank you.
14      **THE COURT:** Okay. My inclination is to -- everybody
15 understands I think what's been said on the record.
16      My inclination is in the minute order simply to say
17 that this telephonic discovery conference was held and the
18 Court set deadlines for document production by the defendants
19 as stated on the record. And if anyone needs anything further,
20 specificity, you can obviously order a transcript of the
21 hearing today. So that's what I'm going to do for an order.
22 Okay?
23      **MR. MARTIN:** That's (indisc.), Your Honor, thank you.
24      **MR. ANTWILER:** All right. Thank you, Your Honor.
25      **THE COURT:** Appreciate it. Have a good holiday and

1 stay safe please.
2     **MR. ANTWILER:** Happy holidays.
3     **MR. MARTIN:** Thank you.
4     **THE COURT:** Yeah. Bye-bye.
5  **(Proceeding adjourned)**

# CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_March 16, 2021_

TONI HUDSON, TRANSCRIBER

EXCEPTIONAL REPORTING SERVICES, INC