Timothy W. Fredricks (SBN 238039)
Fredricks.t@wssllp.com
Jared M. Ahern (SBN 279187)
Ahern.j@wssllp.com
Brenna J. McGill (SBN 327181)
Mcgill.b@wssllp.com
**WINGET SPADAFORA & SCHWARTZBERG LLP**
1900 Avenue of the Stars, Suite 450
Los Angeles, CA 90067
Telephone: 310.836.4800
Facsimile: 310.836.4801

Attorneys for Defendants
KEDRIN E. VAN STEENWYK and
ADELAIDA CELLARS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW D. VAN STEENWYK, Individually, as Trustee and Beneficiary of The Matthew Van Steenwyk GST Trust and The Matthew Van Steenwyk Issue Trust, and as Co-Trustee of The Gretchen Marie Van Steenwyk-Marsh GST Trust and The Gretchen Marie Van Steenwyk-Marsh Issue Trust, and derivatively on behalf of Nominal Defendants APPLIED TECHNOLOGIES ASSOCIATES, INC., SCIENTIFIC DRILLING INTERNATIONAL, INC., and ATA RANCHES, INC., <br><br> Plaintiff, <br><br> v. <br><br> KEDRIN E. VAN STEENWYK, Individually, as Successor Trustee of the Donald H. Van Steenwyk and Elizabeth A. Van Steenwyk 1996 Revocable Trust; PAMELA PIERCE, Individually; PHILIP GOBE, Individually; PHILIP | Case No.: 2:20-cv-02375-FLA-AFM <br><br> **DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS, INC.'S ANSWER TO PLAINTIFF'S FOURTH AMENDED VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT** |

LONGORIO, Individually; GENE
DUROCHER, Individually; DANIEL
CARTER, Individually; JOSEPH
MCCOY, Individually; KIERAN
DUGGAN, Individually; ELIZABETH
A. VAN STEENWYK, Individually, and
as Original Trustee and as Beneficiary of
the Donald H. Van Steenwyk and
Elizabeth A. Van Steenwyk 1996
Revocable Trust; ADELAIDA
CELLARS, INC., a California
Corporation; and DOES 4-10, inclusive,

Defendants,

and

APPLIED TECHNOLOGIES
ASSOCIATES, INC., SCIENTIFIC
DRILLING INTERNATIONAL, INC.,
and ATA RANCHES, INC.,

Nominal Defendants.

Defendants Kedrin E. Van Steenwyk and Adelaida Cellars, Inc. ("Adelaida," collectively, "Defendants") hereby answer the Fourth Amended Verified Shareholder Derivative Complaint filed by Plaintiff Matthew D. Van Steenwyk ("Plaintiff" or "Matthew") on December 15, 2021 (the "Complaint"). Defendants deny the allegations in the Complaint except as specifically admitted in this Answer, and deny any allegations as to which there is no specific response in this Answer or which is not contained in a numbered paragraph of the Complaint, including headings and footnotes.

## **INTRODUCTION**

1.      Defendants admit that Kedrin Van Steenwyk, Elizabeth Van Steenwyk, and the Director Defendants have, at certain times, owed Plaintiff a fiduciary duty. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

2.      Defendants admit the allegations of this paragraph.

3.      Defendants admit the allegations of this paragraph except there may have been occasions when an officer of ATA was not an officer SDI and therefore Defendants deny the allegation that all officers of ATA were also officers of SDI.

4.      Defendants admit the allegations of this paragraph.

5.      Defendants admits that KMBG did not purchase HMR Ranch and Viking Ranch in 2013. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

6.      Defendants admit the allegations of this paragraph.

7.      Defendants lack sufficient knowledge to form a belief as to the truth of the allegation that Plaintiff is the trustee of "Matthew's Trusts" and "Gretchen's Trusts." Defendants admit that Gretchen's Trusts own no interest in KMBG, and that Matthew's Trusts own a small interest. Defendants admit that Kedrin Van Steenwyk is the controlling shareholder of ATA and SDI. Defendants admit that Kedrin Van Steenwyk is the managing member of KMBG, LLC, and admits that she will inherit assets of KMBG as a result of Elizabeth Van Steenwyk's passing.

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS, INC.'S ANSWER TO
PLAINTIFF'S FOURTH AMENDED VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT

Except as so admitted, Defendants deny the remaining allegations of this paragraph.

8.    Defendants admit that following 2013 all transactions between Adelaida and ATA were required to be at arm's length and for fair value, and that Defendants were aware of this. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

9.    Defendants deny each and every allegation of this paragraph.

10.    Defendants deny each and every allegation of this paragraph.

11.    Defendants deny each and every allegation of this paragraph.

12.    Defendants deny each and every allegation of this paragraph.

13.    Defendants admit that ATA Ranches, Inc. was created in part for the purpose of facilitating the potential sale of ATA to a third party. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

14.    Defendants admit that ATA Ranches, Inc. was created in part for the purpose of facilitating the potential sale of ATA to a third party. Defendants admit that Jackson Walker offered opinions about the tax implications of the spin-off of ATA Ranches, Inc. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

15.    Defendants deny each and every allegation of this paragraph.

16.    Defendants admit that Kedrin Van Steenwyk explored potentially purchasing HMR Ranch and Viking Ranch from ATA in 2018. Defendants lack sufficient knowledge to form a belief as to what motivated Plaintiff to request information pursuant to California Corporations Code section 1601. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

17.    Defendants lack sufficient knowledge to form a belief as to what motivated Plaintiff to request information pursuant to California Corporations Code section 1601. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

18.    Defendants admit that Plaintiff propounded requests for production of

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS, INC.'S ANSWER TO
PLAINTIFF'S FOURTH AMENDED VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT

documents in this case and that Defendants produced responsive documents in September 2020 and at other times. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

19.   Defendants admit that directors, officers, and majority shareholders owe duties to minority shareholders. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

20.   Defendants admit that Plaintiff is seeking damages in this case. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

21.   Defendants admit that Plaintiff is seeking damages and other remedies in this case. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

22.   Defendants admit that directors, officers, and majority shareholders owe duties to minority shareholders. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

23.   Defendants admit that Plaintiff prays for injunctive relief in his Complaint. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

## JURISDICTION AND VENUE

24.   Defendants lack sufficient knowledge to form a belief as to the citizenship of Plaintiff. Defendants admit that Plaintiff seeks more than $75,000 in damages and costs.

25.   Defendants admit the allegations of this paragraph.

## THE PARTIES

26.   Defendants lack knowledge sufficient to form a belief as to the truth of the allegation that Plaintiff is a citizen of the State of Nevada; owner of 23.75% of the Class B shares of ATA and 22.3% owner of the Class B shares of SDI through his Trusts; has continuously owned ATA and SDI stock at all times relevant to the allegations of this Complaint; continues to be an ATA and SDI

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS, INC.'S ANSWER TO
PLAINTIFF'S FOURTH AMENDED VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT

shareholder; or intends to remain an ATA and SDI shareholder. Defendants admit that Plaintiff, through his trusts, has an approximately 0.17% ownership interest in KMBG. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

27.     Defendants lack knowledge sufficient to form a belief as to the truth of the allegations that Plaintiff is co-Trustee of Gretchen's Trusts, which owned 23.75% of Class B shares in ATA and 22.6% of the Class B shared of SDI at all times relevant to the Complaint; or that Gretchen's Trusts collectively continue to be an ATA and SDI shareholder and intend to remain an ATA and SDI shareholder. Defendants admit that Gretchen's Trusts do not own any interest in KMBG. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

28.     Defendants admit the allegations of this paragraph.

29.     Defendants admit the allegations of this paragraph.

30.     Defendants admit that ATA Ranches is a corporation incorporated under the laws of the State of Delaware, that its principal place of business is California, and that it is a wholly owned subsidiary of ATA. Defendants deny the remaining allegations of this paragraph.

31.     Defendants admit that Adelaida is a corporation incorporated under the law of California. Defendants admit that KMBG purchased 100 percent of Adelaida's stock in 2013. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

32.     Defendants admit that Kedrin Van Steenwyk is a citizen of the state of South Carolina and is trustee of The Kedrin Van Steenwyk GST Trust and trustee of the beneficiary of The Kedrin Van Steenwyk Issue Trust. Defendants admit that Kedrin Van Steenwyk owns 23.75% of the Class B Shares of ATA and SDI through her trusts.  Defendants admit that Kedrin Van Steenwyk did hold a power of attorney over Elizabeth Van Steenwyk; Kedrin Van Steenwyk is Successor Trustee of the 1996 Trust; is a director of ATA and SDI; and is chief executive officer and a

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS, INC.'S ANSWER TO PLAINTIFF'S FOURTH AMENDED VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT

director of Adelaida. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

33.     Defendants admit that Kedrin Van Steenwyk received compensation from ATA and/or for service as an ATA and SDI director up until early 2020 when she voluntarily ceased accepting any compensation with the exception of limited benefits. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

34.     Defendants lack sufficient knowledge to form a belief as to the citizenship of Pierce. Defendants admit that Pierce is a director and interim CEO, and that she receives compensation from ATA and/or SDI. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

35.     Defendants lack sufficient knowledge to form a belief as to the citizenship of Gobe. Defendants admit that Gobe has been a director of ATA and SDI and receives compensation. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

36.     Defendants lack sufficient knowledge to form a belief as to the citizenship of Longorio. Defendants admit that Longorio was previously a board member and CEO and president of ATA and SDI, and that he received compensation from ATA and/or SDI. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

37.     Defendants lack sufficient knowledge to form a belief as to the citizenship of Durocher. Defendants admit that Durocher has been a director of ATA and SDI and receives compensation. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

38.     Defendants lack sufficient knowledge to form a belief as to the citizenship of Carter. Defendants admit that Carter has served as secretary and general counsel for ATA and SDI, and receives compensation from ATA and/or SDI. Defendants admit that Carter is a director of ATA Ranches and Adelaida.

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS, INC.'S ANSWER TO PLAINTIFF'S FOURTH AMENDED VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT

Except as so admitted, Defendants deny the remaining allegations of this paragraph.

39.     Defendants lack sufficient knowledge to form a belief as to the citizenship of McCoy. Defendants admit that McCoy has been a director of ATA and SDI and receives compensation. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

40.     Defendants lack sufficient knowledge to form a belief as to the citizenship of Duggan. Defendants admit that Duggan has been Corporate Accounting Director, Treasurer, and Assistant Secretary of ATA and SDI and receives compensation. Defendants admit that Duggan was appointed as a director of Adelaida and is the Chief Financial Officer of ATA Ranches. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

41.     Defendants deny that Elizabeth Van Steenwyk continues to receive compensation for service on the ATA and SDI Boards. Defendants admit the remaining allegations of this paragraph.

42.     Defendants deny each and every allegation of this paragraph.

43.     Defendants deny each and every allegation of this paragraph.

44.     Defendants deny each and every allegation of this paragraph.

45.     Defendants deny each and every allegation of this paragraph.

## STATEMENT OF FACTS[1]

46.     Defendants admit the allegations of this paragraph.

47.     Defendants admit that the 1996 Trust owns the 50,000 Class A shares, and that those are the only voting shares of ATA and SDI. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

48.     Defendants admit that Kedrin Van Steenwyk, through her trusts, owns Class B shares. Defendants lack sufficient knowledge to form a belief as to how title to the remainder of the Class B shares are held by her siblings or their

---

[1] Defendants deny that all the "facts" alleged are facts and include this heading merely for convenience for the reader.

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS, INC.'S ANSWER TO PLAINTIFF'S FOURTH AMENDED VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT

1  respective trusts.

2      49.    Defendants lack sufficient knowledge to form a belief as to how title of

3  the remainder of the Class B shares not owned by her are held by her siblings or

4  their respective trusts.

5      50.    Defendants lack sufficient knowledge to form a belief as to how title of

6  the remainder of the Class B shares not owned by her are held by her siblings or

7  their respective trusts.

8      51.    Defendants admit that ATA owned all outstanding stock in Adelaida

9  prior to the sale of Adelaida stock to KMBG in 2013.  Defendants deny that the

10  details of the sale were not shared with Plaintiff. Except as so admitted, Defendants

11  deny the remaining allegations of this paragraph.

12      52.    Defendants deny that the general manager of Adelaida in 2013 initiated

13  discussions regarding ATA's sale of Adelaida's stock to KMBG. Defendants admit

14  that the general manager of Adelaida made the request for funding. Defendants

15  deny that the general manager was on ATA's payroll. Except as so admitted,

16  Defendants deny the remaining allegations of this paragraph.

17      53.    Defendants admit that the stock sale transaction was for approximately

18  $3,100,000. Except as so admitted, Defendants deny the remaining allegations of

19  this paragraph.

20      54.    Defendants admit that KMBG issued a promissory note as

21  consideration for the stock sale, and that the interest rate on the note was .95

22  percent. Except as so admitted, Defendants deny the remaining allegations of this

23  paragraph.

24      55.    Defendants deny that ATA sold Adelaida to KMBG for less than

25  market value. Defendants also deny ATA committed to fund $2,000,000 in

26  vineyard development costs, but admits that ATA did continue to own the vineyards

27  and any development costs of those vineyards were therefore borne principally by

28  ATA.

56.     Defendants deny each and every allegation of this paragraph, except Defendants admit that Kedrin wrote the quoted email.

57.     Defendants admit that the 2013 Promissory Note was assigned by ATA to SDI in December 2015. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

58.     Defendants admit that ATA entered into an Agreement for Services with Adelaida and KMBG. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

59.     Defendants admit that ATA sold grapes to Adelaida. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

60.     Defendants admit the allegations of this paragraph.

61.     Defendants admit that a report by Dr. Jonathan Mueller dated May 17, 2016 states that "in mid-March 2016 [Elizabeth] was noted to develop the rapid onset of more severe cognitive problems . . . ." Except as so admitted, Defendants deny the remaining allegations of this paragraph.

62.     Defendants deny that Kedrin Van Steenwyk was with Elizabeth Van Steenwyk during the medical examination by Dr. Mueller, or that Kedrin Van Steenwyk communicated the history of "rapid onset of severe cognitive problems" to Dr. Mueller. Defendants admit that Elizabeth was prescribed Namenda, that Namenda is sometimes used to treat Alzheimer's, and that Kedrin Van Steenwyk knew Elizabeth was taking Namenda. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

63.     Defendants admit that Elizabeth executed the Agreement for Services on or about April 1, 2016. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

64.     Defendants admit the allegations of this paragraph.

65.     Defendants deny that Kedrin Van Steenwyk played an instrumental role in obtaining the two medical reports. Defendants admit that after the medical

reports were issued Kedrin Van Steenwyk became the successor trustee under the 1996 Trust. Kedrin Van Steenwyk was chosen by Elizabeth to be the successor trustee under the 1996 Trust in 2012 in the event Elizabeth could no longer serve as trustee. Defendants admit that Kedrin Van Steenwyk was designated as Elizabeth's attorney in fact, and assumed control over the Class A shares of ATA and SDI. Defendants admit that through her role as successor trustee, Kedrin Van Steenwyk also assumed control over KMBG and Adelaida, and admit that Elizabeth was admitted into a memory care facility. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

66.     Defendants deny each and every allegation of this paragraph.

67.     Defendants admit that through her role as successor trustee, Kedrin Van Steenwyk assumed control over Adelaida.

68.     Defendants deny each and every allegation of this paragraph.

69.     Defendants deny each and every allegation of this paragraph.

70.     Defendants deny each and every allegation of this paragraph.

71.     Defendants deny each and every allegation of this paragraph, except Defendants admit Kedrin Van Steenwyk wrote the quoted email.

72.     Defendants admit that certain of the transactions referred to in the Complaint were directed or authorized by Kedrin Van Steenwyk, and that certain transactions referred to in the Complaint were approved and/or ratified by the Director Defendants. Defendants deny that any of the transactions were improper or unlawful in any way. Except as so admitted, Defendants deny the allegations of this paragraph.

73.     Defendants admit that ATA and Adelaida entered into an Agreement for Services in 2016, and an amended Agreement for Services in 2017 wherein ATA contracted to provide certain services to Adelaida. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

74.     Defendants admit that Adelaida and ATA entered into a Grape

Purchase Agreement in December 2016, and that Kedrin Van Steenwyk executed the agreement on behalf of Adelaida. Defendants admit that they sold Zinfandel to Opolo Wines for $2,750 per ton, and admit that Adelaida sometimes sells grapes to third parties. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

75.     Defendants admit that ATA pays the costs of owning HMR Ranch and Viking Ranch since ATA, through its wholly owned subsidiary ATA Ranches, is the owner of those properties. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

76.     Defendants admit that a meeting that was characterized by the meeting materials as a "financial summit" was held in August 2016, and that the finances of Adelaida and ATA Ranches were discussed. Defendants admit that Dan Carter and Kieran Duggan attended the meeting, and that Kieran Duggan is currently on Adelaida's board of directors and is a Corporate Accounting Director and Treasurer and Assistant Secretary of ATA and SDI. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

77.     Defendants admit that Carter was voted onto the Adelaida board of directors on or about August 2016, and that Carter drafted the Grape Purchase Agreement. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

78.     Defendants admit that Kedrin Van Steenwyk and Carter executed a new Agreement for Services in 2017, and that it is similar to the 2016 Agreement for Services and has a $1,500 per month fee. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

79.     Defendants deny each and every allegation of this paragraph.

80.     Defendants admit that ATA's ranching operations have sustained short term losses. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS, INC.'S ANSWER TO PLAINTIFF'S FOURTH AMENDED VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT

81.     Defendants admit that Kedrin Van Steenwyk made a proposal to purchase HMR Ranch and Viking Ranch in 2018. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

82.     Defendants deny each and every allegation of this paragraph.

83.     Defendants deny each and every allegation of this paragraph.

84.     Defendants lack sufficient information to form a belief as to the truth of the allegations of this paragraph and deny it on that basis.

85.     Defendants deny each and every allegation of this paragraph.

86.     Defendants deny each and every allegation of this paragraph.

87.     Defendants admit that the ranches were not sold and were transferred to ATA Ranches. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

88.     Defendants deny each and every allegation of this paragraph.

89.     Defendants deny each and every allegation of this paragraph.

90.     Defendants admit that, to the best of their knowledge, McTopy wrote the quoted email. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

91.     Defendants admit that HMR Ranch and Viking Ranch were transferred to ATA Ranches. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

92.     Defendants deny each and every allegation of this paragraph.

93.     Defendants deny each and every allegation of this paragraph.

94.     Defendants deny each and every allegation of this paragraph.

95.     Defendants admit that ATA has advanced certain operating expenses to Adelaida, and those have been repaid.

96.     Defendants admit that Plaintiff has requested this information. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

97.     Defendants admit the that the disclosure certificates state this, but deny

it is inconsistent with the financial statements. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

98.     Defendants admit the financial statements reflect these items, but deny that "ACI" refers to Adelaida. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

99.     Defendants deny each and every allegation of this paragraph.

100.    Defendants deny each and every allegation of this paragraph.

101.    Defendants deny each and every allegation of this paragraph.

102.    Defendants deny each and every allegation of this paragraph.

103.    Defendants admit that Longorio made statements to the effect that the business was tough going due to the state of the oil market. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

104.    Defendants admit that they know that Plaintiff and the trusts he purports to represent are not Adelaida shareholders. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

105.    Defendants deny each and every allegation of this paragraph.

106.    Defendants deny each and every allegation of this paragraph.

107.    Defendants deny each and every allegation of this paragraph.

108.    Defendants admit that a meeting that was referred to on a Power Point slide as a "financial summit" was held at Adelaida in August 2016. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

109.    Defendants admit that Carter, Armstrong, and Kieran Duggan attended the meeting. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

110.    Defendants admit the allegations of this paragraph.

111.    Defendants deny each and every allegation of this paragraph.

112.    Defendants deny that there was a specific "game plan" other than that the respective owners and managers of Adelaida and ATA Ranches would attempt

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS, INC.'S ANSWER TO
PLAINTIFF'S FOURTH AMENDED VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT

to minimize costs and maximize value to both companies.

113.    Defendants deny each and every allegation of this paragraph.

114.    Defendants admit that Carter prepared the Grape Purchase Agreement executed in November and December 2016, and the Agreements for Services dated April 2016 and July 2017, and that Carter signed the 2016 Agreement for Services and 2017 Agreement for Services on behalf of ATA. Defendants deny that there were enormous cash advances and loans from ATA to Adelaida. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

115.    Defendants deny each and every allegation of this paragraph.

116.    Defendants deny each and every allegation of this paragraph.

117.    Defendants admit the allegations of this paragraph.

118.    Defendants admit the allegations of this paragraph.

119.    Defendants deny each and every allegation of this paragraph.

120.    Defendants deny each and every allegation of this paragraph.

121.    Defendants deny each and every allegation of this paragraph.

122.    Defendants admit that Longorio made statements to the effect that the business was tough going due to the state of the oil market. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

123.    Defendants deny each and every allegation of this paragraph.

124.    Defendants admit that Plaintiff made multiple requests for information pursuant to Corporations Code section 1601. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

125.    Defendants deny each and every allegation of this paragraph.

126.    Defendants admit that McTopy had a role in responding to Plaintiff's requests. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

127.    Defendants deny each and every allegation of this paragraph.

128.    Defendants admit that Plaintiff was informed "Stoneway" was a dba

13

used by Elizabeth. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

129.   Defendants deny each and every allegation of this paragraph.

130.   Defendants deny each and every allegation of this paragraph.

131.   Defendants deny each and every allegation of this paragraph.

132.   Defendants admit that Plaintiff previously filed another lawsuit against ATA and SDI in Texas. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

133.   Defendants admit the allegations of this paragraph.

134.   Defendants deny each and every allegation of this paragraph.

135.   Defendants deny each and every allegation of this paragraph.

136.   Defendants admit that Plaintiff purports to bring this action on behalf of ATA, SDI, and ATA Ranches. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

137.   Defendants admit that Plaintiff has been a shareholder of ATA and SDI, but denies there were any transgressions. Defendants lack sufficient knowledge to form a belief as to the truth of the allegations concerning Plaintiff's status as trustee of trusts. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

138.   Defendants admit the allegations of this paragraph.

139.   Defendants deny each and every allegation of this paragraph.

140.   Defendants admit that Plaintiff did not make a demand on the Director Defendants.

141.   Defendants admit the allegations of this paragraph.

142.   Defendants admit that Plaintiff did not make a demand on ATA Ranches. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

143.   Defendants admit as to the content of the documents referred to of this

14

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS, INC.'S ANSWER TO PLAINTIFF'S FOURTH AMENDED VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT

paragraph. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### DERIVATIVE CLAIM FOR BREACHES OF FIDUCIARY DUTY

144.   Defendants restate and incorporate by reference their responses to paragraphs 1 through 143 as though fully set forth herein.

145.   Defendants admit that ATA and SDI's directors, officers, and majority shareholders have fiduciary duties under the law. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

146.   Defendants deny each and every allegation of this paragraph.

147.   Defendants deny each and every allegation of this paragraph.

148.   Defendants deny each and every allegation of this paragraph.

149.   Defendants deny each and every allegation of this paragraph.

### SECOND CAUSE OF ACTION

### DERIVATIVE CLAIM FOR CORPORATE WASTE

150.   Defendants restate and incorporate by reference their responses to paragraphs 1 through 149 as though fully set forth herein.

151.   Defendants deny each and every allegation of this paragraph.

152.   Defendants deny each and every allegation of this paragraph.

153.   Defendants deny each and every allegation of this paragraph.

154.   Defendants deny each and every allegation of this paragraph.

### THIRD CAUSE OF ACTION

### DERIVATIVE CLAIM FOR ACCOUNTING

155.   Defendants restate and incorporate by reference their responses to paragraphs 1 through 154 as though fully set forth herein.

156.   Defendants deny each and every allegation of this paragraph.

157.   Defendants deny each and every allegation of this paragraph.

158.    Defendants deny each and every allegation of this paragraph.

**FOURTH CAUSE OF ACTION**

**DERIVATIVE CLAIM FOR DECLARATORY RELIEF**

159.    Defendants restate and incorporate by reference their responses to paragraphs 1 through 158 as though fully set forth herein.

160.    Defendants deny each and every allegation of this paragraph.

161.    Defendants admit the allegations of this paragraph.

162.    Defendants admit that Plaintiff contends what he contends. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

163.    Defendants admit that they disagree with Plaintiff's contentions. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

164.     Defendants admit that Plaintiff desires a judicial determination of and declaration of these issues, but deny that Plaintiff is entitled to one. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

165.    Defendants deny each and every allegation of this paragraph.

**FIFTH CAUSE OF ACTION**

**DIRECT CLAIMS FOR BREACH OF FIDUCIARY DUTY BY CONTROLLING SHAREHOLDER**

166.    Defendants restate and incorporate by reference their responses to paragraphs 1 through 165 as though fully set forth herein.

167.    Defendants admit that Kedrin Van Steenwyk owes fiduciary duties to minority shareholders. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

168.    Defendants deny each and every allegation of this paragraph.

169.    Defendants deny each and every allegation of this paragraph.

170.    Defendants deny each and every allegation of this paragraph.

//

//

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS, INC.'S ANSWER TO PLAINTIFF'S FOURTH AMENDED VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT

## SIXTH CAUSE OF ACTION

## DIRECT CLAIM FOR AIDING AND ABETTING BREACH OF FIDUCIARY DUTY BY CONTROLLING SHAREHOLDER

171.   Defendants incorporate by reference their responses to paragraphs 1 through 170 as though fully set forth herein.

172.   Defendants admit that Adelaida knew that Kedrin Van Steenwyk owed fiduciary duties to minority shareholders. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

173.   Defendants deny each and every allegation of this paragraph.

174.   Defendants deny each and every allegation of this paragraph.

175.   Defendants deny each and every allegation of this paragraph.

176.   Defendants deny each and every allegation of this paragraph.

177.   Defendants deny each and every allegation of this paragraph.

## SEVENTH CAUSE OF ACTION

## DIRECT CLAIM FOR ORDER COMPELLING PRODUCTION OF CORPORATE RECORDS

178.   Defendants incorporate by reference their responses to paragraphs 1 through 177 as through fully set forth herein.

179.   Defendants admit the allegations of this paragraph.

180.   Defendant deny each and every allegation of this paragraph.

181.   Defendants admit the allegations of this paragraph.

182.   Defendant deny each and every allegation of this paragraph.

183.   Defendants admit that Carter and McTopy both assisted on the response to Plaintiff's demand for corporate records. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

184.   Defendants deny each and every allegation of this paragraph.

185.   Defendants admit that McTopy assisted with the response to Plaintiff's demand for corporate records. Except as so admitted, Defendants deny the

remaining allegations of this paragraph.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any relief whatsoever in this action, either as prayed for in the Complaint or otherwise. Plaintiff's prayer therefore should be denied in its entirety and with prejudice.

## DEFENSES

For its defenses, Defendants incorporate by reference as if fully set forth herein their responses to Paragraphs 1 through 185 of the Complaint. Without assuming any burden other than that imposed by operation of law, Defendants assert these defenses without admitting that Defendants bear the burden of proof on any of them.

### First Defense

### (Standing)

Plaintiff lacks standing to bring some or all of the claims he alleges in the Complaint.

### Second Defense

### (Unclean Hands)

Plaintiff's claims are barred by the doctrine of unclean hands.

### Third Defense

### (Statute of Limitations)

Plaintiff's claims are barred by the relevant statutes of limitations.

### Fourth Defense

### (Waiver)

Plaintiff's claims are barred by waiver, as he has been aware of the facts giving rise to the claims he asserts for years yet failed to take action or raise objection.

//

//

## Fifth Defense

## (Business Judgment Rule)

Plaintiff's claims are barred by the business judgment rule.

## Sixth Defense

## (Lack of Demand on Board)

Plaintiff's claims are barred because he did not make an adequate pre-suit demand pursuant to Corporations Code section 800 and other relevant law.

## Seventh Defense

## (Laches)

Plaintiff's claims are barred by laches.

## JURY TRIAL DEMANDED

Pursuant to Federal Rule of Civil Procedure 38(b), Defendants demand a jury trial on all issues so triable.

## REQUEST FOR RELIEF

WHEREFORE, Defendants request

1.      That Plaintiff take nothing by way of his Complaint, and that judgment be rendered in favor of Defendants;

2.      That Defendants be awarded their costs of suit incurred in defense of this action; and

3.      For such other relief as the Court deems proper.

**WINGET SPADAFORA & SCHWARTZBERG LLP**

Dated: December 29, 2021      By:   */s/Jared M. Ahern*
                                          Timothy W. Fredricks
                                          Jared M. Ahern
                                          Brenna J. McGill

                                          Attorneys for Defendants
                                          KEDRIN E. VAN STEENWYK and
                                          ADELAIDA CELLARS, INC.

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS, INC.'S ANSWER TO PLAINTIFF'S FOURTH AMENDED VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT