**O'HAGAN MEYER**
Samuel Y. Edgerton, III (SBN 127156)
Johnny Antwiler (SBN 288772)
1601 Pacific Coast Highway, Suite 290
Hermosa Beach, CA 90254
Tel: (949) 942-8500 | Fax: (949) 942-8510
Email: sedgerton@ohaganmeyer.com
Email: jantwiler@ohaganmeyer.com

Attorneys for Defendants Pamela Pearce, Philip Gobe, Philip Longorio, Gene Durocher, Daniel Carter, Joseph McCoy, Elizabeth A. Van Steenwyk, individually, and as Original Trustee and as Beneficiary of the Donald H. Van Steenwyk and Elizabeth A. Van Steenwyk 1996 Revocable Trust, Applied Technologies Associates, Inc. and ATA Ranches, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW D. VAN STEENWYK, Individually, as Trustee and Beneficiary of The Matthew Van Steenwyk Gst Trust And The Matthew Van Steenwyk Issue Trust, And As Co-Trustee Of The Gretchen Marie Van Steenwyk-Marsh Gst Trust And  The Gretchen Marie Van Steenwyk-Marsh Issue Trust and derivatively on behalf of Defendants APPLIED TECHNOLOGIES ASSOCIATES, INC., SCIENTIFIC DRILLING INTERNATIONAL, INC., and ATA RANCHES, INC.<br><br>                    Plaintiffs,<br><br>          vs.<br><br>KEDRIN E. VAN STEENWYK, Individually, as Successor Trustee of the Donald H. Van Steenwyk and Elizabeth | Case No.: 2:20-cv-02375- FLA (AFMx)<br><br>**ANSWER TO FOURTH AMENDED COMPLAINT BY ATA DEFENDANTS**<br><br><br>Complaint Filed:   March 12, 2020 |

1  A. Van Steenwyk 1996 Revocable Trust;
2  PAMELA PEARCE, Individually;
   PHILIP GOBE, Individually; PHILIP
3  LONGORIO, Individually; GENE
4  DUROCHER, Individually; DANIEL
   CARTER, Individually; JOSPEH
5  MCCOY, Individually; KIERAN
6  DUGGAN, Individually; ELIZABETH
   A. VAN STEENWYK, Individually, and
7  as Original Trustee and as Beneficiary of
8  the Donald H. Van Steenwyk and
   Elizabeth A. Van Steenwyk 1996
9  Revocable Trust; ADELAIDA
10 CELLARS, Inc., a California
   Corporation; and DOES 1-25, inclusive,
11
12                    Defendants,
13  and
14 APPLIED TECHNOLOGIES
   ASSOCIATES, INC., a California
15 Corporation; SCIENTIFIC DRILLING
16 INTERNATIONAL, INC.; and ATA
   RANCHES, INC., a Delaware
17 Corporation,
18                    Nominal Defendants.
19
20
21
22
23
24
25
26
27
28

**ANSWER TO FOURTH AMENDED COMPLAINT BY ATA DEFENDANTS**

Defendants Pamela Pearce, Philip Gobe, Philip Longorio, Gene Durocher, Daniel Carter, Joseph McCoy, Elizabeth A. Van Steenwyk, individually, and as Original Trustee and as Beneficiary of the Donald H. Van Steenwyk and Elizabeth A. Van Steenwyk 1996 Revocable Trust, Applied Technologies Associates, Inc. and ATA Ranches, Inc. (collectively "ATA Defendants") hereby answer the Fourth Amended Verified Shareholder Derivative Complaint filed by Plaintiff Matthew D. Van Steenwyk, individually as trustee and beneficiary of Matthew Van Steenwyk Gst Trust and the Matthew Van Steenwyk Issue Trust, and as Co-Trustee of the Gretchen Marie Van Steenwyk-Marsh GST Trust and the Gretchen Marie Van Steenwyk-Marsh Issue Trust ("Plaintiff") on December 15, 2021 (the "Complaint"). Defendants deny each and every allegation in the Complaint except those specifically admitted in this Answer.

## INTRODUCTION

1.     Defendants admit that Kedrin Van Steenwyk, Elizabeth Van Steenwyk, and the Director Defendants have, at certain times, owed Plaintiff a fiduciary duty. Except as specifically admitted, Defendants deny the remaining allegations in this paragraph.

2.     Defendants admit the allegations in this paragraph.

3.     Defendants deny that all officers and directors of ATA were also officers and directors of SDI as there may have been exceptions. Defendants admit to the remaining allegations in this paragraph.

4.     Defendants admit the allegations in this paragraph.

5.     Defendants deny each and every allegation in this paragraph, except Defendants admit KMBG purchased ATA's stock in Adelaida in 2013, but did not purchase the HMR Ranch and Viking Ranch in 2013.

6.     Defendants admit the allegations in this paragraph.

7.     Defendants deny each and every allegation in this paragraph, except as follows. Defendants lack sufficient knowledge to form a belief as to the truth of the allegation that Plaintiff is the trustee of "Matthew's Trusts" and "Gretchen's

Trusts." Defendants admit that Gretchen's Trusts own no interest in KMBG, and that Matthew's Trusts own a small interest. Defendants admit that Kedrin Van Steenwyk, through her power of attorney regarding Elizabeth Van Steenwyk, is the controlling shareholder of ATA. Defendants admit that Kedrin Van Steenwyk is the managing member of KMBG, LLC, and admits that she will inherit approximately 50% of KMBG's assets when Elizabeth Van Steenwyk passes.

8.     Defendants deny each and every allegation in this paragraph, except Defendants admit that following 2013 all transactions between Adelaida and ATA were required to be at arm's length and for fair value, and Defendants were advised and aware.

9.     Defendants deny each and every allegation in this paragraph.

10.    Defendants deny each and every allegation in this paragraph.

11.    Defendants deny each and every allegation in this paragraph.

12.    Defendants deny each and every allegation in this paragraph.

13.    Defendants deny each and every allegation in this paragraph, except Defendants admit that ATA Ranches, Inc. was created for the purpose of owning the HMR Ranch and Viking Ranch and ATA funded the wholly-owned subsidiary.

14.    Defendants deny each and every allegation in this paragraph, except Defendants admit that it was analyzed whether having the ranches in a separate entity would make ATA easier to sell. Defendants also admit that ATA was advised of potential tax implications with the creation of ATA Ranches, Inc.

15.    Defendants deny each and every allegation in this paragraph.

16.    Defendants deny each and every allegation in this paragraph, except Defendants admit that Kedrin Van Steenwyk explored potentially purchasing HMR Ranch and Viking Ranch from ATA in 2018. Defendants lack sufficient knowledge to form a belief as to what motivated Plaintiff to request information pursuant to California Corporations Code section 1601.

17.    Defendants deny each and every allegation in this paragraph, except Defendants lack sufficient knowledge to form a belief as to what motivated Plaintiff to request information pursuant to California Corporations Code section 1601.

18.    Defendants deny each and every allegation in this paragraph, except Defendants admit that Plaintiff propounded requests for production of documents.

19.    Defendants deny each and every allegation in this paragraph.

20.    Defendants deny each and every allegation in this paragraph, except Defendants admit that Plaintiff is seeking damages in this case.

21.    Defendants deny each and every allegation in this paragraph, except Defendants admit that Plaintiff is seeking damages and other remedies in this case.

22.    Defendants deny each and every allegation in this paragraph, except Defendants admit that Plaintiff is seeking direct damages.

23.     Defendants deny each and every allegation in this paragraph, except Defendants admit that Plaintiff prays for injunctive relief in his Complaint.

## JURISDICTION AND VENUE

24.    Defendants deny each and every allegation in this paragraph, except Defendants admit that Plaintiff seeks more than $75,000 in damages and costs.

25.    Defendants admit the allegations in this paragraph.

## THE PARTIES

26.    Defendants deny each and every allegation in this paragraph, except Defendants admit that Plaintiff is owner of 23.75% of the Class B shares of ATA through his Trusts, has continuously owned ATA stock at all times relevant to the allegations of this Complaint, and continues to be an ATA shareholder. Defendants do not know or have enough information to form a belief as to whether the allegations that Plaintiff intends to remain an ATA shareholder or that Plaintiff has an approximately 0.17% ownership interest in KMBG is true.

27.    Defendants deny each and every allegation in this paragraph, except Defendants lack knowledge sufficient to form a belief as to the truth of the

allegations that Plaintiff is co-Trustee of Gretchen's Trusts, which owned 23.75% of Class B shares in ATA at all times relevant to the Complaint, intend to remain an ATA shareholder or that Gretchen's Trusts do not own any interest in KMBG. Defendants admit that Gretchen's Trusts collectively continue to be an ATA shareholder.

28. Defendants admit the allegations of this paragraph.

29. Defendants admit the allegations of this paragraph.

30. Defendants deny each and every allegation in this paragraph, except Defendants admit that ATA Ranches is a corporation incorporated under the laws of the State of Delaware, that its principal place of business is California, and that it is a wholly owned subsidiary of ATA.

31. Defendants deny each and every allegation in this paragraph, except Defendants admit that Adelaida is a corporation incorporated under the law of California and that KMBG purchased 100 percent of Adelaida's stock in 2013.

32. Defendants deny each and every allegation in this paragraph, except Defendants admit that Kedrin Van Steenwyk owns 23.75% of the Class B Shares of ATA through her trusts, that holds a power of attorney over Elizabeth Van Steenwyk, that is Successor Trustee of the 1996 Trust, and is a director of ATA. Defendants lack knowledge sufficient to form a belief as to the truth of the allegations that Kedrin Van Steenwyk is chief executive officer, a director of Adelaida, a citizen of the state of South Carolina, and is trustee of The Kedrin Van Steenwyk GST Trust and trustee of the beneficiary of The Kedrin Van Steenwyk Issue Trust.

33. Defendants deny each and every allegation in this paragraph, except Defendants admit that Kedrin Van Steenwyk received compensation from ATA for service as an ATA director up until early 2020 when she voluntarily ceased accepting any compensation with the exception of limited benefits. Kedrin Van Steenwyk will also receive compensation again beginning January 1, 2022.

34.   Defendants deny each and every allegation in this paragraph, except Defendants admit that Pamela Pierce is a citizen of the State of Texas, is a director and CEO of ATA, and that she receives compensation from ATA.

35.   Defendants deny each and every allegation in this paragraph, except Defendants admit that Gobe is a citizen of the State of Texas, was previously a director of ATA and received compensation.

36.   Defendants deny each and every allegation in this paragraph, except Defendants admit that Longorio is a citizen of the State of Texas, was previously a board member and CEO and president of ATA, and that he received compensation from ATA.

37.   Defendants deny each and every allegation in this paragraph, except Defendants admit that Durocher is a citizen of the State of Texas, has been a director of ATA and receives compensation.

38.   Defendants deny each and every allegation in this paragraph, except Defendants admit that Carter is a citizen of the State of Texas, has served as secretary and general counsel for ATA, receives compensation from ATA, and is a director of ATA Ranches and Adelaida.

39.   Defendants deny each and every allegation in this paragraph, except Defendants admit that McCoy is a citizen of the State of Texas, has been a director of ATA and receives compensation.

40.   Defendants deny each and every allegation in this paragraph, except Defendants admit that Duggan is a citizen of the state of Texas, step-son to Defendant Kedrin, a director at Adelaida, and CFO at ATA Ranches. Duggan initially served as a staff accountant for ATA and SDI in 2008. Duggan became the Chief Accounting Officer, Treasurer, and Assistant Secretary of SDI and ATA in December 2020. Duggan became the Senior Vice President of Finance, Accounting, Planning and Control of SDI and ATA in August 2021.

41.     Defendants deny that Elizabeth Van Steenwyk continued to receive compensation for service on the ATA Board after early 2020. Defendants admit the remaining allegations in this paragraph.

42.     Defendants deny each and every allegation in this paragraph.

43.     Defendants deny each and every allegation in this paragraph.

44.     Defendants deny each and every allegation in this paragraph.

45.     Defendants deny each and every allegation in this paragraph.

## STATEMENT OF FACTS

46.     Defendants admit the allegations in this paragraph.

47.     Defendants deny each and every allegation in this paragraph, except Defendants admit that the 1996 Trust owns the 50,000 Class A shares, and that those are the only voting shares of ATA.

48.     Defendants admit that Kedrin Van Steenwyk, through her trusts, owns Class B shares. Defendants lack sufficient knowledge to form a belief as to how title to the remainder of the Class B shares are held by her siblings or their respective trusts.

49.     Defendants lack sufficient knowledge to form a belief as to how title of the remainder of the Class B shares not owned by her are held by her siblings or their respective trusts.

50.     Defendants lack sufficient knowledge to form a belief as to how title of the remainder of the Class B shares not owned by her are held by her siblings or their respective trusts.

51.     Defendants deny each and every allegation in this paragraph, except Defendants admit that ATA owned all outstanding stock in Adelaida prior to the sale of Adelaida stock to KMBG in 2013.

52.     Defendants deny each and every allegation in this paragraph, except Defendants admit that the general manager of Adelaida made a request for funding. Defendants admit that the general manager was on ATA's payroll.

53.    Defendants deny each and every allegation in this paragraph, except Defendants admit that the stock sale transaction was for approximately $3,100,000.

54.    Defendants deny each and every allegation in this paragraph, except Defendants admit that KMBG issued a promissory note as consideration for the stock sale, and that the interest rate on the note was 0.95 percent, the December 2012 Applicable Federal Rate (mid-term).

55.    Defendants deny each and every allegation in this paragraph, except Defendants admit that ATA continued to own the vineyards and any development costs of those vineyards would be assumed by ATA.

56.    Defendants deny each and every allegation in this paragraph.

57.    Defendants deny each and every allegation in this paragraph, except that on or around December 31, 2015, the 2013 Promissory Note was assigned to SDI by ATA in exchange for approximately $3,170,000 reduction in intercompany debt owed by ATA to SDI.

58.    Defendants deny each and every allegation in this paragraph, except Defendants admit that ATA entered into an Agreement for Services with Adelaida and KMBG.

59.    Defendants deny each and every allegation in this paragraph, except Defendants admit that ATA sold grapes to Adelaida.

60.    Defendants admit the allegations in this paragraph.

61.    Defendants deny each and every allegation in this paragraph, except Defendants admit that a report by Dr. Jonathan Mueller dated May 17, 2016 states that "in mid-March 2016 [Elizabeth] was noted to develop the rapid onset of more severe cognitive problems . . . ."

62.    Defendants deny each and every allegation in this paragraph, except Defendants do not know or have enough information to form a belief as to whether the allegations that Elizabeth was prescribed Namenda, that Namenda is

sometimes used to treat Alzheimer's, or that Kedrin Van Steenwyk knew Elizabeth was taking Namenda are true.

63.     Defendants deny each and every allegation in this paragraph, except Defendants admit that Elizabeth executed the Agreement for Services on or about April 1, 2016.

64.     Defendants admit the allegations in this paragraph.

65.     Defendants deny each and every allegation in this paragraph, except Defendants admit that Elizabeth Van Steenwyk was admitted into a memory care facility, that Kedrin Van Steenwyk became the successor trustee under the 1996 Trust, and that Kedrin Van Steenwyk was designated as Elizabeth's attorney in fact, and assumed control over a majority of the Class A shares of ATA. Defendants do not know or have enough information to form a belief as to whether the allegations that through her role as successor trustee, Kedrin Van Steenwyk also assumed control over KMBG and Adelaida are true.

66.     Defendants deny each and every allegation in this paragraph.

67.     Defendants do not know or have enough information to form a belief as to whether the allegations that through her role as successor trustee, Kedrin Van Steenwyk assumed control over Adelaida.

68.     Defendants deny each and every allegation in this paragraph.

69.     Defendants deny each and every allegation in this paragraph.

70.     Defendants deny each and every allegation in this paragraph.

71.     Defendants deny each and every allegation in this paragraph.

72.     Defendants deny each and every allegation in this paragraph.

73.     Defendants deny each and every allegation in this paragraph, except Defendants admit that ATA and Adelaida entered into an Agreement for Services in 2016, and an amended Agreement for Services in 2017 wherein ATA contracted to provide certain services to Adelaida.

74.     Defendants deny each and every allegation in this paragraph, except Defendants admit that Adelaida and ATA entered into a Grape Purchase

Agreement in December 2016 and that Kedrin Van Steenwyk executed the agreement on behalf of Adelaida.

75. Defendants deny each and every allegation in this paragraph, except Defendants admit that ATA or ATA Ranches paid the costs of owning and operating HMR Ranch and Viking Ranch until mid-2021. In mid-2021, Adelaida and KMBG began paying the costs of ownership and operations except capital expenditures and property taxes under a new agreement between Adelaida and ATA.

76. Defendants deny each and every allegation in this paragraph, except Defendants admit that a meeting that was characterized by the meeting materials as a "financial summit" was held in August 2016, and that the finances of Adelaida and ATA Ranches were discussed. Defendants admit that Dan Carter and Kieran Duggan attended the meeting, and that Kieran Duggan is currently on Adelaida's board of directors and at one time after the financial summit was the Corporate Accounting Director and Treasurer and Assistant Secretary of ATA.

77. Defendants deny each and every allegation in this paragraph, except Defendants admit that Carter was voted onto the Adelaida board of directors on or about August 31, 2016, and that Carter drafted the Grape Purchase Agreement at the request of Longorio.

78. Defendants deny each and every allegation in this paragraph, except Defendants admit that Kedrin Van Steenwyk and Carter executed a new Agreement for Services in 2017, and that it is similar to the 2016 Agreement for Services and has a $1,500 per month fee.

79. Defendants deny each and every allegation in this paragraph.

80. Defendants deny each and every allegation in this paragraph, except Defendants admit that ATA's ranching operations have sustained losses.

81. Defendants deny each and every allegation in this paragraph, except Defendants admit that Kedrin Van Steenwyk made a proposal to purchase HMR Ranch and Viking Ranch in 2018.

82.     Defendants deny each and every allegation in this paragraph.

83.     Defendants deny each and every allegation in this paragraph.

84.     Defendants deny each and every allegation in this paragraph.

85.     Defendants deny each and every allegation in this paragraph.

86.     Defendants deny each and every allegation in this paragraph.

87.     Defendants deny each and every allegation in this paragraph, except Defendants admit that the ranches were not sold and were transferred to ATA Ranches.

88.     Defendants deny each and every allegation in this paragraph.

89.     Defendants deny each and every allegation in this paragraph.

90.     Defendants deny each and every allegation in this paragraph, except Defendants admit that, to the best of their knowledge, McTopy wrote the quoted email.

91.     Defendants deny each and every allegation in this paragraph, except Defendants admit that HMR Ranch and Viking Ranch were transferred to ATA Ranches in November 2018.

92.     Defendants deny each and every allegation in this paragraph.

93.     Defendants deny each and every allegation in this paragraph, except Defendants admit that payments have been made to accounts bearing Stoneway's name, which is a DBA of ATA.

94.     Defendants deny each and every allegation in this paragraph.

95.     Defendants deny each and every allegation in this paragraph, except Defendants admit that ATA have at times advanced certain operating expenses to Adelaida and those have been repaid.

96.     Defendants deny each and every allegation in this paragraph, except Defendants admit that Plaintiff has requested this information.

97.     Defendants admit the allegations in this paragraph.

98.     Defendants deny each and every allegation in this paragraph, except Defendants admit that certain financial statements show these numbers.

---

**ANSWER TO FOURTH AMENDED COMPLAINT BY ATA DEFENDANTS**

99.   Defendants deny each and every allegation in this paragraph.

100.   Defendants deny each and every allegation in this paragraph.

101.   Defendants deny each and every allegation in this paragraph.

102.   Defendants deny each and every allegation in this paragraph.

103.   Defendants deny each and every allegation in this paragraph, except Defendants admit that Longorio made statements to the effect that the energy services business was tough going due to the state of the oil market.

104.   Defendants deny each and every allegation in this paragraph, except Defendant Carter admits that he knew that Plaintiff and the trusts he purports to represent are not Adelaida shareholders.

105.   Defendants deny each and every allegation in this paragraph.

106.   Defendants deny each and every allegation in this paragraph.

107.   Defendants deny each and every allegation in this paragraph.

108.   Defendants deny each and every allegation in this paragraph, except Defendants admit that a meeting that was referred to on a Power Point slide as a "financial summit" was held at Adelaida in August 2016.

109.   Defendants deny each and every allegation in this paragraph, except Defendants admit that Carter, Armstrong, and Kieran Duggan attended the meeting.

110.   Defendants admit the allegations in this paragraph.

111.   Defendants deny each and every allegation in this paragraph.

112.   Defendants deny each and every allegation in this paragraph.

113.   Defendants deny each and every allegation in this paragraph.

114.   Defendants deny each and every allegation in this paragraph, except Defendants admit that Carter prepared the Grape Purchase Agreement executed in December 2016, and the Agreements for Services dated April 2016 and July 2017, and that Carter signed the 2016 Agreement for Services and 2017 Agreement for Services on behalf of ATA. Defendants deny that there were any enormous cash advances and loans from ATA to Adelaida.

---

**ANSWER TO FOURTH AMENDED COMPLAINT BY ATA DEFENDANTS**

115.   Defendants deny each and every allegation in this paragraph.

116.   Defendants deny each and every allegation in this paragraph.

117.   Defendants admit the allegations in this paragraph.

118.   Defendants admit the allegations in this paragraph.

119.   Defendants deny each and every allegation in this paragraph.

120.   Defendants deny each and every allegation in this paragraph, except Defendants admit that payments have been made to accounts bearing Stoneway's name, which is a DBA of ATA.

121.   Defendants deny each and every allegation in this paragraph.

122.   Defendants deny each and every allegation in this paragraph, except Defendants admit that Longorio made statements to the effect that the energy services business was tough going due to the state of the oil market.

123.   Defendants deny each and every allegation in this paragraph.

124.   Defendants deny each and every allegation in this paragraph, except Defendants admit that Plaintiff made multiple requests for information pursuant to Corporations Code section 1601.

125.   Defendants deny each and every allegation in this paragraph.

126.   Defendants deny each and every allegation in this paragraph, except Defendants admit that McTopy had a role in responding to Plaintiff's requests.

127.   Defendants deny each and every allegation in this paragraph.

128.   Defendants deny each and every allegation in this paragraph, except Defendants admit that Plaintiff was informed multiple times that "Stoneway" was a dba used by Elizabeth.

129.   Defendants deny each and every allegation in this paragraph.

130.   Defendants deny each and every allegation in this paragraph.

131.   Defendants deny each and every allegation in this paragraph.

132.   Defendants deny each and every allegation in this paragraph, except Defendants admit that Plaintiff filed a lawsuit against ATA and SDI in Texas.

133.   Defendants admit the allegations in this paragraph.

134.   Defendants deny each and every allegation in this paragraph.

135.   Defendants deny each and every allegation in this paragraph.

**DEMAND ALLEGATIONS**

136.   Defendants deny each and every allegation in this paragraph, except Defendants admit that Plaintiff purports to bring this action on behalf of ATA and ATA Ranches.

137.   Defendants deny each and every allegation in this paragraph, except Defendants admit that Plaintiff has been a shareholder of ATA. Defendants lack sufficient knowledge to form a belief as to the truth of the allegations concerning Plaintiff's status as trustee of trusts.

138.   Defendants admit the allegations in this paragraph.

139.   Defendants deny each and every allegation in this paragraph.

140.   Defendants admit the allegations in this paragraph.

141.   Defendants deny each and every allegation in this paragraph, except Defendants admit that Plaintiff did not make a demand on SDI, and that SDI is a closely held corporation.

142.   Defendants deny each and every allegation in this paragraph, except Defendants admit that Plaintiff did not make a demand on ATA Ranches.

143.   Defendants deny each and every allegation in this paragraph, except Defendants admit as to the content of the documents referred to in this paragraph.

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**

**DERIVATIVE CLAIM FOR BREACHES OF FIDUCIARY DUTY**

144.   Defendants restate and incorporate by reference their responses to paragraphs 1 through 138 as though fully set forth herein.

145.   Defendants deny each and every allegation in this paragraph, except Defendants admit that ATA's directors, officers, and majority shareholders have fiduciary duties under the law.

146.   Defendants deny each and every allegation in this paragraph.

147.   Defendants deny each and every allegation in this paragraph.

148.   Defendants deny each and every allegation in this paragraph.

149.   Defendants deny each and every allegation in this paragraph.

## SECOND CAUSE OF ACTION

## DERIVATIVE CLAIM FOR CORPORATE WASTE

150.   Defendants restate and incorporate by reference their responses to paragraphs 1 through 144 as though fully set forth herein.

151.   Defendants deny each and every allegation in this paragraph.

152.   Defendants deny each and every allegation in this paragraph.

153.   Defendants deny each and every allegation in this paragraph.

154.   Defendants deny each and every allegation in this paragraph.

## THIRD CAUSE OF ACTION

## DERIVATIVE CLAIM FOR ACCOUNTING

155.   Defendants restate and incorporate by reference their responses to paragraphs 1 through 149 as though fully set forth herein.

156.   Defendants deny each and every allegation in this paragraph.

157.   Defendants deny each and every allegation in this paragraph.

158.   Defendants deny each and every allegation in this paragraph.

## FOURTH CAUSE OF ACTION

## DERIVATIVE CLAIM FOR DECLARATORY RELIEF

159.   Defendants restate and incorporate by reference their responses to paragraphs 1 through 153 as though fully set forth herein.

160.   Defendants deny each and every allegation in this paragraph.

161.   Defendants admit the allegations in this paragraph.

162.   Defendants deny each and every allegation in this paragraph, except Defendants admit that Plaintiff contends what he contends.

163.   Defendants deny each and every allegation in this paragraph, except Defendants admit that they disagree with Plaintiff's contentions.

164.   Defendants deny each and every allegation in this paragraph, except Defendants admit that Plaintiff desires a judicial determination of and declaration of these issues, but deny that Plaintiff is entitled to one.

165.   Defendants deny each and every allegation in this paragraph.

## FIFTH CAUSE OF ACTION

## DIRECT CLAIMS FOR BREACH OF FIDUCIARY DUTY BY CONTROLLING SHAREHOLDER

166.   Defendants restate and incorporate by reference their responses to paragraphs 1 through 160 as though fully set forth herein.

167.   Defendants deny each and every allegation in this paragraph, except Defendants admit that Kedrin Van Steenwyk owes fiduciary duties to minority shareholders.

168.   Defendants deny each and every allegation in this paragraph.

169.   Defendants deny each and every allegation in this paragraph.

170.   Defendants deny each and every allegation in this paragraph.

## SIXTH CAUSE OF ACTION

## DIRECT CLAIM FOR AIDING AND ABETTING BREACH OF FIDUCIARY DUTY BY CONTROLLING SHAREHOLDER

171.   Defendants incorporate by reference their responses to paragraphs 1 through 165 as though fully set forth herein.

172.   Defendants deny each and every allegation in this paragraph.

173.   Defendants deny each and every allegation in this paragraph.

174.   Defendants deny each and every allegation in this paragraph.

175.   Defendants deny each and every allegation in this paragraph.

176.   Defendants deny each and every allegation in this paragraph.

177.   Defendants deny each and every allegation in this paragraph.

## SEVENTH CAUSE OF ACTION

## DIRECT CLAIM FOR ORDER COMPELLING PRODUCTION OF CORPORATE RECORDS

178.   Defendants incorporate by reference their responses to paragraphs 1 through 172 as through fully set forth herein.

179.   Defendants admit the allegations in this paragraph.

180.   Defendant deny each and every allegation in this paragraph.

181.   Defendants admit the allegations in this paragraph.

182.   Defendant deny each and every allegation in this paragraph.

183.   Defendants deny each and every allegation in this paragraph, except Defendants admit that Carter and McTopy were involved with record gathering and the response to Plaintiff's demand for corporate records.

184.   Defendants deny each and every allegation of this paragraph as Plaintiff retained counsel prior to his May 9, 2019 written request.

185.   Defendants deny each and every allegation in this paragraph, except Defendants admit that McTopy assisted with the response to Plaintiff's demand for corporate records.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any relief whatsoever in this action, either as prayed for in the Complaint or otherwise. Plaintiff's prayer therefore should be denied in its entirety and with prejudice.

## AFFIRMATIVE DEFENSES

For its defenses, Defendants incorporate by reference as if fully set forth herein their responses to Paragraphs 1 through 180 of the Complaint. Without assuming any burden other than that imposed by operation of law, Defendants assert these defenses without admitting that Defendants bear the burden of proof on any of them.

### First Affirmative Defense
### (Standing)

Plaintiff lacks standing to bring some or all of the claims he alleges in the Complaint.

1

**Second Affirmative Defense**

2

**(Unclean Hands)**

3

Plaintiff's claims are barred by the doctrine of unclean hands.

4

**Third Affirmative Defense**

5

**(Statute of Limitations)**

6

Plaintiff's claims are barred by the relevant statutes of limitations.

7

**Fourth Affirmative Defense**

8

**(Waiver)**

9

Plaintiff's claims are barred by waiver, as he has been fully aware of the

10

facts and circumstances giving rise to the claims he asserts for years yet failed to

11

take action or raise objection.

12

**Fifth Affirmative Defense**

13

**(Business Judgment Rule)**

14

Plaintiff's claims are barred by the business judgment rule.

15

**Sixth Affirmative Defense**

16

**(Lack of Demand on Board)**

17

Plaintiff's claims are barred because he did not make an adequate pre-suit

18

demand pursuant to Corporations Code section 800 and other relevant law.

19

**JURY TRIAL DEMANDED**

20

Pursuant to Federal Rule of Civil Procedure 38(b), Defendants demand a

21

jury trial on all issues so triable.

22

/ /

23

/ /

24

/ /

25

/ /

26

/ /

27

/ /

28

/ /

---

**ANSWER TO FOURTH AMENDED COMPLAINT BY ATA DEFENDANTS**

# REQUEST FOR RELIEF

WHEREFORE, Defendants request

1.     That Plaintiff take nothing by reason of his Complaint, and that judgment be rendered in favor of Defendants;

2.     That Defendants be awarded its costs of suit incurred in defense of this action; and

3.     For such other relief as the Court deems proper.

Dated:  December 29, 2021                                Respectfully submitted,


                                                By: /s/ Johnny L. Antwiler, Esq.
                                                Samuel Y. Edgerton, Esq.
                                                Johnny Antwiler, Esq.
                                                O'Hagan Meyer
                                                *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the DEFENDANTS' ANSWER TO FOURTH AMENDED COMPLAINT was filed electronically with the Clerk of the Court via the CM/ECF system which effectuates service to all parties registered and designated for the CM/ECF system in this action. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America and the laws of the State of California that the foregoing is true and correct.

Executed on December 29, 2021 at Rancho Mirage, California.

_____
Johnny Antwiler

1

## SERVICE LIST

2

| *ATTORNEYS FOR PLAINTIFFS* | *ATTORNEYS FOR DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS, INC.* |
|---|---|
| Matthew Donald Umhofer, Esq.<br>Diane H. Bang, Esq.<br>**SPERTUS, LANDES &<br>UMHOFER, LLP**<br>1990 S Bundy Drive, Suite 705<br>Los Angeles, CA 90025<br>Telephone: (310) 826-4700<br>Facsimile:  (310) 826-4711<br>Email:  mumhofer@spertuslaw.com<br>Email:  dbang@spertuslaw.com<br><br>Martin P. Moroski, Esq.<br>Chase W. Martin, Esq.<br>**ADAMSKI MOROSKI MADDEN<br>CUMBERLAND & GREEN LLP**<br>Post Office Box 3835<br>San Luis Obispo, CA 93403<br>Telephone: (805) 543-0990<br>Facsimile: (805) 543-0980<br>Email: moroski@ammcglaw.com<br>Email: cmartin@ammcglaw.com | Timothy W. Fredericks, Esq.<br>Jared Ahern, Esq.<br>WINGET SPADAFORA &<br>SCHWARTZBERG, LLP<br>1900 Avenue of the Stars, Suite 450<br>Los Angeles, CA 90067<br>Telephone: (310) 836-4800<br>Facsimile: (310) 836-4801<br>Email: fredericks.t@wssllp.com<br>Email: ahern.j@wssllp.com |

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28