Timothy W. Fredricks (SBN 238039)
Fredricks.t@wssllp.com
Richard P. Tricker (SBN 101460)
Tricker.r@wssllp.com
Brenna J. McGill (SBN 327181)
Mcgill.b@wssllp.com
**WINGET SPADAFORA & SCHWARTZBERG LLP**
1900 Avenue of the Stars, Suite 450
Los Angeles, CA 90067
Telephone: 310.836.4800
Facsimile: 310.836.4801

Attorneys for Defendants
KEDRIN E. VAN STEENWYK and
ADELAIDA CELLARS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW D. VAN STEENWYK, Individually, as Trustee and Beneficiary of The Matthew Van Steenwyk Gst Trust And The Matthew Van Steenwyk Issue Trust, And As Co-Trustee Of The Gretchen Marie Van Steenwyk-Marsh Gst Trust And The Gretchen Marie Van Steenwyk-Marsh Issue Trust and derivatively on behalf of Defendants APPLIED TECHNOLOGIES ASSOCIATES, INC., and ATA RANCHES, INC., <br><br> Plaintiff, <br><br> v. <br><br> KEDRIN E. VAN STEENWYK, Individually, as Successor Trustee of the Donald H. Van Steenwyk and Elizabeth A. Van Steenwyk 1996 Revocable Trust; PAMELA PIERCE, Individually; PHILIP GOBE, Individually; PHILIP LONGORIO, Individually; GENE DUROCHER, Individually; DANIEL CARTER, Individually; JOSEPH MCCOY, Individually; ELIZABETH A. VAN STEENWYK, Individually, and as | Case No.: 2:20-cv-02375-FLA-AFM <br><br> **DEFENDANTS' EX PARTE APPLICATION TO STRIKE SUPPLMENTAL DECLARATIONS OF MARTIN MOROSKI, DIANE BANG AND WILLIAM BUCKLEY FILED IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT THEREOF** <br><br> *[Declaration of Richard P. Tricker filed concurrently herewith]* <br><br> Date: TBA <br> Time: TBA <br> Place: Courtroom 6B <br><br><br> Complaint Filed: March 12, 2020 <br><br> Trial Date: September 13, 2022 |

| | |
|---|---|
| 1 | Original Trustee and as Beneficiary of the Donald H. Van Steenwyk and Elizabeth A. Van Steenwyk 1996 Revocable Trust; ADELAIDA CELLARS, INC., a California Corporation; and DOES 1-25, Inclusive, |
| 2 | |
| 3 | |
| 4 | Defendants, |
| 5 | and |
| 6 | APPLIED TECHNOLOGIES ASSOCIATES, INC., a California corporation; and ATA RANCHES, INC., a Delaware corporation, |
| 7 | |
| 8 | |
| 9 | Nominal Defendants. |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

# NOTICE AND EX PARTE APPLICATION

## TO THE COURT, ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that Defendants, by and through their counsel of record, apply ex parte to this Court pursuant to Local Rules 7-19 and 7.19.1 for an order striking the "supplemental" Declarations of Martin Moroski, Diane Bang and William Buckley filed by Plaintiff (on June 3, 2022) with his reply in support of his motion for partial summary judgment. The relief sought in this application is based on Federal Rules of Civil Procedure 6, 26 and 37, and Local Rule 7-5.

Good cause exists for filing this ex parte application, and the emergency was not caused by Defendants. Plaintiff's motion for partial summary judgment was initially noticed for hearing on June 17, 2022. As noted above, Plaintiff filed the subject supplemental declarations on June 3, 2022. Absent ex parte relief, Defendants' motion to strike these untimely declarations may not be heard prior to the court's ruling.

## NOTICE OF EX PARTE APPLICATION AND STATEMENT OF PLAINTIFF'S COUNSEL'S POSITION

The names, addresses, telephone numbers and e-mail address for Plaintiff's counsel are:

| | |
|---|---|
| Matthew Donald Umhofer<br>Diane H. Bang<br>Anthony King<br>Melissa Rapp<br>**SPERTUS, LANDES & UMHOFER, LLP**<br>1990 S. Bundy Drive, Suite 705<br>Los Angeles, CA 90025<br>Telephone: (310) 826-4700<br>mumhofer@spertuslaw.com<br>diane@spertuslaw.com<br>anthony@spertuslaw.com<br>mrapp@spertuslaw.com<br><br>Attorneys for Plaintiff | Martin P. Moroski<br>Chase W. Martin<br>**ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP**<br>Post Office Box 3835<br>San Luis Obispo, CA 93403<br>Telephone: (805) 543-0990<br>moroski@ammcglaw.com<br>cmartin@ammcglaw.com<br><br>Attorneys for Plaintiff |

Pursuant to Local Rule 7-19.1, Defendants certify that, through counsel, Defendants made reasonable, good faith efforts to advise Plaintiff's counsel of the date and substance of this ex parte application. On June 6, 2022, Defendants sent an e-mail to Plaintiff's counsel regarding Defendants' intent to seek ex parte relief and the basis therefor (Tricker Decl, Ex. 2.) On June 7, 2022, counsel for Plaintiff and Defendants discussed the ex parte application and the basis therefor. (*Id*., at para. 14.) On June 8, 2022, Plaintiff's counsel indicated that they would opposed this ex parte application. (*Id*., Ex. 3.) On June 9, 2022, Defendants' counsel advised Plaintiff's counsel that Defendants would be filing this ex parte application on June 10, 2022. (*Id*., at para. 15.)

This ex parte application is based on this Application, the memorandum of points and authorities file herewith, the accompanying Declaration of Richard P. Tricker, and all pleadings and records on file with the Court in this case.

**WINGET SPADAFORA & SCHWARTZBERG LLP**

Dated: June 10, 2022       By:  */s/ Richard P. Tricker*
　　　　　　　　　　　　　　　　Timothy W. Fredricks
　　　　　　　　　　　　　　　　Richard P. Tricker
　　　　　　　　　　　　　　　　Brenna J. McGill

　　　　　　　　　　　　　　　　Attorneys for Defendants
　　　　　　　　　　　　　　　　KEDRIN E. VAN STEENWYK and ADELAIDA CELLARS, INC.

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... vi

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

I.    INTRODUCTION ........................................................................................ 1

II.   SUMMARY OF RELEVANT PROCEEDINGS........................................... 1

III.  GOOD CAUSE EXISTS FOR GRANTING THE REQUEST EX PARTE RELIEF ........................................................................................................ 2

IV.   PLAINTIFF'S SUPPLEMENTAL DECLARATIONS MUST BE STRICKEN BECAUSE THEY VIOLATE FRCP 6 AND LOCAL RULE 7-5 .................... 3

V.    THERE IS NO GOOD CAUSE FOR THIS COURT TO CONSIDER THE UNTIMELY SUPPLEMENTAL DECLARATIONS ....................................... 5

    A.   Supplemental Buckley Declaration............................................................ 5

    B.   Supplemental Bang Declaration................................................................. 6

    C.   Supplemental Moroski Declaration............................................................ 7

VI.   IN ADDITION, BUCKLEY'S SUPPLMENTAL DECLARATION MUST BE STRICKEN BECAUSE IT VIOLATED FRCP 26 ............................................ 8

VII.  IN THE ALTERNATIVE, DEFENDANTS SHOULD BE GIVEN LEAVE TO RESPOND TO THE SUPPLEMENTAL DECLARATIONS ......................... 9

VIII. CONCLUSION............................................................................................ 10

# **TABLE OF AUTHORITIES**

**Cases**

*Colt International Clothing, Inc. v. Quasar Science, LLC*
  2019 WL 6352660 (C.D. Cal, Sept. 27, 2019) ......................................................... 4

*Corelogic Solutions, LLC v. Credifi Corp.*
  2021 WL 1156860 (C.D. Cal., Jan. 29, 2021) ........................................................ 10

*Fleischer Studios, Inc. v. A.V.E.L.A., Inc.*
  654 F.3d 958 (9th Cir. 2011) ............................................................................... 3, 4

*In re Asbestos Product Liab. Litig. (No. VI)*
  289 F.R.D. 424 (E.D. Pa. 2013) ............................................................................... 8

*JAH Interests V, LLC v. Nutrition 53, Inc.*
  2021 WL 1813171 (E.D. Cal., May 6, 2021) .......................................................... 7

*Kane v. Mycoskie*
  2011 WL 13217265 (C.D. Cal., Sept. 23, 2011) ..................................................... 2

*Keener v. United States*
  181 FRD 639 (D MT 1998) ..................................................................................... 8

*Leviton Mfg Co., Inc. v. Nicor, Inc.*
  245 FRD 524, 530-531 (D. NM 2007) .................................................................... 8

*Lujan v. Nat'l Wildlife Fed'n*
  497 U.S. 871, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990) .......................................... 4

*Mission Power Eng'g Co., v. Cont'l Cas. Co.*
  883 F.Supp. 488 (C.D. Cal. 1995) ........................................................................... 3

*Provenz v. Miller*
  102 F.3d 1478 (9th Cir. 1996) ............................................................................... 10

*R&R Sails, Inc. v. Ins. Co. of Penn.*
  673 F.3d 1240 (9th Cir. 2012) ................................................................................. 8

*Sancom, Inc. v. Qwest Communications Corp.*
  683 F.Supp.2d 1043 (D.S.D. 2010) ......................................................................... 8

*Townsend v. Monster Bev. Corp.*
    303 F. Supp.3d 1010 (C.D. Cal. 2018) .................................................................. 10
*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*
    259 F.3d 1101 (9th Cir. 2001) ................................................................................ 8

**Statutes**

California *Corporations Code,* Section 1601 *et. seq.* ................................................... 7

**Rules**

Fed. R. Civ. P. 26(a)(2)(B) ............................................................................................. 8

Fed. R. Civ. P. 26(a)(2)(D) ............................................................................................. 8

Federal Rule of Civil Procedure 26 ............................................................................... 8

Federal Rule of Civil Procedure 6(b) ............................................................................ 4

Federal Rule of Civil Procedure 6(c)(2) ........................................................................ 3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's motion for partial summary judgment was initially noticed for hearing on June 17, 2022. On June 3, 2022, Plaintiff filed his reply in support of his motion. Together with his reply, Plaintiff filed three (3) "supplemental" declarations. By this application, Defendants seek an order striking these supplemental declarations for the reasons set forth below. In the alternative, Defendants request leave to respond to these supplemental declarations.

## II. SUMMARY OF RELEVANT PROCEEDINGS

Plaintiff filed this case on March 12, 2020 on behalf of his trust and his sister Gretchen Van Steenwyk-Marsh's trust. (Dkt. No. 1.) On April 2, 2020, the matter was assigned to the Hon. Fernando M. Olguin. (Dkt. No. 36.) Plaintiff's Third Amended Complaint was filed on November 24, 2020. (Dkt. No. 92.) On December 30, 2020, this matter was transferred to this Court. (Dkt. No. 104.)

On April 19, 2021, Plaintiff filed a motion for leave to file a Fourth Amended Complaint. (Dkt. No. 144.) This Court denied Plaintiff's motion for leave to amend in an order dated June 29, 2021. (Dkt. No. 154.) On July 16, 2021, Plaintiff filed his "renewed" motion for leave to file a Fourth Amended Complaint. (Dkt. No. 155.)

On October 18, 2021, this Court extended the initial expert disclosure deadline until November 19, 2021. (Dkt. No. 171.) On or about November 19, 2021, and among several others, Plaintiff disclosed William Buckley as an expert. (Tricker Decl., para. 6.)

On December 10, 2021, this Court granted Plaintiff's motion for leave to file a Fourth Amended Complaint. (Dkt. No.177.) Plaintiff filed his Fourth Amended Complaint on December 15, 2021. (Dkt. No. 179.)

On January 26, 2022, this Court granted Defendants' motion to modify scheduling order. (Dkt. No. 208.) As a result, the initial expert disclosure deadline

was extended until February 25, 2022.  (Id.)  The deadline to disclose rebuttal experts was extended to March 25, 2022.  (Id.)  After these deadlines passed, Plaintiff produced Mr. Buckley's "Supplemental Report" dated April 28, 2022.  (Tricker Decl., Ex. 1.)

On May 6, 2022, the parties filed their respective motions for summary judgment and/or partial summary judgment.  (Dkt. Nos. 226, 227 and 229.)  In support of his motion for partial summary judgment, Plaintiff filed the declarations of Martin Moroski, Diane Bang, and Mr. Buckley, among others.  (Dkt. No. 227.)

On May 27, 2022, Defendants' filed their oppositions to Plaintiff's motion for partial summary judgment.  (Dkt. Nos. 245 and 254.)  In support of their opposition, Defendants also filed objections to Mr. Buckley's declaration submitted by Plaintiff in support of his motion.  (Dkt. No. 245-11.)

On May 27, 2022, Plaintiff filed his oppositions to Defendants' respective motions for summary judgment.  (Dkt. Nos. 246 and 247.)  In support of his opposition, Plaintiff filed the declaration of Ms. Bang.  (Dkt. No. 255.)  He also refiled the exact same declarations of Mr. Moroski (Dkt. No. 251) and Mr. Buckley (Dkt. No. 250), which he had filed on May 6, 2022.  Defendants again objected to Mr. Buckley's declaration.  (Dkt. No. 262-2.)

On June 3, 2022, Plaintiff filed his reply in support of his motion for partial summary judgment.  (Dkt. No. 263.)  In support of his reply, Plaintiff filed the supplemental declarations of Mr. Moroski, Ms. Bang and Mr. Buckley.  (Dkt. Nos. 263-3, -4, and -5.)

### III. GOOD CAUSE EXISTS FOR GRANTING THE REQUEST EX PARTE RELIEF

"The Federal Rules explicitly authorize parties, for good cause, to seek relief via an ex parte application for expedited ruling rather than a regularly scheduled motion."  (*Kane v. Mycoskie,* 2011 WL 13217265, *1 (C.D. Cal., Sept. 23, 2011).)  Ex parte relief is warranted where the moving party shows that: (1) the moving

party's case will be irreparably prejudiced in the absence of ex parte consideration; and (2) the moving party is without fault in creating the emergency. (*Mission Power Eng'g Co., v. Cont'l Cas. Co.*, 883 F.Supp. 488, 492 (C.D. Cal. 1995).)

Ex parte relief is warranted in this case because Plaintiff's motion for partial summary judgment was initially noticed for hearing on June 17, 2022. Absent ex parte relief, Defendants' motion to strike the supplemental declarations might not be heard before the Court rules. In addition, Defendants are without fault in creating the emergency necessitating ex parte relief. Plaintiff's filed the subject declarations on June 3, 2022. Defendants have acted diligently in bringing this application to strike these declarations.[1]

## IV. PLAINTIFF'S SUPPLEMENTAL DECLARATIONS MUST BE STRICKEN BECAUSE THEY VIOLATE FRCP 6 AND LOCAL RULE 7-5

Federal Rule of Civil Procedure 6(c)(2) unequivocally states: "Any affidavit supporting a motion must be served with the motion." Likewise, Local Rule 7-5 similarly states: "There shall be served and filed with the notice of motion . . . [t]he evidence upon which the moving party will rely in support of the motion."

In *Fleischer Studios, Inc. v. A.V.E.L.A., Inc*. 654 F.3d 958 (9th Cir. 2011), the Ninth Circuit considered the application of Rule 6 and L.R. 7-5 in a case similar to the present. During summary judgment proceedings in that case, the District Court asked for supplemental briefs on the moving parties' trademark claims. Before those briefs were due and well after it first submitted its summary judgment evidence, the moving party submitted evidence that it owned a federally registered trademark. The opposing party objected to this new evidence. The District Court, in turn, refused to

---

[1] Shortly before Defendants filed this ex parte application, the Court took Plaintiff's motion for partial summary judgment under submission. (Dkt. 272.) Because it is unclear as to when the Court may rule on plaintiff's motion, Defendants have proceeded to file this application on an ex parte basis.

consider it because "[t]he parties neither sought nor obtained leave to submit additional evidence in support of their claims or arguments." (654 F.3d at 966.)

On appeal, the Ninth Circuit in *Fleischer Studios* initially noted: "Federal Rule of Civil Procedure 6(b) requires that '[w]hen an act may or must be done within a specified time,' a party must file a 'motion ... after the time has expired if the party failed to act because of excusable neglect.' The Supreme Court has held that it is never an abuse of discretion for a district court to exclude untimely evidence when a party fails to submit that evidence pursuant to a motion, as Rule 6(b) expressly requires. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 895–98, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990).) . . . (The moving party's) evidence falls directly within this holding." (654 F.3 at. 966.)

Turning to Local Rule 7-5, the Ninth Circuit in *Fleischer Studios* continued: "By submitting its evidence with its supplemental brief, as opposed to with its original motion for summary judgment, and by failing to file a motion to show cause why its neglect was excusable, (the moving party) failed to comply with Local Rule 7–5 and Federal Rule of Civil Procedure 6(b). Thus, the district judge did not abuse her discretion in refusing to consider (the moving party's) proposed evidence. *See Lujan*, 497 U.S. at 898, 110 S.Ct. 3177." (654 F.3d at 966.)

In *Colt International Clothing, Inc. v. Quasar Science*, *LLC,* 2019 WL 6352660 (C.D. Cal, Sept. 27, 2019), the District Court followed the Ninth Circuit's decision in *Fleischer Studios*. In that case, the District Court struck the new declarations, stating that the "late-raised evidence effectively violates Rule 6(b) and Rule 6(c)(2) as an untimely submission of evidence for which leave was not sought, and that (plaintiff) has failed to present a good cause basis for this violation." (*Id*., at *10.)

The same reasoning applies with equal force here. By submitting evidence with his reply brief, Plaintiff violated both Rule 6 and L.R. 7-5. Accordingly, this Court should strike the supplemental decisions of Martin Moroksi, Diane Bang and

William Buckley.

## V. THERE IS NO GOOD CAUSE FOR THIS COURT TO CONSIDER THE UNTIMELY SUPPLEMENTAL DECLARATIONS

### A. Supplemental Buckley Declaration

In his motion for partial summary judgment, Plaintiff argued that he was entitled to partial summary judgment on this Fifth Cause of Action for direct claims of breach of fiduciary duty of the ATA/SDI controlling shareholder. (Dkt. No. 227, p. 2, ll 15-18.) In his motion, Plaintiff specified the amount damages in detail. (Id., at pp. 20-21.) To support his damages calculations, Plaintiff submitted the Declaration of William Buckley, his damages expert. (Dkt. No. 227-4.) Mr. Buckley's opinions in his declaration were those set forth in his two reports: one dated November 19, 2021, and the other dated April 28, 2022. (Dkt. No. 227-4, Exs. A and B.) Together with their opposition, Defendants filed objections to Mr. Buckley's declaration. (Dkt. 245-11.)

On May 27, 2022, Plaintiff filed oppositions to Defendants' motions for summary judgment. (Dkt. Nos. 246 and 247.) In support of his opposition, Plaintiff re-filed Mr. Buckley's May 6, 2022 declaration. (Dkt. 250.) Despite having the opportunity to do so at that time, Plaintiff did not file any supplemental declaration from Mr. Buckley. Defendants again objected to Mr. Buckley re-filed declaration. (Dkt. No. 262-2.)

On June 6, 2022, Plaintiff filed his reply, together with Mr. Buckley's supplemental declaration. (Dkt 263-3.) Mr. Buckley's supplemental declaration is clearly based on his reports dated November 19, 2021 and April 28, 2022. Mr. Buckley claims that Plaintiff's counsel asked him to perform an "arithmetic" calculation. However, such arithmetic would not have been necessary if Mr. Buckley's original declaration (which was twice filed) and his two (2) reports had contained his new calculations (which they do not). Mr. Buckley's supplemental declaration contained new opinions and new calculations not previously provided to

this Court (or Defendants).

For obvious reasons, Mr. Buckley's supplemental declaration contains no explanation as to why Mr. Buckley could not have provided these opinions and calculations when Plaintiff filed his motion for partial summary judgment (or even when Plaintiff filed his opposition to Defendants' summary judgment motions). Whether it was intentional or not, Plaintiff has violated Rule 6 and Local Rule 7-5. As a result, Plaintiff has undermined the Court's procedural requirements for summary judgment motions thereby creating more work for this Court and creating the need for this Ex Parte Application. Accordingly, Mr. Buckley's supplemental declaration must be stricken.

### B.  Supplemental Bang Declaration

In support of his motion for partial summary judgment, Plaintiff submitted the declaration of his attorney Diane Bang (attaching Exs. 1-120). (Dkt. No. 227-9.) Ms. Bang's May 6, 2022 declaration included partial transcripts from the depositions of Pamela Pierce, Phillip Gobe, Philip Longorio, Gene Durocher, Trenton Thornock, Jude Radeski, Jeremy Weintraub, and Dana Armstrong. (*Id*.) Ms. Bang's declaration also included approximately 108 other exhibits, many of which were previously marked as deposition exhibits. (*Id*.)

In opposition to Defendants' motions for summary judgment, Plaintiff submitted another declaration from Ms. Bang dated May 27, 2022. (Dkt. No. 255.) In addition to prior exhibits, this declaration also included Exs. 121-150. These additional exhibits included a partial transcript from the deposition Kieran Duggan, as well as approximately 28 new exhibits. (*Id*.)

On June 3, 2022, Plaintiff submitted a third declaration from Ms. Bang in support of his reply. (Dkt. No. 263-5.) This supplemental declaration included new exhibits numbered Exs. 151 (a January 5, 2016 e-mail) and 151 (portions of John Hinman's deposition conducted on January 12, 2022). (*Id*.)

Ms. Bang's supplemental declaration does not explain why the additional

exhibits could not have been provided with Plaintiff's moving papers (let alone in opposition to Defendants' summary judgment motions). As did Mr. Buckley's supplemental declaration, Ms. Bang's supplemental declaration violates Rule 6 and L.R. 7-5 and must be stricken.

### C.     Supplemental Moroski Declaration

Plaintiff's motion for partial summary judgment specifically sought an adjudication with respect to his Seventh Cause of Action for violations of California *Corporations Code*, Sections 1601 et seq. (Dkt. No. 227, p. 2, ll. 24-27.) In support of his arguments, Plaintiff submitted the declaration of his attorney Martin Moroski dated May 6, 2022. (Dkt. No. 227-3.) Plaintiff also re-filed Mr. Moroski's May 6, 2022 declaration in opposition to Defendants' motions for summary judgment. (Dkt. No. 251.)

In opposition to Plaintiff's motion for partial summary judgment, Defendants argued that Plaintiff's motion as to his Seventh Cause of Action should be denied, citing *JAH Interests V, LLC v. Nutrition 53, Inc*., 2021 WL 1813171 (E.D. Cal., May 6, 2021). Defendants also submitted the declaration of Daniel Carter. (Dkt. No. 256-1.)

With his reply brief, Plaintiff submitted a supplement declaration from Mr. Moroski. (Dkt. No. 263-4.) In his declaration, Mr. Moroski claims that he was responding to Mr. Carter's declaration. However, Mr. Moroski's supplemental declaration is mostly unsubstantiated arguments which should have been set forth in Plaintiff's reply brief.

In any event, as with the other supplemental declarations submitted by Plaintiff together with his reply, Mr. Moroski's supplemental declaration has no explanation as to why he could not have included any new facts in his original declaration. For this reason, Mr. Moroski's declaration violates Rule 6 and Local Rule 7-5, so it must be stricken.

//

//

## VI. IN ADDITION, BUCKLEY'S SUPPLMENTAL DECLARATION MUST BE STRICKEN BECAUSE IT VIOLATED FRCP 26

In addition to violating Rule 6, William Buckley's supplemental declaration violates Federal Rule of Civil Procedure 26 and must be stricken for this further reason. Rule 26 requires that a party must disclose the identity of each expert witness "accompanied by a written report—prepared and signed by the witness." (Fed. R. Civ. P. 26(a)(2)(B).) The parties are to submit their expert disclosures "at the times and in the sequence that the court orders." (Fed. R. Civ. P. 26(a)(2)(D).) Rule 37(c)(1) forbids the use in any motion or at trial of "any information required to be disclosed by Rule 26(a) that is not properly disclosed" unless the failure to comply was "substantially justified or harmless." (*R&R Sails, Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240, 1246 (9th Cir. 2012).) The non-compliant party bears the burden to prove that the error was substantially justified or harmless. (*Id.*) Courts are given wide latitude to issue sanctions under Rule 37(c)(1). (*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).)

As noted above, Mr. Buckley's supplemental declaration is based on his Supplemental Report, which contained new opinions served after the disclosure deadline. (Fed. R. Civ. P. 26(a) and (e); *see, Leviton Mfg Co., Inc. v. Nicor, Inc,* 245 FRD 524, 530-531 (D. NM 2007); *Keener v. United States* 181 FRD 639, 642 (D MT 1998).) Supplementation is appropriate "only for the narrow purpose of correcting inaccuracies or adding information that was not available at the time of the initial report." (*Sancom, Inc. v. Qwest Communications Corp.*, 683 F.Supp.2d 1043, 1062-1063 (D.S.D. 2010); *In re Asbestos Product Liab. Litig. (No. VI)*, 289 F.R.D. 424, 425-426 (E.D. Pa. 2013) ("Rule 26(e) is not an avenue to correct 'failures of omission because the expert did an inadequate or incomplete preparation'… add new opinions… or 'deepen' or 'strengthen' existing opinions") (internal citations omitted).)

As explained above, the initial disclosure deadline was extended to November 19, 2021. (Dkt. No. 171.) At that time, Plaintiff disclosed Mr. Buckley. (Tricker Decl., para. 6.) By this Court's order dated January 26, 2022, the deadline for disclosing experts was extended to February 25, 2022. (Dkt. No. 208.) Likewise, the deadline for disclosing rebuttal experts was extended to March 25, 2022. (*Id*.)

After the deadlines for the expert disclosures had passed, Plaintiff produced Mr. Buckley's April 28, 2022 Supplemental Report. (Tricker Decl., Ex. 1.) Mr. Buckley's Supplemental Report clearly expresses opinions not set forth in his original report.

As noted above, Plaintiff submitted Mr. Buckley's April 28, 2022 Supplemental Report in support of his motion for partial summary judgment and in opposition to Defendants' motions for summary judgment. (Dkt. Nos. 227-4 and 250.) In both instances, Defendants objected to Mr. Buckley's Supplement Report on the grounds, among others, that it violated Rule 26. (Dkt. Nos. 245-11 and 262-2.)

Now, Plaintiff has submitted a supplemental declaration from Mr. Buckley which expressly cites to and relies upon his April 28, 2022 Supplemental Report. (Dkt. 263-3.) This is clearly an "end run" to avoid Defendants' prior objections that his Supplemental Report was not timely. Accordingly, Mr. Buckley's supplemental declaration must be stricken for this additional reason.

## VII. IN THE ALTERNATIVE, DEFENDANTS SHOULD BE GIVEN LEAVE TO RESPOND TO THE SUPPLEMENTAL DECLARATIONS

The fact that Plaintiff submitted declarations with his reply is an implicit admission that there are genuine disputes of material fact that require denial of his motion for partial summary judgment. If there were no genuine disputes, supplemental declarations submitting new facts would not be unnecessary.

The supplemental declarations are also an improper attempt to provide evidence to which Defendants are not permitted to respond (without leave of Court). "New evidence submitted as part of a reply is improper because it does not allow the

[opposing party] an adequate opportunity to respond." (*Townsend v. Monster Bev. Corp.*, 303 F. Supp.3d 1010, 1027 (C.D. Cal. 2018) (internal quotations omitted).) "For this reason, the district court may decline to consider new evidence or arguments raised in reply, and generally 'should not consider the new evidence without giving the non-movant an opportunity to respond.'" (*Id.* (quoting *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996)); *see also, Corelogic Solutions, LLC v. Credifi Corp.*, 2021 WL 1156860, *11 (C.D. Cal., Jan. 29, 2021).)[2]

In order to preserve their rights, Defendants hereby request, in the alternative, that this Court grant them leave to respond to the supplemental declarations. This should include leave to file additional briefing, evidence and objections.

## VIII. CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court strike the supplemental declarations of Martin Moroski, Diane Bang and William Buckley filed with Plaintiff's reply. In the alternative, Defendants request leave of Court to file additional briefing, evidence and objections in response to the supplemental declarations.

Dated: June 10, 2022

**WINGET SPADAFORA & SCHWARTZBERG LLP**

By: */s/ Richard P. Tricker*
Timothy W. Fredricks
Richard P. Tricker
Brenna J. McGill

Attorneys for Defendants
KEDRIN E. VAN STEENWYK and ADELAIDA CELLARS, INC.

---

[2] Defendants anticipate that Plaintiff will argue that the supplemental declarations do not contain "new evidence." If so, this is an additional reason for the Court to disregard them.

# CERTIFICATE OF SERVICE

The undersigned certifies that DEFENDANTS' EX PARTE APPLICATION TO STRIKE SUPPLMENTAL DECLARATIONS OF MARTIN MOROSKI, DIANE BANG AND WILLIAM BUCKLEY FILED IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT THEREOF was filed electronically with the Clerk of the Court via the CM/ECF system which effects notification to all parties registered and designated for the CM/ECF system in this action. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 10, 2022 at Los Angeles, California.

*/s/Lluriviana Gil-Lopez*
Lluriviana Gil-Lopez