Timothy W. Fredricks (SBN 238039)
Fredricks.t@wssllp.com
Richard P. Tricker (SBN 101460)
Tricker.r@wssllp.com
Brenna J. McGill (SBN 327181)
Mcgill.b@wssllp.com
**WINGET SPADAFORA & SCHWARTZBERG LLP**
1900 Avenue of the Stars, Suite 450
Los Angeles, CA 90067
Telephone: 310.836.4800
Facsimile: 310.836.4801

Attorneys for Defendants
KEDRIN E. VAN STEENWYK and
ADELAIDA CELLARS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW D. VAN STEENWYK, Individually, as Trustee and Beneficiary of The Matthew Van Steenwyk Gst Trust And The Matthew Van Steenwyk Issue Trust, And As Co-Trustee Of The Gretchen Marie Van Steenwyk-Marsh Gst Trust And The Gretchen Marie Van Steenwyk-Marsh Issue Trust and derivatively on behalf of Defendants APPLIED TECHNOLOGIES ASSOCIATES, INC., and ATA RANCHES, INC., <br><br> Plaintiff, <br><br> v. <br><br> KEDRIN E. VAN STEENWYK, Individually, as Successor Trustee of the Donald H. Van Steenwyk and Elizabeth A. Van Steenwyk 1996 Revocable Trust; PAMELA PIERCE, Individually; PHILIP GOBE, Individually; PHILIP LONGORIO, Individually; GENE DUROCHER, Individually; JOSEPH MCCOY, Individually; ELIZABETH A. VAN STEENWYK, Individually, and as Original Trustee and as Beneficiary of the Donald H. Van Steenwyk and Elizabeth | Case No.: 2:20-cv-02375-FLA-AFM <br><br> **DECLARATION OF RICHARD P. TRICKER IN SUPPORT OF DEFENDANTS' EX PARTE APPLICATION TO STRIKE SUPPLMENTAL DECLARATIONS OF MARTIN MOROSKI, DIANE BANG AND WILLIAM BUCKLEY FILED IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** <br><br> Date: TBD <br> Time: TBD <br> Place: Courtroom 6B <br><br> Complaint Filed: March 12, 2020 <br> Trial Date: September 13, 2022 |

A. Van Steenwyk 1996 Revocable Trust;
ADELAIDA CELLARS, INC., a
California Corporation; and DOES 1-25,
Inclusive,

                    Defendants,

and

APPLIED TECHNOLOGIES
ASSOCIATES, INC., a California
corporation; and ATA RANCHES, INC.,
a Delaware corporation,

                    Nominal Defendants.

I, Richard P. Tricker, declare as follows:

1.      I am an attorney licensed to practice before all of the Courts of the State of California and am a member of the bar of this Court.  I am of counsel to Winget Spadafora & Schwartzberg, LLP, counsel of record for Defendants Kedrin E. Van Steenwyk and Adelaida Cellars, Inc. in this case.

2.      The facts set forth below are personally known to me, and, if called upon, I would and could competently testify thereto under oath.

3.      This Declaration is made in support of Defendants' ex parte application to strike supplemental declarations of Martin Moroski, Diane Bang and Williams Buckley filed in support of Plaintiff's motion for partial summary judgment..

4.      Plaintiff filed this case on March 12, 2020 on behalf of his trust and his sister Gretchen Van Steenwyk-Marsh's trust.  (Dkt. No. 1.)  On April 2, 2020, the matter was assigned to the Hon. Fernando M. Olguin.  (Dkt. No. 36.)  Plaintiff's Third Amended Complaint was filed on November 24, 2020.   (Dkt. No. 92.)  On December 30, 2020, this matter was transferred to this Court.  (Dkt. No. 104.)

5.      On April 19, 2021, Plaintiff filed a motion for leave to file a Fourth amended Complaint.  (Dkt. No. 144.)  This Court denied Plaintiff's motion for leave to amend in an order dated June 29, 2021.  (Dkt. No. 154.)  On July 16, 2021, Plaintiff filed his "renewed" motion for leave to file a Fourth Amended Complaint. (Dkt. No. 155.)

6.      On October 18, 2021, this Court extended the initial expert disclosure deadline until November 19, 2021.  (Dkt. No. 171.)  On or about November 19, 2021, and among several others, Plaintiff disclosed the William Buckley as an expert.

7.      On December 10, 2021, this Court granted Plaintiff's motion for leave to file a Fourth Amended Complaint.  (Dkt. No.177.)   Plaintiff filed his Fourth Amended Complaint on December 15, 2021.  (Dkt. No. 179.)

8.      On January 26, 2022, this Court granted Defendants' motion to modify

1

scheduling order.  (Dkt. No. 208.)  As a result, the initial expert disclosure deadline was extended until February 25, 2022.  (*Id.*)  The deadline to disclose rebuttal experts was extended to March 25, 2022.  (*Id.*)  After these deadlines passed, Plaintiff produced Mr. Buckley's "Supplemental Report" on April 28, 2022.  (A true and correct copy of Anita Jonian's April 28, 2022 e-mail is attached hereto as Ex. 1.)

9.     On May 6, 2022, the parties filed their respective motions for summary judgment and/or partial summary judgment.  (Dkt. Nos. 226, 227 and 229.)   In support of his motion for partial summary judgment, Plaintiff filed the declarations of Martin Moroski, Diane Bang, and Mr. Buckley, among others.  (Dkt. No. 227.)

10.     On May 27, 2022, Defendants' filed their oppositions to Plaintiff's motion for partial summary judgment.  (Dkt. Nos. 245 and 254.)  In support of their opposition, Defendants also filed objections to Mr. Buckley's declaration submitted by Plaintiff in support of his motion.  (Dkt Nos. 245-11.)

11.     On May 27, 2022, Plaintiff filed his oppositions to Defendants' respective motions for summary judgment.  (Dkt. Nos. 246 and 247.)  In support of his opposition, Plaintiff filed the declaration of Ms. Bang.  (Dkt. No. 255.)  He also refiled the exact same declarations of Mr. Moroski (Dkt. No. 251) and Mr. Buckley (Dkt. No. 250), which he had filed on May 6, 2022.  Defendants again objected to Mr. Buckley's declaration.  (Dkt. No. 262-2.)

12.     On June 3, 2022, Plaintiff filed his reply in support of his motion for partial summary judgment.  (Dkt. No. 263.)  In support of his reply, Plaintiff filed the supplemental declarations of Mr. Moroski, Ms. Bang and Mr. Buckley.  (Dkt. Nos. 263-3, -4, and -5.)

13.     On June 6, 2022, I sent an e-mail to Plaintiff's counsel regarding Defendants' intention to file the present ex parte application to strike the supplemental declarations submitted with Plaintiff's reply brief.   (A true and correct copy of my June 6, 2022 e-mail is attached hereto as Ex. 2.)

14.     On June 7, 2022, I (together with Johnny Atwiler) spoke with Plaintiff's

counsel Anthony King and Diane Bang regarding the Defendants' intent to file the present ex parte application.  At that time, we discussed the basis for the ex parte application and the intended requested relief.  Following this telephone conference, I sent Plaintiff's counsel a copy of the District Court's decision in *Colt International Clothing, Inc. v. Quasar Science, LLC*, 2019 WL 6352660 (C.D. Cal., Sept. 27, 2019).

15.  On June 8, 2022, I received an e-mail from Plaintiff's counsel Diane Bang indicating that Plaintiff intended to oppose Defendants' ex parte application. She also provided certain case law to support Plaintiff's position.  (A true and correct copy of Ms. Bang's June 8, 2022 e-mail (together with the referenced case law) are collectively attached hereto as Ex. 3.)  On June 9, 2022, I advised Plaintiff's counsel that Defendants would be filing this ex parte application on June 10, 2022.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 10, 2022 at Los Angeles, California.

By:    */s/ Richard P. Tricker*
Richard P. Tricker

3

Exhibit 1

## Richard Tricker

| | |
|---|---|
| **From:** | Anita Jonian <ajonian@spertuslaw.com> |
| **Sent:** | Thursday, April 28, 2022 7:31 PM |
| **To:** | Timothy Fredricks; Judy Gil-Lopez; sedgerton@ohaganmeyer.com; lbickford@ohaganmeyer.com; Brenna McGill; Richard Tricker; moroski@ammcglaw.com; Tammy Fairchild; jantwiler@ohaganmeyer.com |
| **Cc:** | Anthony King; Diane Bang; Melissa Rapp; Matthew Umhofer; George Olguin; Calendaring; eDiscovery |
| **Subject:** | Van Steenwyk, Matthew D.; Et Al. v. Van Steenwyk, Kedrin E.; Et Al. |
| **Attachments:** | 2022-04-28 Supp Report of William Buckley.pdf |

Counsel,

Attached please find the Supplemental Report of William Buckley.

Thank you.
Anita

ANITA JONIAN
PARALEGAL
SPERTUS, LANDES & UMHOFER, LLP
617 West 7th Street, Suite 200 | Los Angeles, CA 90017
t: (213) 205-6523 | f: (310) 826-4711 | ajonian@spertuslaw.com

# Exhibit 2

## Richard Tricker

**From:** Richard Tricker
**Sent:** Monday, June 6, 2022 1:55 PM
**To:** Diane Bang
**Cc:** Anthony King; cmartin@ammcglaw.com; Sam Edgerton; Johnny Antwiler; Timothy Fredricks
**Subject:** Van Steenwyk v. Van Steenwyk

Diane,

Defendants intend to file an ex parte application seeking an order striking the supplemental declarations that plaintiff filed in connection with his reply brief (in support of his motion for partial summary judgment).

These supplemental declarations violate FRCP 6(c).  Mr. Buckley's supplemental declaration also violates FRCP 26(a) and (e).

In the alternative, Defendants will seek leave to file additional briefing, declarations and/or objections.

Please let us know when you are available to meet and confer on these issues.  I'm generally available any time tomorrow (Tuesday).

Richard P. Tricker, Esq.
**WINGET SPADAFORA & SCHWARTZBERG LLP**
1900 Avenue of the Stars, Suite 450
Los Angeles, CA 90067
**Tel.:** (310) 836-4800 x4333
**Fax:** (310) 836-4801
Email:  tricker.r@wssllp.com

www.WSSLLP.com



PLEASE NOTE, THIS MESSAGE IS INTENDED ONLY FOR THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL OR OTHERWISE PROTECTED FROM DISCLOSURE UNDER APPLICABLE LAW.  IF YOU ARE NOT THE INTENDED RECIPIENT OR OTHERWISE HAVE RECEIVED THIS EMAIL IN ERROR, PLEASE NOTIFY THE SENDER IMMEDIATELY BY RETURN EMAIL, AND DELETE THIS MESSAGE AND ALL ATTACHMENTS FROM YOUR COMPUTER SYSTEM.

IRS CIRCULAR 230 DISCLOSURE: TO ENSURE COMPLIANCE WITH U.S. TREASURY REGULATIONS GOVERNING TAX PRACTICE, WE INFORM YOU THAT:    ANY U.S. TAX ADVICE CONTAINED IN THIS COMMUNICATION (INCLUDING ATTACHMENTS) WAS NOT WRITTEN TO BE USED FOR AND CANNOT BE USED FOR (I) PURPOSES OF AVOIDING ANY TAX RELATED PENALTIES THAT MAY BE IMPOSED UNDER FEDERAL TAX LAWS, OR (II) THE PROMOTION, MARKETING OR RECOMMENDING TO ANOTHER PARTY OF ANY TRANSACTION OR MATTER ADDRESSED HEREIN.

THE INFORMATION IN THIS E-MAIL AND IN ANY ATTACHMENTS IS CONFIDENTIAL AND MAY BE PRIVILEGED. IF YOU ARE NOT THE INTENDED RECIPIENT, PLEASE DESTROY THIS COMMUNICATION AND NOTIFY THE SENDER IMMEDIATELY. YOU SHOULD NOT RETAIN, COPY OR USE THIS E-MAIL FOR ANY PURPOSE, NOR DISCLOSE ALL OR ANY PART OF ITS CONTENTS TO ANY OTHER PERSON OR PERSONS.

Exhibit 3

## Richard Tricker

| | |
|---|---|
| **From:** | Diane Bang <diane@spertuslaw.com> |
| **Sent:** | Wednesday, June 8, 2022 4:01 PM |
| **To:** | Richard Tricker; Anthony King |
| **Cc:** | Johnny Antwiler |
| **Subject:** | RE: Van Steenwyk |
| **Attachments:** | Chloe SAS v. Sawabeh Information Svcs.pdf; Applied Materials v. Demaray.pdf |

Richard,

I'm writing to confirm that we oppose Defendants' ex parte application.  Attached are two cases that support Plaintiff's position.

DIANE BANG
SPERTUS, LANDES & UMHOFER, LLP
1990 S. Bundy Dr, Suite 705 | Los Angeles, CA 90025
t: (310) 826-4700 | f: (310) 826-4711 | diane@spertuslaw.com

This message may contain confidential and privileged information.  If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.  Thank you.

**From:** Richard Tricker <tricker.r@wssllp.com>
**Sent:** Tuesday, June 7, 2022 3:28 PM
**To:** Anthony King <anthony@spertuslaw.com>
**Cc:** Diane Bang <diane@spertuslaw.com>; Johnny Antwiler <jantwiler@ohaganmeyer.com>
**Subject:** Van Steenwyk

Anthony,

Attached is the case which I mentioned in our call this afternoon.

Richard P. Tricker, Esq.
**WINGET SPADAFORA & SCHWARTZBERG LLP**
1900 Avenue of the Stars, Suite 450
Los Angeles, CA 90067
**Tel.:**  (310) 836-4800 x4333
**Fax:**  (310) 836-4801
Email:  tricker.r@wssllp.com

www.WSSLLP.com



PLEASE NOTE, THIS MESSAGE IS INTENDED ONLY FOR THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN

Chloe SAS v. Sawabeh Information Services Co., Not Reported in Fed. Supp. (2015)

2015 WL 12734005
Only the Westlaw citation is currently available.
United States District Court, C.D. California.

CHLOE SAS, et al.

v.

SAWABEH INFORMATION SERVICES CO., et al.

Case No. CV 11-04147 MMM (MANx)
|
Filed 06/03/2015

**Attorneys and Law Firms**

Jason Corbitt Wright, Jones Day, Los Angeles, CA, Jessica D. Bradley, Susan M. Kayser, Jones Day, Washington, DC, Mark A. Finkelstein, Jones Day, Irvine, CA, Thomas Demitrack, Jones Day, Cleveland, OH, for Chloe SAS, et al.

Amjad Mahmood Khan, Ethan J. Brown, Geoffrey A. Neri, Brown Neri and Smith LLP, Los Angeles, CA, Nathan M. Smith, Ethan Brown Law, Santa Monica, CA, for Sawabeh Information Services Co., et al.

**Proceedings: Order Denying Defendants' *Ex Parte* Application to File Surreply [Docket No. 912]**

MARGARET M. MORROW, District Judge

## I. BACKGROUND

*1 On March 16, 2015, plaintiffs filed a motion for attorneys' fees following entry of judgment on February 27, 2015.[1] Defendants opposed the motion on May 20, 2015,[2] and plaintiffs filed a reply on May 11, 2015.[3] Thereafter, defendants filed an *ex parte* application seeking leave to file a surreply,[4] which plaintiffs oppose.[5]

[1]    Notice of Motion and Motion for Attorneys' Fees ("Motion"), Docket No. 901 (Mar. 16, 2015).

[2]    Memorandum in Opposition to First *Ex Parte* Application to Continue Briefing Schedule on Class Certification from June 8, 2015, to October 13, 2015 ("Fees Opp."), Docket No. 47 (May 20, 2015).

[3]    Reply in Support of Motion for Attorneys' Fees ("Reply"), Docket No. 911 (May 11, 2015).

[4]    *Ex Parte* Application for Leave to File a Five-Page Surreply ("Application"), Docket No. 912 (May 21, 2015).

[5]    Opposition to *Ex Parte* Application for Leave to File a Five-Page Surreply ("Opposition"), Docket No. 914 (May 22, 2015).

## II. DISCUSSION

Defendants argue that a surreply is warranted because "[p]laintiffs have raised new facts and arguments in their Reply."[6] They identify three categories of purported "new facts and arguments" they contend were not addressed in plaintiffs' motion and are not responsive to their opposition: (1) various statements by plaintiffs' Chief Intellectual Property Counsel and in-house counsel, Shelia Henderson; (2) plaintiffs' purported argument "that they are still entitled to seek maximum statutory damages against [d]efendants"; and (3) several "new categories of fees," as detailed in Susan Kayser's supplemental declaration.[7]

[6]    Application at 1.

[7]    *Id.* at 2-3.

"[W]hen a party has raised new arguments or presented new evidence in a reply to an opposition, the court may permit the other party to counter the new arguments or evidence." *Jordan v. Terhune*, No. CIV S-03-1820 LKK KJM P, 2009 WL 276764, *3 (E.D. Cal. Feb. 5, 2009) (citing *El Pollo Loco. v. Hashim*, 316 F.3d 1032, 1040-41 (9th Cir. 2003)); see also *Oregon Natural Desert Association v. Cain*, 17 F.Supp.3d 1037, 1048 (D. Or. 2014) (" 'When a party has raised new arguments or presented new evidence in a reply to an opposition, the court may permit the other party to counter the new arguments or evidence,' citing *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) ("[W]here new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the [non]movant an opportunity to respond"); *Jordan*, 2009 WL 276764 at *3); *Ioane v. C.I.R.*, No. 3:09-CV-00243-RCJ-(RAM), 2010 WL 2600689, *3 (D. Nev. Mar. 11, 2010) ("Because Plaintiff's reply raised issues not in his initial motion, the Court grants Defendant leave to

Case 2:20-cv-02375-FLA-AJR    Document 274-1    Filed 06/10/22    Page 13 of 17    Page ID #:12819

Chloe SAS v. Sawabeh Information Services Co., Not Reported in Fed. Supp. (2015)

file a surreply and will consider Defendant's arguments raised in its surreply," citing *United States v. Mercado*, No. 2:08-CR-00134, 2009 WL 1575170, *1 (D. Nev. June 2, 2009)).

When a "reply does not present new arguments nor new evidence," however, a surreply is improper and a court should not grant leave to file one. See *Jordan*, 2009 WL 276764 at *3 ("Defendants' reply does not present new arguments nor new evidence; they simply note the problems with plaintiff's evidentiary support. The surreply is improper"). As relevant here, "[e]vidence submitted in direct response to evidence raised in opposition ... is not 'new.' " 🗎 *In re ConAgra Foods, Inc.*, 302 F.R.D. 537, 559 (C.D. Cal. 2014) (citations omitted); see also *Terrell v. Contra Costa County*, 232 Fed. Appx. 626, 629 n. 2 (9th Cir. Apr. 16, 2007) (Unpub. Disp.) (concluding that evidence adduced in reply was not new where "[t]he Reply Brief addressed the same set of facts supplied in Terrell's opposition to the motion but provides the full context to Terrell's selected recitation of facts"); 🗎 *Edwards v. Toys 'R' US*, 527 F.Supp.2d 1197, 1205 n. 31 (C.D. Cal. 2007) ("Evidence is not 'new,' however, if it is submitted in direct response to proof adduced in opposition to a motion").

**\*2** Defendants assert that Henderson's declaration provides the following new "facts": (1) that the attorneys' fees and legal expenses associated with this litigation consumed a large portion of plaintiffs' budget; (2) that a key goal in the litigation was to obtain injunctive relief; (3) that plaintiffs were not able to confirm defendants' financial resources until defendants responded to plaintiffs' discovery on December 31, 2014; (4) that defendants "reneged on [a settlement] agreement"; and (5) that defendants demanded substantial damages and would not settle the case if plaintiffs were unwilling to meet their demand.[8] Defendants assert they should be permitted to file a surreply because "[n]one of these factual assertions was included in [p]laintiffs' [m]otion, and [d]efendants were therefore unable to provide any kind of a response or counter-declaration to Ms. Henderson in their Opposition."[9] The court cannot agree.

[8]    Application at 2; see also Declaration of Sheila Henderson in Support of Plaintiffs' Motion for Attorneys' Fees ("Henderson Decl."), Docket No. 911-1 (May 15, 2011), ¶¶ 4, 6, 8, 10, 11.

[9]    Application at 2-3.

The first purportedly "new fact"—that the attorneys' fees and expenses associated with this litigation consumed a large portion of plaintiffs' budget—is, as plaintiffs note,[10] responsive to numerous statements in defendants' opposition that awarding plaintiffs the attorneys' fees they seek would result in an unreasonable "windfall" for plaintiffs.[11] The second purportedly new fact is directly responsive to defendants' assertion that plaintiffs "did not achieve a total (or even substantial) victory" in the litigation because they elected an award of minimum statutory damages.[12] Henderson's third statement—that plaintiffs were not aware of the nature of defendants' assets until December 31, 2014—provides context for plaintiffs' argument that their decision to elect minimum statutory damages was a "business decision";[13] this responds to assertions in defendants' opposition concerning the reasons behind plaintiffs' "eleventh-hour decision to accept the bare minimum of statutory damages."[14] The final two facts concern the parties' attempts to settle the action during the litigation, and address defendants' characterization of settlement discussions in their opposition.[15] The facts are not "new," as they simply provide additional context in response to defendants' account of the parties' mediation. See, e.g., *Terrell*, 232 Fed. Appx. at 629 n. 2 (evidence adduced in reply was not new where "[t]he Reply Brief addressed the same set of facts supplied in Terrell's opposition to the motion but provides the full context to Terrell's selected recitation of facts").

[10]    Opposition at 1-3.

[11]    See Fees Opp. at 15-16.

[12]    *Id.* at 4-6, 20-21.

[13]    Reply at 11 & n.9.

[14]    See Fees Opp. at 3-5, 13-15.

[15]    *Id.* at 22 (noting that plaintiffs "rebuffed numerous settlement overtures[ ] and did not view the mediation process as a forum for compromise but as a forum for Defendants to surrender to all their claims").

The court is similarly unpersuaded by defendants' second contention, i.e., that they should be permitted to file a surreply to respond to plaintiffs' purported argument "that they are still entitled to seek maximum statutory damages

against [d]efendants." [16] Defendants contend this argument "calls into question whether [p]laintiffs believe they are even bound by the stipulated judgment for $71,000 in minimum statutory damages entered by this Court on February 19, 2015." [17] Defendants' contention is curious, as it is clear from reviewing plaintiffs' reply that they do not argue they can still recover maximum statutory damages; [18] they merely respond to defendants' assertion that their election to receive minimum statutory damages undercuts Judge Feess' conclusions regarding willfulness and the fact that this is an exceptional case, [19] as well as defendants' complaint that plaintiffs are "gaming" the Lanham Act. [20]

16    Application at 3.

17    *Id.*

18    See Reply at 11 & n. 9.

19    Fees Opp. at 8-13.

20    *Id.* at 7, 13-16.

**\*3** Finally, the court does not agree that plaintiffs' submission of a supplemental declaration seeking fees incurred following the filing of plaintiffs' motion requires response by defendants. [21] Although Kayser's supplemental declaration includes billing records not submitted with her initial declaration, [22] Kayser noted in that declaration that plaintiffs would seek additional fees incurred after the filing date, and that they would submit documentation of those fees with their reply. [23] Defendants were fully apprised of this fact before they filed their opposition. Permitting defendants' to file a surreply on this point, moreover, would be not

useful, as the proposed filing merely asserts that the fees are unreasonable and that "[p]laintiffs offer no explanation for why such fees should be recovered." [24] As both parties are undoubtedly aware, the court has an independent obligation to "determin[e] how many hours were reasonably expended on the litigation." See *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). Defendants' proposed surreply adds nothing to the court's analysis, providing an additional reason for denying leave to file.

21    Application at 3-4.

22    See Supplemental Declaration of Susan Kayser in Support of Plaintiffs' Motion for Attorneys' Fees, Docket No. 911-2 (May 21, 2015), Exh. 21.

23    See Motion at 5 & n. 1; see also Declaration of Susan Kayser in Support of Plaintiffs' Motion for Attorneys' Fees, Docket No. 901-1 (Mar. 16, 2015), ¶ 37.

24    See Proposed Surreply, Docket No. 912-3 (May 21, 2015) at 5.

### III. CONCLUSION

For the reasons stated, defendants' *ex parte* application to file a surreply to plaintiffs' motion for attorneys' fees is denied.

**All Citations**

Not Reported in Fed. Supp., 2015 WL 12734005

---

    © 2022 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW    © 2022 Thomson Reuters. No claim to original U.S. Government Works.    3

2020 WL 8515132
Only the Westlaw citation is currently available.
United States District Court, N.D. California,
San Jose Division.

APPLIED MATERIALS, INC., Plaintiff,

v.

DEMARAY LLC, Defendant.

Case No. 5:20-cv-05676-EJD
|
Signed 12/16/2020

**Attorneys and Law Firms**

Yar R. Chaikovsky, Philip Ou, Paul Hastings LLP, Palo Alto, CA, for Plaintiff.

Benjamin W. Hattenbach, Morgan Chu, Crawford MacLain Wells, Irell & Manella LLP, Los Angeles, CA, for Defendant.

### ORDER DENYING ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUR-REPLY

Re: Dkt. No. 30

EDWARD J. DAVILA, United States District Judge

**\*1** Before the Court is Defendant Demaray LLC's ("Demaray") Administrative Motion for Leave to File Sur-Reply. *See* Dkt. No. 30. Demaray seeks leave to file a response to Plaintiff Applied Materials, Inc.'s ("Applied") Reply in Support of the Motion for Preliminary Injunction, ("Reply"), arguing that Applied presented new evidence in its Reply brief. Applied opposes the motion. *See* Applied Materials, Inc.'s Opposition to Demaray LLC's Administrative Motion to File Sur-Reply to Applied's Motion for Preliminary Injunction ("Opp."), Dkt. No. 31. For the reasons discussed below, the motion is **DENIED**.

### I. BACKGROUND

The instant dispute concerns Demaray's claim that Applied has raised new arguments related to additional evidence attached to its Reply brief that was not included in the moving papers. Demaray identifies the following four categories of new arguments:

- " 'Applied now contends that declaratory judgment subject matter jurisdiction is present based upon an email in which Demaray approached Applied to license certain Demaray patents. Reply at 2-3.'

- 'Applied now provides new facts regarding the relationship between Applied and its customers. Reply at 4-5.'

- 'Applied now contends that [Mukundan] Narasimhan's employment agreement applies to patent assignments, despite never informing the Court that these provisions had been declared unlawful or presenting the Court with said agreement. Reply at 12-13.'

- 'Applied now provides new facts regarding the activities of the Samsung and Intel defendants in the earlier-filed Texas cases. Reply at 14-15.' "

### II. DISCUSSION

Applied argues that it "properly raised these arguments in its Reply directly in response to the arguments raised in Demaray's Opposition." Opp. at 3. "Where new evidence is presented in a reply ... the district court should not consider the new evidence without giving the non-movant an opportunity to respond." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (alteration and citation omitted). However, evidence submitted with a reply brief is not new evidence when it is submitted to rebut arguments raised in the opposition brief. *See Synopsys, Inc. v. Mentor Graphics Corp.*, 2013 WL 6577143, at \*1 (N.D. Cal. Dec. 13, 2013) ("Synopsys's Administrative Motion for Leave to File Sur-Reply is hereby DENIED ... Mentor does not "[raise new arguments and evidence] ... in its reply brief" ... but, rather, responds to arguments made in Synopsys's opposition").

Having considered the parties' briefing on Applied's Motion for Preliminary Injunction, the Court finds that the arguments raised in Applied's Reply brief do not present new information, but respond to arguments raised in Demaray's Opposition. Specifically, Applied does not present new factual contentions about Demaray's offer to license the asserted patents and the relationship between Applied and its customers, but instead responds to Demaray's argument regarding whether the Court has subject matter jurisdiction over this case. Moreover, in its Opposition, Demaray argued assignment provisions in licensing/employment agreements referenced in Applied's Motion for Preliminary Injunction

2020 WL 8515132

are unlawful and that Applied is estopped from litigating claims addressing these claims given prior court rulings. Opposition to Applied Materials' Motion for Preliminary Injunction at 11-14. In its Reply brief, Applied responds to the arguments raised in Demaray's Opposition and introduces the full employment agreement at issue as evidence. Thus, contrary to Demaray's assertions, Applied's Reply does not raise the employment agreement as new evidence for the first time in the Reply. Similarly, the Court finds that Demaray's discussion of the location of relevant customer activities responded to evidence in Demaray's Opposition used to argue that it is more convenient to litigate this matter in the Western District of Texas. Accordingly, no sur-reply is warranted on these issues.

## III. CONCLUSION

**\*2** For the reasons stated above, Demaray's Administrative Motion for Leave to File Sur-Reply is **DENIED**

**IT IS SO ORDERED.**

## All Citations

Slip Copy, 2020 WL 8515132

---

**End of Document**                    © 2022 Thomson Reuters. No claim to original U.S. Government Works.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that DECLARATION OF RICHARD P. TRICKER IN SUPPORT OF DEFENDANTS' EX PARTE APPLICATION TO STRIKE SUPPLMENTAL DECLARATIONS OF MARTIN MOROSKI, DIANE BANG AND WILLIAM BUCKLEY FILED IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT was filed electronically with the Clerk of the Court via the CM/ECF system which effects notification to all parties registered and designated for the CM/ECF system in this action. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 10, 2022 at Los Angeles, California.

*/s/Lluriviana Gil-Lopez*
Lluriviana Gil-Lopez