MATTHEW DONALD UMHOFER, ESQ., SBN 206607
mumhofer@spertuslaw.com
DIANE H. BANG, ESQ., SBN 271939
dbang@spertuslaw.com
**SPERTUS, LANDES & UMHOFER, LLP**
1990 South Bundy Dr., Suite 705
Los Angeles, CA 90025
Telephone: (310) 826-4700
Facsimile: (310) 826-4711

MARTIN P. MOROSKI, ESQ., SBN 98202
moroski@ammcglaw.com
CHASE W. MARTIN, ESQ., SBN 260444
cmartin@ammcglaw.com
**ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP**
Post Office Box 3835
San Luis Obispo, California 93403-3835
Telephone: (805) 543-0990
Facsimile: (805) 543-0980

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW D. VAN STEENWYK, Individually, as Trustee and Beneficiary of The Matthew Van Steenwyk GST Trust and The Matthew Van Steenwyk Issue Trust, and as Co-Trustee of The Gretchen Marie Van Steenwyk-Marsh GST Trust and The Gretchen Marie Van Steenwyk-Marsh Issue Trust and derivatively on behalf of Nominal Defendants APPLIED TECHNOLOGIES ASSOCIATES, INC., and ATA RANCHES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> KEDRIN E. VAN STEENWYK, et al., <br><br> Defendants, <br><br> and | **DISCOVERY MATTER** <br><br> Case No.: 2:20-cv-02375-FLA-AFM <br><br> *Hon. Fernando L. Aenlle-Rocha Magistrate Hon. Alexander F. MacKinnon* <br><br> **PLAINTIFF'S EX PARTE APPLICATION FOR ORDER EXTENDING THE EXPERT DISCOVERY DEADLINE FOR PURPOSE OF ALLOWING PLAINTIFF TO SUBMIT EX PARTE APPLICATION TO MAGISTRATE JUDGE FOR ORDER REQUIRING DEFENDANTS' NON-RETAINED EXPERT JOANN WALL TO PRODUCE HER APPRAISAL OF THE ADELAIDA WINERY PROPERTY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

| | |
|---|---|
| APPLIED TECHNOLOGIES ASSOCIATES, INC., and ATA RANCHES, INC.,<br><br>　　　　　Nominal Defendants. | *[Filed Concurrently with Declaration of Martin Moroski and exhibits thereto; Declaration of Diane H. Bang; [Proposed] Order]*<br><br>Hearing Date: N/A<br>Time: N/A<br>Courtroom: 6B<br><br>Expert Discovery Cutoff: May 20, 2022<br>Pretrial Conference: August 26, 2022<br>Trial: September 13, 2022 |

*PLAINTIFF'S EX PARTE APPLICATION FOR ORDER EXTENDING THE EXPERT DISCOVERY DEADLINE*

## TABLE OF CONTENTS

**PAGE**

MEMORANDUM OF POINTS & AUTHORITIES ................................................. 5

I. INTRODUCTORY STATEMENT ............................................................... 5

II. HISTORY OF PRESENT DISPUTE ............................................................ 5

III. ORDER COMPELLING JOANN WALL AND DEFENDANTS' COUNSEL TO PRODUCE ADELAIDA WINERY PROPERTY APPRAISAL IS NECESSARY AND APPROPRIATE ................................ 9

IV. CONCLUSION ............................................................................................ 11

# TABLE OF AUTHORITIESCASES

**CASES**                                                                                                     **PAGE(S)**

*Kane v. Mycoskie*
  No. CV 10-05144, 2011 WL 13217265 *1 (C.D. Cal. Sept. 23, 2011) ................ 9

*Mission Power Eng'g Co. v. Cont'l Cas. Co.*
  883 F. Supp. 488, 492 (C.D. Cal. 1995) .............................................................. 1, 10

*Pederssen v. United States*
  2018 WL 9649986 (C.D. Cal. Dec. 14, 2018) ............................................... 10, 11

**RULES**

Fed. R. Civ. P. 1 ................................................................................................................ 8

Fed. R. Civ. P. 6 (c) ......................................................................................................... 8

Fed. R. Civ. P. 26(b)(1) .................................................................................................. 7

# NOTICE AND EX PARTE APPLICATION

TO THE COURT, THE PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Plaintiff Matthew D. Van Steenwyk ("Plaintiff"), by and through his counsel of record, applies ex parte pursuant to Central District of California Local Rules 7-19 and 7-19.1 for an order extending the expert discovery deadline for the sole purpose of allowing Plaintiff to submit and have heard an ex parte application to Magistrate Judge Alexander F. MacKinnon in connection with Plaintiff's attempts to complete his discovery with respect to Defendants' non-retained expert appraiser JoAnn Wall.[1] In lieu of a further order compelling Ms. Wall to sit for another deposition, Plaintiff will seek an order compelling Ms. Wall to produce: (1) a redacted copy of her appraisal of the Adelaida Winery property; and (2) her retainer agreement and invoices for services performed, including the giving of her deposition.[2]

Good cause exists for filing this Ex Parte Application. The emergency necessitating its filing was not caused by Plaintiff. In fact, Plaintiff contends that Defendants, through their refusal to allow Ms. Wall to answer deposition questions which were and are relevant to this action and instructing her not to produce the properly subpoenaed Adelaida Winery property appraisal, have created the need for Plaintiff to file this second Ex Parte Application. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

---

[1] By his Order entered on May 19, 2022, Judge MacKinnon granted Plaintiff's previous ex parte application re JoAnn Wall's deposition, ordering Ms. Wall to sit for a further session of deposition and answer questions about the Adelaida Winery property appraisal. (Dkt. 242.)

[2] In the event the Court is not inclined to order the appraisal be produced, Plaintiff will request that Ms. Wall sit for a fourth session of deposition to answer the questions she was instructed not to answer during her prior depositions about the Adelaida Winery property appraisal.

Ms. Wall's deposition took place over April 25-26, 2022. During that deposition, Plaintiff's counsel asked Ms. Wall questions regarding her opinion of the value of certain parcels of vineyard property, and also her opinion on the value of the Adelaida Winery property.[3] Defense counsel refused to let Ms. Wall answer any questions regarding her opinion on the value of Adelaida winery property despite the fact that Ms. Wall was engaged to make such an evaluation. Defense counsel suggested that his instruction to Ms. Wall, refusing to allow her to testify on the value of Adelaida, was premised on the argument that Adelaida does not own any real property and the appraisal of Adelaida Cellars was not relevant. Plaintiff's counsel attempted to meet and confer with Adelaida's attorneys to resolve the dispute pertaining to the valuation by Ms. Wall of Adelaida Cellars. The efforts were fruitless.

Plaintiff filed his initial Ex Parte Application seeking an order from this Court compelling Defendants to produce Ms. Wall for deposition, to complete her deposition, and to compel Ms. Wall to answer questions regarding her valuation of the Adelaida Winery property. (Pl.'s Ex Parte Application to Compel JoAnn Wall to Complete Depo. & Answer Questions Re the Value of Adelaida Cellars ("Pl.'s First Ex Parte Appl."), Dkt. 235.) In addition, Plaintiff properly issued a second subpoena duces tecum to Ms. Wall seeking, specifically, the Adelaida winery property appraisal and related documents. (*See* Pl.'s First Ex Parte Appl., Dkt. 235-1.) The return date on the subpoena was May 6, 2022. No objections were served. No documents were produced.

---

[3] As briefed in Plaintiff's First Ex Parte Application, the value of vineyard property owned by Defendants ATA and SDI, as well as the value of the Adelaida Cellars winery business, are significant issues at stake in this matter. Plaintiff propounded discovery as to the value of Adelaida Cellars back in July 2020 and has asked for that information several times since. That Defendant Adelaida Cellars is now objecting to Plaintiff's discovery of its value as appraised by a non-retained expert is unjustified and makes no sense.

2

PLAINTIFF'S EX PARTE APPLICATION FOR ORDER EXTENDING THE EXPERT DISCOVERY DEADLINE

This Court granted Plaintiff's First Ex Parte Application on May 19, 2022. (Dkt. 242.) Pursuant to the Court's Minute Order, a special 1.5-hour session of Ms. Wall's deposition took place on May 20, 2022. (*Id*.) Questions were asked regarding the value Ms. Wall placed on the Adelaida Winery property. (Decl. of Martin Moroski in Supp. of Ex Parte Appl. for Order Extending the Expert Discovery Deadline ("Moroski Decl.") ¶ 10, Ex. 5.) Ms. Wall was repeatedly instructed by counsel for Defendants not to answer the questions. (*Id*.) Ms. Wall testified that she did not produce the requested appraisal documents. (*Id*.)

The Final Pretrial Conference is currently scheduled for August 26, 2022, and the Court has ordered the parties to submit its first round of pretrial documents by July 29, 2022. (Dkt. 208.) Because expert discovery has now closed, and pretrial filings are only six weeks away, Plaintiff will not have time to have two regularly noticed motions heard before the pretrial filing deadline. Thus, Plaintiff has no choice but to file this Ex Parte Application to extend the expert discovery deadline so that his motion to compel discovery may be heard.

## NOTICE OF EX PARTE APPLICATION AND STATEMENT OF OPPOSING COUNSEL'S POSITION

The names, addresses, telephone numbers, and email addresses for Defendants' counsel are as follows:

| | |
|---|---|
| Timothy Fredricks<br>Richard Tricker<br>**WINGET SPADAFORA SCHWARTZBERG LLP**<br>1900 Avenue of the Stars, Suite 450<br>Los Angeles, CA 90067<br>Tel: 310-836-4800<br>Email: ahern.j@wsllp.com<br>Email: fredricks.t@wsllp.com<br><br>*Attorneys for Defendants*<br>Kedrin E. Van Steenwyk, Adelaida Cellars, Inc., and Kedrin E. Van Steenwyk as executor of the Estate of Elizabeth Van Steenwyk | Johnny L. Antwiler<br>Samuel Y. Edgerton, III<br>**O'HAGAN MEYER**<br>2615 Pacific Coast Highway, Suite 300<br>Hermosa Beach, CA 90254<br>Tel: 310-807-1100<br>Email: jantwiler@ohaganmeyer.com<br>Email: sedgerton@ohaganmeyer.com<br><br>*Attorneys for Defendants*<br>Pamela Pierce, Phillip Gobe, Philip Longorio, Gene Durocher, Daniel Carter, Joseph McCoy, Kieran Duggan, Applied Technologies Associates, Inc., Scientific Drilling International, and ATA Ranches, Inc. |

Pursuant to Local Rule 7-19.1, Plaintiff certifies that through counsel, Plaintiff made reasonable good faith efforts to advise Defendants' counsel of the date and substance of this Ex Parte Application. (*See* Decl. of Diane Bang in Supp. of Pl.'s Appl. for Order Extending the Expert Discovery Deadline.) On June 16, 2022, Plaintiff emailed Defendants' counsel and communicated the need for the relief and the specifics of the request. Counsel for Defendants Kedrin Van Steenwyk and Adelaida Cellars indicated that they intend to oppose this Ex Parte Application. (*Id.*) Counsel for the remaining defendants did not respond despite repeated efforts to contact them via email and telephone. (*Id.*)

This ex parte application is based on this Application, the attached Memorandum of Points and Authorities filed herewith, the Declaration of Martin P. Moroski and the exhibits thereto filed herewith, the Declaration of Diane H. Bang, and all pleadings and records on file with the Court in this case.

Dated: June 16, 2022　　　　　　　SPERTUS, LANDES & UMHOFER, LLP

By: */s/ Diane H. Bang*
　　Matthew Donald Umhofer
　　J. Anthony King
　　Diane H. Bang
　　*Attorneys for Plaintiff*

*The filer of the document attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.*

Dated: June 16, 2022　　　　　　　ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP

By: */s/ Martin P. Moroski*
　　Martin P. Moroski, Esq.
　　Chase W. Martin, Esq.
　　*Attorneys for Plaintiff*

# MEMORANDUM OF POINTS & AUTHORITIES

## I.   INTRODUCTORY STATEMENT

The genesis of the current dispute is known to the Magistrate Judge MacKinnon.  On May 18, 2022, Plaintiff was forced to make a prior ex parte application for an order compelling Defendants to produce their non-retained expert, appraiser JoAnn Wall ("Ms. Wall"), for a further deposition to answer questions she was improperly instructed not to answer regarding her appraisal of the Adelaida Cellars winery property.  (Moroski Decl., ¶¶ 3 and 4, Ex. 1.)  Judge MacKinnon dismissed the objections by Defendants' counsel on which they based their instructions to Ms. Wall not to answer questions and ordered Ms. Wall to sit for a deposition on May 20, 2022—the last day of expert discovery.  (Moroski Decl., ¶ 8, Ex. 3.)  Finally, Judge MacKinnon reserved jurisdiction to address further issues arising in connection with Plaintiff's discovery directed to Ms. Wall, but specifically noted that Plaintiff would have to move the Court for an extension of the discovery deadline in order for him to further intervene.  (*Id.*)  Unfortunately, due to further instructions from Defendants' counsel for Ms. Wall not to answer questions and to not produce her appraisal, Plaintiff is forced to follow Judge MacKinnon's instruction and move this Court for an extension of the discovery deadline.

## II.   HISTORY OF PRESENT DISPUTE

Ms. Wall was belatedly disclosed as a non-retained expert on November 20, 2021.  The initial sessions of Ms. Wall's deposition took place on April 25 and 26, 2022.  (Moroski Decl., ¶¶ 3, 4 and 11, Exs. 1, 5.)  She was asked questions about her appraisal of the Adelaida Cellars winery property, which she was instructed by counsel for Adelaida Cellars and Kedrin Van Steenwyk not to answer.  (*Id.*)  Plaintiff's initial ex parte application was filed as a result.  (*Id.*)

The Court agreed with Plaintiff's arguments regarding the relevance of information regarding the winery appraisal and rejected Defendants' objections.

(*Id.*, ¶ 8, Ex. 3.) The application was granted, and Defendants were ordered to produce Ms. Wall for an additional 1.5 hours of deposition regarding the winery appraisal. In its Minute Order, the Court made the following findings and rulings:

- "[The] instructions not to answer [questions regarding the Adelaida appraisal] were plainly inappropriate on the stated grounds [of confidentiality and relevance]";
- "The Court also notes that limited pages it has seen from the appraisal at issue [ ] suggest that **Plaintiff may be an intended user** of the appraisal";
- "If Defendants raise an instruction [not] to answer based on the attorney-client privilege or work product…Defendants shall nevertheless allow Plaintiff to ask all reasonable questions that go to the foundational issue of whether such privilege ascertain is appropriate…"; and
- These questions include "for whom [the Adelaida appraisal] was prepared," "who were the intended users of the appraisal and to whom it was provided."

(*Id.*, emphasis added.)

After the first session of her deposition, Plaintiff issued and served the Second Wall Subpoena on Ms. Wall specifically demanding that she produce, on May 6, 2022, the appraisal of the Adelaida Winery property and documents relating thereto. (Moroski Decl., ¶¶ 5 and 6, Ex. 2.)

The Court-ordered deposition of Ms. Wall was convened on Friday, May 20, the final day of expert discovery in the case. (Moroski Decl., ¶ 9.) Ms. Wall testified that she had reviewed her report – or, at least, a portion of it – in connection with her May 20, 2022, court-ordered deposition. (Moroski Decl., Ex. 4 (5/20/2022 Depo. of JoAnn Wall ("Wall Depo."), at 256:2-23.) However,

6

incredulously, Ms. Wall testified that she could not recall the comparable sales properties she relied upon in conducting her appraisal of the Adelaida winery property. (*Id*. (Wall Depo., at 299:21 through 301:15).) She also testified that she could not remember who her Adelaida Winery property appraisal identified as allowed recipients and users of the appraisal report despite her review of her report a day earlier. (*Id*. (Wall Depo., at 276:19 to 277:12).)

Ms. Wall was shown at her deposition the second subpoena duces tecum, and she admitted that the subpoena had been served on her. (Moroski Decl., ¶¶ 7 and 9; Ex. 4 (Wall Depo. at 265:10-21).)[4] Counsel for Defendants admitted on the record that they had not served written objections to the Second Wall Subpoena prior to the May 6 return date or at all. (*Id*., Ex. 4 (Wall Depo. at 266:2-11).) Finally, Ms. Wall testified that she did not produce documents responsive to the subpoena. (*Id*. (Wall Depo. at 265:18-21).) Specifically, she did not produce the Adelaida Winery property appraisal. (*Id.*)[5]

In response to Plaintiffs' foundational questions, Ms. Wall testified as follows:

- Ms. Wall testified that she had not been shown the Judge MacKinnon's Order compelling her deposition by counsel for Defendants, and that she was unaware of it prior to the deposition (Moroski Decl., Ex. 4 (Wall Depo., at 252:10-16));
- Ms. Wall admitted (again) that she has had no contact with the attorney representing the estate of Elizabeth van Steenwyk, again undermining

---

[4] The purposes of the Second Wall Subpoena were twofold: (1) to obtain the report to which Plaintiff is entitled; and (2) to relieve the Court of the obligation of determining whether the report should have been produced or part of the mandatory supplemental responses to document requests seeking the appraisal of Adelaida previously served.

[5] It was also admitted by Ms. Wall at her deposition that she did not have retainer agreements with either of the two firms representing Defendants in this case. (Moroski Decl., ¶ 10, Ex. 4.)

7

the validity of defense counsel's work product objection (*id.* (Wall Depo., at 277:13 through 278:6));

- Ms. Wall admitted that she has not entered into a retainer agreement with either the Winget, Spadafora, Schwartzberg and O'Hagan Meyer law firms – this undermines the validity of defense counsel's work product objection **and** the legitimacy of the O'Hagan firm's contention that it represents Ms. Wall (*id.* (Wall Depo., at 292:25 through 293:20));

- Ms. Wall admitted (again) that she was engaged to perform her appraisal by non-attorney Jude Radeski – this undermines defense counsel's work product objection (*id.* (Wall Depo., at 276:19 through 277:12));

- Ms. Wall testified that the "intended use" language in the Adelaida appraisal was likely the same as the language in the ATA Ranches appraisals, defying "intended users" as including "all those with an ownership interest in KMBG LLC – this further supports Judge MacKinnon's finding in its Minute Order that "Plaintiff may be an intended user of the appraisal"; (*id.* (Wall Depo., at 276:19 through 277:12); and

- Ms. Wall testified that she was promised compensation for her time in deposition and has submitted invoices for that time – this undermines Defendants' characterization of Ms. Wall as a non-retained expert witness (*id.* (Wall Depo., at 293:21-24)).

Ms. Wall was also asked to state the value she assigned to the Adelaida Winery property in her appraisal. (Moroski Decl., ¶ 10, Ex. 5.) The question was objected to, and Ms. Wall was again instructed by counsel for Adelaida Cellars and Kedrin van Steenwyk not to answer any questions regarding the value it assigned to the Adelaida winery property. (*Id.*)

8

As a result of the facts set forth above, Plaintiff was unable to accomplish what he set out to accomplish at the May 20 session of Ms. Wall's deposition, and what he read Judge MacKinnon's Order to allow.

As stated, what did come through at Wall's deposition that her appraisal of the Adelaida Winery property was separate – i.e., segregable – from the appraisal of other properties owned by KMBG LLC addressed in her appraisal report. (Moroski Decl., ¶ 12, Ex. 6.) In short, the appraisal document can be redacted in such a way that only the portion relating to the Adelaida Winery property can be produced. For the reasons stated and by the authorities cited below, Plaintiff is entitled to the order requested.

### III. ORDER EXTENDING TIME TO ALLOW FOR THE EX PARTE APPLICATION TO COMPEL THE PRODUCTION OF THE ADELAIDA WINERY PROPERTY APPRAISAL IS NECESSARY AND APPROPRIATE

Federal Rule of Civil Procedure 26(b)(1) provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Factors to consider include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* **Discovery need not be admissible in evidence to be discoverable.** *Id.* The Federal Rules of Civil Procedure should be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

"The Federal Rules explicitly authorize parties, for good cause, to seek relief via an ex parte application for expedited ruling rather than through a regularly scheduled motion." *Kane v. Mycoskie*, No. CV 10-05144, 2011 WL

13217265, at *1 (C.D. Cal. Sept. 23, 2011) (citing Fed. R. Civ. P. 6(c)). Ex parte relief is warranted where the moving party shows that: (1) the moving party's cause will be irreparably prejudiced in the absence of ex parte consideration; and (2) the moving party is without fault in creating the urgency. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Both requirements are satisfied here.

Compelling witnesses to provide discoverable testimony in the context of an ex parte application is appropriate when the emergency at issue was not caused by the moving party and when the matter arose at a time when resolution via a regularly noticed motion is not possible. For example, in *Pederssen v. United States*, the Court granted an ex parte application for an order compelling further deposition testimony from witnesses after their attorney instructed them not to answer questions seeking discoverable information. 2018 WL 9649986 (C.D. Cal. Dec. 14, 2018). In that case, the Court found the Defendants (seeking to complete the subject depositions) were forced to seek relief via ex parte application due to the impending fact discovery cutoff date, and that Defendants were not the party creating the need for ex parte relief. *Id.* at *1. The Court in that case held that the deponents were ordered to appear for a 2-hour deposition and to respond to questions related to a finite topic. *Id.* at *2.

As the Court found in *Pederssen*, good cause exists for this ex parte application to extend the discovery deadline to allow Plaintiff to pursue his motion or ex parte application regarding Ms. Wall's appraisal of the Adelaida winery property, as the Magistrate stated would be necessary in his Order. (*See* Order Granting Pl.'s Ex Parte Appl., Dkt. 242.) Plaintiff will be severely prejudiced if Defendants are allowed to prevent discovery of the appraisal by ignoring this Court's order and hiding behind the expiration of expert discovery to prevent Plaintiff from obtaining the report. The relief requested in this ex parte application is limited in scope. Plaintiff seeks solely the appraisal report, or

the portions of the appraisal report addressing the appraisal of the Adelaida winery property.[6]

Also similar to the *Pederssen* matter, Plaintiff did not create the need for this ex parte application. Counsel for Plaintiff was exploring relevant testimony with Defendants' expert witness when **they** instructed her not to answer any questions regarding the value of Adelaida Cellars at three separate deposition sessions. Given the fact that Plaintiff did not create the need for ex parte relief, an order allowing Plaintiff's ex parte application to be heard is appropriate.

Defendants will not suffer any prejudice if this application is granted. If the relief is not granted, Plaintiff will be severely prejudiced as his ex parte application cannot be heard. Plaintiff has sought to understand the value of Adelaida Winery property since the summer of 2020. As briefed in Plaintiff's First Ex Parte Application on the subject of the Adelaida Winery property appraisal, and in his proposed second Ex Parte Application (Moroski Decl.¶ 13, Ex. 7), the issue of Adelaida's appraised value is relevant to Plaintiff's liability and damages claims. Plaintiff should not be foreclosed from learning the JoAnn Wall's opinion of the value of that bundle of business assets and the basis of JoAnn Wall's opinion.

### IV. CONCLUSION

Plaintiff requests the Court issue its order extending expert witness discovery for the sole purpose of allowing Plaintiff to file and have heard his ex parte application for an order: 1) that Defendants and/or Ms. Wall be compelled to produce the portions of her appraisal report setting forth her valuation of the Adelaida Winery property identified at her deposition; and 2) that Defendants

---

[6] In the event the Court is not inclined to order the appraisal be produced, Plaintiff will request that Ms. Wall sit for a fourth session of deposition to answer the questions she was instructed not to answer during her prior depositions about the Adelaida Winery property appraisal.

and/or Ms. Wall produce the documents Ms. Wall relied upon in completing her appraisal of the Adelaida Winery property.

Dated: June 16, 2022

SPERTUS, LANDES & UMHOFER, LLP

By: */s/ Diane H. Bang*
Matthew Donald Umhofer
J. Anthony King
Diane H. Bang
*Attorneys for Plaintiff*

*The filer of the document attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.*

Dated: June 16, 2022

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP

By: */s/ Martin P. Moroski*
Martin P. Moroski, Esq.
Chase W. Martin, Esq.
*Attorneys for Plaintiff*

PLAINTIFF'S EX PARTE APPLICATION FOR ORDER EXTENDING THE EXPERT DISCOVERY DEADLINE