Timothy W. Fredricks (SBN 238039)
Fredricks.t@wssllp.com
Richard P. Tricker (SBN 101460)
Tricker.r@wssllp.com
Brenna J. McGill (SBN 327181)
Mcgill.b@wssllp.com
**WINGET SPADAFORA & SCHWARTZBERG LLP**
1900 Avenue of the Stars, Suite 450
Los Angeles, CA 90067
Telephone: 310.836.4800
Facsimile: 310.836.4801

Attorneys for Defendants
KEDRIN E. VAN STEENWYK and
ADELAIDA CELLARS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW D. VAN STEENWYK, Individually, as Trustee and Beneficiary of The Matthew Van Steenwyk Gst Trust And The Matthew Van Steenwyk Issue Trust, And As Co-Trustee Of The Gretchen Marie Van Steenwyk-Marsh Gst Trust And The Gretchen Marie Van Steenwyk-Marsh Issue Trust and derivatively on behalf of Defendants APPLIED TECHNOLOGIES ASSOCIATES, INC., and ATA RANCHES, INC., <br><br> Plaintiff, <br><br> v. <br><br> KEDRIN E. VAN STEENWYK, Individually, as Successor Trustee of the Donald H. Van Steenwyk and Elizabeth A. Van Steenwyk 1996 Revocable Trust; PAMELA PIERCE, Individually; PHILIP GOBE, Individually; PHILIP LONGORIO, Individually; GENE DUROCHER, Individually; DANIEL CARTER, Individually; JOSEPH MCCOY, Individually; ELIZABETH A. VAN STEENWYK, Individually, and as | Case No.: 2:20-cv-02375-FLA-AFM <br><br> **DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO EXCLUDE TESTIMONY REGARDING ELIZABETH VAN STEENWYK'S 2016 MENTAL EVALUATION AND/OR HER MENTAL COMPETENCY; MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT THEREOF** <br><br> *[Declaration of Richard P. Tricker filed concurrently herewith]* <br><br> Date: August 26, 2022 <br> Time: 1:00 p.m.____ <br> Place: Courtroom 6B |

| | |
|---|---|
| Original Trustee and as Beneficiary of the Donald H. Van Steenwyk and Elizabeth A. Van Steenwyk 1996 Revocable Trust; ADELAIDA CELLARS, INC., a California Corporation; and DOES 1-25, Inclusive,<br><br>　　　　　　　　Defendants,<br><br>and<br><br>APPLIED TECHNOLOGIES ASSOCIATES, INC., a California corporation; and ATA RANCHES, INC., a Delaware corporation,<br><br>　　　　　　　　Nominal Defendants. | Complaint Filed: March 12, 2020<br>Trial Date: September 13, 2022 |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants, by and through their counsel of record, will and hereby do move in limine for an order precluding Plaintiff from introducing any evidence regarding Elizabeth Van Steenwyk's ("Elizabeth") 2016 mental evaluation and/or her mental competency, including without limitation the expert opinions of Harold Bursztajn, M.D., pursuant to Federal Rules of Evidence ("FRE") 402, 403 and 702. This motion will be heard at the Pre-Trial Conference set for 1:00 p.m. on August 26, 2022.

The grounds for this Motion are as follows: (1) Plaintiff failed to timely challenge Elizabeth's competency in state court: (2) Elizabeth's 2016 mental evaluation and mental competency is irrelevant to any issue in this case: (3) Plaintiff's expert Dr. Bursztajn is admittedly not qualified to testify regarding Elizabeth's competency; and (4) testimony regarding Elizabeth's 2016 mental examination and mental competency would be unfairly prejudicial pursuant to FRE 403.

This Motion is based on this Notice of Motion, the attached memorandum of points and authorities filed herewith, the accompanying Declaration of Richard P. Tricker, all pleadings and records on file with the Court in this case and such further written and/or oral argument as the Court may consider. This motion is made following the conference of counsel which took place on July 14, 2022.

**WINGET SPADAFORA & SCHWARTZBERG LLP**

Dated: July 29, 2022   By: */s/ Richard P. Tricker*
Timothy W. Fredricks
Richard P. Tricker
Brenna J. McGill

Attorneys for Defendants
KEDRIN E. VAN STEENWYK and ADELAIDA CELLARS, INC.

i

DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO EXCLUDE TESTIMONY REGARDING ELIZABETH VAN STEENWYK'S 2016 MENTAL EVALUATION AND/OR HER MENTAL COMPETENCY

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................... iii

I.   INTRODUCTION ........................................................................................ 1

II.   SUMMARY OF RELEVANT PROCEEDINGS................................................. 1

III.   PLAINTIFF'S ALLEGATIONS IN THE FOURTH AMENDED COMPLAINT ........................................................................................... 2

IV.   FACTUAL BACKGROUND......................................................................... 4

V.   PLAINTIFF HAS WAIVED HIS RIGHT TO CONTEST ELIZABETH'S MENTAL COMPETENCY ........................................................................... 6

VI.   EVIDENCE RELATED TO ELIZABETH'S 2016 MENTAL EVALUATION AND/OR MENTAL COMPETENCY IS IRRELEVANT TO ANY ISSUE IN THIS CASE ................................................................................................. 6

VII.   PLAINTIFF'S MEDICAL EXPERT DR. BURSZTAJN SHOULD NOT BE ALLOWED TO TESTIFY REGARDING ELIZABETH'S 2016 MENTAL EVALUATION AND/OR HER MENTAL COMPETENCY ........................... 7

VIII.   EVIDENCE REGARDING ELIZABETH'S 2016 MENTAL EVALUATION AND MENTAL COMPETENCY SHOULD BE EXCLUDED PURSUANT TO FRE 403............................................................................................... 8

IX.   CONCLUSION............................................................................................ 9

ii

DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO EXCLUDE TESTIMONY REGARDING ELIZABETH VAN STEENWYK'S 2016 MENTAL EVALUATION AND/OR HER MENTAL COMPETENCY

# TABLE OF AUTHORITIES

**Cases**

*Colibri Heart Valve LLC v. Medtronic Core Valve LLC*
   2021 WL 7285995 (C.D. Cal., Nov. 19, 2021) ....................................................... 8

*Daubert v. Merrell Dow Pharm., Inc.*
   509 U.S. 579, 589 (1993) ......................................................................................... 7

*Estate of Barabin v. AstenJohnson, Inc.*
   740 F.3d 457, 463 (9th Cir. 2014) ............................................................................ 7

*Kumho Tire Co. v. Carmichael*
   526 U.S. 137, 149 (1999) ......................................................................................... 7

*Linder v. Meadow Gold Dairies, Inc.*
   249 F.R.D. 625, 636 (D. Haw. 2008) ...................................................................... 8

*Novartis Pharm. Corp. v. Teva Pharm. USA, Inc.*
   2009 WL 3754170, at *9 (D.N.J. Nov. 5, 2009) ...................................................... 9

*Sentius Int'l, LLC v. Microsoft Corp.*
   2015 WL 451950, at *7 (N.D. Cal. Jan. 27, 2015) .................................................. 8

**Statutes**

California *Corporations Code*, Section 1601 ............................................................... 4

California *Probate Code*, Section 16061.8 .................................................................. 6

iii

DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO EXCLUDE TESTIMONY REGARDING ELIZABETH VAN STEENWYK'S 2016 MENTAL EVALUATION AND/OR HER MENTAL COMPETENCY

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In 2016, Elizabeth Van Steenwyk ("Elizabeth") was the Trustee of the Survivor's Trust. At the request of her estate attorney, Elizabeth underwent a mental evaluation performed by Jonathan Mueller, M.D. ("Dr. Mueller") on May 13, 2016. By letter dated May 19, 2016, Elizabeth's treating physician John Justin Davis, M.D. ("Dr. Davis") issued his letter concluding that she was no longer able to adequately monitor and control her finances.

On or about June 6, 2016, and pursuant to the express provisions of the Survivor's Trust, Defendant Kedrin Van Steenwyk ("Kedrin") agreed to act as the Successor Trustee. Plaintiff never challenged Kedrin's right to serve as Successor Trust in any state court proceeding.

Plaintiff has designated Harold Bursztajn, M.D. ("Dr. Bursztajn"), for the express purposes of criticizing Drs. Mueller and Davis. For the reasons discussed below, any testimony regarding Elizabeth's 2016 mental evaluation and her mental competency, including any opinions from Dr. Bursztajn, are not admissible and must be excluded.[1]

## II. SUMMARY OF RELEVANT PROCEEDINGS

Plaintiff filed this case on March 12, 2020 on behalf of his trust and his sister Gretchen Van Steenwyk-Marsh's trust. (Dkt. No. 1.) Plaintiff's Third Amended Complaint was filed on November 24, 2020. (Dkt. No. 92.) On December 30, 2020, this matter was transferred to this Court. (Dkt. No. 104.)

On April 19, 2021, Plaintiff filed a motion for leave to file a Fourth Amended Complaint. (Dkt. No. 144.) This Court denied Plaintiff's motion for leave to amend in an order dated June 29, 2021. (Dkt. No. 154.) On July 16, 2021, Plaintiff filed his

---

[1] Defendants have disclosed Dr. Mueller as a non-retained expert in event that Plaintiff is allowed to introduce any evidence regarding Elizabeth's 2016 mental examination and/or mental competency.

1

DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO EXCLUDE TESTIMONY REGARDING ELIZABETH VAN STEENWYK'S 2016 MENTAL EVALUATION AND/OR HER MENTAL COMPETENCY

"renewed" motion for leave to file a Fourth Amended Complaint. (Dkt. No. 155.)

On October 18, 2021, this Court extended the initial expert disclosure deadline until November 19, 2021. (Dkt. No. 171.) On or about November 19, 2021, and among several others, Plaintiff disclosed Dr. Bursztajn, as an expert witness. In his report, Dr. Bursztajn expressed the following opinions: (1) the methodology employed by Dr. Mueller was neither valid nor reliable; (2) Dr. Davis failed to provide a methodically reliable basis, "for forensic purposes," for removing Elizabeth as trustee; and (3) both Dr. Mueller and Dr. Davis failed to meet generally accepted standards/practices in forensic mental-health evaluation. (Tricker Decl., Ex. A.)

Dr. Bursztajn's deposition was taken in this case on April 12, 2022. At that time, he was asked the following question: "As you sit here today, do you have an opinion as to whether Elizabeth was mentally competent on (May 17, 2016)?" Plaintiff's counsel objected: "That's beyond the scope of the expert's assignment." Dr. Bursztajn was nonetheless allowed to answer, responding: "Again, that was not what I was asked to analyze, so I have not formed such an opinion at this point in time." (Tricker Decl. Ex. B.) Dr. Bursztajn has not supplemented his opinions since his deposition.

### III. PLAINTIFF'S ALLEGATIONS IN THE FOURTH AMENDED COMPLAINT

Plaintiff filed his Fourth Amended Complaint on December 15, 2021. (Dkt. No. 179.) Plaintiff's Verified Fourth Amended Shareholder Complaint ("FAC") contains seven (7) causes of action. The First Cause of Action is a derivative claim for breach of fiduciary against Kedrin and the Director Defendants. In this cause of action, Plaintiff alleges that Defendants, as ATA and SDI's directors, officers and majority shareholders, were and are require to control and manage ATA, SDI and ATA Ranches to the best of their abilities in a fair, just and equitable manner, refrain from abusing their positions of control, and not to favor their own interests at the

expense of ATA, SDI, ATA Ranches and their shareholders. Plaintiff claims that Defendants have violated and are continuing to violate their fiduciary duties, causing harm to ATA, SDI, ATA Ranches and their shareholders.

Plaintiff's second Cause of action is a derivative claim for corporate waste against the Director Defendants. In this cause of action, Plaintiff claims that the Director Defendants authorized ATA and SDI's subsides of Adelaida's failing business.

The Third Cause of Action is a derivate claim for accounting against the Director Defendants. In this cause of action, Plaintiff alleges that as part their ongoing fiduciary, contractual and statutory duties to ATA, SDI and ATA Ranches, and their shareholders, Defendants are required to account for the transactions and occurrences about which Plaintiffs complain in his FAC.

The Fourth Cause of Action is a derivative claim against all Defendants. In this cause of action, Plaintiff alleges that an actual controversy exists between ATA on the one hand, and Adelaida, on the other hand, as to the future rights and obligations of the parties arising under various contracts. Plaintiff contends that all of these contracts were and are invalid and unenforceable or, at least, voidable.

The Fifth Cause of Action is a direct action for breach of fiduciary duty by the controlling shareholder against Kedrin and her now-decease mother, Elizabeth. In this cause of action, Plaintiff alleges that Elizabeth and Kedrin, as the representative of Elizabeth and her trusts, are collectively the controlling shareholder of ATA and SDI. As such, they allegedly owed fiduciary duties to Plaintiff and ATA/SDI's other minority shareholders. Plaintiff claims that, as a result of ATA's sale of Adeliada and the resulting transactions between ATA and Adelaida, Elizabeth and Kedrin have breach their fiduciary duties to him.

The Sixth Cause of Action is a direct claim for aiding and abetting breach of fiduciary duty by controlling shareholder against the Director Defendants and Adelaida. In this action of action, Plaintiff claims that the Director Defendants and

Adelaida possessed actual knowledge that Elizabeth and Kedrin owed fiduciary duties to ATA/SDI's minority shareholders. Plaintiff further claims that the Director Defendants and Adelaida gave substantial assistance and/or encouragement to Elizabeth and Kedrin breaching their fiduciary duties.

The Seventh Cause of Action is a direct claim for an order compelling production of corporate records against ATA and the Director Defendants. In this cause of action, Plaintiff claims that he made a written request for corporate records on May 3, 2019. After ATA produced some of the request corporate information, Plaintiff made a follow-up written request for ATA corporate information on July 9, 2019. Plaintiff claims that ATA initially failed to produce all the ATA corporate information requested by Plaintiff and that he was allegedly forced to retain legal counsel to assist him in enforcing his statutory inspection rights under California *Corporations Code*, Section 1601.

## IV.  FACTUAL BACKGROUND

Plaintiff's parents Elizabeth and Donald H. Van Steenwyk ("Donald") were the owners of ATA and SDI. ATA/SDI have two (2) classes of corporate shares. Class A shares are voting shares, and Class B shares are non-voting shares. Prior to Donald's death in 2009, the Class A shares were held by the Donald H. Van Steenwyk and Elizabeth A. Van Steenwyk 1996 Revocable Trust (the "1996 Trust").

During 2012, the sale of Adelaida's stock to KMBG, LLC ("KMBG") was proposed. At that time, KMBG was a Colorado limited liability company primarily owned and controlled by Elizabeth. In or about January 2013, ATA and KMBG entered into an agreement by which ATA sold Adelaida's stock to KMBG.

On or about May 2, 2016, Elizabeth's estate attorney Nicole Pearl ("Pearl") at McDermott, Will & Emery executed a retainer agreement with Jonathan Mueller, M.D., in connection with a competency evaluation of Elizabeth. On May 3, 2016, Dr. Mueller's office sent Kedrin a Neuropsychiatric Profile for her to complete regarding Elizabeth. Kedrin completed and returned the Profile to Dr. Mueller.

On May 13, 2016, Dr. Mueller met with Elizabeth at her home in Paso Robles, California.  On May 17, 2016, Dr. Mueller prepared a report addressed to Pearl.  Dr. Mueller concluded: "The combination of (Elizabeth's) aphasia, visuo-spatial and arithmetical problems currently deprive her of the capacity to execute or participate meaningfully in estate planning decision making."

On or about June 6, 2016, Kedrin agreed to act as Successor Trustee, pursuant to Paragraph 11.02 of the Survivor's Trust, entitled "**Certificate of Incompetency**." Paragraph 11.02 provides: "Any person acting or named to act as an officeholder or required to be legally competent to act (the "acting person") shall be considered to have ceased or failed to act or to be legally incompetent to act (a) when a physician whom the acting person has consulted within the prior three years has certified as to that consultation and also as to the lack of the physical or mental capacity of the acting person to manage his or her financial affairs, or (b) when (1) the remover (treating the acting person as then deceased for purposes of determining the identity of the remover) certifies in a signed instrument delivered to the trustee and the acting person that the remover knows of no physician described in (a) above who has been authorized to disclose information regarding the physical or mental capacity of the acting person, (2) the acting person has not provided the remover with authority to receive such information within 10 days of the remover's certification under (1) above, and (3) the remover further certifies in good faith after that 10 day period as to the lack of the physical or mental capacity of the acting person to manage his or her financial affairs, based on whatever evidence the remover then has regarding the acting person's capacity." (*See*, Kedrin Van Steenwyk's Declaration, Dkt. No. 226-4.)[2]

On July 22, 2021, Elizabeth died at the age of 95.  Thereafter, Kedrin was

---

[2] For the Court's convenience, a copy of Kedrin Van Steenwyk's Declaration (Dkt. No. 226-4) is attached to the accompanying Declaration of Richard P. Tricker as Ex. C.

appointed the Executor of Elizabeth's estate. Plaintiff has not objected in any state court proceedings to Kedrin's appointment as Executor and/or her continued role as Successor Trustee of the Survivor's Trust.

## V. PLAINTIFF HAS WAIVED HIS RIGHT TO CONTEST ELIZABETH'S MENTAL COMPETENCY

As noted above, Kedrin became the Successor Trustee of the Survivors Trust during 2016. The Survivor's Trust contains a well-accepted competency provision, which Elizabeth herself knowingly agreed to insert into the trust documents. Pursuant to this provision, a new successor trustee may be appointed when, as here, the provisions are satisfied. There is no requirement of a court determination of Elizabeth's legal compacity.

Plaintiff has pled no claims in this action which would allow this Court to remove Kedrin as the Successor Trustee. In fact, any challenge to Kedrin's role as Successor Trustee had to be filed in California state, which Plaintiff failed to do. The time for Plaintiff to make such a challenge has expired. (California *Probate Code*, Section 16061.8.)

Given the foregoing, Plaintiff has waived any argument that Kedrin somehow wrongfully became the Successor Trustee because the provisions of the Survivor's Trust were not satisfied. To the contrary, by failing to contest Kedrin's appointment as Successor Trustee, Plaintiff must be precluded from offering any evidence in the present case regarding Elizabeth's 2016 mental evaluation and/or her mental competency.

## VI. EVIDENCE RELATED TO ELIZABETH'S 2016 MENTAL EVALUATION AND/OR MENTAL COMPETENCY IS IRRELEVANT TO ANY ISSUE IN THIS CASE

FRE 402 provides in part: "Irrelevant evidence is not admissible." Undoubtedly, Plaintiff would like to argue that Kedrin acted improperly by becoming Successor Trust. However, any such evidence is irrelevant to any issue in

6

this case. As noted above, this Court lacks jurisdiction to remove Kedrin as successor trustee. Any such, evidence related to Elizabeth's 2016 mental evaluation and/or her mental competency have no relevance and must be excluded under FRE 402.

### VII. PLAINTIFF'S MEDICAL EXPERT DR. BURSZTAJN SHOULD NOT BE ALLOWED TO TESTIFY REGARDING ELIZABETH'S 2016 MENTAL EVALUATION AND/OR HER MENTAL COMPETENCY

Plaintiff's has designated Dr. Bursztajn as a medical expert in this case. FRE 702 governs the admission of testimony by expert witnesses. A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case. (Fed. R. Evid. 702.)

For expert testimony to be admissible, and the expert's testimony must be "both relevant and reliable." (*Estate of Barabin v. AstenJohnson, Inc*., 740 F.3d 457, 463 (9th Cir. 2014) (en banc) (internal marks omitted); *see also, Daubert v. Merrell Dow Pharm., Inc*., 509 U.S. 579, 589 (1993).) "Relevancy simply requires that the evidence logically advance a material aspect of the party's case." (*AstenJohnson*, 740 F.3d at 463 (internal quotation marks omitted).) Reliability requires that an expert's testimony have "a reliable basis in the knowledge and experience of the relevant discipline." (*Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999) (internal quotation marks and brackets omitted).)

As set forth in his expert report, Dr. Burstajn is critical of both Drs. Muller and Davis. However, as noted above, such opinions are not relevant to any issue in this case. Moreover, as Dr. Bursztajn testified in his deposition, he had no opinion,

7

DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO EXCLUDE TESTIMONY REGARDING ELIZABETH VAN STEENWYK'S 2016 MENTAL EVALUATION AND/OR HER MENTAL COMPETENCY

1. one way or the other, as to whether Elizabeth had sufficient mental capacity to
2. continue as the Trustee of the Survivor's Trust.  (Tricker Decl., Ex. B.)  Rather, Dr.
3. Burzatajn's opinions merely criticize the methodologies of Drs. Mueller and Davis.
4. As such, Dr. Bursztajn's opinion are essentially rebuttal opinions that have no place
5. in Plaintiff's case-in-chief.  (*See, Linder v. Meadow Gold Dairies, Inc.*, 249 F.R.D.
6. 625, 636 (D. Haw. 2008) (concluding that plaintiff's rebuttal experts "cannot testify
7. in [p]laintiff's case-in-chief, and they cannot testify unless and until [the defendant's]
8. experts testify.").)

## VIII. EVIDENCE REGARDING ELIZABETH'S 2016 MENTAL EVALUATION AND MENTAL COMPETENCY SHOULD BE EXCLUDED PURSUANT TO FRE 403

FRE 403 states: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

In *Sentius Int'l, LLC v. Microsoft Corp.*, 2015 WL 451950, at *7 (N.D. Cal. Jan. 27, 2015), the district court noted that even if the expert's testimony passed muster under *Daubert*, the court would still exclude the analysis as "unfairly prejudicial" under Rule 403."  As to Rule 403, the *Sentius* court further explained: "In particular, admission of the Lucent (dispute) will almost certainly cause Microsoft to waste time explaining and relitigating the issues and circumstances involved in the Lucent dispute, confuse the jury about the facts and circumstances of that dispute and prejudice the jury by suggesting that Microsoft is a serial infringer that frequently is found liable for damages for patent infringement."  (Id. (footnote omitted).)  Additional authorities reinforce the analysis in *Sentius* that evidence of other potential litigation would be unfairly prejudicial.  (*See, Colibri Heart Valve LLC v. Medtronic Core Valve LLC*, 2021 WL 7285995 (C.D. Cal., Nov. 19, 2021) (citing cases); *see also, Novartis Pharm. Corp. v. Teva Pharm. USA, Inc.*, 2009 WL

3754170, at *9 (D.N.J. Nov. 5, 2009)(excluding evidence of "prior and/or collateral litigations" as "likely to result in unfair prejudice, confusion and undue delay").)

Here, Plaintiff would apparently like to re-litigate Elizabeth's mental competency as of 2016. This would have been a matter for California probate courts to decide, if Plaintiff had timely chosen to raise this issue. Now is not the time, and this Court is not the place, to litigate Elizabeth's competency. For this reason, all evidence regarding Elizabeth's 2016 medical evaluation and her mental competency must be excluded pursuant to FRE 403.

## IX. CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court exclude all evidence regarding Elizabeth's 2016 mental evaluation and/or mental competency, including without limitation the opinions of Dr. Bursztajn.

**WINGET SPADAFORA & SCHWARTZBERG LLP**

Dated: July 29, 2022     By: */s/ Richard P. Tricker*
Timothy W. Fredricks
Richard P. Tricker
Brenna J. McGill

Attorneys for Defendants
KEDRIN E. VAN STEENWYK and ADELAIDA CELLARS, INC.

# CERTIFICATE OF SERVICE

The undersigned certifies that DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO EXCLUDE TESTIMONY REGARDING ELIZABETH VAN STEENWYK'S 2016 MENTAL EVALUATION AND/OR HER MENTAL COMPETENCY; MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT THEREOF was filed electronically with the Clerk of the Court via the CM/ECF system which effects notification to all parties registered and designated for the CM/ECF system in this action. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 29, 2022 at Los Angeles, California.

*/s/Lluriviana Gil-Lopez*
Lluriviana Gil-Lopez