| | |
|---|---|
| 1 | Timothy W. Fredricks (SBN 238039) |
| 2 | Fredricks.t@wssllp.com<br>Richard P. Tricker (SBN 101460) |
| 3 | Tricker.r@wssllp.com<br>**WINGET SPADAFORA & SCHWARTZBERG LLP** |
| 4 | 1800 Century Park East, Suite 205<br>Los Angeles, CA 90067 |
| 5 | Telephone: 310.836.4800<br>Facsimile: 310.836.4801 |
| 6 | |
| 7 | Attorneys for Defendants<br>KEDRIN E. VAN STEENWYK and |
| 8 | ADELAIDA CELLARS, INC. |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW D. VAN STEENWYK, Individually, as Trustee and Beneficiary of The Matthew Van Steenwyk Gst Trust And The Matthew Van Steenwyk Issue Trust, And As Co-Trustee Of The Gretchen Marie Van Steenwyk-Marsh Gst Trust And The Gretchen Marie Van Steenwyk-Marsh Issue Trust and derivatively on behalf of Defendants APPLIED TECHNOLOGIES ASSOCIATES, INC., and ATA RANCHES, INC., | Case No.: 2:20-cv-02375-FLA-AJR<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 3 TO EXCLUDE TESTIMONY OF PAUL BONIN; MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT THEREOF**<br><br>*[Declaration of Richard P. Tricker filed concurrently herewith]*<br><br>Date: June 7, 2024<br>Time: 1:30 p.m.<br>Place: Courtroom 6B |
| Plaintiff, | |
| v. | |
| KEDRIN E. VAN STEENWYK, Individually, as Successor Trustee of the Donald H. Van Steenwyk and Elizabeth A. Van Steenwyk 1996 Revocable Trust; PAMELA PIERCE, Individually; PHILIP GOBE, Individually; PHILIP LONGORIO, Individually; GENE DUROCHER, Individually; DANIEL CARTER, Individually; JOSEPH MCCOY, Individually; ELIZABETH A. VAN STEENWYK, Individually, and as Original Trustee and as Beneficiary of the Donald H. Van Steenwyk and Elizabeth | |

| | |
|---|---|
| A. Van Steenwyk 1996 Revocable Trust; ADELAIDA CELLARS, INC., a California Corporation; and DOES 1-25, Inclusive,<br><br>                Defendants,<br><br>and<br><br>APPLIED TECHNOLOGIES ASSOCIATES, INC., a California corporation; and ATA RANCHES, INC., a Delaware corporation,<br><br>                Nominal Defendants. | Complaint Filed: March 12, 2020<br>Trial Date: June 25, 2024 |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants, by and through their counsel of record, will and hereby do move in limine for an order precluding Plaintiff from introducing any evidence from private investigator Paul Bonin.  This motion will be heard at the Pre-Trial Conference set for 1:30 p.m. on June 7, 2024.

The grounds for this Motion are as follows: (1) Plaintiff failed to timely disclose Mr. Bonin as a percipient witness; (2) Mr. Bonin may not allowed to offer any expert opinion evidence because Plaintiff did not timely disclose him as an expert witness; (3) Mr. Bonin's testimony must be excluded as irrelevant and/or hearsay; (4) Mr. Bonin is not qualified to render expert opinions; and (5) Mr. Bonin's testimony would be unfairly prejudicial pursuant to FRE 403.

This Motion is based on this Notice of Motion, the attached memorandum of points and authorities filed herewith, the accompanying Declaration of Richard P. Tricker, all pleadings and records on file with the Court in this case and such further written and/or oral argument as the Court may consider.  This motion is made following the conference of counsel which took place on May 3, 2024.

**WINGET SPADAFORA & SCHWARTZBERG LLP**

Dated: May 10, 2024     By:   */s/ Richard P. Tricker*
Timothy W. Fredricks
Richard P. Tricker

Attorneys for Defendants
KEDRIN E. VAN STEENWYK and ADELAIDA CELLARS, INC.

i

DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 3 TO EXCLUDE TESTIMONY OF PAUL BONIN

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... iii
I.   INTRODUCTION ........................................................................................ 1
II.  SUMMARY OF RELEVANT PROCEEDINGS................................................ 1
III. PLAINTIFF'S ALLEGATIONS IN THE FOURTH AMENDED COMPLAINT ................................................................................................. 3
IV.  PLAINTIFF'S DISCLOSURE OF PAUL BONIN WAS UNTIMELY............ 5
V.   MR. BONIN'S TESTIMONY IS IRRELEVANT TO ANY ISSUE IN THIS CASE AND MAY CONTAIN INADMISSIBLE HEARSAY WITHOUT EXCEPTION ................................................................................................. 5
VI.  MR. BONIN SHOULD NOT BE ALLOWED TO OFFER OPINION TESIMONY .................................................................................................. 6
VII. CONCLUSION.............................................................................................. 7

# TABLE OF AUTHORITIES

**Cases**

*Contreras v. City of Los Angeles*
   2012 WL 12893417 (C.D. Cal., Sept. 11, 2012) ....................................................... 5

*Daubert v. Merrell Dow Pharm., Inc.*
   509 U.S. 579 (1993) .................................................................................................. 6

*Estate of Barabin v. AstenJohnson, Inc.*
   740 F.3d 457 (9th Cir. 2014) .................................................................................... 6

*Hoffman v. Constr. Protective Servs., Inc.*
   541 F.3d 1175 (9th Cir. 2008) .................................................................................. 5

*Kumho Tire Co. v. Carmichael*,
   526 U.S. 137 (1999) .................................................................................................. 6

*Merchant v. Corizon Health, Inc.*
   993 F.3d 733 (9th Cir. 2021) .................................................................................... 5

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*
   259 F.3d 1101 (9th Cir. 2001) .................................................................................. 5

**Statutes**

California *Corporations Code*, Section 1601 ................................................................ 4

**Rules**

Fed. R. Civ. P. 37(c)(1) ................................................................................................... 5

DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 3 TO EXCLUDE TESTIMONY OF PAUL BONIN

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This Court previously rejected Plaintiff's attempt to conduct discovery regarding Defendants' net worth. (Dkt. Nos. 218 and 210.) In an apparent attempt to circumvent these rulings, Plaintiff served further disclosures pursuant to FRCP 26 on or about July 13, 2022. In this disclosure, Plaintiff identified private investigator Paul Bonin as a potential witness, stating: "Plaintiff expects Paul Bonin will have information about information relevant to punitive damages." (Tricker Decl., Para. 4.)

In response to this disclosure, Defendants requested the opportunity to take Mr. Bonin's deposition.  In response, Plaintiff's counsel refused to unconditionally allow Mr. Bonin's deposition. For the reasons explained below, Defendants now seek an order excluding Mr. Bonin from testifying at trial.

## II. SUMMARY OF RELEVANT PROCEEDINGS

Plaintiff filed this case on March 12, 2020 on behalf of his trust and his sister Gretchen Van Steenwyk-Marsh's trust. (Dkt. No. 1.) Plaintiff's Third Amended Complaint was filed on November 24, 2020. (Dkt. No. 92.) On December 30, 2020, this matter was transferred to this Court. (Dkt. No. 104.)

On April 19, 2021, Plaintiff filed a motion for leave to file a Fourth Amended Complaint. (Dkt. No. 144.) This Court denied Plaintiff's motion for leave to amend in an order dated June 29, 2021. (Dkt. No. 154.)

 On July 16, 2021, Plaintiff filed a Renewed Motion to Modify Scheduling Order and for Leave to File Fourth Amended Complaint seeking to name SDI and Duggan as additional Defendants to the existing claims. (Dkt. No. 155.)  In his Renewed Motion to Amend, Plaintiff recognized that the addition of new parties would require an extension of discovery deadlines. (Id. at 9-11.) Defendants Kedrin and Adelaida Cellars filed an opposition on July 30, 2021, joined by the ATA Defendants. (Dkt. Nos. 156, 157.)

On October 18, 2021, this Court extended the initial expert disclosure deadline until November 19, 2021. (Dkt. No. 171.) On or about November 19, 2021, Plaintiff disclosed numerous expert witness. Mr. Bonin was not disclosed as an expert witness. (Tricker Decl., Para. 5.)

On December 10, 2021, the Court granted Plaintiff's Renewed Motion to Amend on December 10, 2021. (Dkt. No. 177.) After Plaintiff filed the Fourth Amended Complaint (Dkt. 179), Defendants filed a Motion to Modify Scheduling Order. (Dkt. No. 189.)

Over Plaintiff's objection, the Court granted Defendants' 12/28/21 Motion, continuing the deadlines for the close of fact discovery to February 18, 2022, along with continuing other pretrial deadlines and trial. (Dkt. No. 208.) With respect to discovery concerning SDI and Duggan, the Court continued the fact discovery cutoff from February 18, 2022 to April 29, 2022. With respect to discovery propounded on the remaining Defendants, the fact discovery cutoff remained February 18, 2022.

On February 16, 2022, Plaintiff filed a Motion to Compel Further Responses From Individual Defendants to Plaintiff's First Set of Interrogatories and Request for Sanctions. (Dkt. No. 210). The Motion to Compel was noticed for hearing on March 15, 2022. As noted above, at that time, the fact discovery cut-off was February 18, 2022. (Dkt. No. 208.) Pursuant to the Scheduling Order in this case, all discovery "including all hearings on any related motions" is to be completed by the discovery cut-off deadline. (Dkt. No. 136-2 (emphasis omitted).) In addition, discovery motions must be filed sufficiently in advance of the cut-off date to allow time for responses to obtained before that date if the motion is granted. (Id. at 3.)

On March 9, 2022, the District Court denied Plaintiff's ex parte application to extend the February 18, 2022, fact discovery deadline as to the individual Defendants who were the subject of the Motion to Compel. (Dkt. No. 218.) Because the Motion to Compel was filed too late to be heard and resolved before the

discovery cut-off date and because Plaintiff's recent request to the extend the cut-off date for these Defendants was denied, the Motion to Compel was denied as untimely. (Dkt. No. 219.)

### III. PLAINTIFF'S ALLEGATIONS IN THE FOURTH AMENDED COMPLAINT

Plaintiff filed his Fourth Amended Complaint on December 15, 2021. (Dkt. No. 179.) Plaintiff's Verified Fourth Amended Shareholder Complaint ("FAC") contains seven (7) causes of action. The First Cause of Action is a derivative claim for breach of fiduciary against Kedrin and the Director Defendants. In this cause of action, Plaintiff alleges that Defendants, as ATA and SDI's directors, officers and majority shareholders, were and are require to control and manage ATA, SDI and ATA Ranches to the best of their abilities in a fair, just and equitable manner, refrain from abusing their positions of control, and not to favor their own interests at the expense of ATA, SDI, ATA Ranches and their shareholders. Plaintiff claims that Defendants have violated and are continuing to violate their fiduciary duties, causing harm to ATA, SDI, ATA Ranches and their shareholders.

Plaintiff's second Cause of action is a derivative claim for corporate waste against the Director Defendants. In this cause of action, Plaintiff claims that the Director Defendants authorized ATA and SDI's subsides of Adelaida's failing business.

The Third Cause of Action is a derivate claim for accounting against the Director Defendants. In this cause of action, Plaintiff alleges that as part their ongoing fiduciary, contractual and statutory duties to ATA, SDI and ATA Ranches, and their shareholders, Defendants are required to account for the transactions and occurrences about which Plaintiffs complain in his FAC.

The Fourth Cause of Action is a derivative claim against all Defendants. In this cause of action, Plaintiff alleges that an actual controversy exists between ATA on the one hand, and Adelaida, on the other hand, as to the future rights and

obligations of the parties arising under various contracts. Plaintiff contends that all of these contracts were and are invalid and unenforceable or, at least, voidable.

The Fifth Cause of Action is a direct action for breach of fiduciary duty by the controlling shareholder against Kedrin and her now-decease mother, Elizabeth. In this cause of action, Plaintiff alleges that Elizabeth and Kedrin, as the representative of Elizabeth and her trusts, are collectively the controlling shareholder of ATA and SDI. As such, they allegedly owed fiduciary duties to Plaintiff and ATA/SDI's other minority shareholders. Plaintiff claims that, as a result of ATA's sale of Adeliada and the resulting transactions between ATA and Adelaida, Elizabeth and Kedrin have breach their fiduciary duties to him.

The Sixth Cause of Action is a direct claim for aiding and abetting breach of fiduciary duty by controlling shareholder against the Director Defendants and Adelaida. In this action of action, Plaintiff claims that the Director Defendants and Adelaida possessed actual knowledge that Elizabeth and Kedrin owed fiduciary duties to ATA/SDI's minority shareholders. Plaintiff further claims that the Director Defendants and Adelaida gave substantial assistance and/or encouragement to Elizabeth and Kedrin breaching their fiduciary duties.

The Seventh Cause of Action is a direct claim for an order compelling production of corporate records against ATA and the Director Defendants. In this cause of action, Plaintiff claims that he made a written request for corporate records on May 3, 2019. After ATA produced some of the request corporate information, Plaintiff made a follow-up written request for ATA corporate information on July 9, 2019. Plaintiff claims that ATA initially failed to produce all the ATA corporate information requested by Plaintiff and that he was allegedly forced to retain legal counsel to assist him in enforcing his statutory inspection rights under California *Corporations Code*, Section 1601.

//
//

## IV. PLAINTIFF'S DISCLOSURE OF PAUL BONIN WAS UNTIMELY

As noted above, the expert disclosure deadline was November 19, 2021. Mr. Bonin was not timely disclosed as an expert witness, and Plaintiff never sought leave to belatedly designate him as such. For this reason, Mr. Bonin may not be allowed to express any expert opinions. (*See, Contreras v. City of Los Angeles*, 2012 WL 12893417 (C.D. Cal., Sept. 11, 2012).)

Likewise, the fact discovery deadline was February 18, 2022 for every party other that SDI or Mr. Duggan. Nonetheless, Plaintiff did not disclose Mr. Bonin as a potential witness until July 13, 2022, on the eve of trial which was then set for September 13, 2022.

FRCP 37 requires the exclusion of any evidence or information that a party fails to disclose as required by Rule 26. (Fed. R. Civ. P. 37(c)(1); *see also, Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008).) "Rule 37(c)(1) is an 'automatic' sanction that prohibits the use of improperly disclosed evidence." (*Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 740 (9th Cir. 2021) (quoting *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)).) As such, this Court may exclude Mr. Bonin's percipient testimony on the grounds that his disclosure was untimely.

## V. MR. BONIN'S TESTIMONY IS IRRELEVANT TO ANY ISSUE IN THIS CASE AND MAY CONTAIN INADMISSIBLE HEARSAY WITHOUT EXCEPTION

FRE 402 provides in part: "Irrelevant evidence is not admissible." Due to Plaintiff's late disclosure of Mr. Bonin, Defendants did not have an opportunity to take his deposition. Nonetheless, it is difficult to comprehend how Mr. Bonin would have personal knowledge of any facts relevant to Plaintiff's purported punitive damages claims. Likewise, any information which Mr. Bonin has obtained would be inadmissible hearsay without exception. (FRE 801-802.)

//

## VI. MR. BONIN SHOULD NOT BE ALLOWED TO OFFER OPINION TESIMONY

FRE 702 governs the admission of testimony by expert witnesses. A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case. (Fed. R. Evid. 702.)

For expert testimony to be admissible, and the expert's testimony must be "both relevant and reliable." (*Estate of Barabin v. AstenJohnson, Inc*., 740 F.3d 457, 463 (9th Cir. 2014) (en banc) (internal marks omitted); *see also, Daubert v. Merrell Dow Pharm., Inc*., 509 U.S. 579, 589 (1993).) "Relevancy simply requires that the evidence logically advance a material aspect of the party's case." (*AstenJohnson*, 740 F.3d at 463 (internal quotation marks omitted).) Reliability requires that an expert's testimony have "a reliable basis in the knowledge and experience of the relevant discipline." (*Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999) (internal quotation marks and brackets omitted).)

As a private investigator, Mr. Bonin is not qualified to allow any opinion evidence which is relevant to any issue regarding punitive damage and/or sufficiently reliable under FRE 702. Moreover, even if he was qualified, this Court should exclude Mr. Bonin's testimony pursuant to FRE 403, which provides: FRE 403 states: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Here, Plaintiff is attempting an end-run around this Court's prior rulings. This cannot only lead to confusion, delay and

misleading the jury.

## VII. CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court exclude all testimony of Paul Bonin.

**WINGET SPADAFORA & SCHWARTZBERG LLP**

Dated: May 10, 2024  By:  */s/ Richard P. Tricker*
Timothy W. Fredricks
Richard P. Tricker

Attorneys for Defendants
KEDRIN E. VAN STEENWYK and ADELAIDA CELLARS, INC.

## CERTIFICATE OF COMPLIANCE

The undersigned, Counsel of record for Defendants KEDRIN E. VAN STEENWYK, and ADELAIDA CELLARS, INC. certifies that this brief contains 1898 words, which complies with the word limit of L.R. 11-6.1.

**WINGET SPADAFORA & SCHWARTZBERG LLP**

Dated: May 10, 2024            By:   */s/ Richard P. Tricker*
                                     Timothy W. Fredricks
                                     Richard P. Tricker

                                     Attorneys for Defendants
                                     KEDRIN E. VAN STEENWYK and ADELAIDA CELLARS, INC.

# CERTIFICATE OF SERVICE

The undersigned certifies that DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 3 TO EXCLUDE TESTIMONY OF PAUL BONIN; MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT THEREOF was filed electronically with the Clerk of the Court via the CM/ECF system which effects notification to all parties registered and designated for the CM/ECF system in this action. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 10, 2024 at Los Angeles, California.

                                                */s/Lluriviana Gil-Lopez*
                                                Lluriviana Gil-Lopez