MATTHEW DONALD UMHOFER, ESQ., SBN 206607
matthew@umklaw.com
J. ANTHONY KING, ESQ. SBN 297279
anthony@umklaw.com
DIANE H. BANG, ESQ., SBN 271939
dbang@umklaw.com
**UMHOFER, MITCHELL & KING LLP**
767 S. Alameda St., Suite 270
Los Angeles, CA 90021
Telephone: (213) 394-7979
Facsimile: (213) 529-1027

CHASE W. MARTIN, ESQ., SBN 260444
cmartin@ammcglaw.com
**ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP**
Post Office Box 3835
San Luis Obispo, California 93403-3835
Telephone: (805) 543-0990
Facsimile: (805) 543-0980

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MATTHEW D. VAN STEENWYK, et al.,
                    Plaintiff,

    v.

KEDRIN E. VAN STEENWYK, et al.,
                    Defendants.

Case No. 2:20-cv-02375-FLA (AJRx)

**PLAINTIFF'S WITNESS LIST**

FPTC:  June 7, 2024
Trial:  June 25, 2024

1
*PLAINTIFF'S WITNESS LIST*

1  Pursuant to Federal Rule of Civil Procedure 26(a)(3)(A), Local Rule 16-5, and this Court's Amended Order Re: Trial Requirements (ECF No. 343), Plaintiff Matthew Van Steenwyk submits the following witness list to support his case in chief and for rebuttal at trial.  All non-adverse witnesses may be contacted through Plaintiff's counsel.  Witnesses denoted with an asterisk are witnesses Plaintiff intends to call only if the need arises, pursuant to Local Rule 16-5.  Plaintiff will separately designate deposition transcripts for use at trial in accordance with Local Rule 16-2.7.  Those deposition designations will be filed with the Court on the first day of trial pursuant to this Court's Amended Order (ECF No. 343) and C.D. Cal. Local Rules 16-2.7 and 32-1.

| Witness's Name*, Title, Affiliation (If Relevant) | Summary of Testimony / Why Testimony Is Unique | Direct Exam (Hours) | Cross Exam (Hours) | Dates of Testimony |
|---|---|---|---|---|
| **Matthew D. Van Steenwyk**, Plaintiff and minority shareholder. | Plaintiff will testify in his case-in-chief regarding the events leading up to the filing of this lawsuit, including Defendants' failure to respond to his requests for corporate records and demand for corrective action, Defendants' failure to provide information to minority shareholders of the massive subsidization of Adelaida and KMBG by ATA and SDI, his prior lawsuit against ATA and SDI and the corporate governance changes that he demanded in the settlement to protect the shareholders, Kedrin Van Steenwyk's efforts to sell ATA's ranches to herself at a below-market price, and Plaintiff's discovery in and after 2019 of the subsidies from SDI/ATA to | 2 hours | | [Leave blank.  To be filled in during trial] |

| Witness's Name*, Title, Affiliation (If Relevant) | Summary of Testimony / Why Testimony Is Unique | Direct Exam (Hours) | Cross Exam (Hours) | Dates of Testimony |
|---|---|---|---|---|
| | Adelaida and its owner that Defendants have directed and/or allowed. | | | |
| **Brett Van Steenwyk**, minority shareholder | Plaintiff anticipates calling Brett Van Steenwyk, Plaintiff's brother, during his case-in-chief. Plaintiff believes that Brett will testify that ATA's Board of Directors' history of deference to the desires of the controlling shareholders, Adelaida's complete control over ATA's ranches, Plaintiff's employment with ATA, the human resources losses (i.e. employee lay-offs) ATA sustained while at the same time subsidizing Adelaida and its owner, and family dynamics. | 1 hour | | |
| **Gretchen Van Steenwyk**, minority shareholder | Plaintiff anticipates calling Gretchen Van Steenwyk Marsh, Plaintiff's sister, during his case-in-chief. Plaintiff believes that she will testify about the original goals and purpose of ATA and SDI, her Trusts, her discovery in and after 2019 of SDI's and ATA's subsidization of family dynamics. | 0.75 hours | | |
| **Debbie Van Steenwyk**, wife of Brett Van Steenwyk* | If necessary, Plaintiff will call Debbie Van Steenwyk in his case-in-chief regarding her observations of Elizabeth Van Steenwyk after | 0.5 hours | | |

| Witness's Name*, Title, Affiliation (If Relevant) | Summary of Testimony / Why Testimony Is Unique | Direct Exam (Hours) | Cross Exam (Hours) | Dates of Testimony |
|---|---|---|---|---|
| | Elizabeth was placed in a long-term care facility. | | | |
| **Betty Van Steenwyk**, wife of Matthew Van Steenwyk* | If necessary, Plaintiff will call Betty Van Steenwyk in his case-in-chief regarding her communications with Elizabeth Van Steenwyk's caregiver. | 0.5 hours | | |
| **Kedrin E. Van Steenwyk**, Defendant, Director and controlling shareholder of ATA/SDI and Adelaida | Plaintiff anticipates calling Defendant Kedrin Van Steenwyk during his case-in-chief. Plaintiff believes that she will testify about the multiple hats she wore simultaneously (i.e. controlling shareholder and director of SDI/ATA and controlling owner and officer/director of Adelaida), the August 2016 Financial Summit and subsequent actions taken to implement what was decided at the Summit, the conflicts of interest she placed herself in as a result, her efforts to direct SDI's and ATA's subsidies (cash, wine grape and human resources) of Adelaida, her hatred of Plaintiff, her relationship with her mother Elizabeth, and her control over Adelaida and the Ranches. | 2 hours<br>Plaintiff's Exam (Hostile) | | |
| **Daniel Carter**, Defendant, General Counsel and Officer of | Plaintiff anticipates calling Defendant Daniel Carter during his case-in-chief to testify about his conflicts of interest as an officer and general counsel of ATA and SDI on the one | 2 hours<br>Plaintiff's Exam (Hostile) | | |

| Witness's Name*, Title, Affiliation (If Relevant) | Summary of Testimony / Why Testimony Is Unique | Direct Exam (Hours) | Cross Exam (Hours) | Dates of Testimony |
|---|---|---|---|---|
| ATA/SDI and Director of Adelaida | hand, and director of Adelaida on the other, his attendance at the August 2016 Financial Summit and subsequent actions taken to implement what was decided at the Summit, his relationship with Elizabeth and personal observations of her, his relationship with Kedrin, his actions in aiding and abetting SDI's and ATA's subsidization of Adelaida, his role in concealing information from Plaintiff and Defendants', his role in responding to Plaintiff's Section 1601 requests for information and Section 800 demand for collective action, multiple breaches of fiduciary duties to SDI/ATA and Plaintiff. | | | |
| **Kieran Duggan**, Defendant and Officer of ATA/SDI, and ATA Ranches, Director of Adelaida | Plaintiff anticipates calling Defendant Kieran Duggan during his case-in-chief to testify about his conflicts of interest as an officer and general counsel of ATA and SDI on the one hand, and director of Adelaida on the other, his abuse of his position in the accounting department to facilitate SDI's and ATA's subsidization of Adelaida and the role he played in concealing information from Plaintiff and other Class B shareholders. | 1 hour Plaintiff's Exam (Hostile) | | |
| **Pamela Pierce**, Defendant and Director | Plaintiff anticipates calling Defendant Pamela Pierce during his case-in-chief to testify about | 1 hour | | |

| Witness's Name*, Title, Affiliation (If Relevant) | Summary of Testimony / Why Testimony Is Unique | Direct Exam (Hours) | Cross Exam (Hours) | Dates of Testimony |
|---|---|---|---|---|
| and officer (former) of ATA/SDI | the sale of Adelaida to KMBG, the Board's decision making process, the attempted sale of the Ranches, the absence of benefits to ATA of owning the ranches, the Board's inaction in connection was SDI's and ATA's subsidization of Adelaida and the Board's response (or lack of response) to Plaintiff's Section 1601 requests for corporate information and Section 800 demand for corrective action. | Plaintiff's Exam (Hostile) | | |
| **Joseph McCoy**, Defendant and Director of ATA/SDI | Plaintiff anticipates calling Defendant Joseph McCoy during his case-in-chief to testify about his knowledge of SDI's and ATA's subsidization of Adelaida and KMBG, the audit committee functions and actions—including their due diligence and approval of the transactions at issue, the benefits to ATA of owning HMR and Viking and the Board's response (or lack of response) to Plaintiff's Section 1601 requests for corporate information and Section 800 demand for corrective action. | 1 hour Plaintiff's Exam (Hostile) | | |
| **Gene Durocher**, Defendant and Former Director of ATA/SDI | Plaintiff anticipates calling Defendant Gene Durocher during his case-in-chief to testify about the board's lack of knowledge of the different ownership of the related parties, the | 1 hour Plaintiff's Exam (Hostile) | | |

| Witness's Name*, Title, Affiliation (If Relevant) | Summary of Testimony / Why Testimony Is Unique | Direct Exam (Hours) | Cross Exam (Hours) | Dates of Testimony |
|---|---|---|---|---|
| | conflicts of interest analysis conducted, the benefits to ATA of owning HMR and Viking. | | | |
| **Philip Longorio**, Defendant, Former Director and Officer of ATA/SDI | Plaintiff anticipates calling Defendant Philip Longorio during his case-in-chief to testify about his decision-making process and authority as CEO, discussions Defendants had about HMR, Viking, and Adelaida, his knowledge of SDI's and ATA's subsidization of Adelaida, SDI's and ATA's failure to adequately maintain its books and records and the Board's response (or lack of response) to Plaintiff's 1601 requests for corporate information and Section 800 demand for corrective action. | 2 hours<br><br>Plaintiff's Exam (Hostile) | | |
| **Phillip Gobe**, Defendant and Former Director of ATA/SDI | Plaintiff anticipates calling Defendant Phillip Gobe during his case-in-chief to testify about his personal knowledge of the subsidization of Adelaida and KMBG and the Board's due diligence regarding the transactions at issue, the Board's understanding of the ownership structures of the affiliated companies, the Board's responsibility for making certain corporate decisions, the Board's efforts to analyze transactions to ensure minority shareholders were protected. | 1 hour<br><br>Plaintiff's Exam (Hostile) | | |

| Witness's Name*, Title, Affiliation (If Relevant) | Summary of Testimony / Why Testimony Is Unique | Direct Exam (Hours) | Cross Exam (Hours) | Dates of Testimony |
|---|---|---|---|---|
| **Dana Armstrong**, ATA/SDI's Former CFO | Plaintiff anticipates calling Dana Armstrong during his case-in-chief to testify about the Directors' and Officers' decision-making process and non-arm's length business dealings with Adelaida Cellars; ATA's payment of the expenses of Adelaida Cellars' business; the financial condition of ATA and ATA Ranches; the formation of ATA Ranches and the circumstances under which that entity was formed; and the actions the Directors took in response to Plaintiff's demand for corrective action. | 1 hour Plaintiff's Exam (Hostile) | | |
| **Donna Flora**, Adelaida's Financial Manager & Controller | Plaintiff anticipates calling Donna Flora during his case-in-chief to testify about the August 2016 Financial Summit and subsequent actions taken to implement what was decided at the Summit, the transferring of funds from ATA to an account controlled by Adelaida, Adelaida's use of ATA and SDI's services, ATA's debt collection policy as it relates to Adelaida and KMBG and generally SDI's and ATA's subsidization of Adelaida. | 1 hour Plaintiff's Exam (Hostile) | | |
| **Jessica Kollhoff**, former General Manager of Adelaida | Plaintiff anticipates calling Jessica Kollhoff during his case-in-chief to testify about the circumstances surrounding ATA's sale of its | 0.5 hours | | |

| Witness's Name*, Title, Affiliation (If Relevant) | Summary of Testimony / Why Testimony Is Unique | Direct Exam (Hours) | Cross Exam (Hours) | Dates of Testimony |
|---|---|---|---|---|
| | stock in Adelaida Cellars to KMBG, the August 2016 Financial Summit and subsequent actions taken to implement what was decided at the Summit, the transferring of funds from ATA to an account controlled by Adelaida, and Adelaida's dependence on ATA and SDI for funds. | Plaintiff's Exam (Hostile) | | |
| **Jeremy Weintraub**, Defendant Adelada's Winemaker | Plaintiff anticipates calling Jeremy Weintraub during his case-in-chief to testify about Adelaida's wine production goals, Adelaida's management of HMR Ranch and Viking Ranch and ATA's subsidization of Adelaida's operations. | 0.5 hours Plaintiff's Exam (Hostile) | | |
| **Jude Radeski**, Defendant Adelaida's General Manager | Plaintiff anticipates calling Jude Radeski in his case-in-chief regarding the Adelaida's reliance on ATA to provide funding, manpower and grape subsidies for its operations, as well as his direction of JoAnn Wall's appraisals of the Ranches and Adelaida. | 0.5 hours Plaintiff's Exam (Hostile) | | |
| **Clifford Wright**, Plaintiff's Governance Expert | Plaintiff anticipates calling Clifford Wright during his case-in-chief to offer expert testimony about how Defendants failed to meet customary and ordinary standards of corporate governance, including Defendants' conflicts of interest, self-dealing, and failure to consider the | 2 hours | | |

| Witness's Name*, Title, Affiliation (If Relevant) | Summary of Testimony / Why Testimony Is Unique | Direct Exam (Hours) | Cross Exam (Hours) | Dates of Testimony |
|---|---|---|---|---|
| | effect of transactions on the minority shareholders. | | | |
| **Steven Hazel**, Plaintiff's Expert re Valuation of Professional and Administrative Services | Plaintiff anticipates calling Steven Hazel during his case-in-chief to offer expert testimony about the more than $1.5 million in value of IT, accounting, and human resources services that Adelaida received from ATA and SDI. | 1 hour | | |
| **Michael Spindler**, Plaintiff's Accounting Irregularities Expert* | If necessary, Plaintiff will call Michael Spindler during his case-in-chief to offer expert testimony about the insufficiency of the information provided in ATA and SDI's audited financial statements and how those statements hide the details of related party transactions and fail to adequately inform the reader as to the true nature of the losses associated with the ranches. | 0.5 hours | | |
| **Allison McLeod**, Plaintiff's Tax Expert | Plaintiff anticipates calling Allison McLeod during his case-in-chief to offer expert testimony about how ATA spent $9.8 million to obtain $3.3 million in tax benefits from its ownership of the ranch properties. | 0.5 hours | | |

| Witness's Name*, Title, Affiliation (If Relevant) | Summary of Testimony / Why Testimony Is Unique | Direct Exam (Hours) | Cross Exam (Hours) | Dates of Testimony |
|---|---|---|---|---|
| **Robin Baggett**, Plaintiff's Grape Pricing Expert | Plaintiff anticipates calling Robin Baggett during his case-in-chief to offer expert testimony about the value of the premium wine grapes grown on ATA's Viking and HMR Ranches and the damages sustained by ATA ($8,383,790.78, not including interest) as a result of being forced to sell those grapes at the price specified in the Grape Purchase Agreement and the significance of ATA being forced to bear all the farming costs of growing premium grapes for wine made by Adelaida. | 1 hour | | |
| **Chelsea Cameron**, Plaintiff's Grape Value Expert | Plaintiff anticipates calling Chelsea Cameron during his case-in-chief to offer expert testimony about the difference between the price Adelaida paid ATA for its premium grapes versus what ATA should have been paid for those grapes on the open market based on the Grape Crush Report data published on the Department of Agriculture's website. | 0.5 hours | | |
| **Alicia Cronbach**, Plaintiff's rebuttal expert regarding grape purchase agreements* | If necessary, Plaintiff will call Alicia Cronbach to offer rebuttal expert testimony about the fairness and reasonableness of the Grape Purchase Agreements between ATA and Defendant Adelaida. | 0.75 hours | | |

| Witness's Name*, Title, Affiliation (If Relevant) | Summary of Testimony / Why Testimony Is Unique | Direct Exam (Hours) | Cross Exam (Hours) | Dates of Testimony |
|---|---|---|---|---|
| **Max Knupper**, Plaintiff's rebuttal expert to JoAnn Wall's appraisal of ATA's ranch properties | Plaintiff anticipates calling Max Knupper during his case-in-chief to offer rebuttal expert testimony about the grossly inflated value of HMR Ranch and Viking Ranch conducted by JoAnn Wall, only if Plaintiff's motion in limine to exclude Ms. Wall's testimony and appraisals is denied. Plaintiff also expects that Mr. Knupper will testify about the 2018 appraisal report of the ranches completed by Cushman & Wakefield, and how its appraisal numbers are not credible as compared to similar ranch properties on the West Side of Paso Robles. | 1 hour | | |
| **Pete Dakin**, Plaintiff's rebuttal expert to JoAnn Wall's appraisal of ATA's ranch properties | Plaintiff anticipates calling Pete Dakin during his case-in-chief to offer rebuttal expert testimony about the value of ATA's ranch properties, the impact of the Grape Purchase Agreement on the value of the ranches, the fact that there has been no appreciation in the value of wine grape acreage on the West Side of Paso Robles since 2015, and the correlation between appraisals and actual property sales. | 0.75 hours | | |
| **William Buckley**, Plaintiff's Damages Expert | Plaintiff anticipates calling William Buckley during his case-in-chief to offer expert testimony about the economic value of the damages to ATA and SDI as a result of | 2 hours | | |

| Witness's Name*, Title, Affiliation (If Relevant) | Summary of Testimony / Why Testimony Is Unique | Direct Exam (Hours) | Cross Exam (Hours) | Dates of Testimony |
|---|---|---|---|---|
|  | Defendants' breaches of fiduciary duty, aiding and abetting of fiduciary duty, corporate waste, and claim under California Corporations Code § 1601. |  |  |  |
| **Jerry Bui**, Plaintiff's Metadata Expert* | If necessary, Plaintiff will call Jerry Bui during his case-in-chief to offer expert testimony about what metadata is and what it can be used to show. | 0.5 hours |  |  |
| **Harold Bursztajn**, Plaintiff's Psych Evaluation Expert | Plaintiff anticipates calling Harold Bursztajn during his case-in-chief to offer expert testimony about the unreliability of the methodology employed by Dr. Jonathan Mueller in completing his psychological evaluation of Elizabeth Van Steenwyk, and Dr. Justin Davis's failure to provide a methodologically reliable basis for removing Elizabeth as the trustee of her trusts. | 0.5 hours |  |  |
| **Curtis Buono,** a former appraiser with Cushman & Wakefield Western, Inc. | Plaintiff anticipates calling Curtis Buono during his case-in-chief to offer percipient witness testimony about facts related to the appraisal he completed in 2018 of HMR Ranch and Viking Ranch. | 0.5 hours |  |  |
| **Pannell, Kerr, Forster Custodian of Records*** | If necessary, Plaintiff will call the custodian of records of Pannell, Kerr, Forster ("PKF"), | 0.5 hours |  |  |

| Witness's Name*, Title, Affiliation (If Relevant) | Summary of Testimony / Why Testimony Is Unique | Direct Exam (Hours) | Cross Exam (Hours) | Dates of Testimony |
|---|---|---|---|---|
| | during his case-in-chief to authenticate documents produced in discovery. PKF provides audit and tax accounting services to ATA and SDI. | | | |
| **Charles Vogel**, former audit senior associate at Pannell, Kerr, Forster | Plaintiff anticipates calling Charles Vogel during his case-in-chief to testify about audits and tax accounting services provided to ATA, SDI, ATA Ranches and, possibly, Adelaida Cellars; ATA and SDI's related party balances; ATA's request for an increase in its line of credit; and ATA's capitalization of costs. | 0.5 hours | | |
| **Chad Neckar**, audit senior manager at Pannell, Kerr, Forster | Plaintiff anticipates calling Chad Neckar during his case-in-chief to testify about ATA and SDI's related party balances; ATA's request for an increase in its line of credit; and ATA's capitalization of costs. | 0.5 hours | | |
| **Martin Moroski**, attorney for Matthew Van Steenwyk | Plaintiff anticipates calling Martin Moroski during his case-in-chief to testify about Defendants' failure to produce records in response to Plaintiff's Section 1601 corporate records request. | 0.5 hours | | |
| **Paul Bonin**, Plaintiff's private investigator | Plaintiff anticipates calling Paul Bonin during his case-in-chief to testify about Defendants' | 0.5 hours | | |

| Witness's Name*, Title, Affiliation (If Relevant) | Summary of Testimony / Why Testimony Is Unique | Direct Exam (Hours) | Cross Exam (Hours) | Dates of Testimony |
|---|---|---|---|---|
| | assets, which are relevant to the amount of punitive damages. | | | |

*Indicates that witness will be called only if the need arises.

Dated: May 10, 2024        **UMHOFER, MITCHELL & KING LLP**

*/s/ Matthew Donald Umhofer*
Matthew Donald Umhofer, Esq.
J. Anthony King, Esq.
Diane H. Bang, Esq.
*Attorneys for Plaintiff*

*The filer of the document attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.*

Dated: May 10, 2024        **ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP**

*/s/ Chase Martin*
Chase W. Martin, Esq.
*Attorneys for Plaintiff*