MATTHEW DONALD UMHOFER, ESQ., SBN 206607
matthew@umklaw.com
J. ANTHONY KING, ESQ. SBN 297279
anthony@umklaw.com
DIANE H. BANG, ESQ., SBN 271939
diane@umklaw.com
**UMHOFER, MITCHELL & KING LLP**
767 S. Alameda Street, Suite 270
Los Angeles, CA 90021
Telephone: (213) 394-7979
Facsimile: (213) 529-1027

CHASE W. MARTIN, ESQ., SBN 260444
cmartin@ammcglaw.com
**ADAMSKI MOROSKI MADDEN
CUMBERLAND & GREEN LLP**
Post Office Box 3835
San Luis Obispo, California 93403-3835
Telephone: (805) 543-0990
Facsimile: (805) 543-0980

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW D. VAN STEENWYK, et al.,<br><br>        Plaintiff,<br><br>    vs.<br><br>KEDRIN E. VAN STEENWYK, et al.,<br><br>        Defendants, | Case No.:  2:20-cv-02375-FLA-AJRx<br><br>*Hon. Fernando L. Aenlle-Rocha*<br><br>**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>FPTC:  June 7, 2024<br>Trial:    June 25, 2024 |

1

# <u>TABLE OF CONTENTS</u>

2

<u>PAGE</u>

3    I.    INTRODUCTION ................................................................. 1

4    II.    PLAINTIFF'S CLAIMS .......................................................... 2

5         A.    Derivative Claim For Breaches Of Fiduciary Duty ................................. 3

6              1.    Elements of Claim ........................................................ 3

7              2.    Key Evidence in Support ................................................ 4

8         B.    Derivative Claim For Corporate Waste .......................................... 6

9              1.    Elements of Claim ........................................................ 6

10             2.    Key Evidence in Support ................................................ 7

11        C.    Derivative Claim For Accounting ................................................ 7

12             1.    Elements of Claim ........................................................ 7

13             2.    Key Evidence in Support ................................................ 8

14        D.    Derivative Claim For Declaratory Relief (2016 & 2017
              Agreement for Services) ........................................................ 8

15             1.    Key Evidence in Support ................................................ 8

16
         E.    Derivative Claim For Declaratory Relief (the Grape Purchase
17            Agreement) ...................................................................... 8

18             1.    Key Evidence in Support ................................................ 9

19        F.    Direct Claim For Aiding and Abetting Breach Of Fiduciary Duty By
              Controlling Shareholder ........................................................ 9

20             1.    Elements of Claim ........................................................ 9

21             2.    Key Evidence in Support .............................................. 10

22        G.    Direct Claim For Order Compelling Production Of Corporate
23            Records ........................................................................ 10

24             1.    Elements of Claim ...................................................... 10

25             2.    Key Evidence in Support .............................................. 10

26    III.    DEFENDANTS' AFFIRMATIVE DEFENSES ...................................... 11

27        A.    First Affirmative Defense—Standing ......................................... 12

28

|   |   | 1. | Elements Required to Establish ................................................... 12 |
|   |   | 2. | Opposition ................................................................................... 12 |
|   | B. | Second Affirmative Defense—Unclean Hands ..................................... 12 |
|   |   | 1. | Elements Required to Establish ................................................... 12 |
|   |   | 2. | Opposition ................................................................................... 12 |
|   | C. | Third Affirmative Defense—Statute of Limitations ............................. 13 |
|   |   | 1. | Elements Required to Establish ................................................... 13 |
|   |   | 2. | Opposition ................................................................................... 13 |
|   | D. | Fourth Affirmative Defense—Waiver ................................................... 14 |
|   |   | 1. | Elements Required to Establish ................................................... 14 |
|   |   | 2. | Opposition ................................................................................... 14 |
|   | E. | Fifth Affirmative Defense—Business Judgment Rule ........................... 15 |
|   |   | 1. | Elements Required to Establish the Application of the Business Judgment Rule ................................................... 15 |
|   |   | 2. | Opposition ................................................................................... 16 |
|   | F. | Sixth Affirmative Defense—Pre-Suit Demand .................................... 17 |
|   |   | 1. | Elements Required to Establish ................................................... 17 |
|   |   | 2. | Opposition ................................................................................... 18 |
|   | G. | Seventh Affirmative Defense—Laches ................................................. 18 |
|   |   | 1. | Elements Required to Establish ................................................... 18 |
|   |   | 2. | Opposition ................................................................................... 18 |
| IV. | ANTICIPATED EVIDENTIARY ISSUES ........................................................ 18 |
|   | A. | Exclusion of Legal Opinion of Defendants' Expert Mark Lee ............... 18 |
|   | B. | Exclusion of Testimony and Appraisal of Defendants' Expert JoAnn Wall ................................................................................................ 19 |
|   | C. | Exclusion of Inappropriate Defamatory Evidence of Matthew Van Steenwyk ............................................................................................. 19 |
|   | D. | Exclusion of Evidence Related to the 2023 Sale of the Ranches ........... 20 |
|   | E. | Exclusion of Non-Identified Experts ................................................... 21 |

*PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW*

V.     ISSUES OF LAW ................................................................................ 22

VI.    BIFURCATION OF ISSUES .............................................................. 22

VII.   JURY TRIAL ...................................................................................... 22

VIII.  ATTORNEYS' FEES ........................................................................... 23

IX.    ABANDONMENT OF ISSUES ......................................................... 23

*PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW*

# TABLE OF AUTHORITIES

## CASES                                                                    PAGE(S)

American Master Lease LLC v. Idanta Partners, Ltd.,
  225 Cal. App. 4th 1451 (2014) ..................................................................13

Beard Rsch., Inc. v. Kates,
  8 A.3d 573 (Del. Ch.), aff'd sub nom. ASDI, Inc. v. Beard Rsch., Inc.,
  11 A.3d 749 (Del. 2010) .......................................................................4, 13

Bedolla v. Logan & Frazer,
  52 Cal. App. 3d 118 (1975) ....................................................................16

Bernson v. Browning-Ferris Indus. of Cal., Inc.,
  7 Cal. 4th 926 (1994) ..........................................................................16

City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,
  68 Cal. App. 4th 445 (1998) .....................................................................4

City of Ukiah v. Fones,
  64 Cal. 2d 104 (1966) ..........................................................................17

eBay Domestic Holdings, Inc. v. Newmark,
  16 A.3d 1 (Del. Ch. 2010)...............................................................9, 10, 11

Eisenbaum v. W. Energy Res., Inc.,
  218 Cal. App. 3d 314 (1990) ...................................................................17

F.D.I.C. v. Van Dellen,
  2012 WL 4815159 (C.D. Cal. Oct. 5, 2012)......................................................19

Fox v. Ethicon Endo-Surgery, Inc.,
  35 Cal. 4th 797 (2005) .........................................................................16

Friends of the Earth, Inc. v. Laidlaw Env't Servs., Inc.,
  528 U.S. 167 (2000)..........................................................................15, 21

Gaillard v. Natomas Co.,
  208 Cal. App. 3d 1250 (1989) ............................................................6, 18, 19

Gearhart Indus., Inc. v. Smith Int'l, Inc.,
  741 F.2d 707 (5th Cir. 1984) ....................................................................6

Hass v. RhodyCo Productions,
  26 Cal. App. 5th 11 (2018) .....................................................................22

Hobbs v. Bateman Eichler, Hill Richards, Inc.,
  164 Cal. App. 3d 174 (1985) ...................................................................17

In re ECS Ref., Inc.,
  625 B.R. 425 (Bankr. E.D. Cal. 2020).............................................................6

In re Rural Metro Corp.,
  88 A.3d 54 (Del. Ch.), decision clarified on denial of reargument sub nom.
  In re Rural Metro Corp. S'holders Litig. (Del. Ch. 2014)........................................13

iv

In re Walt Disney Co. Derivative Litig.,
  906 A.2d 27 (Del. 2006) .................................................................6

Jones v. Blume,
  196 S.W.3d 440 (Tex. App. 2006).................................................4

Jones v. H. F. Ahmanson & Co.,
  1 Cal. 3d 93 (1969) .....................................................................11

Kruss v. Booth,
  185 Cal. App. 4th 699 (2010), modified on other grounds, July 9, 2010;
  accord Faigin, 2013 WL 3389490, at *5 ......................................20

Lujan v. Defenders of Wildlife,
  504 U.S. 555 (1992).............................................................15, 21

Meister v. Mensinger,
  230 Cal. App. 4th 381 (2014) ........................................................7

Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.,
  518 F. Supp. 2d 1197 (C.D. Cal. 2007) ........................................15

Moreno v. Sanchez,
  106 Cal. App. 4th 1415 (2003) ....................................................16

Nasrawi v. Buck Consultants LLC,
  231 Cal. App. 4th 328 (2014) ......................................................13

Palm Springs Villas II Homeowners Ass'n, Inc. v. Parth,
  248 Cal. App. 4th 268 (2016) ......................................................20

Pan Am. Trade & Inv. Corp. v. Commercial Metals Co.,
  94 A.2d 700 (Del. Ch. 1953) .........................................................7

Perez v. West Coast Drywall & Co., Inc.,
  No. CV 16-01565-BRO (SPx), 2016 WL 11002590
  (C.D. Cal. Nov. 10, 2016).............................................................15

Sass v. Cohen,
  10 Cal. 5th 861 (2020) ...................................................................7

Singer v. Magnavox Co.,
  380 A.2d 969 (Del. 1977), overruled on other grounds by
  Weinberger v. UOP, Inc., 457 A.2d 701 (Del. 1983) .....................11

Swingless Golf Club Corp. v. Taylor,
  679 F. Supp. 2d 1060 (N.D. Cal. 2009) ..........................................6

Tola v. Bryant,
  76 Cal. App. 5th 746 (2022) ........................................................21

Weinberger v. UOP, Inc.,
  457 A.2d 701 (1983) ................................................................9, 10

Wind Dancer Production Group v. Walt Disney Pictures,
  10 Cal. App. 5th 56 (2017) ..........................................................17

*PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW*

1

## **STATUTES**

2

42 U.S.C. § 1988(b) ................................................................22

3

California Corporations Code § 309 .........................................19

4

California Corporations Code § 800 .........................................15

5

California Corporations Code § 1601 .......................................13

6

California Corporations Code § 1601(a) ...................................14

7

Delaware Code Ann. Title 8, § 144 ...................................8, 9, 10

8

9

## **RULES**

10

Fed. R. Evid. 403 ....................................................................22

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW*

Pursuant to Local Rule 16-4, Plaintiff Matthew D. Van Steenwyk respectfully submits the following Memorandum of Contentions of Fact and Law.

## I.      INTRODUCTION

The Court has already found that Kedrin Van Steenwyk ("Kedrin") and Elizabeth Van Steenwyk ("Elizabeth") breached their fiduciary duties to minority shareholders of the Company,[1] Matthew and Gretchen.[2] (Order on Mots. for Summ. J. ("MSJ Order"), ECF No. 342.) The Court has also found that Defendant Daniel Carter, the Company's Secretary and General Counsel, aided and abetted them in their breaches. Additionally, Kedrin, Elizabeth, Carter, and Kieran Duggan may not assert the business judgment rule as an affirmative defense.

The remaining causes of action to be tried are for breaches of fiduciary duties by the Company's Directors and Officers, corporate waste, an accounting, and whether Defendants are in violation of California Corporations Code section 1601.

Kedrin and Elizabeth abused their positions as controlling shareholders by causing the Company to funnel tens of millions of dollars to support other assets that they own, the winery Adelaida Cellars and KMBG, at the expense of the minority shareholders. The Company's Directors and Officers ("D&O") breached their fiduciary duties that they owed to the Company and their minority shareholders by rubber-stamping self-dealing transactions and helping to facilitate them. Matthew alleges that the Company suffered damages as a result of Defendants' breaches of their fiduciary duties and from wasting corporate assets on their watch. Matthew also seeks monetary damages because Kedrin and Elizabeth received dividends by having the Company fund the winery business that Plaintiff does not own and that ultimately came out of the minority shareholders' pockets.

---

[1] Defendants Applied Technologies Associates ("ATA"), Scientific Drilling International ("SDI") and ATA Ranches, Inc ("ATA Ranches") are collectively referred to as the "Company".

[2] Plaintiff Matthew Van Steenwyk is the trustee of his trusts and his sister Gretchen's trusts, that own a minority interest in ATA, SDI, and ATA Ranches. Matthew brought this lawsuit on behalf of Gretchen and himself.

*PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW*

## II.   PLAINTIFF'S CLAIMS

Plaintiff has brought the following claims:

- Claim 1 (Derivative Claim For Breaches Of Fiduciary Duty): Defendants violated their fiduciary duties to the Company and their shareholders, including without limitation their duties of care, good faith, honesty, and loyalty. Elizabeth and Kedrin have already been found to have "breached fiduciary duties owed to ATA and its minority shareholders, in connection with the [2013] Adelaida Sale Agreement and ATA [Grape] Purchase Agreement, respectively." (MSJ Order at 15.)

- Claim 2 (Derivative Claim For Corporate Waste): D&O Defendants[3] have caused ATA to waste valuable corporate assets.

- Claim 3 (Derivative Claim For Accounting): D&O Defendants failed and refused to provide the requested accounting of the transactions and occurrences about which Plaintiff complains, thereby forcing Plaintiff to file this Complaint seeking the Court's order compelling the requested accounting.

- Claim 4 (Derivative Claim For Declaratory Relief): Plaintiff contends that the 2016 Agreement for Services, the 2017 Agreement for Services, and the ATA Grape Purchase Agreement, were and are invalid and unenforceable or, at least, voidable. Plaintiff desires a judicial determination of and declaration on these contract issues.

- Claim 5 (Direct Claim For Breach Of Fiduciary Duty By Controlling Shareholder): Elizabeth and Kedrin have already been found liable for breach of fiduciary duty by a controlling shareholder. (MSJ Order at 8-15.)

- Claim 6 (Direct Claim For Aiding And Abetting Breach Of Fiduciary

---

[3] "D&O Defendants" refers to all individual defendants, including Kedrin and Elizabeth.

*PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW*

Duty By Controlling Shareholder): Carter has already been found to have aided and abetted Kedrin's and Elizabeth's breaches of their fiduciary duties as controlling shareholders. (MSJ Order at 19.) The liability of the other directors and officers, as well as Adelaida, remains to be tried. Adelaida knew that it was reliant on the Company's funding in order for it survive, thus its officers and directors (i.e., Elizabeth, Kedrin, Carter, and Duggan) and employees, actively worked to ensure that the Company's funding of its expenses continued to flow despite it causing the Company to hemorrhage over a million dollars in losses per year. Likewise, the Director Defendants helped facilitate the flow of funds from ATA to the Ranches or for other expenses that benefitted companies owned by the controlling shareholders, Adelaida and KMBG.

- Claim 7 (Direct Claim For Order Compelling Production Of Corporate Records): Plaintiff made multiple written requests to Defendants to inspect ATA and Adelaida's corporate records and information pursuant to California Corporations Code section 1601. Defendants purposefully delayed their response to Plaintiff's statutory requests for corporate records and information and did not produce or make available for inspection all records and information requested. Defendants did not have any legitimate justification for not permitting inspection or producing the requested documents.

A. **Derivative Claim For Breaches Of Fiduciary Duty**

   1. **Elements of Claim**

Plaintiff's first cause of action is a derivative claim on behalf of the Company against the Directors and Officers of ATA and SDI (Kedrin, Elizabeth, Pamela Pierce, Phillip Gobe, Philip Longorio, Gene Durocher, Joseph McCoy, Daniel Carter, and Kieran Duggan).

For Plaintiff to prove a claim for breach of fiduciary duty, Plaintiff must prove

*PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW*

the following by a preponderance of the evidence:

        a.     A fiduciary relationship existed at the time of the occurrence of the events that gave rise to this litigation;

        b.     One or more Defendants breached its fiduciary duty; and

        c.     Damages or losses proximately caused by breach  of that duty by Defendant(s).

See City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 68 Cal. App. 4th 445, 483, 80 Cal. Rptr. 2d 329, 355 (1998), as modified on denial of reh'g (Jan. 6, 1999) ("The elements of a cause of action for breach of fiduciary duty are the existence of a fiduciary relationship, its breach, and damage proximately caused by that breach."); Beard Rsch., Inc. v. Kates, 8 A.3d 573, 601 (Del. Ch.), aff'd sub nom. ASDI, Inc. v. Beard Rsch., Inc., 11 A.3d 749 (Del. 2010) ("A claim for breach of fiduciary duty requires proof of two elements: (1) that a fiduciary duty existed and (2) that the defendant breached that duty."); Jones v. Blume, 196 S.W.3d 440, 447 (Tex. App. 2006) ("The elements of a breach of fiduciary duty claim are: (1) a fiduciary relationship between the plaintiff and defendant; (2) the defendant must have breached his fiduciary duty to the plaintiff; and (3) the defendant's breach must result in injury to the plaintiff or benefit to the defendant.").[4]

## 2.    Key Evidence in Support

In brief, the evidence will demonstrate that Defendants engaged in conduct that breached their fiduciary duties to Plaintiff and the Company.  The evidence on this claim will include:

- The testimony of Matthew, as well as his brother Brett Van Steenwyk and sister Gretchen Van Steenwyk, concerning
  - the history of the Company and the winery and ranches upon which

---

[4] California, Texas, and Delaware law are cited throughout this memorandum because ATA is a California corporation, SDI is a Texas corporation, and ATA Ranches is a Delaware corporation.

*PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW*

grapes are grown;

- o their minority shareholder status in ATA and SDI;
- o the conduct of Elizabeth and Kedrin in financially supporting the winery and ranches upon which grapes are grown;
- o the concealment of various different winery subsidization schemes
- o Kedrin's efforts to have Elizabeth declared incompetent; and
- o the damage to the Company arising out of the winery subsidization scheme.

- Testimony by Defendants, including Kedrin, Carter, and the Director Defendants, concerning their participation in and facilitation of the winery subsidization scheme, their failure to comply with their fiduciary duties to the companies and the minority shareholders, and their facilitation of the winery subsidization scheme.

- Testimony from former officers confirming the subsidization of the winery by the Company.

- Contemporaneous documents and communications, including emails among the defendants, accounting records, and board materials, which confirm the existence of the winery subsidization scheme and its concealment from Matthew.

- Expert testimony from Robin Baggett and Chelsea Cameron concerning the subsidization of the winery through heavily discounted grapes sold to the winery by ATA-owned ranches, and the unusual nature of the agreements that governed those discounted sales.

- Expert testimony from Steven J. Hazel concerning the true value of services provided to the winery by the Company at a massive discount.

- Expert testimony from Max Knupper and Peter Dakin concerning the valuation of the ranches, and the flaws in Defendants' appraisals of the ranches.

*PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW*

- Expert testimony from Clifford Wright about the officers' and board members' self-dealing and failure to meet with the standards of care concerning transactions involving related entities and their impact on minority shareholders.

- Expert testimony from William Buckley concerning the amount of damages suffered by the Company as a result of the winery subsidization scheme.

**B.    Derivative Claim For Corporate Waste**

**1.    Elements of Claim**

To recover on a claim of corporate waste, Plaintiff must prove that the exchange was so one sided that no business person of ordinary, sound judgment could conclude that the corporation has received adequate consideration. Self-dealing without full disclosure make plausible a finding of lack of consideration or good faith. See Swingless Golf Club Corp. v. Taylor, 679 F. Supp. 2d 1060, 1070 (N.D. Cal. 2009) ("To recover on a claim of corporate waste, [the claimant] must shoulder the burden of proving that the exchange was so one sided that no business person of ordinary, sound judgment could conclude that the corporation has received adequate consideration."); In re ECS Ref., Inc., 625 B.R. 425, 453 (Bankr. E.D. Cal. 2020) ("The absence of substantial consideration received by the corporation and the lack of good faith may form the basis of an action for waste."); Gaillard v. Natomas Co., 208 Cal. App. 3d 1250, 1273 (1989) (contract involving interested director may be subject to claim of corporate waste); In re Walt Disney Co. Derivative Litig., 906 A.2d 27, 74 (Del. 2006) ("A claim of waste will arise only in the rare, unconscionable case where directors irrationally squander or give away corporate assets. This onerous standard for waste is a corollary of the proposition that where business judgment presumptions are applicable, the board's decision will be upheld unless it cannot be attributed to any rational business purpose."); Gearhart Indus., Inc. v. Smith Int'l, Inc., 741 F.2d 707, 720 (5th Cir. 1984) ("If the director is found to have committed fraud, over-reaching,

*PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW*

or waste of corporate assets, the transaction will be set aside.").

### 2.    Key Evidence in Support

The same evidence that shows the violation of fiduciary duties also shows that Defendants engaged in corporate waste.  The testimony of D&O Defendants and former officers, as well as contemporaneous documentation and communications will confirm that the Company received little to no consideration in exchange for the substantial subsidization of the winery.

### C.    Derivative Claim For Accounting

### 1.    Elements of Claim

On behalf of the Company, Plaintiff seeks an accounting of the transactions and occurrences that are the subject of trial for the income and profits that one or more of Defendants obtained through their allegedly wrongful conduct. The duty to account arises where there is a special relationship between the parties, such as a fiduciary relationship, or other circumstances that require an accounting in equity, and an unknown balance is due that cannot be ascertained without an accounting. See Sass v. Cohen, 10 Cal. 5th 861, 869, (2020) ("An action for an accounting has two elements: (1) 'that a relationship exists between the plaintiff and defendant that requires an accounting' and (2) 'that some balance is due the plaintiff that can only be ascertained by an accounting.'"); Meister v. Mensinger, 230 Cal. App. 4th 381, 403-04 (2014) ("The right to an accounting will often arise where the defendant has abused a special relationship with the plaintiff, such as in cases involving . . . fiduciary relationships."); Pan Am. Trade & Inv. Corp. v. Commercial Metals Co., 94 A.2d 700, 701 (Del. Ch. 1953) (equity will take jurisdiction in an action for an accounting where 1) there are mutual accounts between the parties, 2) the accounts are held by one side and "there are circumstances of great complication" and 3) a fiduciary relationship exists among the parties and the defendants have a duty to render an accounting); Wolfe & Pittenger § 12–6[a] "[A]n accounting may be an appropriate remedy for breach of fiduciary duty by a corporate director or officer, for example, where ... the fiduciary has directed

corporate funds to his or her benefit or has personally profited from the improper use of corporate property....").

### 2.    Key Evidence in Support

The same evidence that shows that Defendants violated their fiduciary duties and engaged in corporate waste also shows that Defendants had a duty to provide an accounting and failed to provide that accounting prior to the initiation of this lawsuit.

### D.    <u>Derivative Claim For Declaratory Relief (2016 & 2017 Agreement for Services)</u>

This claims seeks a declaration that the 2016 Agreement for Services and the 2017 Agreement for Services entered into by Adelaida (the winery) and ATA/SDI are invalid. "In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a); <u>Societe de Conditionnement en Aluminium v. Hunter Eng'g Co.</u>, 655 F.2d 938, 942 (9th Cir. 1981) ("The Declaratory Judgment Act (the Act) permits a federal court to 'declare the rights and other legal relations' of parties to 'a case of actual controversy.'").

### 1.    Key Evidence in Support

The same evidence that establishes a violation of fiduciary duty also demonstrates that the services agreements are invalid.

### E.    <u>Derivative Claim For Declaratory Relief (the Grape Purchase Agreement)</u>

This claims seeks a declaration that the Grape Purchase Agreement entered into by Adelaida (the winery) and ATA are invalid. "In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a); <u>Societe de Conditionnement en Aluminium v. Hunter Eng'g Co.</u>, 655 F.2d 938, 942 (9th Cir. 1981) ("The Declaratory

*PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW*

Judgment Act (the Act) permits a federal court to 'declare the rights and other legal relations' of parties to 'a case of actual controversy.'").

### 1.    Key Evidence in Support

The same evidence that establishes a violation of fiduciary duty also demonstrates that the Grape Purchase Agreement was invalid.  In particular, the expert testimony of Robin Baggett and Chelsea Cameron will confirm that the agreement resulted in ATA receiving far less than the fair market value of the grapes sold to Adelaida.

### F.    <u>Direct Claim For Aiding And Abetting Breach Of Fiduciary Duty By Controlling Shareholder</u>

### 1.    Elements of Claim

Plaintiff claims that D&O Defendants and Adelaida aided and abetted Kedrin and Elizabeth in breaching their fiduciary duties as controlling shareholders of ATA and SDI.[5]

One or more of the defendants may be responsible as an aider and abettor if Plaintiff proves the following:

a.    That D&O Defendants and/or Adelaida knew that controlling shareholders Kedrin and Elizabeth owed fiduciary duties to ATA and SDI's minority shareholders and were breaching those fiduciary duties;

b.    That D&O Defendants and/or Adelaida gave substantial assistance or encouragement to Kedrin and Elizabeth in paying themselves constructive dividends in violation of their fiduciary duties, or that D&O Defendants gave substantial assistance or encouragement to Kedrin and Elizabeth by failing to take action to prohibit the serial breaches of fiduciary duty by the controlling shareholders.

---

[5] Defendant Carter has been found liable for aiding and abetting Kedrin and Elizabeth in their breach of fiduciary duty as controlling shareholders. (MSJ Order at 17-19.)

*PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW*

c.      That the conduct of D&O Defendants and/or Adelaida was a substantial factor in causing harm to the minority shareholders of ATA.

See Nasrawi v. Buck Consultants LLC, 231 Cal. App. 4th 328, 343-344 (2014); Am. Master Lease LLC v. Idanta Partners, Ltd., 225 Cal. App. 4th 1451, 1478 (2014); Cal. Civ. Jury Instns. (CACI) (2014) No. 3610; Beard Research, Inc. v. Kates, 8 A.3d 573, 603 (Del. Ch. 2010) ("a third party may be liable for aiding and abetting a breach of fiduciary duty if the third party 'knowingly participates' in the breach," meaning that the third party acts "with the knowledge that the conduct advocated or assisted constitutes such a breach"); In re Rural Metro Corp., 88 A.3d 54, 99 (Del. Ch.), decision clarified on denial of reargument sub nom. In re Rural Metro Corp. S'holders Litig. (Del. Ch. 2014) (defendant knowingly participated in the Board's breach of its duty of care by creating the informational vacuum that misled the Board).

**2.      Key Evidence in Support**

The evidence that establishes the breaches of fiduciary duty above proves that D&O Defendants and/or Adelaida aided and abetted breaches of fiduciary duty.

**G.      Direct Claim For Order Compelling Production Of Corporate Records**

**1.      Elements of Claim**

The following elements are required to establish a violation of Section 1601 of the California Corporations Code:

a.      Plaintiff was a shareholder of the corporation.

b.      Plaintiff made a written demand on the corporation to inspect the accounting books and records of the corporation.

c.      The written demand was for a purpose reasonably related to the plaintiff's interest.

See Cal. Corp. Code § 1601(a).

**2.      Key Evidence in Support**

The evidence that establishes the failure to produce of corporate records and the

*PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW*

need for an order compelling the production of corporate records includes:

- Emails and letters reflecting legitimate and repeated demands for inspection of corporate records.
- Emails and letters reflecting delays, obstructions, and inadequate responses to demands for inspection of corporate records.
- The testimony of Plaintiff concerning his demands for inspection of corporate records, his purpose in making those demands, and the lack of meaningful responses to those requests.
- The testimony of Daniel Carter concerning the demand for inspection of corporate records and the companies' responses.

## III. DEFENDANTS' AFFIRMATIVE DEFENSES

Defendants have asserted the following affirmative defenses:

- <u>First Affirmative Defense</u>: Plaintiff lacks standing to bring some or all of the claims he alleges in the Complaint.
- <u>Second Affirmative Defense</u>: Plaintiff's claims are barred by the doctrine of unclean hands.
- <u>Third Affirmative Defense</u>: Plaintiff's claims are barred by the relevant statutes of limitations.
- <u>Fourth Affirmative Defense</u>: Plaintiff's claims are barred by waiver, as he has been fully aware of the facts and circumstances giving rise to the claims he asserts for years yet failed to take action or raise objection.
- <u>Fifth Affirmative Defense</u>: Plaintiff's claims are barred by the business judgment rule.
- <u>Sixth Affirmative Defense</u>: Plaintiff's claims are barred because he did not make an adequate pre-suit demand pursuant to Corporations Code section 800 and other relevant law.
- <u>Seventh Affirmative Defense</u>: Plaintiff's claims are barred by laches.

*PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW*

**A.    First Affirmative Defense—Standing**

    **1.    Elements Required to Establish**

Standing is an issue of law for the Court, not an affirmative defense.  "[T]o satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Friends of the Earth, Inc. v. Laidlaw Env't Servs., Inc., 528 U.S. 167, 180-81 (2000) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)).

    **2.    Opposition**

It is unknown what arguments the defense may make on this point, and Defendants may have abandoned this affirmative defense.

**B.    Second Affirmative Defense—Unclean Hands**

    **1.    Elements Required to Establish**

"To establish unclean hands, a defendant must demonstrate (1) inequitable conduct by the plaintiff; (2) the plaintiff's conduct directly relates to the claim which it has asserted against the defendant; and (3) plaintiff's conduct injured the defendant." See Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd., 518 F. Supp. 2d 1197, 1223 (C.D. Cal. 2007) (internal quotation marks and citation omitted). The defendants must do so by clear and convincing evidence. Perez v. West Coast Drywall & Co., Inc., No. CV 16-01565-BRO (SPx), 2016 WL 11002590, at *4 (C.D. Cal. Nov. 10, 2016) ("In order to prevail on this defense, Defendants must prove, via clear evidence, that the Government engaged in outrageous conduct that caused constitutional injury.").

    **2.    Opposition**

It is unknown what arguments the defense may make on this point, and Defendants may have abandoned this affirmative defense.

*PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW*

**C.**     <u>Third Affirmative Defense—Statute of Limitations</u>

        **1.**     **Elements Required to Establish**

To succeed on this defense, Defendants must prove that Plaintiff's claimed harm occurred three or four years before the date of filing.

        **2.**     **Opposition**

As elucidated in Plaintiff's response to Defendants' motion for summary judgment on this issue, the statute of limitations does not bar any of Plaintiff's claims here because of the discovery rule.

The statute of limitations *only* begins to run when the "plaintiff suspects or should suspect that her injury was caused by wrongdoing, that someone has done something wrong to her." <u>Bernson v. Browning-Ferris Indus. of Cal., Inc.</u>, 7 Cal. 4th 926, 932 (1994); Justice Kathleen M. Banke, et al., California Practice Guide: Civil Procedure Before Trial ¶ 3:135 (The Rutter Group February 2022 Update) ("[S]uspicion must relate to the elements of 'wrongdoing, causation, and harm.'") (citing <u>Fox v. Ethicon Endo-Surgery, Inc.</u>, 35 Cal. 4th 797, 807 (2005).)

However, in a fiduciary relationship, such as the case is here, the "statute of limitations does not run where the parties occupy a fiduciary relationship toward each other, so long as such relationship is not repudiated." <u>In re Estate of Clary</u>, 203 Cal. 335, 341 (1928); <u>see also Moreno v. Sanchez</u>, 106 Cal. App. 4th 1415, 1424 (2003) ("Delayed accrual of a cause of action is viewed as particularly appropriate where the relationship between the parties is one of special trust such as that involving a fiduciary, confidential or privileged relationship.") In fact, in this scenario, "the usual duty of diligence to discover facts does not exist." 1 Ann Taylor Schwing, Cal. Affirmative Defenses 25:65 (2d ed. May 2022).

Indeed, "facts which ordinarily require investigation may not incite suspicion and do not give rise to a duty of inquiry" where a fiduciary relationship exists. <u>Hobbs v. Bateman Eichler, Hill Richards, Inc.</u>, 164 Cal. App. 3d 174, 201-02 (1985). Thus, a "plaintiff's burden of discovery is reduced and he is entitled to rely on the statements

*PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW*

1   and advice provided by the fiduciary." <u>Eisenbaum v. W. Energy Res., Inc.</u>, 218 Cal.
2   App. 3d 314, 324 (1990).
3       Defendants have admitted that they owed Matthew fiduciary duties.
4   Accordingly, Matthew should have been able to rely upon his fiduciaries to act in his
5   best interest, and he did not have a duty to ferret out Defendants' wrongdoing.

6       **D.    <u>Fourth Affirmative Defense—Waiver</u>**

7           **1.    Elements Required to Establish**

8       To establish waiver, the defense must prove the following elements by clear and
9   convincing evidence:

10          1.    That plaintiff knew defendants (i) violated fiduciary duties to plaintiff and
11  ATA and SDI; (ii) wasted corporate assets of ATA and SDI; (iii) had an obligation to
12  provide an accounting to defendant; and (iv) had an obligation to provide corporate
13  records to plaintiff upon requests;

14          2.    That plaintiff freely and knowingly gave up his right to have the
15  defendants perform these obligations.

16  <u>See</u> CACI No. 336; <u>Wind Dancer Prod. Grp. v. Walt Disney Pictures</u>, 10 Cal. App. 5th
17  56, 78 (2017) ("California courts will find waiver when a party intentionally
18  relinquishes a right or when that party's acts are so inconsistent with an intent to
19  enforce the right as to induce a reasonable belief that such right has been
20  relinquished."); <u>City of Ukiah v. Fones</u>, 64 Cal. 2d 104, 107-108 (1966) ("The burden,
21  moreover, is on the party claiming a waiver of a right to prove it by clear and
22  convincing evidence that does not leave the matter to speculation, and 'doubtful cases
23  will be decided against a waiver'.").

24          **2.    Opposition**

25      It is unknown what arguments the defense may make on this point, and
26  Defendants may have abandoned this affirmative defense. Any arguments on this point
27  would fail for the same reasons Defendants' statute of limitations arguments fail.

28

*PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW*

1

**E.    Fifth Affirmative Defense—Business Judgment Rule**

2    On summary judgment, the Court found that Elizabeth, Kedrin, Carter, and

3 Duggan are not entitled to protection under the business judgment rule. (MSJ Order at

4 25-31.) Summary judgment was denied on this affirmative defense with respect to all

5 other defendants.

6    **1.    Elements Required to Establish the Application of the Business**

7    **Judgment Rule**

8    A director generally is presumed to have acted on an informed basis, in good

9 faith, and in the honest belief that the action taken was in the best interest of the

10 company. This presumption is called the business judgment rule. The business

11 judgment rule's protections only apply to transactions in which a director is not an

12 interested director and is independent.

13    There are a number of ways the plaintiff can rebut the business judgment

14 presumption, including by showing that the majority of directors who approved the

15 action (1) had a personal interest in the subject matter of the action, (2) were not fully

16 informed in approving the action, or (3) did not act in good faith in approving the

17 action. If any one of the three exceptions apply, that is sufficient to overcome the

18 business judgment rule defense. The burden then shifts to the director defendant to

19 prove that the challenged action was entirely fair.

20    The business judgment rule does not shield actions taken without reasonable

21 inquiry, with improper motives, or as a result of a conflict of interest, nor does it

22 protect a director who has wholly abdicated his corporate responsibility, closing his or

23 her eyes to corporate affairs. Kruss v. Booth, 185 Cal. App. 4th 699, 728 (2010),

24 modified on other grounds, July 9, 2010; F.D.I.C. v. Faigin, 2013 WL 3389490, at *5

25 (C.D. Cal. July 8, 2013) ("The rule does not protect a director 'where there is a conflict

26 of interest, fraud, oppression, or corruption,' nor does it protect 'a director who has

27 wholly abdicated his corporate responsibility, closing his or her eyes to corporate

28 affairs.'"); Cardwell v. Gurley, 05-09-01068-CV, 2018 WL 3454800, at *9 (Tex.

App.—Dallas July 18, 2018, pet. denied) ("The rule does not protect a corporate officer or director from liability for dishonest, fraudulent, or self-dealing acts."); Lowry v. Tarbox, 537 S.W.3d 599, 616 (Tex. App. 2017) ("[T]he business judgment rule does not apply to protect a corporate officer from liability for acts that are dishonest, fraudulent, or self-dealing" or "in an action for fraud or breach of fiduciary duty action brought by a shareholder against an officer of a closely-held corporation.").

The burden then shifts to the director defendant to prove that the challenged action was fair.

The business judgment rule also does not apply to officers of a corporation. Where a defendant is both a corporate officer and director, it should be determined whether the defendant took an action in their capacity as an officer of the corporation or as a director. If in their capacity as a company officer, the presumption of the business judgment rule would not apply. See Gaillard v. Natomas Co., 208 Cal. App. 3d 1250, 1265 (1989) ("[Section 309, subdivision (a) ] does not relate to officers of the corporation, but only to directors.... [A]n officer-director might be liable for particular conduct because of his capacity of an officer, whereas the other directors would not.").

If Plaintiff has failed to rebut the presumption, then the business judgment rule attaches and operates to protect the individual director defendant(s) from personal liability for making the board decision at issue.

### 2.  Opposition

The evidence that the business judgment rule does not shield defendants is the same as the evidence that establishes the breaches of fiduciary duty enumerated above.

Defendants cannot succeed in their business judgment rule contentions.  First, in California, directors who were acting in their capacity as officers (*i.e.,* Longorio) are not protected by the business judgment rule. Gaillard, 208 Cal. App. 3d at 1265 (holding that because the directors were "acting as officer employees of the corporation . . . the business judgment rule therefore should not apply").

Second, "[t]he business judgment rule does not shield actions taken without

reasonable inquiry, with improper motives, or as a result of a conflict of interest." Kruss v. Booth, 185 Cal. App. 4th 699, 728 (2010), modified on other grounds, July 9, 2010; accord Faigin, 2013 WL 3389490, at *5 ("The rule does not protect a director 'where there is a conflict of interest, fraud, oppression, or corruption,' nor does it protect 'a director who has wholly abdicated his corporate responsibility, closing his or her eyes to corporate affairs.'"). Indeed, "whether a director exercised reasonable diligence is one of the 'factual prerequisites' to application of the business judgment rule." Palm Springs Villas II Homeowners Ass'n, Inc. v. Parth, 248 Cal. App. 4th 268, 280 (2016).

The business judgment rule cannot protect the remaining defendants, as they failed to exercise any oversight and supervision over these transactions with Adelaida and KMBG, but rather served as a rubber stamp as to Elizabeth's and Kedrin's wishes. None of the directors made any attempt to analyze the financial implications of the transactions discussed above, much less made a serious effort to determine the financial effects on the different classes of shareholders, despite the conflicts of interest present that made such an analysis critical to prevent self-dealing. In fact, D&O Defendants' own testimony is quite clear that they failed to make *any* inquiry as to whether these related party transactions were fair to the company and the minority shareholders. Nor do any of the ATA/SDI Board meeting minutes show any such consideration. This lack of diligence precludes the application of the business judgment rule.

### F.   Sixth Affirmative Defense—Pre-Suit Demand

Defendants may contend that Plaintiff failed to make the pre-suit demand required in shareholder derivative cases.

#### 1.   Elements Required to Establish

A shareholder may maintain a derivative lawsuit if "(1) the board has wrongfully refused the shareholder's demand to pursue a corporate claim, or (2) a demand would be futile because the board cannot make an impartial decision." Tola v.

*PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW*

1  Bryant, 76 Cal. App. 5th 746, 749 (2022).

2          **2.      Opposition**

3          As the Court held in denying Defendants' motions to dismiss, "Plaintiff has

4  pleaded sufficient facts of his demand to the ATA board to state derivative claims

5  against the Director Defendants on behalf of ATA." (Order Denying Mot. to Dismiss

6  at 12, ECF No. 137.) Plaintiff will prove those "sufficient facts" at trial—in particular,

7  through Plaintiff's October 17, 2019 letter to the ATA board and other letters and

8  communications.

9      **G.      Seventh Affirmative Defense—Laches**

10         Defendants may contend that Plaintiff's claims are barred by the doctrine of

11  laches.

12          **1.      Elements Required to Establish**

13         "To successfully invoke the defense of laches, an individual must show there

14  was inexcusable delay in the assertion of a known right and that the party asserting

15  laches has been prejudiced." Trustees For Alaska Laborers-Constr. Indus. Health &

16  Sec. Fund v. Ferrell, 812 F.2d 512, 518 (9th Cir. 1987).

17          **2.      Opposition**

18         It is unknown what arguments the defense may make on this point, and

19  Defendants may have abandoned this affirmative defense. Any arguments on this point

20  would fail, however, because Defendants cannot show inexcusable delay and the

21  existence of prejudice.

22  **IV.   ANTICIPATED EVIDENTIARY ISSUES**

23         The following evidentiary issues will likely be the subject of motions *in limine*

24  or evidentiary disputes:

25      **A.      Exclusion of Legal Opinion of Defendants' Expert Mark Lee**

26         Plaintiff will move to exclude the opinion of defense expert Mark Lee.  Lee's

27  expert report consists wholly of legal conclusions cloaked in the guise of expert

28  opinion. Lee admitted in his deposition that in his report, he states what the law is,

applies the law to the facts of the case, and reaches a legal conclusion. Because "courts do not consider an expert's testimony to the extent it constitutes a conclusion of law," Lee's opinion cannot be considered and must be excluded. Hass v. RhodyCo Prods., 26 Cal. App. 5th 11, 21 n.2 (2018).

### B. Exclusion of Testimony and Appraisal of Defendants' Expert JoAnn Wall

Plaintiff will move to exclude the testimony and appraisal reports of JoAnn Wall offered by Defendants on issues involving Plaintiff's damages claims against Defendants. Ms. Wall, as a supposed "non-retained" expert is limited to her testifying about the events of the litigation as a percipient witness. However, her opinion is based upon many things outside of her own personal observations, including market data and facts supplied by Defendants attorneys. Further, Ms. Wall's reports and testimony are irrelevant to issues in the case. Moreover, whatever probative value her opinion and reports have is substantially outweighed by the danger for undue prejudice and jury confusion. Ms. Wall's opinions are therefore irrelevant, more prejudicial than probative, and improper as expert testimony under Federal Rules of Evidence 401, 403, 702, 703, and 704.

### C. Exclusion of Inappropriate Defamatory Evidence of Matthew Van Steenwyk

Plaintiff will move to exclude any evidence related to Plaintiff's personality, character, and personal relationships, including alleged professional struggles as an Air Force pilot, post-Air Force "personality changes," deterioration of family relationships pre-litigation, personal letters exchanged with his late father from 1994 to 2004, testimony from former disgruntled employees/coworkers, and Plaintiff's motivation for filing the lawsuit. First, this evidence makes no fact at issue in this case more or less likely as this case is focused solely on Defendants' conduct. Fed. R. Evid. 401. Second, its minimal probative value is substantially outweighed by the significant risk of unfair prejudice, because by its nature, such evidence creates an "undue tendency"

1  for the jury to decide against Matthew on "an improper basis," such as believing

2  Matthew should be penalized for mistreating his father or employees better during

3  their personal disagreements—none of which are at issue in this case. Fed. R. Evid.

4  402, 403; White v. Ford Motor Co., 500 F.3d 963, 977 (9th Cir. 2007) (quoting Fed. R.

5  Evid. 403, advisory committee's note.). The evidence's miniscule probative value is

6  also heavily outweighed by the significant risk that the jury will be misled or confuse

7  the issues, as well as the high risk of wasted time and undue delay. Fed. R. Evid. 402,

8  403. Third, the evidence constitutes impermissible character evidence. Fed. R. Evid.

9  404(b). Additionally, the letters from Plaintiff's father who passed away in 2010

10  constitute impermissible hearsay and do not fall under any of the unavailability

11  exceptions.  Fed. R. Evid. 801(c), 802, 804(b).

### D.    Exclusion of Evidence Related to the 2023 Sale of the Ranches

13          Plaintiff will move to exclude any and all evidence related to post-2020

14  appraisals, valuations, and attempted sales of the ATA-owned ranches, as well any

15  litigation arising out of the attempted sales and valuations. First, the voluminous

16  evidence that Defendants seek to admit was disclosed just two months before trial and

17  over two years after discovery closed, thus it is barred under Rule 37. For this reason

18  alone, the evidence must be excluded.  Second, this evidence makes no fact at issue in

19  this case more or less likely, as the relevant time period for liability and damages

20  caused by Defendants' breach of fiduciary duty and corporate waste is from 2012 to

21  2020. The evidence is therefore irrelevant, and whatever minimal probative value it

22  has is substantially outweighed by its significant danger of being unfairly prejudicial,

23  confusing the issues, misleading the jury, wasting time, and causing undue delay under

24  Federal Rules of Evidence 401, 402, and 403. For instance, for Plaintiff to defend

25  against Defendants' claim that litigation arising out of the post-2020 attempted sale of

26  the ranches supports their arguments here, Plaintiff would need to present detailed

27  evidence and witness testimony related to each of those cases. The effect would be to

28  convene two "mini trials" that would waste time and "distract the jury from the real

*PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW*

1    issue in the trial." <u>Bair v. Callahan</u>, 664 F.3d 1225, 1230 (8th Cir. 2012); <u>see also</u>

2    <u>Tennison v. Circus Circus Enters., Inc.</u>, 244 F.3d 684, 690 (9th Cir. 2001) (affirming

3    the exclusion of evidence under Rule 403 that posed the risk of creating a "mini trial"

4    that would be "an inefficient allocation of trial time"). Thus, this post-2020 evidence

5    involving the appraisals, attempted sales, and litigation related to the ranches must be

6    excluded.

7            **E.      <u>Exclusion of Non-Identified Experts</u>**

8            Plaintiff moves to exclude Defendants from presenting lay witness testimony

9    that relies on "scientific, technical, or other specialized knowledge" knowledge at trial.

10   Fed. R. Evid. 701(c). Parties may not evade the reliability requirements set forth in

11   Rule 702 "through the simple expedient of proffering an expert in lay witness

12   clothing." Fed. R. Evid. 701 advisory committee's note to 2000 amendment.

13   Defendants have identified witnesses with expertise in certain fields, a vineyard

14   mapping specialist (Mike Bobbitt), a medical doctor (John Justin Davis, M.D.), and a

15   certified public accountant (CPA, Trenton Thornock), none of whom were disclosed as

16   experts under Rule 26(a)(2)(D). Their testimony, covering topics like competency

17   declarations and tax deficiencies dictating a sale of a company, is considered expert

18   testimony under Rule 702. <u>See</u> <u>United States v. Figueroa-Lopez</u>, 125 F.3d 1241, 1246

19   (9th Cir. 1997). Failure to disclose properly invokes Rule 37(c)(1), which prohibits the

20   use of undisclosed information at trial. <u>Yeti by Molly, Ltd. v. Deckers Outdoor Corp.</u>,

21   259 F.3d 1101, 1106-07 (9th Cir. 2001) (upholding the trial court's exclusion of a trial

22   witness who was not properly disclosed because "exclusion is an appropriate remedy

23   for failing to fulfill the required disclosure requirements of Rule 26(a)."). Defendants'

24   untimely disclosure would prejudice Plaintiff, who would be unable to counter with

25   expert testimony. <u>See</u> <u>Goodman v. Staples, The Office Superstore, LLC</u>, 644 F.3d 817,

26   827 (9th Cir. 2011) (an untimely disclosure of expert testimony is not harmless where

27   the opposing party has relied on the non-disclosure in preparing its defense).

28

## V. ISSUES OF LAW

Other than those issues discussed above, Plaintiff is currently unaware of any issues of law for the Court to decide.

## VI. BIFURCATION OF ISSUES

Plaintiff does not seek the bifurcation of any issues. Plaintiff currently anticipates a three-week jury trial, and extending the trial further is not in the interests of judicial economy. Brown v. Simpson Strong-Tie Co., No. 2:19-CV-01921-KJM-AC, 2022 WL 2541363, at *1 (E.D. Cal. June 23, 2022) (finding "bifurcation would be inefficient and wasteful given that the issues of liability and punitive damages share some common questions of law and fact"). The Ninth Circuit agrees. Hangarter v. Provident Life & Acc. Ins. Co., 373 F.3d 998, 1021 (9th Cir. 2004) ("The district court's decision to decline to bifurcate the trial comported with normal trial procedure. '[S]ince the evidence usually overlaps substantially, the normal procedure is to try compensatory and punitive damage claims together with appropriate instructions to make clear to the jury the difference in the clear and convincing evidence required for the award of punitive damages.'").

To the extent the Court considers the bifurcation of the issue of punitive damages, only the amount of punitive damages should be bifurcated—not liability for punitive damages. To the extent Defendants rely on the Estate of Richard Risher v. City of Los Angeles, No. EDCV 17-0995-MWF (KKx), 2022 WL 2235481, at *1 (C.D. Cal. Mar. 22, 2022), as a basis for bifurcating the issue of liability for punitive damages, the case does not support their position. There, the court held that "[h]owever, what is more typical is that liability for punitive damages is tried with liability for compensatory damages and their amount; **only the amount** of punitive damages is bifurcated." 2022 WL 2235481, at *1 (emphasis added).

## VII. JURY TRIAL

Plaintiff's claims are triable to a jury as a matter of right under the Seventh Amendment, and Plaintiff has made a timely demand for a jury. Moreover, Plaintiff

*PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW*

1   has sought money damages (i.e., a legal remedy) and has done so from the outset of
2   this litigation, which is sufficient to establish a right to a jury trial. See, e.g., Pereira v.
3   Farace, 413 F.3d 330, 340 (2d Cir. 2005); (relief sought by trustee was legal in nature
4   because remedy "was not for money that was unjustly possessed by defendants, but
5   was instead a measure of the harm to the corporation."); CDX Liquidating Trust v.
6   Venrock Assocs., 2005 WL 3953895 at *3 (N.D. Ill. Aug. 10, 2005) (holding relief
7   sought for a breach of fiduciary duty claim was legal in nature because the plaintiff
8   sought money damages).

9       In fact, the Ninth Circuit has opined that "[e]xcept under most imperative
10  circumstances, a right to a jury trial on legal issues may not now be denied to a federal
11  litigant on the ground that the case reached court only through equity, or because
12  equitable rights are involved, or because the legal issues are 'incidental' to the
13  equitable issues, or because substantive equitable remedies are sought, or by the device
14  of trying the equitable issues first." DePinto, 323 F.2d at 835-36. Accordingly, Plaintiff
15  is entitled to a jury trial.

16  **VIII.  ATTORNEYS' FEES**

17      Upon prevailing on his claim for an order compelling the production of
18  corporate records, Plaintiff will seek an award of attorneys' fees pursuant to Section
19  1604 of the California Corporations Code, which states that the court may "award an
20  amount sufficient to reimburse the shareholder[] . . . for the reasonable expenses
21  incurred by such holder, including attorneys' fees[.]" Cal. Corp. Code § 1604.
22  Plaintiff's request for attorneys' fees will be based on post-trial briefing according to
23  the relevant standards, with an evidentiary hearing if the Court believes one is
24  necessary.

25  **IX.   ABANDONMENT OF ISSUES**

26      Plaintiff agreed to stipulate to remove that portion of Plaintiff's prayer to
27  remove Kedrin Van Steenwyk as successor trustee of the Survivor's Trust of the
28  Donald H. Van Steenwyk and Elizabeth A. Van Steenwyk 1996 Trust. In the MSJ

*PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW*

Order, the Court struck this portion of Plaintiff's Complaint. (MSJ Order at 36.) None of Plaintiff's other claims have been abandoned, and he will pursue all of them at trial. Any affirmative defenses not identified in Defendants' proposed jury instructions will have been abandoned.

Dated: May 10, 2024            **UMHOFER, MITCHELL & KING LLP**

                               */s/ Matthew Donald Umhofer*
                               Matthew Donald Umhofer, Esq.
                               J. Anthony King, Esq.
                               Diane H. Bang, Esq.
                               *Attorneys for Plaintiff*

*PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW*