MATTHEW DONALD UMHOFER, ESQ., SBN 206607
matthew@umklaw.com
J. ANTHONY KING, ESQ. SBN 297279
anthony@umklaw.com
DIANE H. BANG, ESQ., SBN 271939
dbang@umklaw.com
**UMHOFER, MITCHELL & KING LLP**
767 S. Alameda St., Suite 270
Los Angeles, CA 90021
Telephone: (213) 394-7979
Facsimile: (213) 529-1027

CHASE W. MARTIN, ESQ., SBN 260444
cmartin@ammcglaw.com
**ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP**
Post Office Box 3835
San Luis Obispo, California 93403-3835
Telephone: (805) 543-0990
Facsimile: (805) 543-0980

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW D. VAN STEENWYK, Individually, as Trustee and Beneficiary of The Matthew Van Steenwyk GST Trust and The Matthew Van Steenwyk Issue Trust, and as Co-Trustee of The Gretchen Marie Van Steenwyk-Marsh GST Trust and The Gretchen Marie Van Steenwyk-Marsh Issue Trust and derivatively on behalf of Nominal Defendants APPLIED TECHNOLOGIES ASSOCIATES, INC., SCIENTIFIC DRILLING INTERNATIONAL, INC. and ATA RANCHES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> KEDRIN E. VAN STEENWYK, et al., <br><br> Defendants, <br><br> and <br><br> APPLIED TECHNOLOGIES ASSOCIATES, INC., SCIENTIFIC DRILLING INTERNATIONAL, INC., and ATA RANCHES, INC., <br><br> Nominal Defendants. | Case No.: 2:20-cv-02375-FLA-AJRx <br><br> *Hon. Fernando L. Aenlle-Rocha* <br><br> **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE # 4 TO EXCLUDE THE SUPPLEMENTAL EXPERT REPORT/OPINION OF WILLIAM BUCKLEY** <br><br> Hearing Date: June 7, 2024 <br> Time: 1:30 p.m. <br> Place: Courtroom 6B |

## I.  INTRODUCTION

The Court should deny Defendants' attempt to exclude the supplemental report/opinion of Plaintiff's expert, William Buckley (the "Supplemental Report") for at least three reasons.

*First*, the Supplemental Report was both timely and permissible under the Federal Rules, as it relies on information that was not available to Buckley at the time he served his initial report and, critically, offers opinions on and calculates damages regarding Nominal Defendant Scientific Drilling International, Inc. ("SDI"), who was added **after** Buckley issued his original report. In fact, SDI did not complete its document production until April 2022, and Mr. Buckley quickly issued his report thereafter on April 28, 2022.

Rule 26 requires this supplementation. *See* Fed. R. Civ. P. 26(e)(1)(A). And where, as here, the timing of supplemental disclosures relates to the new information necessitating them, there can be no credible argument that the Supplemental Report was not timely made. *Dayton Valley Inv'rs v. Union Pac. R. Co.*, 2010 WL 3829219, at *3 (D. Nev. Sept. 24, 2010) (timing of supplementation best gauged in relation to availability of the supplemental information). Here, Mr. Buckley's supplementation was irrefutably timely because it was impossible for Mr. Buckley to issue opinions where the information was not available and SDI was not a party.

*Second*, Rule 37 evidentiary sanctions are not warranted because Defendants were provided several opportunities to depose Mr. Buckley and rejected multiple offers from Plaintiff to depose him months before the expert discovery cutoff. (King Decl. ¶ 9, Exs. 2–3.)

*Third*, Defendants will suffer no prejudice from Buckley's Supplemental Report not being excluded as they have been in possession of it **for over two (2) years now**. (King Decl. ¶ 6.) Defendants have had ample time to review the Supplemental Report's contents, and to mount rebuttals to the opinions and analyses contained therein.

## II. FACTUAL BACKGROUND

As Defendants concede, Plaintiff "timely disclos[ed] William Buckley as Plaintiff's retained expert on damages and provid[ed] his initial report on November 19, 2021." (Mot. 1:16-17.) That same day, Defendants disclosed JoAnn Wall as a retained expert without an accompanying Rule 26 expert report. (King Decl. ¶ 7.) Egregiously, Defendants withheld Wall's appraisal report for three additional weeks (until Christmas Eve), **even though the report was completed on December 3, 2021**. (*Id.*)

On December 15, 2021, Plaintiff filed his Fourth Amended Complaint, adding SDI and Kieran Duggan as parties. (ECF No. 179.) Plaintiff propounded discovery on the new parties, but Defendants then proceeded to slow-roll discovery and, between March and April 2022, begrudgingly transmitted piecemeal document productions only after Plaintiff's prodding. (King Decl. ¶ 8.) Defendants' dilatory tactics caused Plaintiff to ask several times if they would agree to extensions of the fact and expert discovery cutoffs. Defendants refused. (*Id.*) The fact discovery cutoff was eventually extended to April 29, 2022, after Plaintiff filed an ex parte request. (Order on Pl.'s Ex Parte Appl., ECF No. 218.)

In light of the foregoing discovery developments, the Supplemental Report was served on April 28, 2022, in which Buckley supplemented his initial expert report to consider documents and information that Defendants turned over to Plaintiff after service of Buckley's initial report, and which necessitated additional analysis. Buckley unambiguously sets forth the grounds for supplementation at the outset:

> **Defendants, including SDI and Duggan, produced additional documents and reports after the Buckley Report of 11/19/2021 was issued**. . . . Provided herein is additional analyses of ATA and SDI financial data and the potential damages incurred by these entities due to the subsidization of KMBG, Adelaida, and the Ranches from the **additional discovery produced** in this case.

(Decl. of Johnny Antwiler in Supp. of MIL No. 4 ("Antwiler Decl.") Ex. B, ECF No. 357-1 (emphases added); *see also* King Decl. ¶ 3, Ex. 1.) Additionally, "Appendix 1"

of the Supplemental Report comprehensively lays out the documents relied on for Buckley's supplemental analysis—most, if not all of which, were received **after** he served his initial report.  (King Decl. ¶ 5.)

Although Plaintiff disclosed nine experts in November 2021, Defendants did not begin to depose them until April 2022, leading to a plethora of scheduling conflicts. (*See* Stip. to Continue Expert Disc. ¶ 4, ECF No. 221.)  While Plaintiff attempted to diligently schedule expert depositions, Defendants acted with no diligence or urgency, canceling depositions unilaterally at the last minute and simply refusing to respond. (*See* King Decl. ¶ 9, Ex. 2 (asking Defendants to promptly respond because "we had significant scheduling problems that resulted from your delay and inaction in responding to our proposed schedule"); Ex. 2 (offering **four** potential deposition dates for Buckley in April); Ex. 3 (warning Defendants that "our experts' available dates continue to fill up quickly. For example, Michael Spindler is no longer available on March 30 or 31 []. Thus, **by waiting you are assuming the risk that deposition dates will not be available prior to the expert discovery cutoff**." (emphasis added)).)

On April 10, Anthony King, counsel for Plaintiff, informed Defendants that the expert deposition schedule would need to be modified because of the litany of discovery delays, which Defendants created, including among other things the fact that "your clients have dragged out the production of documents, some of which we have still yet to receive, **that we requested long ago**" and "Defendants have failed to provide the requisite Rule 26 disclosures for their experts when they disclosed their witnesses[.]"  (King Decl. ¶ 10, Ex. 4 (emphasis added).)  In this same email, Mr. King notified Defendants that Buckley's deposition would need to be moved to a later date once "your clients have produced all of the SDI documents and Mr. Buckley has had opportunity to review those that have been belatedly produced."  (*Id.*, Ex. 4.)  Mr. King asked defense counsel when Plaintiff could expect the outstanding SDI discovery and the overdue expert witness information, and asked for dates at the end of April and beginning of May for Buckley's deposition.  (*Id.*)  On April 12, defense counsel,

Johnny Antwiler, responded, "I am fine with delaying Mr. Buckley's deposition until the end of April or first week of May." (King Decl. ¶ 11, Ex. 5.)

With a number of expert depositions still not completed, in April 2022, the parties stipulated to extend the expert discovery cutoff to May 20, 2022. (Stip. to Continue Expert Disc., ECF No. 221; Order Granting Stip. to Continue Expert Disc., ECF No. 224.)

On May 6, Mr. Antwiler unilaterally canceled Plaintiff's two deposition dates of Defendants' rebuttal expert, Mr. O'Bryan, on the specious grounds that the issuance of the Supplemental Report somehow necessitated taking both of O'Bryan's scheduled depositions off calendar. (King Decl. ¶ 12, Ex. 6.) Mr. King responded that this unilateral cancelation was improper given that one of O'Bryan's deposition dates "was entirely unrelated to Mr. Buckley's opinion." (King Decl. ¶ 13, Ex. 7.) Mr. King asked when Defendants would make O'Bryan available, given that when Mr. Antwiler canceled the depositions on May 6, he promised that he would do so "the following week." (*Id.*, Ex. 7.) Mr. King reminded Mr. Antwiler that "despite your unilateral decision to pull Mr. O'Bryan, we did not move to compel his deposition because of this offer (and to avoid motion practice). Despite our two requests to confirm dates for Mr. O'Bryan, we have yet to receive a response from you." (*Id.*, Ex. 7.)

On May 13, Mr. King advised Defendants that "William Buckley is only available next week on May 19[,]" and given that other experts were set to be deposed that same day, offered to check on different dates for their depositions as their schedules are "more flexible than Buckley's." (King Decl. ¶ 14, Ex. 8.)

Plaintiff's good faith efforts to resolve these ongoing defense-created expert discovery disputes were met with silence. On May 17, Mr. King wrote, "I have not heard back from you regarding my inquiry below as to whether there are any deposition dates [for O'Bryan] prior to **the June dates you offered** yesterday[,]" and "you have not confirmed Mr. Buckley's deposition for May 19, 2022, **nor have we received a deposition notice**." (King Decl. ¶ 15, Ex. 9 (emphasis added).) Mr. King

asked that Defendants confirm a start time for Buckley's deposition, which was scheduled for the next day.[1]  (*Id.*)

Less than twenty-four hours before Buckley's scheduled deposition, Mr. Antwiler announced that defense counsel was "unavailable," and that the deposition would not be going forward. (King Decl. ¶ 16, Ex. 10.)

Despite Plaintiff's efforts to work around defense counsel's scheduling conflicts and reticence about expert discovery issues, Defendants failed to take Buckley's deposition before the cutoff. (King Decl. ¶ 18.)  Defendants did not seek relief from the Court regarding extant discovery deadlines, attempt to compel Mr. Buckley's deposition, nor did they ask Plaintiff to stipulate to extend those dates.  (*Id.*)

## III.   ARGUMENT

### A.   Buckley's Report Was Timely Disclosed Under Rule 26

Rule 26(e) states that a party *must* supplement expert disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  Fed. R. Civ. P. 26(e)(1)(A) & (B).  "Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due."  Fed. R. Civ. P. 26(e)(2).

In other words, the time for supplementation is not limited to the discovery period. *Dayton Valley Inv'rs*, 2010 WL 3829219, at *3. In determining whether a supplement under FRCP 26(e) is appropriate, therefore, courts consider (1) whether the supplemental information corresponds to a prior Rule 26(a) disclosure and, if so, (2) whether the supplemental information was available at the time set for the initial disclosure. *Carrillo v. B & J Andrews Enters., LLC*, 2013 WL 420401, at *4 (D. Nev.

---

[1] Defendants attempt to impute some nefarious intent on Plaintiff's counsel for not including Mr. Antwiler in an email communication, but the his colleague and lead counsel, Mr. Edgerton was on the same email, and any non-inclusion was inadvertent. (King Decl. ¶ 13, Ex. 7.)

5

*PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 4*

Jan 31, 2013).

The cutoff for expert discovery was May 20, 2022 (ECF No. 224), and the Supplemental Report was disclosed on April 28, 2022 (King Decl. ¶ 3.) There can be no dispute that the Supplemental Report was timely disclosed by the deadline to complete all expert discovery and well before the pretrial disclosure deadline of July 29, 2022.

Not only was the Supplemental Report timely served, but it also properly supplemented Buckley's initial report. Buckley clearly indicated at the top of his report why supplementation was warranted: "Defendants, including SDI and Duggan, produced additional documents and reports **after the Buckley Report of 11/19/2021 was issued**[,]" and "Provided herein is additional analyses of ATA and SDI financial data and the potential damages incurred by these entities due to the subsidization of KMBG, Adelaida, and the Ranches **from the additional discovery produced in this case**." (Antwiler Decl. Ex. B (emphases added).) The Supplemental Report relies almost exclusively on documents and information provided by Defendants **after** Buckley issued his initial report in November 2021 and provides for the **first-time** damage calculations related to SDI—who was not a party in the case until December 2022 (after the original expert deadline). (King Decl. ¶ 4, Ex. 1.)

As indicated by "Appendix 1," the overwhelming thrust of Buckley's supplemental opinions and analyses are driven by documents that Defendants produced between December and April 2022—**months after** the initial report was issued. (King Decl. ¶ 5, Ex. 1.) Defendants now ignore the substance of the opinion (derived from the new productions) and dozens of newly cited documents in the Report so that they can misrepresent the grounds for their Motion and cry foul for Rule 26 and 37 purposes, after Defendants slow-rolled their document production until April 2022. (Mot. 6–8.) Unsurprisingly, Defendants do not cite any binding case law for the absurd proposition that a supplemental report must be excluded if **some** of the documents relied on therein are previously cited in an expert's initial report. This

simply is not the law.

And importantly, unlike Defendants who serially delayed their discovery obligations, Plaintiff submitted the Supplemental Report soon after Defendants' latent document productions became available—as soon as Buckley could conduct his analysis—giving Defendants ample time to not only depose Mr. Buckley (which they chose not to do), but also prepare their expert and their cross-examination in advance of a trial that was still months away. *See GenSci OrthoBiologics v. Osteotech, Inc.*, 2001 WL 36239743, at *12 (C.D. Cal. Oct. 18, 2001) (denying a motion to exclude a supplemental expert report "because the supplemental report issued relatively soon after the new information was disclosed"). Because the Supplemental Report was properly disclosed under Rule 26, the Court's analysis can end here.

### B. Rule 37 Evidentiary Sanctions Are Not Warranted Because the Supplemental Disclosure Was Substantially Justified and Harmless

Even if the report could be deemed as untimely under Rule 26 (it is not), Rule 37 evidentiary sanctions are still unwarranted here, as any alleged untimeliness of the disclosure is "substantially justified" or "harmless." Fed. R. Civ. P. 37(c)(1).

Here, the Supplemental Report was substantially justified because Defendants did not disclose the documents and information that were necessary for damages calculations until well after Buckley had issued his initial report. Specifically:

(i) Defendants dragged their feet for months in producing critical documents that Plaintiff was entitled to in discovery (King Decl. ¶ 8);

(ii) Defendants themselves stalled in disclosing the appraisal of JoAnn Wall (*Id*. ¶ 7);

(iii) Defendants intentionally or negligently failed to respond to Plaintiff's outreach efforts regarding expert witness deposition schedules (*Id*. ¶¶ 9, 15, Exs. 2–3, 9); and

(iv) only after Plaintiff received Wall's report and SDI and Duggan's productions did Buckley have the materials (for the first time) that

7
*PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 4*

enabled him to calculate SDI damages and lost profits.

Defendants will also suffer no prejudice if the Supplemental Report is not excluded for at least a few reasons. *First*, Defendants failed to seek either appropriate relief from the extant expert discovery deadlines from the Court or request Plaintiff stipulate to an extension of those deadlines. (King Decl. ¶ 18.) Rather, Defendants did nothing for over two years—they did not supplement their own reports with rebuttal opinions, move to compel a deposition, or seek any kind of relief at all. In such circumstances, it is well settled that courts will deny a motion in limine to exclude an expert. *Lindner v. Meadow Gold Dairies, Inc.*, 249 F.R.D. 625, 633 (D. Haw. 2008) (denying the motion when "[Defendant] was not diligent in bringing any noncompliance to the Court's attention.").

For instance, in *Krause v. Hawaiian Airlines, Inc.*, 2019 WL 13225251, at *4 (E.D. Cal. June 7, 2019), the court denied a motion in limine to exclude an expert despite a belated Rule 26 disclosure. The *Krause* court reasoned that even though the disclosure was:
> untimely and woefully inadequate . . . perhaps equally dubious is defendant's decision to wait almost a full month (until the discovery deadline was three weeks away) and then move to strike the disclosure in its entirety—rather than promptly seeking to compel supplemental disclosures. While the Federal Rules permit such a choice, in these circumstances, the court exercises its 'wide discretion' and opts not to impose exclusionary sanctions in an effort to deter what could be perceived as an attempt to scuttle plaintiff's case on procedural grounds[.]

*Id; see also Lobato v. Ford*, 2007 WL 3342598, at *7 (D. Colo. Nov. 9, 2007) ("An aggrieved party is expected to seek judicial intervention in a timely manner.").

*Second*, Defendants complain of a problem that they themselves created. Indeed, Defendants belatedly disclosed expert Wall's appraisal report, ran out the clock on discovery deadlines by slow-rolling SDI and Duggan's discovery, and refused to schedule Buckley's deposition until the precipice of the close of expert discovery, despite repeated prodding by Plaintiff to schedule the deposition.[2] Clearly there can be

---

[2] Further, as set out above, Defendants have presented a false narrative leading up to the disclosure of the Supplemental Report and the events following, in order to muster a basis for exclusion.

8

*PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 4*

no prejudice to Defendants who created this problem and did nothing to fix it. The Court should not countenance such gamesmanship.

*Third*, Defendants have had over **two years** to analyze the Supplemental Report and to prepare to cross-examine Buckley at trial. Thus, Defendants cannot legitimately claim that the Supplemental Report has impeded their ability to prepare for trial.

Finally, even assuming that exclusionary sanctions were available here, they should not be applied as the five *Wendt* factors weigh heavily in Plaintiff's favor: (1) there is a heavy public interest in this case expeditiously moving forward after four years of litigation; (2) a June trial will help lessen the burden on the Court's docket; (3) there is minimal risk of prejudice to Defendants, as explained above; (4) resolution of cases on their merits weighs heavily against defendant's request to strike plaintiff's expert disclosure altogether; and (5) exclusion of damages for SDI, which stands to be made whole in the derivative claims, is a severe sanction tantamount to a dismissal. *See Krause*, 2019 WL 13225251, at *5. In such circumstances, the Ninth Circuit requires a showing of "willfulness, fault, or bad faith." *R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1247 (9th Cir. 2012), which is not even remotely the case here. Accordingly, exclusion is not appropriate here.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an order denying Defendants' fourth motion in limine to exclude William Buckley's supplemental expert report.

Dated: May 24, 2024           **UMHOFER, MITCHELL & KING LLP**

By: *s/ Matthew Donald Umhofer*
Matthew Donald Umhofer
J. Anthony King
Diane H. Bang

*Attorneys for Plaintiff*

4889-1451-6415, v. 6