1  Timothy W. Fredricks (SBN 238039)
   Fredricks.T@wssllp.com
2  Richard P. Tricker (SBN 101460)
   Tricker.R@wssllp.com
3  **WINGET SPADAFORA & SCHWARTZBERG LLP**
   1800 Century Park East, Suite 205
4  Los Angeles, CA 90067
   Telephone: 310.836.4800
5  Facsimile: 310.836.4801

6  Attorneys for Defendants
   KEDRIN E. VAN STEENWYK and
7  ADELAIDA CELLARS, INC.

8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11

12  MATTHEW D. VAN STEENWYK,              Case No.: 2:20-cv-02375-FLA-AFM
    Individually, as Trustee and Beneficiary
13  of The Matthew Van Steenwyk GST        **DEFENDANTS KEDRIN E. VAN
    Trust and The Matthew Van Steenwyk     STEENWYK AND ADELAIDA
14  Issue Trust, and as Co-Trustee of The  CELLARS' LIST OF [PROPOSED]
    Gretchen Marie Van Steenwyk-Marsh      JURY INSTRUCTIONS**
15  GST Trust and The Gretchen Marie Van
    Steenwyk-Marsh Issue Trust, and
16  derivatively on behalf of Nominal
    Defendants APPLIED TECHNOLOGIES
17  ASSOCIATES, INC., SCIENTIFIC
    DRILLING INTERNATIONAL, INC.,
18  and ATA RANCHES, INC.,
19
20
                    Plaintiff,
21
            v.
22
23  KEDRIN E. VAN STEENWYK,
    Individually, as Successor Trustee of the
24  Donald H. Van Steenwyk and Elizabeth
    A. Van Steenwyk 1996 Revocable Trust;
25  PAMELA PIERCE, Individually; PHILIP
    GOBE, Individually; PHILIP
26  LONGORIO, Individually; GENE
27
28

1  DUROCHER, Individually; DANIEL
2  CARTER, Individually; JOSEPH
   MCCOY, Individually; KIERAN
3  DUGGAN, Individually; ELIZABETH
4  A. VAN STEENWYK, Individually, and
   as Original Trustee and as Beneficiary of
5  the Donald H. Van Steenwyk and
6  Elizabeth A. Van Steenwyk 1996
   Revocable Trust; ADELAIDA
7  CELLARS, INC., a California
8  Corporation; and DOES 4-10, inclusive,

9              Defendants,

10 and

11 APPLIED TECHNOLOGIES
   ASSOCIATES, INC., SCIENTIFIC
12 DRILLING INTERNATIONAL, INC.,
   and ATA RANCHES, INC.,
13
14              Nominal Defendants.

15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS'
LIST OF [PROPOSED] JURY INSTRUCTIONS

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendants Kedrin E. Van Steenwyk and Adelaida Cellars' List of Proposed Jury Instructions are set forth herein. Modified Jury Instructions and Special Jury Instructions are attached.

**<u>Ninth Circuit Model Civil Jury Instructions:</u>**

1.4 Duty of the Jury

1.5 Claims and Defenses

1.6 Burden of Proof—Preponderance of the Evidence

1.7 Burden of Proof—Clear and Convincing Evidence

1.8 Two or More Parties—Different Legal Rights

1.9 What is Evidence

1.10 What is Not Evidence

1.11 Evidence for Limited Purpose

1.12 Direct and Circumstantial Evidence

1.13 Ruling on Objections

1.14 Credibility of Witnesses

1.15 Conduct of the Jury

1.17 No Transcript Available to Jury

1.18 Taking Notes

1.20 Bench Conferences and Recesses

1.21 Outline of Trial

2.0 Cautionary Instructions

2.2 Stipulations of Fact

2.4 Deposition in Lieu of Live Testimony

2.11 Use of Interrogatories

2.12 Use of Request for Admission

2.13 Expert Opinion

2.14 Charts and Summaries Not Received in Evidence

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS'
LIST OF [PROPOSED] JURY INSTRUCTIONS

1  2.15 Charts and Summaries Received in Evidence

2  3.1 Duty to Deliberate

3  3.2 Consideration of Evidence—Conduct of the Jury

4  3.3 Communication with Court

5  3.4 Readback or Playback

6  3.5 Return of Verdict

7  3.6 Additional Instruction of Law

8  3.7 Deadlocked Jury

9  3.8 Continuing Deliberations After Juror is Discharged

10  3.9 Post-Discharge Instruction

11  4.1 Corporations and Partnerships – Fair Treatment

12  5.1 Damages – Proof

13  **CACI Jury Instructions:**

14  105. Insurance

15  111. Instruction to Alternate Jurors

16  113. Bias

17  117. Wealth of Parties

18  203. Party Having Power to Produce Better Evidence

19  204. Willful Suppression of Evidence

20  205. Failure to Explain or Deny Evidence

21  212. Statements of a Party Opponent

22  213. Adoptive Admissions

23  215. Exercise of a Communication Privilege

24  220. Experts-Questions Containing Assumed Facts

25  221. Conflicting Expert Testimony

26  223. Opinion Testimony of Lay Witness

27  430. Causation: Substantial Factor

28  3610 Aiding and Abetting Tort—Essential Factual Elements (as modified)

2

3900. Introduction To Tort Damages—Liability Contested (as modified)

3903. Items of Economic Damage (as modified)

3924. No Punitive Damages

3925. Arguments of Counsel Not Evidence of Damages

3933. Damages From Multiple Defendants

3934. Damages on Multiple Legal Theories (as modified)

3948. Punitive Damages—Individual and Corporate Defendants—Bifurcated Trial (First Phase) (as modified)

3949. Punitive Damages—Individual and Corporate Defendants—Bifurcated Trial (Second Phase)

3964. Jurors Not to Consider Attorney Fees and Court Costs

4100. "Fiduciary Duty" Explained (as modified)

4102. Duty of Undivided Loyalty—Essential Factual Elements (as modified)

4120. Affirmative Defense—Statute of Limitations (as modified)

5002. Evidence

5003. Witnesses

5005. Multiple Parties

5011. Reading Back of Trial Testimony in Jury Room

5012. Introduction to Special Verdict Form

5016. Judge's Commenting on Evidence

5017. Polling the Jury

5019. Questions From Jurors

5020. Demonstrative Evidence

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS'
LIST OF [PROPOSED] JURY INSTRUCTIONS

**WINGET SPADAFORA & SCHWARTZBERG LLP**

Dated: May 24, 2024          By:   */s/ Richard P. Tricker*
                                    Timothy W. Fredricks
                                    Richard P. Tricker

                                    Attorneys for Defendants
                                    KEDRIN E. VAN STEENWYK and
                                    ADELAIDA CELLARS, INC.

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS'
LIST OF [PROPOSED] JURY INSTRUCTIONS

## 1.4. Duty of the Jury

Members of the Jury: Now that you have heard all of the evidence ~~[and the arguments of the attorneys]~~, it is my duty to instruct you on the law that applies to this case.

~~[~~Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.~~]~~

*~~or~~*

~~[A copy of these instructions will be sent to the jury room for you to consult during your deliberations.]~~

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS'
LIST OF [PROPOSED] JURY INSTRUCTIONS

## 1.5 Parties, Claims, and Defenses

To help you follow the evidence, I will give you a brief summary of the who the parties are and their positions and contentions in this case.

### Parties

1.     Matthew Van Steenwyk ("Plaintiff") is the plaintiff in this case. He is the trustee of his own trusts, as well as his sister Gretchen Marie Van Steenwyk-Marsh's ("Gretchen") trusts-both of which own shares of Applied Technology Associates, Inc. ("ATA") and Scientific Drilling International, Inc. ("SDI").

2.     Nominal Defendant ATA is a California corporation, and nominal defendant SDI is a Texas corporation.  ATA and SDI operate under common ownership and management, with the same individuals serving as Directors of both AT A and SDI, and with overlapping Officers.  Nominal Defendant ATA Ranches, Inc. ("ATA Ranches") is a Delaware corporation which is a wholly-owned by ATA.

3.     Defendant Adelaida Cellars, Inc. ("Adelaida Cellars") is a California corporation which operates a winery in Paso Robles, California.

4.     Defendants Kedrin Van Steenwyk, Pamela Pierce, Phillip Gobe, Philip Longorio, Gene Durocher, and Joseph McCoy are Directors of ATA and SDI, and Defendants Daniel Carter, Philip Longorio, Pamela Pierce, and Kieran Duggan served as or are currently serving as Officers of A TA and SDI.

5.     Defendant Kedrin Van Steenwyk is also the executor of her mother Elizabeth Van Steenwyk's estate and the successor trustee of one of her mother's trusts.

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS'
LIST OF [PROPOSED] JURY INSTRUCTIONS

### Claims

I will also give you a brief summary of the positions of the parties. Plaintiff has brought four distinct claims:

1.      In the First Cause of Action, Plaintiff asserts derivative claims alleging that Defendants (other than Adelaida Cellars) breached their fiduciary duties owed to ATA and SDI.

2.      [In the Second Cause of Action, Plaintiff asserts derivative claims of corporate wastes against Defendants Kedrin Van Steenwyk, Pamela Pierce, Philip Gobe, Philip Longorio, Gene Durocher, Joseph McCoy, and Daniel Carter in their capacities as Directors of ATA and SDI.]

3.      In the Fifth Cause of Action, Plaintiff asserts direct claims against the controlling shareholder of ATA and SDI, alleging breach of fiduciary duties owed to the minority shareholders of ATA and SDI.

4.      In the Sixth Cause of Action, Plaintiff asserts direct claims against Defendants Kedrin Van Steenwyk, Pamela Pierce, Philip Gobe, Philip Longorio, Gene Durocher, Daniel Carter, Joseph McCoy, Kieran Duggan and Adelaida Cellars have aided and abetted the breaches of fiduciary duties by the controlling shareholder of ATA and SDI.

The first two claims are referred to as "derivative" claims. These claims are brought by Plaintiff on behalf of ATA, SDI, and ATA Ranches for alleged harm caused to those companies. The remaining two claims are direct claims brought by Plaintiff for alleged harm to him separate and apart from any harm to ATA, SDI and/or SDI.

Plaintiff has the burden of proving each of the claims.

### Defenses

Defendants deny each claim and assert the following affirmative

7

defenses:

1.     Plaintiff lacks standing to bring some or all of the claims he alleges in the Complaint.

2.     Plaintiff's claims are barred by the doctrine of unclean hands.

3.     Plaintiff's claims are barred by the relevant statutes of limitations.

4.     Plaintiff claims are barred by waiver, as he has been fully aware of the facts and circumstances giving rise to the claims he asserts for years yet failed to take action or raise objection.

5.     Plaintiff's claims are barred by the business judgment rule.

6.     Plaintiff's claims are barred because he did not make an adequate pre-suit demand pursuant to Corporations Code section 800.

7.     Plaintiff's claims are barred by laches.

Defendants have the burden of providing these affirmative defenses.


Authorities: *Ninth Circuit Model Instruction No. 1.5*

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS' LIST OF [PROPOSED] JURY INSTRUCTIONS

### 1.6 Burden of Proof—Preponderance of the Evidence

When a party has the burden of proving any claim [or affirmative defense] by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim [or affirmative defense] is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS' LIST OF [PROPOSED] JURY INSTRUCTIONS

**1.7 Burden of Proof—Clear and Convincing Evidence**

---

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS'
LIST OF [PROPOSED] JURY INSTRUCTIONS

1

2

## 1.8 Two or More Parties—Different Legal Rights

3    You should decide the case as to each ~~[plaintiff] [defendant] [~~party~~]~~

4   separately. Unless otherwise stated, the instructions apply to all parties.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS'
LIST OF [PROPOSED] JURY INSTRUCTIONS

## 1.9 What is Evidence

The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits that are admitted into evidence;

3.    any facts to which the lawyers have agreed; and

4.    any facts that I [may instruct] [have instructed] you to accept as proved.

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS'
LIST OF [PROPOSED] JURY INSTRUCTIONS

## 1.10 What is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)   Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they ~~[may say] [~~have said~~]~~ in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)   Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)   Testimony that is excluded or stricken, or that you ~~[are] [~~have been~~]~~ instructed to disregard, is not evidence and must not be considered. In addition, some evidence ~~[may be] [~~was~~]~~ received only for a limited purpose; when I ~~[instruct] [~~have instructed~~]~~ you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4)   Anything you may ~~[see or hear] [~~have seen or heard~~]~~ when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

13

1

## 1.11 Evidence for Limited Purpose

2

_____

3        Some evidence may be admitted only for a limited purpose.

4        When I instruct you that an item of evidence has been admitted only for a

5    limited purpose, you must consider it only for that limited purpose and not for any

6    other purpose.

7        [The testimony [you are about to hear] [you have just heard] may be

8    considered only for the limited purpose of ***[describe purpose]*** and not for any other

9    purpose.]

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS'
LIST OF [PROPOSED] JURY INSTRUCTIONS

## 1.12 Direct and Circumstantial Evidence

---

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS' LIST OF [PROPOSED] JURY INSTRUCTIONS

## 1.13 Ruling on Objections

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered, or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS'
LIST OF [PROPOSED] JURY INSTRUCTIONS

## 1.14 Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the opportunity and ability of the witness to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case, if any;

(5)    the witness's bias or prejudice, if any;

(6)    whether other evidence contradicted the witness's testimony;

(7)    the reasonableness of the witness's testimony in light of all the evidence; and

(8)    any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the

17

number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS'
LIST OF [PROPOSED] JURY INSTRUCTIONS

# 1.15 Conduct of the Jury

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS'
LIST OF [PROPOSED] JURY INSTRUCTIONS

properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it[,although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings [, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS'
LIST OF [PROPOSED] JURY INSTRUCTIONS

1

2

## 1.17 No Transcript Available to Jury

3

4

    I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS'
LIST OF [PROPOSED] JURY INSTRUCTIONS

**1.18 Taking Notes**

_____

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS'
LIST OF [PROPOSED] JURY INSTRUCTIONS

1

## 1.20 Bench Conferences and Recesses

2

_____

3      From time to time during the trial, it [may become] [became] necessary for me
4  to talk with the attorneys out of the hearing of the jury, either by having a conference
5  at the bench when the jury [is] [was] present in the courtroom, or by calling a recess.
6  Please understand that while you [are] [were] waiting, we [are] [were] working. The
7  purpose of these conferences is not to keep relevant information from you, but to
8  decide how certain evidence is to be treated under the rules of evidence and to avoid
9  confusion and error.

10      Of course, we [will do] [have done] what we [can] [could] to keep the number
11  and length of these conferences to a minimum. I [may] [did] not always grant an
12  attorney's request for a conference. Do not consider my granting or denying a
13  request for a conference as any indication of my opinion of the case or of what your
14  verdict should be.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS'
LIST OF [PROPOSED] JURY INSTRUCTIONS

1
2

### 1.21 Outline of Trial

3    Trials proceed in the following way: First, each side may make an opening
4    statement. An opening statement is not evidence. It is simply an outline to help you
5    understand what that party expects the evidence will show. A party is not required to
6    make an opening statement.

7    The plaintiff will then present evidence, and counsel for the defendant may
8    cross-examine. Then the defendant may present evidence, and counsel for the
9    plaintiff may cross-examine.

10    After the evidence has been presented, I will instruct you on the law that
11    applies to the case and the attorneys will make closing arguments.

12    After that, you will go to the jury room to deliberate on your verdict.

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS'
LIST OF [PROPOSED] JURY INSTRUCTIONS

## 2.0 Cautionary Instructions

**At the End of Each Day of the Case:**

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom. This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers. You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

**At the Beginning of Each Day of the Case:**

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here. So you must not learn any additional information about the case from sources outside the courtroom. To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

[ALTERNATIVE 1 (in open court): if you think that you might have done so, please let me know now by raising your hand. [Wait for a show of hands]. I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break. Thank you for your careful adherence to my instructions.]

[ALTERNATIVE 2 (during voir dire with each juror, individually): Have you learned about or shared any information about this case outside of this courtroom? . . . Thank you for your careful adherence to my instructions.]

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS'
LIST OF [PROPOSED] JURY INSTRUCTIONS

## 2.2 Stipulations of Fact

The parties have agreed to certain facts [to be placed in evidence as Exhibit __] [that will be read to you]. You must therefore treat these facts as having been proved.

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS'
LIST OF [PROPOSED] JURY INSTRUCTIONS

1
2

## 2.4 Deposition in Lieu of Live Testimony

_____

3
4
5
6

    A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. [When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.]

7
8
9

    The deposition of ***[name of witness]*** was taken on ***[date]***. Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

10
11

    [Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS' LIST OF [PROPOSED] JURY INSTRUCTIONS

## 2.11 Use of Interrogatories

Evidence [will now be] [was] presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS'
LIST OF [PROPOSED] JURY INSTRUCTIONS

## 2.12 Use of Request for Admission

Evidence [will now be] [was] presented to you in the form of admissions to the truth of certain facts. These admissions were given in writing and under oath before the trial, in response to requests that were submitted under established court procedures. You must treat these facts as having been proved.

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS'
LIST OF [PROPOSED] JURY INSTRUCTIONS

**2.13 Expert Opinion**

---

You [have heard] [are about to hear] testimony from [name]several experts who [testified] [will testify] about their [his] [her]opinions and the reasons for those opinions. This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS'
LIST OF [PROPOSED] JURY INSTRUCTIONS

## 2.14 Charts and Summaries Not Received in Evidence

Certain charts and summaries not admitted into evidence [may be] [have been] shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS'
LIST OF [PROPOSED] JURY INSTRUCTIONS

## 2.15 Charts and Summaries Received in Evidence

Certain charts and summaries [may be] [have been] admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS'
LIST OF [PROPOSED] JURY INSTRUCTIONS

### 3.1 Duty to Deliberate

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS'
LIST OF [PROPOSED] JURY INSTRUCTIONS

## 3.2 Consideration of Evidence—Conduct of the Jury

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been

34

excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings ~~[, and a mistrial could result that would require the entire trial process to start over]~~. If any juror is exposed to any outside information, please notify the court immediately.

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS'
LIST OF [PROPOSED] JURY INSTRUCTIONS

### 3.3 Communication with Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk] [bailiff], signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS' LIST OF [PROPOSED] JURY INSTRUCTIONS

### 3.4 Readback or Playback

If during jury deliberations a request is made by the jury or by one or more jurors for a readback of a portion or all of a witness's testimony, and the court in exercising its discretion determines after consultation with the lawyers that a readback should be allowed, the Committee recommends the following admonition be given in open court with both sides present:

Because a request has been made for a [readback] [playback] of the testimony of ***[witness's name]*** it is being provided to you, but you are cautioned that all [readbacks] [playbacks] run the risk of distorting the trial because of overemphasis of one portion of the testimony. [Therefore, you will be required to hear all the witness's testimony on direct and cross-examination, to avoid the risk that you might miss a portion bearing on your judgment of what testimony to accept as credible.] [Because of the length of the testimony of this witness, excerpts will be [read] [played].] The [readback] [playback] could contain errors. The [readback] [playback] cannot reflect matters of demeanor [, tone of voice,] and other aspects of the live testimony. Your recollection and understanding of the testimony controls. Finally, in your exercise of judgment, the testimony [read] [played] cannot be considered in isolation but must be considered in the context of all the evidence presented.

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS' LIST OF [PROPOSED] JURY INSTRUCTIONS

1
2

### 3.5 Return of Verdict

_____

3   A verdict form has been prepared for you. ***[Explain verdict form as needed.]***

4   After you have reached unanimous agreement on a verdict, your [presiding juror]

5   [foreperson] should complete the verdict form according to your deliberations, sign

6   and date it, and advise the [clerk] [bailiff] that you are ready to return to the

7   courtroom.

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS'
LIST OF [PROPOSED] JURY INSTRUCTIONS

### 3.6 Additional Instruction of Law

At this point I will give you an additional instruction. By giving an additional instruction at this time, I do not mean to emphasize this instruction over any other instruction.

You are not to attach undue importance to the fact that this instruction was read separately to you. You must consider this instruction together with all of the other instructions that were given to you.

**_[Insert text of new instruction.]_**

You will now retire to the jury room and continue your deliberations.

### 3.7 Deadlocked Jury

---

Members of the jury, you have advised that you have been unable to agree upon a verdict in this case. I have decided to suggest a few thoughts to you.

As jurors, you have a duty to discuss the case with one another and to deliberate in an effort to reach a unanimous verdict if each of you can do so without violating your individual judgment and conscience. Each of you must decide the case for yourself, but only after you consider the evidence impartially with the other jurors. During your deliberations, you should not be unwilling to reexamine your own views and change your opinion if you become persuaded that it is wrong. However, you should not change an honest belief as to the weight or effect of the evidence solely because of the opinions of the other jurors or for the mere purpose of returning a verdict.

All of you are equally honest and conscientious jurors who have heard the same evidence. All of you share an equal desire to arrive at a verdict. Each of you should ask yourself whether you should question the correctness of your present position.

I remind you that in your deliberations you are to consider the instructions I have given you as a whole. You should not single out any part of any instruction, including this one, and ignore others. They are all equally important.

You may now return to the jury room and continue your deliberations.

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS' LIST OF [PROPOSED] JURY INSTRUCTIONS

### 3.8 Continuing Deliberations After Juror is Discharged

[One] [Some] of your fellow jurors [has] [have] been excused from service and will not participate further in your deliberations. You should not speculate about the reason the [juror is] [jurors are] no longer present.

You should continue your deliberations with the remaining jurors. Do not consider the opinions of the excused [juror] [jurors] as you continue deliberating. All the previous instructions given to you still apply, including the requirement that all the remaining jurors unanimously agree on a verdict.

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS'
LIST OF [PROPOSED] JURY INSTRUCTIONS

### 3.9 Post-Discharge Instruction

Now that the case has been concluded, some of you may have questions about the confidentiality of the proceedings. Now that the case is over, you are free to discuss it with any person you choose. By the same token, however, I would advise you that you are under no obligation whatsoever to discuss this case with any person.

[If you do decide to discuss the case with anyone, I would suggest you treat it with a degree of solemnity in that whatever you do decide to say, you would be willing to say in the presence of the other jurors or under oath here in open court in the presence of all the parties.]

[Finally, always bear in mind that if you do decide to discuss this case, the other jurors fully and freely stated their opinions with the understanding they were being expressed in confidence. Please respect the privacy of the views of the other jurors.]

[Finally, if you would prefer not to discuss the case with anyone, but are feeling undue pressure to do so, please feel free to contact the courtroom deputy, who will notify me, and I will assist.]

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS'
LIST OF [PROPOSED] JURY INSTRUCTIONS

1

**4.1 Corporations and Partnerships – Fair Treatment**

2
_____

3       All parties are equal before the law and ~~a [~~corporation~~s,] [partnership], and~~

4 ~~trusts~~ ~~is~~ are entitled to the same fair and conscientious consideration by you as any

5 party.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS'
LIST OF [PROPOSED] JURY INSTRUCTIONS

## 5.1 Damages — Proof

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff [on the plaintiff's *[specify type of claim]* claim], you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

*[Insert types of damages. See Instruction 5.2 (Measures of Types of Damages)]*

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS'
LIST OF [PROPOSED] JURY INSTRUCTIONS

1

2

**CACI No. 105. Insurance**

3
4
5

      You must not consider whether any of the parties in this case has insurance. The presence or absence of insurance is totally irrelevant. You must decide this case based only on the law and the evidence.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS' LIST OF [PROPOSED] JURY INSTRUCTIONS

**CACI No. 111. Instruction to Alternate Jurors**

As [an] alternate juror[s], you are bound by the same rules that govern the conduct of the jurors who are sitting on the panel. You will observe the same trial and should pay attention to all of my instructions just as if you were sitting on the panel. Sometimes a juror needs to be excused during a trial for illness or some other reason. If that happens, an alternate will be selected to take that juror's place.

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS'
LIST OF [PROPOSED] JURY INSTRUCTIONS

**CACI No. 113. Bias**

Each one of us has biases about or certain perceptions or stereotypes of other people. Bias is a tendency to favor or disfavor a person or group of people. We may be aware of some of our biases, though we may not reveal them to others. We may not be fully aware of some of our other biases. We refer to biases that we are not fully aware of as "implicit" or "unconscious." They may be based on stereotypes we would reject if they were brought to our attention. Implicit or unconscious biases can affect how we perceive others and how we make decisions, without our being aware of the effect of these biases on those decisions.

Our biases often affect how we act, favorably or unfavorably, toward someone. Bias can affect our thoughts, how we remember, what we see and hear, and whom we believe or disbelieve. We may favor or be more likely to believe people whom we see as similar to us or with whom we identify. Or we may disfavor or be less likely to believe people whom we see as different from us.

As jurors you are being asked to make very important decisions in this case. You must not let bias, prejudice, or public opinion influence your decision. You must not be biased in favor of or against parties or witnesses because of their race, national origin, ethnicity, disability, gender, gender identity, gender expression, religion, sexual orientation, age, [or] socioeconomic status.[, or [*insert any other impermissible form of bias*]].

Your verdict must be based solely on the evidence presented. You must carefully evaluate the evidence and resist any urge to reach a verdict that is influenced by bias for or against any party or witness.

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS'
LIST OF [PROPOSED] JURY INSTRUCTIONS

1

## CACI No. 117. Wealth of Parties

2

3    In reaching a verdict, you may not consider the wealth or poverty of any party.

4  The parties' wealth or poverty is not relevant to any of the issues that you must

5  decide.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS'
LIST OF [PROPOSED] JURY INSTRUCTIONS

## CACI No. 203. Party Having Power to Produce Better Evidence

You may consider the ability of each party to provide evidence. If a party provided weaker evidence when it could have provided stronger evidence, you may distrust the weaker evidence.

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS'
LIST OF [PROPOSED] JURY INSTRUCTIONS

# CACI No. 204. Willful Suppression of Evidence

You may consider whether one party intentionally concealed or destroyed evidence. If you decide that a party did so, you may decide that the evidence would have been unfavorable to that party.

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS'
LIST OF [PROPOSED] JURY INSTRUCTIONS

**CACI No. 205. Failure to Explain or Deny Evidence**

If a party failed to explain or deny evidence against **[him/her/*nonbinary pronoun*/it]** when **[he/she/*nonbinary pronoun*/it]** could reasonably be expected to have done so based on what **[he/she/*nonbinary pronoun*/it]** knew, you may consider **[his/her/*nonbinary pronoun*/its]** failure to explain or deny in evaluating that evidence.

It is up to you to decide the meaning and importance of the failure to explain or deny evidence against the party.

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS' LIST OF [PROPOSED] JURY INSTRUCTIONS

## CACI No. 212. Statements of a Party Opponent

A party may offer into evidence any oral or written statement made by an opposing party outside the courtroom.

When you evaluate evidence of such a statement, you must consider these questions:

1. Do you believe that the party actually made the statement? If you do not believe that the party made the statement, you may not consider the statement at all.

2. If you believe that the statement was made, do you believe it was reported accurately?

You should view testimony about an oral statement made by a party outside the courtroom with caution.

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS'
LIST OF [PROPOSED] JURY INSTRUCTIONS

## CACI No. 213. Adoptive Admissions

You have heard evidence that **[*name of declarant*]** made the following statement: **[*describe statement*]**. You may consider that statement as evidence against **[*name of party against whom statement was offered*]** only if you find that all of the following conditions are true:

1.    The statement was made to **[*name of party against whom statement was offered*]** or made in **[his/her/*nonbinary pronoun*]** presence;

2.    **[*Name of party against whom statement was offered*]** heard and understood the statement;

3.    **[*Name of party against whom statement was offered*]** would, under all the circumstances, naturally have denied the statement if **[he/she/*nonbinary pronoun*]** thought it was not true;

      AND

4.    **[*Name of party against whom statement was offered*]** could have denied it but did not.

If you decide that any of these conditions are not true, you must not consider for any purpose either the statement or **[*name of party against whom statement was offered*]**'s response.

[You must not consider this evidence against any other party.]

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS'
LIST OF [PROPOSED] JURY INSTRUCTIONS

1
2

## CACI No. 215. Exercise of a Communication Privilege

3
4
5
6
7
8
9

[*Name of party/witness*] has an absolute right not to disclose what [**he/she/*nonbinary pronoun***] told [**his/her/*nonbinary pronoun***] [**doctor/attorney/[*other*]**] in confidence because the law considers this information privileged. Do not consider, for any reason at all, the fact that [***name of party/witness***] did not disclose what [**he/she/*nonbinary pronoun***] told [**his/her/*nonbinary pronoun***] [**doctor/attorney/[*other*]**]. Do not discuss that fact during your deliberations or let it influence your decision in any way.

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS'
LIST OF [PROPOSED] JURY INSTRUCTIONS

**CACI No. 220. Experts-Questions Containing Assumed Facts**

The law allows expert witnesses to be asked questions that are based on assumed facts. These are sometimes called "hypothetical questions."

In determining the weight to give to the expert's opinion that is based on the assumed facts, you should consider whether the assumed facts are true.

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS'
LIST OF [PROPOSED] JURY INSTRUCTIONS

## CACI No. 221. Conflicting Expert Testimony

If the expert witnesses disagreed with one another, you should weigh each opinion against the others. You should examine the reasons given for each opinion and the facts or other matters that each witness relied on. You may also compare the experts' qualifications.

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS'
LIST OF [PROPOSED] JURY INSTRUCTIONS

**CACI No. 223. Opinion Testimony of Lay Witness**

A witness [who was not testifying as an expert] gave an opinion during the trial. You may, but are not required to, accept that opinion. You may give the opinion whatever weight you think is appropriate.

Consider the extent of the witness's opportunity to perceive the matters on which the opinion is based, the reasons the witness gave for the opinion, and the facts or information on which the witness relied in forming that opinion. You must decide whether information on which the witness relied was true and accurate. You may disregard all or any part of an opinion that you find unbelievable, unreasonable, or unsupported by the evidence.

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS'
LIST OF [PROPOSED] JURY INSTRUCTIONS

## CACI No. 430. Causation: Substantial Factor

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

[Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.]

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS'
LIST OF [PROPOSED] JURY INSTRUCTIONS

## CACI No. 3610. Aiding and Abetting Tort − Essential Factual Elements

[**Name of plaintiff**] claims that [**he/she/nonbinary pronoun**] was harmed by [**name of actor**]'s [**insert tort theory, e.g., assault and battery**] and that [**name of defendant**] is responsible for the harm because [**he/she/nonbinary pronoun**] aided and abetted [**name of actor**] in committing the [**e.g., assault and battery**].

If you find that [**name of actor**] committed [a/an] [**e.g., assault and battery**] that harmed [**name of plaintiff**], then you must determine whether [**name of defendant**] is also responsible for the harm. [**Name of defendant**] is responsible as an aider and abetter if [**name of plaintiff**] proves all of the following:

1.  That [**name of defendant**] knew that [a/an] [**e.g., assault and battery**] was [being/going to be] committed by [**name of actor**] against [**name of plaintiff**];

2.  That [**name of defendant**] gave substantial assistance or encouragement to [**name of actor**]; and

3.  That [**name of defendant**]'s conduct was a substantial factor in causing harm to [**name of plaintiff**].

Mere knowledge that [a/an] [**e.g., assault and battery**] was [being/going to be] committed and the failure to prevent it do not constitute aiding and abetting.

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS'
LIST OF [PROPOSED] JURY INSTRUCTIONS

## CACI No. 3610. Aiding and Abetting Tort –Essential Factual Elements

In the Sixth Cause of Action, Plaintiff claims that he was harmed by the Survivor's Trust's breach of fiduciary duty and that Adelaida Cellars is responsible for the harm because it aided and abetted the Survivor's Trust in committing the breach of fiduciary duty.

If you find that the Survivor's Trust committed a breach of fiduciary duty that directly harmed Plaintiff (entirely separate from any harm to ATA/SDI), then you must determine whether Adelaida Cellars is also responsible for the harm. Adelaida Cellars is responsible as an aider and abetter if Plaintiff proves all of the following:

1. That Adelaida Cellars knew that a breach of fiduciary duty was being committed by the Survivor's Trust against Plaintiff;

2. That Adelaida Cellars gave substantial assistance or encouragement to the Survivor's Trust; and

3. That Adelaida Cellar's conduct was a substantial factor in causing direct harm to Plaintiff.

Mere knowledge that breach of fiduciary duty was being committed and the failure to prevent it do not constitute aiding and abetting.

Modified.

## CACI No. 3900. Introduction To Tort Damages-Liability Contested

If you decide that Plaintiff has proved his claim against each Defendant, you also must decide how much money will reasonably compensate Plaintiff for the harm. This compensation is called "damages."

The amount of damages must include an award for each item of harm that was caused by Defendant's wrongful conduct, even if the particular harm could not have been anticipated.

Plaintiff does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. However, you must not speculate or guess in awarding damages.

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS'
LIST OF [PROPOSED] JURY INSTRUCTIONS

## CACI No. 3903. Items of Economic Damage

The following are the specific items of economic damages claimed by Plaintiff: the difference between the amounts paid to ATA/SDI in connection with (1) the sale of Adelaida Cellars to KMBG; (2) the grape purchase agreements between ATA and Adelaida Cellars; and/or (3) the service agreements between ATA/SDI and Adelaida Cellars and their fair price.

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS'
LIST OF [PROPOSED] JURY INSTRUCTIONS

### CACI No. 3924. No Punitive Damages

You must not include in your award any damages to punish or make an example of any defendant [*name of defendant*]. Such damages would be punitive damages, and they cannot be a part of your verdict. You must award only the damages that fairly compensate Matthew Van Steenwyk [*name of plaintiff*] for his [his/her/ *nonbinary pronoun*/its] loss.

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS'
LIST OF [PROPOSED] JURY INSTRUCTIONS

## CACI No. 3925. Arguments of Counsel Not Evidence of Damages

The arguments of the attorneys are not evidence of damages. Your award must be based on your reasoned judgment applied to the testimony of the witnesses and the other evidence that has been admitted during trial.

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS'
LIST OF [PROPOSED] JURY INSTRUCTIONS

## CACI No. 3933. Damages From Multiple Defendants

---

In this case, Matthew Van Steenwyk [*name of plaintiff*] seeks damages from
more than one defendant. You must determine the liability of each defendant to
Matthew Van Steenwyk [*name of plaintiff*] separately.

If you determine that more than one defendant is liable to Matthew Van
Steenwyk [*name of plaintiff*] for damages, you will be asked to find Matthew Van
Steenwyk's [*name of plaintiff*]'s total damages [and the comparative fault of [[*name
of plaintiff*]/**each defendant**/ [**and] other nonparties]]**.

In deciding on the amount of damages, consider only Matthew Van
Steenwyk's [*name of plaintiff*]'s claimed losses. Do not attempt to divide the
damages [between/among] the defendants. The allocation of responsibility for
payment of damages among multiple defendants is to be done by the court after you
reach your verdict.

## CACI No. 3934. Damages on Multiple Legal Theories

Plaintiff seeks damages from Defendants under more than one legal theory. However, each item of damages may be awarded only once, regardless of the number of legal theories alleged.

You will be asked to decide whether Defendants are liable to Plaintiff for economic damages under the following legal theories:

1.      Breach of Fiduciary Duty (Derivative);

2.      Corporate Waste;

3.      Breach of Fiduciary Duty By The Controlling Shareholder (Direct);

4.      Aiding and Abetting Controlling Shareholder's Breach of Fiduciary Duty (Direct)

Economic damages are recoverable only once under all of the above legal theories.

Modified.

**CACI No. 3948. Punitive Damages – Individual and Corporate Defendants (Corporate Liability Based on Acts of Named Individual) – Bifurcated Trial (First Phase)**

If you decide that any Defendants' conduct caused Plaintiff's harm, you must decide whether that conduct justifies an award of punitive damages against that Defendant. The amount, if any, of punitive damages will be an issue decided later.

You may award punitive damages against a Defendant only if Plaintiff proves by clear and convincing evidence that such Defendant engaged in that conduct with malice, oppression, or fraud.

"Malice" means that a defendant acted with intent to cause injury or that a defendant's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A defendant acts with knowing disregard when the defendant is aware of the probable dangerous consequences of the defendant's conduct and deliberately fails to avoid those consequences.

"Oppression" means that a defendant's conduct was despicable and subjected James Braswell to cruel and unjust hardship in knowing disregard of his rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that a defendant intentionally misrepresented or concealed a material fact and did so intending to harm James Braswell.

You may also award punitive damages against Adelaida Cellars based on Kedrin Van Steenwyk's conduct if Plaintiff proves the following by clear and convincing evidence:  That Kedrin Van Steenwyk was an officer, a director, or a managing agent of Adelaida Cellars who was acting on behalf of Adelaida Cellars at the time of the conduct constituting malice, oppression, or fraud.

Modified.

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS' LIST OF [PROPOSED] JURY INSTRUCTIONS

**CACI No. 3949. Punitive Damages – Individual and Corporate Defendants – Bifuricated Trial (Second Phase)**

You must now decide the amount, if any, that you should award [*name of plaintiff*] in punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following factors separately for each defendant in determining the amount:

(a)    How reprehensible was that defendant's conduct? In deciding how reprehensible a defendant's conduct was, you may consider, among other factors:

1.    Whether the conduct caused physical harm;

2.    Whether the defendant disregarded the health or safety of others;

3.    Whether [*name of plaintiff*] was financially weak or vulnerable and the defendant knew [*name of plaintiff*] was financially weak or vulnerable and took advantage of **[him/her/*nonbinary pronoun*/it]**;

4.    Whether the defendant's conduct involved a pattern or practice; and

5.    Whether the defendant acted with trickery or deceit.

(b)    Is there a reasonable relationship between the amount of punitive damages and [*name of plaintiff*]'s harm [or between the amount of punitive damages and potential harm to [*name of plaintiff*] that the defendant knew was likely to occur because of **[his/her/*nonbinary pronoun*/its]** conduct]?

68

(c)     In view of that defendant's financial condition, what amount is necessary to punish **[him/her/*nonbinary pronoun*/it]** and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because a defendant has substantial financial resources. [Any award you impose may not exceed that defendant's ability to pay.]

[Punitive damages may not be used to punish a defendant for the impact of **[his/her/*nonbinary pronoun*/its]** alleged misconduct on persons other than **[*name of plaintiff*]**.]

1  |  **CACI No. 3964. Jurors Not to Consider Attorney Fees and Court Costs**
2

3  You must not consider, or include as part of any award, attorney fees or
4  expenses that the parties incurred in bringing or defending this lawsuit.

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS'
LIST OF [PROPOSED] JURY INSTRUCTIONS

1

### 4100. "Fiduciary Duty" Explained

2

---

3    A director and/or controlling shareholder of a corporation owes what is known

4 as a fiduciary duty to the corporation and its minority shareholders. A fiduciary duty

5 imposes on a director and/or controlling shareholder a duty to act with the utmost

6 good faith in the best interests of the corporation and its minority shareholders.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS'
LIST OF [PROPOSED] JURY INSTRUCTIONS

## CACI No. 4102. Duty of Undivided Loyalty – Essential Factual Elements

In the First Cause of Action, Plaintiff claims that ATA/SDI were harmed by the breach of the fiduciary duty of the officers, directors and controlling shareholder of ATA/SDI. Officers, directors and controlling shareholders of a corporation owes a fiduciary responsibility to the corporation to use their ability to control the corporation in a fair, just, and equitable manner. To establish this claim, Plaintiff must prove all of the following:

1.   That the Defendant was an officer, director or controlling shareholder of ATA/SDI;

2.   That Plaintiff was a shareholder of ATA/SDI;

3.   That the Defendant used his/her/its ability to control ATA/SDI in connection with following transactions; (1) ATA's sale of Adelaida Cellars to KMBG; (2) the grape purchase agreements between ATA and Adelaida Cellars; and/or (3) the service agreements between ATA/SDI and Adelaida Cellars;

4.   That the Defendant breached his/her/its fiduciary duty to Plaintiff in connection with the following transactions: (1) ATA's sale of Adelaida Cellars to KMBG; (2) the grape purchase agreements between ATA and Adelaida Cellars; and/or (3) the service agreements between ATA/SDI and Adelaida Cellars;

5.   That the following transactions were not approved by a majority of the disinterested members of the ATA/SDI Board of Directors: (1) ATA's sale of Adelaida Cellars to KMBG; (2) the grape purchase agreements between ATA and Adelaida Cellars; and/or (3) the service agreements between ATA/SDI and Adelaida Cellars;

6.   That ATA and/or SDI were harmed; and

7.   That the conduct of the Defendant was a substantial factor in causing the

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS'
LIST OF [PROPOSED] JURY INSTRUCTIONS

harm to ATA and/or SDI.

Modified.

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS'
LIST OF [PROPOSED] JURY INSTRUCTIONS

## CACI No. 4102. Duty of Undivided Loyalty – Essential Factual Elements

In the Fifth Cause of Action, Plaintiff claims that he was directly harmed by the controlling shareholder's breach of the fiduciary.  A controlling shareholder of a corporation owes a fiduciary responsibility to the minority shareholders to use its ability to control the corporation in a fair, just, and equitable manner. To establish this claim, Plaintiff must prove all of the following:

1.     That the Survivor's Trust was the controlling shareholder of ATA and/or SDI;

2.     That Plaintiff was a shareholder of ATA and/or SDI;

3.     That the Survivor's Trust used its ability to control ATA/SDI in connection with following transactions: (1) ATA's sale of Adelaida Cellars to KMBG; (2) the grape purchase agreements between ATA and Adelaida Cellars; and/or (3) the service agreements between ATA/SDI and Adelaida Cellars;

4.     That the Survivor's Trust breached its fiduciary duty to Plaintiff in connection with the following transactions: (1) ATA's sale of Adelaida Cellars to KMBG; (2) the grape purchase agreements between ATA and Adelaida Cellars; and/or (3) the service agreements between ATA/SDI and Adelaida Cellars;

5.     That the following transactions were not approved by a majority of the disinterested members of the ATA/SDI Board of Directors: (1) ATA's sale of Adelaida Cellars to KMBG; (2) the grape purchase agreements between ATA and Adelaida Cellars; and/or (3) the service agreements between ATA/SDI and Adelaida Cellars

6.     That Plaintiff was directly harmed entirely separate and apart from any harm to ATA/SDI; and

7.     That the conduct of the Survivor's Trust was a substantial factor in

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS'
LIST OF [PROPOSED] JURY INSTRUCTIONS

causing Plaintiff's direct harm.

Modified.

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS'
LIST OF [PROPOSED] JURY INSTRUCTIONS

**CACI No. 4120. Affirmative Defense—Statute of Limitations**

Each Defendant contends that Plaintiff's lawsuit was not filed with the time set by law.  To succeed on this defense, the Defendant must prove that Plaintiff's claimed harm first occurred before March 12, 2016, unless Plaintiff proves that before March 12, 2016 he did not discover, and did not know of facts that would have caused a reasonable person to suspect, Defendant's wrongful act or omission.

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS'
LIST OF [PROPOSED] JURY INSTRUCTIONS

## CACI No. 5002. Evidence

You must decide what the facts are in this case only from the evidence you have seen or heard during the trial, including any exhibits that I admit into evidence. Sworn testimony, documents, or anything else may be admitted into evidence. You may not consider as evidence anything that you saw or heard when court was not in session, even something done or said by one of the parties, attorneys, or witnesses.

What the attorneys say during the trial is not evidence. In their opening statements and closing arguments, the attorneys talk to you about the law and the evidence. What the lawyers say may help you understand the law and the evidence, but their statements and arguments are not evidence.

The attorneys' questions are not evidence. Only the witnesses' answers are evidence. You should not think that something is true just because an attorney's question suggested that it was true. [However, the attorneys for both sides have agreed that certain facts are true. This agreement is called a stipulation. No other proof is needed and you must accept those facts as true in this trial.]

Each side had the right to object to evidence offered by the other side. If I sustained an objection to a question, ignore the question and do not guess as to why I sustained the objection. If the witness did not answer, you must not guess what he or she might have said. If the witness already answered, you must ignore the answer.

[During the trial I granted a motion to strike testimony that you heard. You must totally disregard that testimony. You must treat it as though it did not exist.]

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS'
LIST OF [PROPOSED] JURY INSTRUCTIONS

# CACI No. 5003. Witnesses

A witness is a person who has knowledge related to this case. You will have to decide whether you believe each witness and how important each witness's testimony is to the case. You may believe all, part, or none of a witness's testimony.

In deciding whether to believe a witness's testimony, you may consider, among other factors, the following:

(a)    How well did the witness see, hear, or otherwise sense what the witness described in court?

(b)    How well did the witness remember and describe what happened?

(c)    How did the witness look, act, and speak while testifying?

(d)    Did the witness have any reason to say something that was not true? For example, did the witness show any bias or prejudice or have a personal relationship with any of the parties involved in the case or have a personal stake in how this case is decided?

(e)    What was the witness's attitude toward this case or about giving testimony?

Sometimes a witness may say something that is not consistent with something else the witness said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness did not tell the truth about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness did not tell the truth about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

Do not make any decision simply because there were more witnesses on one

78

side than on the other. If you believe it is true, the testimony of a single witness is enough to prove a fact.

You must not be biased in favor of or against any witness because of the witness's disability, gender, race, religion, ethnicity, sexual orientation, age, national origin, [or] socioeconomic status[, or **[insert any other impermissible form of bias]**].

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS' LIST OF [PROPOSED] JURY INSTRUCTIONS

## CACI No. 5005. Multiple Parties

---

[There are ***[number]*** plaintiffs in this trial. You should decide the case of each plaintiff separately as if it were a separate lawsuit. Each plaintiff is entitled to separate consideration of each plaintiff's own claim(s).]

[There are ***[number]*** defendants in this trial. You should decide the case against each defendant separately as if it were a separate lawsuit. Each defendant is entitled to separate consideration of each defendant's own defenses.]

[Different aspects of this case involve different parties (plaintiffs and defendants). Each instruction will identify the parties to whom it applies. Pay particular attention to the parties named in each instruction.]

*[or]*

[Unless I tell you otherwise, all instructions apply to each plaintiff and defendant.]

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS'
LIST OF [PROPOSED] JURY INSTRUCTIONS

## CACI No. 5011. Reading Back of Trial Testimony in Jury Room

You may request in writing that trial testimony be read to you. I will have the court reporter read the testimony to you. You may request that all or a part of a witness's testimony be read.

Your request should be as specific as possible. It will be helpful if you can state:

1.      The name of the witness;

2.      The subject of the testimony you would like to have read; and

3.      The name of the attorney or attorneys asking the questions when the testimony was given.

The court reporter is not permitted to talk with you when she or he is reading the testimony you have requested.

While the court reporter is reading the testimony, you may not deliberate or discuss the case.

You may not ask the court reporter to read testimony that was not specifically mentioned in a written request. If your notes differ from the testimony, you must accept the court reporter's record as accurate.

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS'
LIST OF [PROPOSED] JURY INSTRUCTIONS

## CACI No. 5012. Introduction to Special Verdict Form

I will give you [a] verdict form[s] with questions you must answer. I have already instructed you on the law that you are to use in answering these questions. You must follow my instructions and the form[s] carefully. You must consider each question separately. Although you may discuss the evidence and the issues to be decided in any order, you must answer the questions on the verdict form[s] in the order they appear. After you answer a question, the form tells you what to do next.

At least 9 of you must agree on an answer before you can move on to the next question. However, the same 9 or more people do not have to agree on each answer.

All 12 of you must deliberate on and answer each question regardless of how you voted on any earlier question. Unless the verdict form tells all 12 jurors to stop and answer no further questions, every juror must deliberate and vote on all of the remaining questions.

When you have finished filling out the form[s], your presiding juror must write the date and sign it at the bottom [of the last page] and then notify the [bailiff/clerk/court attendant] that you are ready to present your verdict in the courtroom.

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS'
LIST OF [PROPOSED] JURY INSTRUCTIONS

## CACI No. 5016. Judge's Commenting on Evidence

In this case, I have exercised my right to comment on the evidence. However, you the jury are the exclusive judges of all questions of fact and of the credibility of the witnesses. You are free to completely ignore my comments on the evidence and to reach whatever verdict you believe to be correct, even if it is contrary to any or all of those comments.

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS' LIST OF [PROPOSED] JURY INSTRUCTIONS

**CACI No. 5017. Polling the Jury**

After your verdict is read in open court, you may be asked individually to indicate whether the verdict expresses your personal vote. This is referred to as "polling" the jury and is done to ensure that at least nine jurors have agreed to each decision.

The verdict form[s] that you will receive ask[s] you to answer several questions. You must vote separately on each question. Although nine or more jurors must agree on each answer, it does not have to be the same nine for each answer. Therefore, it is important for each of you to remember how you have voted on each question so that if the jury is polled, each of you will be able to answer accurately about how you voted.

[Each of you will be provided a draft copy of the verdict form[s] for your use in keeping track of your votes.]

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS'
LIST OF [PROPOSED] JURY INSTRUCTIONS

1

2

### CACI No. 5019. Questions from Jurors

3     If, during the trial, any of you had a question that you believed should be asked

4 of a witness, you were instructed to write out the question and provide it to me

5 through my courtroom staff. I shared your questions with the attorneys, after which, I

6 decided whether the question could be asked.

7     If a question was asked and answered, you are to consider the answer as you

8 would any other evidence received in the trial. Do not give the answer any greater or

9 lesser weight because it was initiated by a juror question.

10     If the question was not asked, do not speculate as to what the answer might

11 have been or why it was not asked. There are many legal reasons why a suggested

12 question cannot be asked of a witness. Give the question no further consideration.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS'
LIST OF [PROPOSED] JURY INSTRUCTIONS

1
2

**CACI No. 5020. Demonstrative Evidence**

_____

3    During the trial, materials have been shown to you to [help explain testimony
4  or other evidence in the case/**[*specify other purpose*]**]. [Some of these materials have
5  been admitted into evidence, and you will be able to review them during your
6  deliberations.
7    Other materials have also been shown to you during the trial, but they have not
8  been admitted into evidence.] You will not be able to review them during your
9  deliberations because they are not themselves evidence or proof of any facts. You
10  may, however, consider the testimony given in connection with those materials.

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS'
LIST OF [PROPOSED] JURY INSTRUCTIONS

**Special Jury Instruction No. 1**

---

In his Second Cause of Action, Plaintiff asserts claims of corporate waste against the directors of ATA/SDI.  A claim for waste must be predicated on an affirmative decision of the ATA/SDI's Board of Directors. To state a claim for corporate waste, Plaintiff must establish that the board's decision was so egregious or irrational that it could not have been based on a valid assessment of the corporation's best interests.  This requires Plaintiff to demonstrate that an exchange was so one-sided that no business person of ordinary, sound judgment could conclude that the corporation received adequate consideration.  (*Swingless Golf Club Corp. v. Taylor*, 679 F.Supp.2d 1060, 1070 (N.D. Cal. 2009); *see, In re Walt Disney Co. Derivative Litigation*, 906 A.2d 27, 74 (Del. 2006); *Brehm v. Eisner*, 746 A.2d 244, 263 (Del. Sup. Ct. 2003); *In re Citigroup Inc. Shareholder Derivative Litigation,* 964 A.2d 106, 136 (Del. Ct. Chan. 2009); and *White v. Panic*, 783 A.2d 543, 554, n. 36 (Del. Sup. Ct. 2001).)

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS'
LIST OF [PROPOSED] JURY INSTRUCTIONS

**Special Jury Instruction No. 2**

_____

Transactions approved by corporate directors are protected by the "Business Judgment Rule."  Under this rule, you must find not any liability against Defendants in connection with any such transaction so long as a majority of the disinterested directors approving the transaction were: (1) acting in good faith; and (2) reasonably diligent in informing themselves of the facts.  (*See, Berg & Berg Enterprises*, LLC v. Bouyle (2009), 178 Cal.App.4th 1020, 1045-1046; *see also, Palm Springs Villas II Homeowners Ass'n, Inc. v. Parth* (2016) 248 Cal.App.4th 268, 279.)

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS'
LIST OF [PROPOSED] JURY INSTRUCTIONS

## Special Jury Instruction No. 3

_____

     If Plaintiff became aware of facts which would make a reasonably prudent person suspicious, the duty to investigate arose and Plaintiff is charged with the knowledge of facts which would have been discovered by such an investigation. (*Bedolla v. Logan & Frazer* (1975) 52 Cal.App.3d 118, 131; *Miller v. Bechtel Corp.* (1983) 33 Cal.3d 868, 875.)

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS' LIST OF [PROPOSED] JURY INSTRUCTIONS

## Special Jury Instruction No. 4

---

Plaintiff's failure to read documents does not extend the statute of limitation for any claims that he could have discovered by reading the documents. (*Marsicano v. Bank of America*, N.A., 2016 WL 10968664 (C.D. Cal., Dec. 19, 2016),)

DEFENDANTS KEDRIN E. VAN STEENWYK AND ADELAIDA CELLARS'
LIST OF [PROPOSED] JURY INSTRUCTIONS