MATTHEW DONALD UMHOFER (SBN 206607)
matthew@umklaw.com
J. ANTHONY KING (SBN 297279)
anthony@umklaw.com
DIANE H. BANG (SBN 271939)
dbang@umklaw.com
**UMHOFER, MITCHELL & KING LLP**
767 S. Alameda St., Suite 270
Los Angeles, CA 90021
Telephone: (213) 394-7979
Facsimile: (213) 529-1027

CHASE W. MARTIN (SBN 260444)
martin@ammcglaw.com
**ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP**
Post Office Box 3835
San Luis Obispo, California 93403-3835
Telephone: (805) 543-0990
Facsimile: (805) 543-0980

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW D. VAN STEENWYK, Individually, as Trustee and Beneficiary of The Matthew Van Steenwyk GST Trust and The Matthew Van Steenwyk Issue Trust, and as Co-Trustee of The Gretchen Marie Van Steenwyk-Marsh GST Trust and The Gretchen Marie Van Steenwyk-Marsh Issue Trust and derivatively on behalf of Nominal Defendants APPLIED TECHNOLOGIES ASSOCIATES, INC., SCIENTIFIC DRILLING INTERNATIONL, INC. and ATA RANCHES, INC., <br><br> Plaintiff, <br> vs. <br><br> KEDRIN E. VAN STEENWYK, et al., <br><br> Defendants, <br> and <br><br> APPLIED TECHNOLOGIES ASSOCIATES, INC., SCIENTIFIC DRILLING INTERNATIONAL, INC., and ATA RANCHES, INC., <br><br> Nominal Defendants. | Case No.: 2:20-cv-02375-FLA-AJRx <br><br> *Hon. Fernando L. Aenlle-Rocha* <br><br> **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO BIFURCATE PUNITIVE DAMAGES** <br><br> Hearing Date: June 20, 2024 <br> Time: 9:00 a.m. <br> Place: Courtroom 6B |

## I. INTRODUCTION

Defendants' request to bifurcate and extend the trial would require multiple witnesses to appear on multiple days resulting in more Court time and extended jury service, it would lengthen and complicate, not abbreviate the trial. In short, it would be a complete and pointless waste of judicial resources. Plaintiff respectfully requests the Court deny the motion.

Plaintiff seeks to recover punitive damages against the director and officer defendants, Adelaida Cellars, Inc., Elizabeth Van Steenwyk, and Kedrin Van Steenwyk for their roles in the ongoing looting of corporate assets and oppression of minority shareholders. While the facts of this case are somewhat complex, they will be presented to the jury during the Plaintiff's case in chief regardless of bifurcation because they necessarily overlap and are required to establish liability and damages. The only additional evidence that is specific to punitive damages relates to Defendants' financial condition. Plaintiff estimates this can be accomplished in a few minutes of testimony per Defendant. What Defendants propose would require each Defendant to return to the stand after the jury has determined liability, that process alone would add far more time to the proceedings than will be saved by excluding questions regarding net worth from Plaintiff's case in chief.

## II. BIFURCATION OF THE AMOUNT OF PUNITIVE DAMAGES IS AN UNNECESSARY WASTE OF TIME AND JUDICIAL RESOURCES

Federal Rule of Civil Procedure 42(b) states: "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial." Fed. R. Civ. P. 42. None of these goals would be accomplished by bifurcation of this trial. Bifurcation would result in less convenience and would extend rather than expedite or economize – multiple Defendants would be required to retake the stand to answer questions regarding their financial condition that could have been asked in mere minutes

during Plaintiff's case in chief.

"Rule 42(b) merely allows, but does not require, a trial court to bifurcate cases 'in furtherance of convenience or to avoid prejudice.'" Hangarter v. Provident Life & Acc. Ins. Co., 373 F.3d 998, 1021 (9th Cir. 2004) (quoting Fed. R. Civ. Proc. 42(b)). Indeed, the advisory committee notes to Rule 42 itself state "separation of issues for trial is not to be routinely ordered…" Fed. R. Civ. P. 42 advisory committee's note (1966 Amendment).

In the Ninth Circuit, bifurcation is the exception, not the rule. "[A] district court's decision to decline to bifurcate the trial comport[s] with normal trial procedure." Hangarter v. Provident Life & Acc. Ins. Co., 373 F.3d 998, 1021 (9th Cir. 2004). Because "the evidence usually overlaps substantially, the normal procedure is to try compensatory and punitive damage claims together with appropriate instructions to make clear to the jury the difference in the clear and convincing evidence required for the award of punitive damages." Id. (quoting McLaughlin v. State Farm Mut. Auto. Ins. Co., 30 F.3d 861, 871 (7th Cir. 1994)). "Bifurcation normally requires more than a risk of jury confusion as to the evidentiary standards for liability and punitive damages…" Mendez v. Reinforcing Ironworkers Union Loc. 416, No. 2:09-CV-02332-LRH, 2013 WL 1187441, at *2 (D. Nev. Mar. 19, 2013) (denying bifurcation).

"In determining whether bifurcation of damages is appropriate, bifurcation 'is the exception rather than the rule of normal trial procedure' within the Ninth Circuit." Benson Tower Condo. Owners Ass'n v. Victaulic Co., 105 F. Supp. 3d 1184, 1208 (D. Or. 2015), aff'd, 702 F. App'x 537 (9th Cir. 2017) (quoting Clark v. I.R.S., 772 F. Supp. 2d 1265, 1269 (D. Haw. 2009)). Courts may consider the following factors:

> (1) whether the issues are significantly different from one another; (2) whether the issues are to be tried before a jury or to the court; (3) whether the posture of discovery on the issues favors a single trial or bifurcation; (4) whether the documentary and testimonial evidence on the issues overlap; and (5) whether the party opposing bifurcation will be prejudiced

1    if it is granted.

2    Clark v. I.R.S., 772 F. Supp. 2d 1265, 1269 (D. Haw. 2009) (quoting Dallas v. Goldberg,

3    143 F.Supp.2d 312, 315 (S.D.N.Y.2001)). "Bifurcation is particularly appropriate when

4    resolution of a single claim or issue could be dispositive of the entire case." Clark v.

5    I.R.S., 772 F. Supp. 2d 1265, 1269 (D. Haw. 2009) (quoting Drennan v. Maryland Cas.

6    Co., 366 F.Supp.2d 1002, 1007 (D.Nev.2005)).

7         None of these factors weigh in support of bifurcation. The testimony for liability,

8    damages, and punitive damages will necessarily overlap and all are tried to the jury. And

9    the bifurcation sought by Defendants will not speed up the trial nor could it dispose of

10   the entire case. See Willard v. Foremost Ins. Co., No. EDCV130262JGBDTBX, 2014

11   WL 12589331, at *3 (C.D. Cal. May 9, 2014) (denying bifurcation of punitive damages);

12   Iorio v. Allianz Life Ins. Co. of N. Am., No. 05CV633 JLS (CAB), 2009 WL 10671907,

13   at *5 (S.D. Cal. May 18, 2009) (denying bifurcation and holding "[b]ifurcation will not

14   encourage judicial economy or make the trial more convenient: the volume of evidence

15   needed to establish the amount of punitive damages is quite small.")

16        Most importantly, Defendants have not put forth any evidence to prove that

17   bifurcation is warranted here. The party seeking bifurcation bears "the burden of proving

18   that bifurcation is justified given the facts in [the] case." Spectra-Physics Lasers, Inc. v.

19   Uniphase Corp., 144 F.R.D. 99, 101 (N.D. Cal. 1992); cf. Benson Tower Condo. Owners

20   Ass'n v. Victaulic Co., 105 F. Supp. 3d 1184, 1209 (D. Or. 2015), aff'd, 702 F. App'x

21   537 (9th Cir. 2017) ("as in its pre-trial motion to bifurcate, Defendant again fails to

22   explain how the Court's jury instructions were insufficient to cure any potential jury

23   confusion."). Yet, Defendants have failed to provide any evidence of any material

24   prejudice or complexity that would justify bifurcation here.

25        The cases cited by Defendants also do not support bifurcation here. Indeed, many

26   of the cases cited by Defendants are wrongful death or due process violation cases

27   concerning alleged conduct by police and prison officials, which obviously involve far

28   more graphic, sensational, and potentially prejudicial evidence than simple questions

about net worth.

In Barillas v. City of Los Angeles, a wrongful death and Section 1983 action filed after "detectives with the Los Angeles Police Department shot and killed [the plaintiffs' son and husband] while trying to arrest him[,]" the court had to contend with obviously prejudicial testimony about the victim's drug use that had no bearing on the liability phase of the trial. Barillas v. City of Los Angeles, No. CV1808740CJCASX, 2021 WL 4434977, at *1, *2 (C.D. Cal. Apr. 12, 2021) The court held "[w]hile this evidence is relevant to Plaintiffs' damages, because it can be used to show that [the decedent] had either become estranged from Plaintiffs or developed strained relationships with them, it is not relevant to Defendants' liability. When 'graphic and prejudicial evidence about the victim has little, and in part no, relevance to the liability issue, district courts should bifurcate' damages from liability." Id. (quoting Est. of Diaz v. City of Anaheim, 840 F.3d 592, 603 (9th Cir. 2016)). Defendants have not established that evidence about the Defendants' net worth in this case are anything like "graphic and prejudicial evidence about the victim" in Barillas.

In Phanpradith v. Griego, another Section 1983 action filed after prison "officials deprived [the plaintiff] of certain prison-issued property, including hygiene products and a mattress[,]" the Court relied on an entirely different punitive damages standard than the one at issue in this case. Phanpradith v. Griego, 850 F. App'x 497, 499 (9th Cir. 2021). "For Eighth Amendment claims, punitive damages are available if the defendant's conduct was 'motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" Phanpradith v. Griego, 850 F. App'x 497, 500 (9th Cir. 2021) (quoting Dang v. Cross, 422 F.3d 800, 807 (9th Cir. 2005)). Similarly, Estate of Richard Risher v. City of Los Angeles, was also a Section 1983 case filed "for alleged constitutional violations arising from an officer-involved shooting." Est. of Richard Risher v. City of Los Angeles, No. EDCV170995MWFKKX, 2022 WL 2235481, at *1 (C.D. Cal. Mar. 22, 2022).

Defendants' citation to Hunt v. County of Orange is misleading as it is easily

distinguishable. (Mot. at p.4.) The language cited by Defendants concerned the plaintiff's motion *in limine* to exclude the financial condition of the county in the liability phase of the trial and was unopposed by the defendant. Hunt v. Cnty. of Orange, No. CV0700705MMMMLGX, 2009 WL 10702539, at *3 (C.D. Cal. Oct. 7, 2009). In the portion of the opinion addressing the county's motion to bifurcate punitive damages, the court stated that the **plaintiff did not oppose** "the bifurcation of punitive damages, and has himself moved to prevent the introduction of evidence of defendants' financial condition in connection with the jury's consideration of liability and compensatory damages." Hunt v. Cnty. of Orange, No. CV0700705MMMMLGX, 2009 WL 10702539, at *10 (C.D. Cal. Oct. 7, 2009). Accordingly, the court engaged in no further discussion of the propriety of bifurcation.

Defendants' citation to Bartko v. Fidelity National Financial, Inc., is similarly misleading. The opinion concerns an unopposed motion *in limine* to exclude the bank's financial condition from plaintiff's case, not a motion to bifurcate. Bartko v. Fid. Nat'l Fin., Inc., No. CV1200986JVSMLGX, 2013 WL 12114440, at *3 (C.D. Cal. Apr. 11, 2013).

Nothing about the additional evidence required to establish Defendants' financial condition in this case is sufficiently complex or prejudicial to Defendants to warrant bifurcation.

Courts routinely try breach of fiduciary duty cases without bifurcation of punitive damages. See Suenos LLC v. Goldman, 633 F. App'x 874, 878 (9th Cir. 2015) ("The district court did not err in declining to bifurcate the trial. Suenos has failed to allege any reason why it was meaningfully prejudiced by the failure to bifurcate. The district court found that evidence related to Suenos's damages, Goldman's mitigation defense, and Lawyers Title's breach of fiduciary duty and punitive damages claims overlapped."); RCHFU, LLC v. Marriott Vacations Worldwide Corp., 445 F. Supp. 3d 1327, 1340 (D. Colo. 2020) (denying bifurcation where claims of aiding and abetting breach of fiduciary duty and punitive damages are based on the same conduct).

### III. CONCLUSION

Defendants have not and cannot show that bifurcation is necessary in this trial. Plaintiff respectfully requests the motion be denied.

Dated: June 17, 2024   **UMHOFER, MITCHELL & KING LLP**

By:   /s/ *Matthew Donald Umhofer*
Matthew Donald Umhofer
J. Anthony King
Diane H. Bang

*Attorneys for Plaintiff*