**O'HAGAN MEYER**
Samuel Y. Edgerton, III (SBN 127156)
Johnny L. Antwiler (SBN 288772)
2615 Pacific Coast Highway, Suite 300
Hermosa Beach, CA 92660
Tel: (310) 807-1110| Fax: (310) 807-1115
Email: sedgerton@ohaganmeyer.com
Email: jantwiler@ohaganmeyer.com

Attorneys for Defendants, PAMELA PIERCE, PHILLIP GOBE, PHILIP LONGORIO, GENE DUROCHER, DANIEL CARTER, JOSEPH MCCOY, APPLIED TECHNOLOGIES ASSOCIATES, INC., and ATA RANCHES, INC.

Timothy W. Fredricks (SBN 238039)
Fredricks.t@wssllp.com
Richard P. Tricker (SBN 101560)
Tricker.r@wssllp.com
**WINGET SPADAFORA & SCHWARTZBERG LLP**
1800 Century Park East, Suite 205
Los Angeles, CA 90067
Telephone: 310.836.4800
Facsimile: 310.836.4801

Attorneys for Defendants, KEDRIN E. VAN STEENWYK and ADELAIDA CELLARS, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW D. VAN STEENWYK, Individually, as Trustee and Beneficiary of The Matthew Van Steenwyk GST Trust and The Matthew Van Steenwyk Issue Trust, and as Co-Trustee of The Gretchen Marie Van Steenwyk-Marsh GST Trust and The Gretchen Marie Van Steenwyk-Marsh Issue Trust and derivatively on behalf of Nominal Defendants APPLIED TECHNOLOGIES ASSOCIATES, INC., SCIENTIFIC DRILLING INTERNATIONL, INC. and ATA RANCHES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> KEDRIN E. VAN STEENWYK, et al., | Case No.: 2:20-cv-02375-FLA-AJRx <br><br> Hon. Fernando L. Aenlle-Rocha <br><br> **DEFENDANTS' RESPONSES TO PLAINTIFF'S PURPORTED ADMISSIONS IN PROPOSED PRE-TRIAL CONFERNCE ORDER [DKT NO. 374]** |

Defendants,

and

APPLIED TECHNOLOGIES
ASSOCIATES, INC., SCIENTIFIC
DRILLING INTERNATIONAL, INC.,
and ATA RANCHES, INC.,

Nominal Defendants.

Defendants submit the following responses to the purported admissions set forth the Proposed Pre-Trial Conference Order (Dkt. No. 374):

| CORPORATE STRUCTURE AND OWNERSHIP | | |
|---|---|---|
| | **ADMISSION** | **DEFENDANTS' RESPONSE** |
| 1 | Applied Technologies Associates, Inc. ("ATA") is a corporation incorporated under the laws of the State of California and having its principal place of business in the State of California. | Undisputed. |
| 2 | ATA is a technology development and sales organization founded in the late 1960's.  The company develops and markets drilling navigation systems for the oil and gas industry. | Undisputed. |
| 3 | Scientific Drilling International, Inc. ("SDI") is a corporation incorporated under the laws of the State of Texas.  SDI is headquartered in Houston, Texas and conducts substantial operations in California. | Undisputed. |
| 4 | SDI is a closely held corporation as defined by Texas Business Organizations Code section 21.563. | Undisputed |
| 5 | ATA is a sister company of SDI. | Undisputed. |
| 6 | ATA and SDI are engaged in the business of providing services and equipment to individuals and companies involved in oil and gas exploration.  ATA has, historically, researched and developed tools and technologies for its own use and the use of SDI. | Undisputed. |
| 7 | SDI and ATA operate under common ownership and management, and conduct board meetings together.  With some exceptions, all officers and | Undisputed but duplicative of stipulated fact. |

1

DEFENDANTS' RESPONSES TO PLAINTIFF'S PURPORTED ADMISSIONS IN PROPOSED PRE-TRIAL CONFERNCE ORDER [DKT NO. 374]

| | | | |
|---|---|---|---|
| | | directors of ATA are also officers and directors of SDI. | 1. ATA and SDI had a common board of directors from at least 2010 until August 2023. |
| | 8 | ATA Ranches is a corporation incorporated under the laws of the State of Delaware. Its principal place of business is California, and it is a wholly owned subsidiary of ATA. | Undisputed but duplicative.<br>26. ATA Ranches, Inc. is a Delaware corporation. |
| | 9 | ATA Ranches, Inc. was created for the purpose of owning the HMR Ranch and Viking Ranch and ATA funded the wholly-owned subsidiary. | Undisputed but duplicative.<br>3. ATA Ranches owns two ranch properties (HMR Ranch and Viking Ranch, collectively the "Ranches") that produced grapes. |
| | 10 | ATA Ranches, Inc. was created in part for the purpose of facilitating the potential sale of ATA to a third party. Jackson Walker LLP offered opinions about the tax implications of the spin-off of ATA Ranches, Inc. | Undisputed. |
| | 11 | Adelaida Cellars, Inc. ("Adelaida") is a winery located in Paso Robles, California. | Undisputed but duplicative.<br><br>2. Prior to 2013, ATA owned Adelaida Cellars, Inc. ("Adelaida"), which operated a winery in Paso Robles. |
| | 12 | Adelaida is a corporation incorporated under the laws of California. | Undisputed. |
| | 13 | Don and Elizabeth Van Steenwyk, Plaintiff's parents, purchased Adelaida in 1990 and thereafter transferred ownership of the winery to ATA. | Undisputed. |
| | 14 | Prior to January 2013, ATA owned Adelaida and its wine operations, as well as ranches known as "HMR Ranch" and "Viking Ranch" where wine grapes used by Adelaida were grown. | Undisputed but duplicative.<br>2. Prior to 2013, ATA owned Adelaida Cellars, Inc. ("Adelaida"), which operated a winery in Paso Robles. |
| | 15 | KMBG, LLC is a Colorado company that was owned almost | Undisputed. |

2

| | | | |
|---|---|---|---|
| | | entirely by Elizabeth Van Steenwyk through her trusts. | |
| | 16 | KMBG purchased 100 percent of Adelaida's stock in 2013. | Undisputed |
| | 17 | KMBG owns 100% of the issued and outstanding stock of Adelaida. | Undisputed. |
| | 18 | ATA and SDI issued two classes of shares to its shareholders – Class A voting shares and Class B capital shares. Class A shares have voting rights. Class B shares do not have voting rights. | Undisputed. |
| | 19 | The Donald H. Van Steenwyk and Elizabeth A. Van Steenwyk 1996 Revocable Trust (the "1996 Revocable Trust") owned the 50,000 Class A shares, and those are the only voting shares of ATA. | Modify to show owned the shares in the past and then undisputed. |
| | 20 | The ATA Class A shareholders determine who is elected to its Board of Directors. | Undisputed as to Pierce, McCoy, Durocher, and Carter.<br><br>Disputed as to Kedrin Van Steenwyk ("KEVS"), Adelaida Cellars, Inc. ("ACI") and all other Defendants. |
| | 21 | The ATA Class A shareholders owe fiduciary duties to the Class B shareholders. | Undisputed as of January 8, 2021. |
| | 22 | Elizabeth Van Steenwyk was a citizen of California. | Undisputed. |
| | 23 | Elizabeth was the original trustee of the Survivor's Trust of the 1996 Revocable Trust. Elizabeth, through the 1996 Revocable Trust and other trusts, was the owner of all issued and outstanding Class A voting shares in ATA and SDI. | Undisputed. |
| | 24 | Elizabeth was the beneficial owner of a controlling interest in KMBG. | Undisputed. |
| | 25 | Kedrin Van Steenwyk, through her power of attorney regarding Elizabeth Van Steenwyk, was the controlling shareholder of ATA. | Modify to was and then undisputed. |

3

| | | |
|---|---|---|
| 26 | Kedrin Van Steenwyk is the managing member of KMBG, LLC, and admits that she will inherit approximately 50% of KMBG's assets when Elizabeth Van Steenwyk passes. | Dispute as to "approximately 50%" <br><br> Duplicative. <br><br> 5. Kedrin is the managing member of KMBG. |
| 27 | Until her passing, Elizabeth, through her trusts, was the owner of all Class A voting shares in ATA and SDI. | Undisputed. |
| 28 | Plaintiff is owner of 23.75% of the Class B shares of ATA through his Trusts, has continuously owned ATA stock at all times relevant to the allegations of this Complaint, and continues to be an ATA shareholder. | Undisputed but duplicative. <br><br> 9. At all times relevant to the allegations in the Fourth Amended Complaint (the "Complaint"), Matthew's and Gretchen's Trusts each owned 23.75% of the non-voting Class B shares in ATA. |
| 29 | Plaintiff, through his trusts, has an approximately 0.17% ownership interest in KMBG. | Undisputed. |
| 30 | Plaintiff is the trustee of The Mattew Van Steenwyk GST Trust and The Matthew Van Steenwyk Issue Trust ("Matthew's Trusts") and The Gretchen Marie Van Steenwyk-Marsh GST Trust and The Gretchen Marie Van Steenwyk-Marsh Issue Trust ("Gretchen's Trusts.") | Dispute that this was admitted. |
| 31 | Matthew's Trusts have been a Class B shareholder of ATA at all times since Director Defendants were elected to ATA's Board of Directors. | Undisputed. |
| 32 | Gretchen's Trusts have been a Class B shareholder(s) at all times since Director Defendants were elected to ATA's Board of Directors. | Undisputed. |
| 33 | Gretchen's Trusts do not own any interest in KMBG. | Undisputed. |
| 34 | Kedrin Van Steenwyk owns 23.75% of the Class B Shares of ATA through her trusts, holds a power of attorney over Elizabeth | Undisputed. |

4

DEFENDANTS' RESPONSES TO PLAINTIFF'S PURPORTED ADMISSIONS IN PROPOSED PRE-TRIAL CONFERNCE ORDER [DKT NO. 374]

| | | | |
|---|---|---|---|
| | | Van Steenwyk, is Successor Trustee of the 1996 Trust, and is a director of ATA. | |
| | 35 | Kedrin Van Steenwyk is chief executive officer, a director of Adelaida, a citizen of the state of South Carolina, and is trustee of The Kedrin Van Steenwyk GST Trust and trustee of the beneficiary of The Kedrin Van Steenwyk Issue Trust. | Undisputed as to KEVS and ACI. Duplicative. 7. Kedrin is a director of Adelaida. 8. Kedrin is an officer of Adelaida. |
| | 36 | Kedrin Van Steenwyk, through her trusts, owns Class B shares. | Undisputed. |

| | | **SALE OF ADELAIDA TO KMBG** | |
|---|---|---|---|
| | | **ADMISSION** | **DEFENDANTS' POSITION** |
| | 37 | The general manager of Adelaida made a request for funding for improvements to the winery.  The general manager was on ATA's payroll. | Undisputed but vague as to time. |
| | 38 | ATA owned all outstanding stock in Adelaida prior to the sale of Adelaida stock to KMBG in 2013. | Undisputed but duplicative. See 14 above. |
| | 39 | KMBG purchased ATA's stock in Adelaida in 2013, but did not purchase the HMR Ranch and Viking Ranch in 2013. | Undisputed but duplicative. See 16 above. |
| | 40 | ATA's Board of Directors authorized the sale of ATA's stock in Adelaida to KMBG, LLC in January 2013. | Undisputed but duplicative. 33. In October 2012, ATA's Directors voted unanimously to sell Adelaida to KMBG. |
| | 41 | The Adelaida stock sale transaction was for approximately $3,100,000. | Undisputed. |
| | 42 | KMBG issued a promissory note (the "2013 Promissory Note") as consideration for the Adelaida stock sale, and the interest rate on the note was 0.95 percent. | Undisputed but duplicative. 34. ATA agreed for KMBG to finance the entire purchase price of Adelaida with a promissory note (the "2013 Promissory Note"). |

DEFENDANTS' RESPONSES TO PLAINTIFF'S PURPORTED ADMISSIONS IN PROPOSED PRE-TRIAL CONFERNCE ORDER [DKT NO. 374]

| 43 | No appraisal was performed of the value of ATA's stock in Adelaida at the time of ATA's sale of its stock to KMBG. | Undisputed. |
|----|----|----|
| 44 | The $3,100,000 KMBG agreed to pay for ATA's stock in Adelaida represented Adelaida's adjusted tax basis. | Undisputed as to Carter and McCoy. Disputed as all to other defendants. |
| 45 | KMBG paid no money down for its purchase of ATA's stock in Adelaida. | Undisputed. |
| 46 | ATA's Board of Directors approved the sale of ATA's stock in Adelaida to KMBG on terms that required KMBG to make installment payments under a promissory note that bore interest at less than 1% per annum. | Undisputed. |
| 47 | ATA's Board of Directors approved the sale of ATA's stock in Adelaida to KMBG on terms that included ATA entering into the Agreement for Services. | Undisputed as to all defendants other than ACI. |
| 48 | ATA's Board of Directors approved the sale of ATA's stock in Adelaida to KMBG on terms that required ATA to retain ownership of, and all expenses associated with, operating HMR Ranch and Viking Ranch. | Disputed. |
| 49 | After ATA sold its stock in Adelaida to KMBG in 2013, ATA held no ownership interest in Adelaida. | Undisputed. |
| 50 | Matthew's Trusts owned a de minimis interest of 0.17% in KMBG at the time ATA sold it stock in Adelaida to KMBG. | Undisputed, but duplicative. See 29 above. |
| 51 | Gretchen's Trusts did not own an interest in KMBG at the time of ATA's sale of its stock in Adelaida to KMBG. | Undisputed but duplicative. See 33 above. |

DEFENDANTS' RESPONSES TO PLAINTIFF'S PURPORTED ADMISSIONS IN PROPOSED PRE-TRIAL CONFERNCE ORDER [DKT NO. 374]

| 52 | ATA and Adelaida were not affiliated corporations after ATA sold its Adelaida stock in 2013. | Disputed as phrased as "affiliated corporations" is vague and confusing. Disputed as to ACI. |
| 53 | Following 2013, all transactions between Adelaida and ATA were required to be at arm's length and for fair value, and Defendants were advised and aware. | Undisputed. |
| 54 | KMBG did not make each of the payments required of it under the terms of the 2013 Promissory Note. | Disputed. |
| 55 | The 2013 Promissory Note was assigned by ATA to SDI in December 2015. | Undisputed. |

| **SERVICES AGREEMENTS** | |
|---|---|
| **ADMISSION** | **DEFENDANTS' POSITION** |
| 56 | ATA entered into an Agreement for Services with Adelaida and KMBG. | Undisputed but duplicative.<br><br>38. In exchange for the services provided under the Services Agreements, Adelaida paid ATA a monthly payment of $1,000 from 2013 to 2016, $2,000 from 2016 to 2017, and $1,500 for 2017 to present. |
| 57 | Elizabeth executed the Agreement for Services on or about April 1, 2016. | Undisputed as to KEVS and ACI. Duplicative. 40. Elizabeth signed the services agreement on behalf of Adelaida for the 2013 and 2016 contracts. |
| 58 | Daniel Carter prepared the Agreement for Services dated April 1, 2016. | Undisputed. |
| 59 | Carter signed the 2016 Agreement for Services on behalf of ATA. | Undisputed. |
| 60 | ATA's Board of Directors authorized Daniel Carter to execute the Agreement for Services dated April 1, 2016, on | Undisputed as to KEVS. |

7

DEFENDANTS' RESPONSES TO PLAINTIFF'S PURPORTED ADMISSIONS IN PROPOSED PRE-TRIAL CONFERNCE ORDER [DKT NO. 374]

| | | |
|---|---|---|
| | behalf of ATA, knowing that Elizabeth Van Steenwyk was executing the Agreement for Services on behalf of Adelaida. | Disputed as to all other defendants. |
| 61 | Kedrin Van Steenwyk and Carter executed a new Agreement for Services in 2017, that is similar to the 2016 Agreement for Services and has a $1,500 per month fee. | Undisputed |
| 62 | The decision to enter into the 2017 Agreement for Services was made at the Financial Summit meeting in Paso Robles in August 2016. | Undisputed as to KEVS, but disputed as to all other defendants. |
| 63 | Daniel Carter prepared the 2017 Agreement for Services. | Undisputed. |
| 64 | Daniel Carter reviewed and approved the 2017 Agreement for Services. | Undisputed but duplicative of No. 63, |
| 65 | Daniel Carter was a director of Adelaida as of the date he signed the 2017 Agreement for Services on behalf of ATA. | Undisputed but duplicative. 19. Carter was elected as a director of Adelaida in August 2016. |
| 66 | Kedrin was a director of ATA as of the date she signed the 2017 Agreement for Services on behalf of Adelaida. | Undisputed. |
| 67 | Since 2013, ATA paid costs associated with keeping Adelaida employees on the 401k program that SDI/ATA established for their employees. | Undisputed as to Carter, McCoy, and Longorio. Disputed as to all other defendants. |

| **STONEWAY PROPERTIES** | | |
|---|---|---|
| | **ADMISSION** | **DEFENDANTS' POSITION** |
| 68 | Stoneway Properties is not the same entity as ATA Ranches. | Disputed that Stoneway was an entity. |
| 69 | The entity Stoneway Properties existed prior to the creation of ATA Ranches. | Undisputed as to Carter, McCoy and Longorio. Disputed as to all other defendants. |

8

DEFENDANTS' RESPONSES TO PLAINTIFF'S PURPORTED ADMISSIONS IN PROPOSED PRE-TRIAL CONFERNCE ORDER [DKT NO. 374]

| | ADMISSION | DEFENDANTS' POSITION |
|---|---|---|
| 70 | Plaintiff was informed multiple times that "Stoneway" was a dba used by Elizabeth. | Dispute as to "multiple." |
| 71 | Roy Ogden's letter to Martin Moroski dated November 1, 2019, states the following: "F. Stoneway Properties – Stoneway is a dba used by Mrs. Van Steenwyk since 2011 in connection with her oversight of the ranches and KMBG's properties. The Stoneway dba was used rarely and predominantly by Mrs. Van Steenwyk…" | Undisputed. |

| **KEDRIN BECOMES SUCCESSOR TRUSTEE** | | |
|---|---|---|
| | **ADMISSION** | **DEFENDANTS' POSITION** |
| 72 | Until June of 2016, Elizabeth was the Trustee of the 1996 Revocable Trust, and as a result, owned all Class A voting shares in ATA and SDI, and also a majority ownership interest in Adelaida through KMBG. | Undisputed. |
| 73 | A report by Dr. Jonathan Mueller dated May 17, 2016 states that "in mid-March 2016 [Elizabeth] was noted to develop the rapid onset of more severe cognitive problems . . . ." | Objection based on FRE 402 and 403 and the Court's ruling on Defendants' MIL No. 1. |
| 74 | Elizabeth was prescribed Namenda.  Namenda is sometimes used to treat Alzheimer's, and Kedrin Van Steenwyk knew Elizabeth was taking Namenda. | Objection based on FRE 402 and 403 and the Court's ruling on Defendants' MIL No. 1. |
| 75 | The very next month, in May 2016, two doctors wrote reports concluding, respectively, that: (1) Elizabeth's reported "problems currently deprive her of [ ] capacity"; and (2) Elizabeth is "no | Objection based on FRE 402 and 403 and the Court's ruling on Defendants' MIL No. 1. |

DEFENDANTS' RESPONSES TO PLAINTIFF'S PURPORTED ADMISSIONS IN PROPOSED PRE-TRIAL CONFERNCE ORDER [DKT NO. 374]

| | | longer able to adequately monitor and control her finances . . . ." | |
|---|---|---|---|
| | 76 | The 2016 Agreement for Services was executed by Elizabeth in April 2016.  Elizabeth was then declared unable "to adequately monitor and control her finances" in May 2016. | Objection based on FRE 402 and 403 and the Court's ruling on Defendants' MIL No. 1. |
| | 77 | After the medical reports were issued Kedrin Van Steenwyk became the successor trustee under the 1996 Revocable Trust. Kedrin Van Steenwyk was chosen by Elizabeth to be the successor trustee under the 1996 Revocable Trust in 2012 in the event Elizabeth could no longer serve as trustee.  Kedrin Van Steenwyk was designated as Elizabeth's attorney in fact and assumed control over the Class A shares of ATA and SDI. | Objection based on FRE 402 and 403 and the Court's ruling on Defendants' MIL No. 1. |
| | 78 | Around May 2016, Elizabeth was admitted into a memory care facility. | Objection based on FRE 402 and 403 and the Court's ruling on Defendants' MIL No. 1. |
| | 79 | Through her role as successor trustee, Kedrin Van Steenwyk assumed control over KMBG and Adelaida. | Undisputed as to KEVS and ACI. |
| | 80 | Kedrin believed Elizabeth Van Steenwyk to have cognitive problems no later than March 2016. | Undisputed as to KEVS but objection based on FRE 402 and 403 and the Court's ruling on Defendants' MIL No. 1.<br><br>Disputed as to ACI. |
| | 81 | ATA's Board of Directors understood that Elizabeth Van Steenwyk had cognitive problems no later than March 2016. | Undisputed as to KEVS but objection based on FRE 402 and 403 and the Court's ruling on Defendants' MIL No. 1.<br><br>Disputed as to ACI. |
| | 82 | ATA continued to pay Elizabeth Van Steenwyk compensation for service as a director of ATA through 2019, even though Elizabeth did not serve as a director since she was admitted to a memory care facility in 2016. | Undisputed as to KEVS but objection based on FRE 402 and 403 and the Court's ruling on Defendants' MIL No. 1.<br><br>Disputed as to ACI. |

10

DEFENDANTS' RESPONSES TO PLAINTIFF'S PURPORTED ADMISSIONS IN PROPOSED PRE-TRIAL CONFERNCE ORDER [DKT NO. 374]

| FINANCIAL SUMMIT | |
|---|---|
| **ADMISSION** | **DEFENDANTS' POSITION** |
| 83 A meeting that was referred to on a Power Point slide as a "financial summit" was held at Adelaida in August 2016 (the "Financial Summit"). | Undisputed. |
| 84 At the Financial Summit held in August 2016, the finances of Adelaida and ATA Ranches were discussed. | Undisputed. |
| 85 Dan Carter and Kieran Duggan attended the Financial Summit. | Undisputed. |
| 86 Kieran Duggan is currently on Adelaida's board of directors and is a Corporate Accounting Director and Treasurer and Assistant Secretary of ATA and SDI. | Undisputed but duplicative.<br><br>21. Defendant Kieran Duggan was appointed as the Treasurer and Assistant Secretary of ATA and SDI in July 2020.<br><br>22. Duggan currently serves as ATA and SDI's Chief Financial Officer.<br><br>23. Duggan has served as a director of Adelaida since May 2018.<br><br>24. Duggan has served as an officer of ATA Ranches since at least 2020.<br><br>25. Duggan served as Corporate Accounting Manager of SDI beginning in 2015, and then became the Corporate Accounting Director in 2018.<br><br>28. Kieran Duggan is the Chief Financial Officer of ATA Ranches, Inc. |
| 87 ATA paid for Daniel Carter's airfare, lodging, and other travel expenses incurred in attending the Financial Summit meeting in Paso Robles in August 2016. | Undisputed as to Carter, Gobe, McCoy, and Longroio.<br><br>Disputed as to as to all other defendants. |
| 88 Dana Armstrong participated in the preparation of summaries of financial statements of ATA Ranches, Adelaida, KMBG, and Stoneway Properties. | Undisputed as to Longorio.<br><br>Disputed as to all other defendants. |

DEFENDANTS' RESPONSES TO PLAINTIFF'S PURPORTED ADMISSIONS IN PROPOSED PRE-TRIAL CONFERNCE ORDER [DKT NO. 374]

| | | ADMISSION | STIPULATED FACT |
|---|---|---|---|
| | 89 | ATA paid for Kieran Duggan's airfare, lodging, and other travel expenses incurred attending the Financial Summit meeting in Paso Robles in August 2016. | Undisputed Carter, Gobe, and McCoy. Disputed as to all other defendants. |
| | 90 | Kieran Duggan was tasked at the Financial Summit meeting in Paso Robles in August 2016 with preparing summaries of inter-company receivables owed to ATA by ATA Ranches, Adelaida, KMBG, and Stoneway Properties. | Disputed as it called for speculation from Carter and Longorio. Disputed as to KEVS and ACI. |
| | 91 | After the Financial Summit meeting in Paso Robles in August 2016, Kieran Duggan prepared summaries of notes memorializing inter-company payables and receivables for ATA Ranches, Adelaida, KMBG, and Stoneway Properties showing "who owes money to whom". | Undisputed as to Longorio. Disputed as to all other defendants Disputed as to KEVS and ACI. |
| | 92 | Two accounting firms –Moss Adams and Longcrier & Associates – attended and participated in the Financial Summit meeting in Paso Robles in August 2016. | Undisputed as to KEVS. Objection based on FRE 402 and 403. Disputed as to ACI. |
| | **GRAPE PURCHASE AGREEMENT** | | |
| | | **ADMISSION** | **STIPULATED FACT** |
| | 93 | ATA sold grapes to Adelaida. | Undisputed. |
| | 94 | Adelaida and ATA entered into a Grape Purchase Agreement in December 2016 and Kedrin Van Steenwyk executed the agreement on behalf of Adelaida. | Undisputed. |
| | 95 | Daniel Carter was voted onto the Adelaida board of directors on or about August 2016, and Carter drafted the Grape Purchase Agreement at the request of Longorio. | Objection to phrasing. Incomplete and Duplicative. Undisputed if modified to include the entire admission, otherwise disputed. |

12

DEFENDANTS' RESPONSES TO PLAINTIFF'S PURPORTED ADMISSIONS IN PROPOSED PRE-TRIAL CONFERNCE ORDER [DKT NO. 374]

| | | | |
|---|---|---|---|
| | 96 | The Grape Purchase Agreement prepared by Carter was executed in December 2016 by Phil Longorio on behalf of ATA. | Modify to state executed by Phil Longorio on behalf of ATA to clear any confusion, then undisputed. |
| | 97 | Daniel Carter reviewed and approved the Grape Purchase Agreement on behalf of ATA. | Undisputed as to Carter, Longorio, McCoy. Objection as phrased as "approved … on behalf of ATA" is misleading. Objection based upon FRE 402 and 403.Disputed as to KEVS and ACI. |
| | 98 | The decision to enter into the Grape Purchase Agreement was made at the Financial Summit meeting in Paso Robles in August 2016. | Undisputed as to KEVS. Disputed as to all other Defendants. |
| | 99 | It was acknowledged at the Financial Summit meeting in Paso Robles in August 2016 that Adelaida had never made a profit in its winery operation since the change of ownership in 2013. | Undisputed by KEVS. Disputed by all other Defendants. |
| | 100 | ATA's Board of Directors was aware during the period from 2013 to the present that Adelaida did not earn a net profit for the years 2013 to 2019. | Undisputed as to KEVS. Disputed as to all other Defendants. |
| | 101 | ATA has incurred net losses in its ownership and grape-growing operations at HMR Ranch and Viking Ranch for every year from 2013 through the present. | Objection as phrased with "net losses" and time frame is over-inclusive. Objection based upon FRE 402 and 403. Undisputed as to Pierce, Gobe, Carter, McCoy and Durocher and KEVS as of January 2021. Disputed as to all other Defendants. |
| | 102 | Adelaida resold the surplus wine grapes that it purchased from ATA under the Grape Purchase Agreement that it did not use to make wine on the open market at market rates. | Disputed as to KEVS and ACI. KEVS did not admit this fact. Disputed as to all other Defendants. |

| **CREATION OF ATA RANCHES** | | |
|---|---|---|
| | **ADMISSION** | **DEFENDANTS' POSITION** |

13

| | | | |
|---|---|---|---|
| 103 | Kedrin Van Steenwyk explored potentially purchasing HMR Ranch and Viking Ranch from ATA in 2018. | Undisputed. |
| 104 | Kedrin Van Steenwyk made a proposal to purchase HMR Ranch and Viking Ranch in 2018. | Undisputed. |
| 105 | Kedrin Van Steenwyk made a proposal to purchase, directly or through a new entity, HMR Ranch and Viking Ranch after the potential sale of SDI/ATA in 2018 (known as Project Satellite) fell apart. | Undisputed as to KEVS.<br><br>Disputed as to ACI. |
| 106 | HMR Ranch and Viking Ranch were transferred to ATA Ranches. | Undisputed but duplicative.<br><br>3. ATA Ranches owns two ranch properties (HMR Ranch and Viking Ranch, collectively the "Ranches") that produced grapes. |
| 107 | ATA Ranches was formed prior to Kedrin Van Steenwyk's November 2018 letter proposing to purchase HMR Ranch and Viking Ranch. | Undisputed as to Pierce, Gobe, Longorio, Carter, and McCoy<br><br>Disputed as to KEVS and ACI. |
| 108 | ATA's Board of Directors authorized the transfer of title to HMR Ranch and Viking Ranch to ATA Ranches in 2018 for no consideration. | Undisputed as to Pierce, Gobe, Longorio, Carter, and McCoy. Objection as phrased and misleading without context. Objection based upon FRE 402 and FRE 403.<br><br>Disputed as to KEVS and ACI. |

| | **OTHER SUBSIDIES** | |
|---|---|---|
| | **ADMISSION** | **DEFENDANTS' POSITION** |
| 109 | According to a disclosure certificate dated June 30, 2016, and signed by ATA's Senior Vice President and Chief Financial Officer Dana Armstrong, ATA, "in its ordinary course of business, advances funds to KMBG, LLC and Adelaida Cellars . . . to fund such entities to pay their | Undisputed. |

14

DEFENDANTS' RESPONSES TO PLAINTIFF'S PURPORTED ADMISSIONS IN PROPOSED PRE-TRIAL CONFERNCE ORDER [DKT NO. 374]

| | | |
|---|---|---|
| | | respective operating costs." The disclosure certificate goes on to state that the following amounts were owed to ATA as of April 30, 2016: $552,141.19 by KMBG, and $2,139,838.68 by Adelaida. | |
| | 110 | Financial statements for ATA indicate a "notes receivable – ACI," relating to debt owed by Adelaida to ATA.  As of 2014, the amount owed was $3,845,896.  At the time of the 2016 Financial Summit, financial statements also show that the mysterious entity, Stoneway, owed ATA $7,182,919. | Only applicable to KEVS?  Para. 98? Disputed. |
| | 111 | After ATA's sale of its stock in ADELAIDA to KMBG, ATA continued to advance money to KMBG to pay for ADELAIDA's capital and operating expenses. | Disputed. Disputed as to KEVS. KEVS did not admit this fact. |
| | 112 | KMBG did not pay a market interest rate, such as LIBOR or Prime, to ATA for the monies advanced to it by ATA to pay for ADELAIDA's capital and operating expenses. | Disputed. Disputed as to KEVS.  KEVS did not admit this fact. Duplicative. 36. Under the 2013 Promissory Note, KMBG's payments extended over a four-year period at an interest rate of .95%. |
| | 113 | No interest was charged by ATA to KMBG, ADELAIDA, Stoneway Properties, and/or ATA RANCHES for the advances made by ATA. | Disputed as to KEVS.  KEVS did not admit as to Stoneway Properties. Disputed as to all other Defendants. |
| | 114 | Advances made by ATA to KMBG, ADELAIDA, Stoneway Properties, and ATA RANCHES were recorded in ATA's financial books as "intercompany receivables." | Undisputed as to KEVS. Disputed as to all other Defendants. |
| | 115 | Advances made by ATA to KMBG, ADELAIDA, Stoneway Properties, and ATA RANCHES were recorded in the financial books of those entities as "inter-company payables." | Disputed as to KEVS.  KEVS did not admit as to Stoneway Properties. Disputed as to all other Defendants. |

DEFENDANTS' RESPONSES TO PLAINTIFF'S PURPORTED ADMISSIONS IN PROPOSED PRE-TRIAL CONFERNCE ORDER [DKT NO. 374]

| 116 | ATA's financial statements reflect a loss of $1,145,441 in 2016, related to the ownership and operating costs of HMR Ranch and Viking Ranch. | Undisputed |
|-----|---|---|
| 117 | ATA's financial statements reflect a loss of $1,315,451 in 2017, related to the ownership and operating costs of HMR Ranch and Viking Ranch. | Undisputed. |
| 118 | ATA's financial statements reflect a loss of $1,367,571 in 2018, related to the ownership and operating costs of HMR Ranch and Viking Ranch. | Undisputed. |
| 119 | ATA lost money related to owning and operating HMR Ranch and Viking Ranch in 2019. | Undisputed. |
| 120 | ATA has lost money owning and operating HMR Ranch and Viking Ranch in 2020. | Undisputed. |
| 121 | ATA's transfers of money to ATA Ranches since 2018 have been recorded in ATA's financial records as "inter-company" accounts receivables. | Undisputed as to KEVS as of January 8, 2021.<br><br>Disputed as to all other defendants. |
| 122 | ATA, through its advances of monies to ATA Ranches, continues to pay for all expenses associated with the ownership and operation of HMR Ranch and Viking Ranch. | Undisputed as to KEVS as of January 8, 2021.<br><br>Disputed as to all other defendants. |

| **INDIVIDUAL DEFENDANT'S ROLES** | | |
|---|---|---|
| | **ADMISSION** | **DEFENDANTS' POSITION** |
| 123 | Kedrin Van Steenwyk has been a director on ATA's Board of Directors at all times since 2013. | Undisputed. |
| 124 | Kedrin Van Steenwyk received compensation from ATA for service as an ATA director. | Disputed. |

16

| | | | |
|---|---|---|---|
| 1 2 3 4 | 125 | Kedrin Van Steenwyk received a salary from SDI. The salary was in the following annual amounts: $86,373.34 in 2016; $73,396.06 in 2017; $87,781.34 in 2018; $89,976.34 in 2019; and $25,187.24 in 2020. | Disputed. This is based on an interrogatory not an admission. |
| 5 6 7 8 | 126 | Pamela Pierce is a citizen of the State of Texas, is a director and ~~is~~was CEO of ATA, and she receives compensation from ATA. | Modified to reflect Pierce is no longer CEO of ATA. <br><br> Duplicative. <br><br> 11. Defendant Pamela Pierce has served as a Director for ATA and SDI since 2011. |
| 9 10 11 | 127 | Phillip Gobe is a citizen of the State of Texas, was previously a director of ATA and received compensation. | Undisputed but duplicative. <br><br> 13. Defendant Phillip Gobe was a Director of ATA and SDI from 2010 to September 2020. |
| 12 13 14 15 16 | 128 | Phillip Longorio is a citizen of the State of Texas, was previously a board member and CEO and president of ATA, and he received compensation from ATA. | Undisputed. <br><br> Duplicative. <br><br> 14. Defendant Philip Longorio was a Director of ATA and SDI from 2014 to May 2020. <br><br> 15. Longorio served as the CEO and President of ATA and SDI from 2014 to May 2020. |
| 17 18 19 | 129 | Gene Durocher is a citizen of the State of Texas, has been a director of ATA and receives compensation. | Undisputed but duplicative. <br><br> 16. Defendant Gene Durocher served as a Director of ATA and SDI from 2010 to 2021. |
| 20 21 22 | 130 | Joseph McCoy is a citizen of the State of Texas, has been a director of ATA and receives compensation. | Undisputed but duplicative. <br><br> 17. Defendant Joseph McCoy has served as a Director of ATA and SDI from 2011 to August 2023. |
| 23 24 25 26 | 131 | Daniel Carter is a citizen of the State of Texas, has served as secretary and general counsel for ATA, receives compensation from ATA, and is a director of ATA Ranches and Adelaida. | Undisputed. <br><br> Duplicative. <br><br> 18. Defendant Daniel Carter has served as ATA and SDI's Senior Vice President, Secretary and General Counsel from 2011 to the present. |
| 27 28 | 132 | Daniel Carter has served as ATA's corporate Secretary and General | Undisputed. <br><br> Duplicative. |

17

DEFENDANTS' RESPONSES TO PLAINTIFF'S PURPORTED ADMISSIONS IN PROPOSED PRE-TRIAL CONFERNCE ORDER [DKT NO. 374]

| | | | |
|---|---|---|---|
| | | Counsel since January 2013 through the present. | 18. Defendant Daniel Carter has served as ATA and SDI's Senior Vice President, Secretary and General Counsel from 2011 to the present. |
| | 133 | Daniel Carter has received compensation from ~~ATA~~SDI for serving as its corporate Secretary and General Counsel. | Modified to show compensation was from SDI and not ATA. Otherwise undisputed. |
| | 134 | Daniel Carter has served as a director of Adelaida since 2016. | Undisputed but duplicative. 19. Carter was elected as a director of Adelaida in August 2016. |
| | 135 | Daniel Carter has served as a director of ATA Ranches since ATA Ranches was formed in 2018. | Undisputed but duplicative. 20. Carter has been a director and officer of ATA Ranches, Inc. since 2018. |
| | 136 | Kieran Duggan is a citizen of the state of Texas, has been Corporate Accounting Director, Treasurer, and Assistant Secretary of ATA and SDI and receives compensation. Duggan was appointed as a director of Adelaida and is the Chief Financial Officer of ATA Ranches. | Undisputed but duplicative. See 86 above. |
| | 137 | Longorio made statements to the effect that the energy services business was tough going due to the state of the oil market. | Undisputed. |
| | 138 | ATA's directors, officers, and majority shareholders have fiduciary duties under the law. | Undisputed, but inadmissible legal conclusion. |
| | 139 | ATA's directors, owed Matthew's Trusts fiduciary duties at all times since being elected to the ATA's Board of Directors. | Undisputed, but inadmissible legal conclusion. |
| | 140 | ATA's directors, owed Gretchen's Trusts fiduciary duties at all times since being elected to ATA's Board of Directors. | Undisputed, but inadmissible legal conclusion. |
| | 141 | Kedrin Van Steenwyk has controlled Elizabeth Van Steenwyk's and the 1996 | Undisputed as to KEVS and Pierce. Disputed as to all other Defendants. |

DEFENDANTS' RESPONSES TO PLAINTIFF'S PURPORTED ADMISSIONS IN PROPOSED PRE-TRIAL CONFERNCE ORDER [DKT NO. 374]

| | | | |
|---|---|---|---|
| | | Revocable Trust's membership interest in KMBG since 2016. | |
| | 142 | Kedrin Van Steenwyk, Elizabeth Van Steenwyk, and the Director Defendants have, at certain times, owed Plaintiff a fiduciary duty. | Undisputed but calls for inadmissible legal conclusion. |
| | 143 | Kedrin Van Steenwyk has controlled Elizabeth Van Steenwyk's seat on ATA's Board of Directors at all times since she became the successor trustee of the 1996 Revocable Trust and Elizabeth's attorney in fact. | Undisputed as to KEVS. Disputed as to all other Defendants. |
| | 144 | Kedrin Van Steenwyk has served as KMBG's managing member at all times since she became the successor trustee of the 1996 Revocable Trust and Elizabeth Van Steenwyk's attorney in fact. | Undisputed but duplicative. 5. Kedrin is the managing member of KMBG. |
| | 145 | Kedrin Van Steenwyk has been the CEO of Adelaida at all times since she became the successor trustee of the 1996 Revocable Trust and Elizabeth Van Steenwyk's attorney in fact. | Undisputed but duplicative. 6. Kedrin serves as the chief executive officer of KMBG. |
| | **CORPORATIONS CODE SECTION 1601 REQUEST** | | |
| | | **ADMISSION** | **DEFENDANTS' POSITION** |
| | 146 | Plaintiff made multiple requests for information pursuant to Corporations Code section 1601 in 2019. | Undisputed but objectionable based on FRE 402 and 403. Duplicative. 42. On May 3, 2019, Plaintiff (through counsel) sent a letter to ATA's then CEO, Philip Longorio, requesting an inspection of books and records pursuant to California Corporations Code section 1601 (the "1601 Request"). 43. On July 24, 2019, Plaintiff (through counsel) sent a follow-up letter to the 1601 Request, via outside company counsel Sabrina McTopy, requesting an inspection of books and records pursuant to |

| | | | |
|---|---|---|---|
| | | | California Corporations Code section 1601. |
| | | | 44. On September 12, 2019, Plaintiff (through counsel) sent a follow-up letter to the 1601 Request, via outside company counsel Sabrina McTopy. |
| | | | 45. On September 20, 2019, Plaintiff (through counsel) sent a follow-up letter to the 1601 Request, via outside company counsel Roy Ogden. |
| | 147 | Plaintiff made his written request for corporate records and information to Defendant Longorio, the former CEO and President of ATA, on May 3, 2019. | Undisputed but objectionable based on FRE 402 and 403.<br><br>Duplicative.<br><br>42. On May 3, 2019, Plaintiff (through counsel) sent a letter to ATA's then CEO, Philip Longorio, requesting an inspection of books and records pursuant to California Corporations Code section 1601 (the "1601 Request"). |
| | 148 | Plaintiff made his follow-up written request for ATA corporate information on July 9, 2019, to Defendant Longorio, the former CEO and President of ATA. | Undisputed but objectionable based on FRE 402 and 403.<br><br>Duplicative.<br><br>43. On July 24, 2019, Plaintiff (through counsel) sent a follow-up letter to the 1601 Request, via outside company counsel Sabrina McTopy, requesting an inspection of books and records pursuant to California Corporations Code section 1601. |
| | 149 | Prior to filing this lawsuit, Plaintiff, through his counsel, delivered demand letters pursuant to Corporations Code section 800. | Undisputed but objectionable based on FRE 402 and 403.<br><br>Duplicative.<br><br>30. On October 17, 2019, Plaintiff (through counsel) sent a letter to the ATA Board of Directors demanding corrective action pursuant to California Corporations Code section 800. |
| | 150 | Plaintiff did not make a demand on SDI. SDI is a closely held corporation. | Undisputed but objectionable based on FRE 402 and 403. |
| | 151 | Plaintiff did not make a demand on ATA Ranches. | Undisputed but objectionable based on FRE 402 and 403. |

DEFENDANTS' RESPONSES TO PLAINTIFF'S PURPORTED ADMISSIONS IN PROPOSED PRE-TRIAL CONFERNCE ORDER [DKT NO. 374]

| | | |
|---|---|---|
| 152 | Plaintiff requested that the Director Defendants provide documents evidencing the balances outstanding on the loans and advances ATA has made to Adelaida, KMBG, and their affiliates, as well as the repayment history of those claims. | Undisputed but objectionable based on FRE 402 and 403. |
| 153 | Plaintiff made a written request for the financial statements of ATA and all of its subsidiaries pursuant to Corporations Code section 1601. | Undisputed but objectionable based on FRE 402 and 403. |
| 154 | Defendants possessed financial statements of ATA and all of its subsidiaries at the time Plaintiff made his request for copies of those financial statements. | Undisputed but objectionable based on FRE 402 and 403. |
| 155 | Plaintiff made a written request for all documents relating to Stoneway Properties pursuant to Corporations Code section 1601. | Undisputed but objectionable based on FRE 402 and 403. |
| 156 | Defendants possessed documents relating to Stoneway Properties at the time Plaintiff made the Corporations Code 1601 requests. | Disputed as to Daniel Carter as he only admitted he possessed documents. Disputed as to all other defendants. |
| 157 | Plaintiff made a written request for all documents relating to ATA's sale of wine grapes grown on HMR Ranch and Viking Ranch to Adelaida. | Undisputed. Objectionable based on FRE 402 and 403. |
| 158 | Defendants possessed documents relating to ATA's sale of wine grapes grown on HMR Ranch and Viking Ranch to Adelaida at the time Plaintiff made his request for copies of those documents. | Undisputed as to Carter. Disputed as to all other defendants. |
| 159 | Plaintiff's Corporations Code 1601 requests include requests for all of documents memorializing and/or relating to the inter-company advances and loans made to Adelaida and its affiliates. | Undisputed. Objectionable based on FRE 402 and 403. |

DEFENDANTS' RESPONSES TO PLAINTIFF'S PURPORTED ADMISSIONS
IN PROPOSED PRE-TRIAL CONFERNCE ORDER [DKT NO. 374]

| 160 | Defendants possessed documents memorializing and/or relating to inter-company advances and loans made to Adelaida and its affiliates at the time Plaintiff made the Corporations Code 1601 requests. | Disputed. Carter only admitted he possessed documents. Disputed as to all other Defendants. |
| 161 | Carter and McTopy were involved with record gathering and the response to Plaintiff's demand for corporate records. | Undisputed. |

| **PRIOR LAWSUIT** | |
|---|---|
| **ADMISSION** | **DEFENDANTS' POSITION** |
| 162 | Plaintiff filed a lawsuit against ATA and SDI in Texas. | Undisputed. |
| 163 | One negotiated term of the resolution was a requirement that ATA, SDI, and its board of directors adopt a corporate Code of Conduct. | Undisputed. |

Dated: June 18, 2024            **WINGET SPADAFORA & SCHWARTZBERG LLP**


/s/ Richard Tricker
Timothy Fredricks
Richard Tricker
*Attorneys for Defendants Kedrin E. Van Steenwyk, and Adelaida Cellars, Inc.*

DEFENDANTS' RESPONSES TO PLAINTIFF'S PURPORTED ADMISSIONS IN PROPOSED PRE-TRIAL CONFERNCE ORDER [DKT NO. 374]

Dated: June 18, 2024                    **O'HAGAN MEYER, LLC**

                                        /s/ *Johnny Antwiler*
                                        Johnny Antwiler, Esq.
                                        Samuel Y. Edgerton, III, Esq.
                                        *Attorneys for Defendants Pamela Pierce,*
                                        *Phillip Gobe, Philip Longorio, Gene*
                                        *Durocher, Daniel Carter, Joseph McCoy,*
                                        *Kieran Duggan, Applied Technologies*
                                        *Associates, Inc., Scientific Drilling*
                                        *International, Inc., and ATA Ranches, Inc.*

23