FILED
CLERK, U.S. DISTRICT COURT

07/10/2024

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ TF _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MATTHEW D. VAN STEENWYK,

Plaintiff,

v.

KEDRIN E. VAN STEENWYK, *et al.*,

Defendants.

Case No.: 2:20-cv-02375-FLA (AJRx)

**JURY INSTRUCTIONS**

**COURT'S INSTRUCTION NO. 1**

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial, I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

## COURT'S INSTRUCTION NO. 2

To help you follow the evidence, I will give you a brief summary of who the parties are and their positions and contentions in this case.

### Parties

1.     Matthew Van Steenwyk ("Plaintiff") is the plaintiff in this case. He is the trustee of his own trusts and his sister Gretchen Marie Van Steenwyk-Marsh's ("Gretchen") trusts – both of which are minority shareholders of Applied Technology Associates, Inc. ("ATA") and Scientific Drilling International, Inc. ("SDI").

2.     ATA is a California corporation and SDI is a Texas corporation. ATA and SDI operate under common ownership and management. The same individuals serve as Directors of both ATA and SDI, and ATA and SDI have overlapping Officers. ATA and SDI provide directional drilling and oil and gas well surveying services to the oil and gas drilling industry. ATA Ranches, Inc. ("ATA Ranches") is a Delaware corporation that is wholly owned by ATA and owns grape ranches in Paso Robles, California.

3.     ATA, SDI, and ATA Ranches are each "nominal defendants" in this action. They are deemed nominal defendants—as compared to the other Defendants in the action—because the derivative claims asserted here are brought by Plaintiff Matthew Van Steenwyk on behalf of ATA, SDI, and ATA Ranches and for their benefit against the controlling shareholders, directors, and officers of these corporations for allegedly breaching their fiduciary duties and committing corporate waste that damaged these companies.

4.     Defendant Adelaida Cellars, Inc. ("Adelaida Cellars") is a California corporation which operates a winery in Paso Robles, California.

5.     Pursuant to her trust, Defendant Elizabeth Van Steenwyk held all of the voting shares of ATA and was, thus, the "controlling shareholder" of ATA until June 2016 when her daughter, Defendant Kedrin Van Steenwyk, became

3

trustee of Elizabeth's Van Steenwyk's trust and, thus, became the Controlling Shareholder. Upon Elizabeth's death, Kedrin Van Steenwyk also became executor of Elizabeth Van Steenwyk's estate.

6.    Defendant Kedrin Van Steenwyk is the current controlling shareholder, a director of ATA and SDI, an officer and director of Adelaida Cellars, and managing member of Adelaida Cellars' parent company, KMBG LLC.

7.    Defendants Kedrin Van Steenwyk, Pamela Pierce, Phillip Gobe, Philip Longorio, Gene Durocher, and Joseph McCoy are or were directors of ATA and SDI, and Defendants Daniel Carter, Philip Longorio, Pamela Pierce, and Kieran Duggan are or were officers of ATA and SDI.

8.    Defendants Kieran Duggan and Daniel Carter are also officers of ATA Ranches and directors of Adelaida Cellars.

## Claims

I will also give you a brief summary of the positions of the parties. Plaintiff has brought four distinct claims. The first two claims are referred to as "derivative" claims. These claims are brought by Plaintiff on behalf of ATA and SDI for alleged harm caused to those companies. The remaining two claims are direct claims brought by Plaintiff for alleged harm to him separate and apart from any harm to ATA and SDI.

1.    In the First Cause of Action, Plaintiff asserts derivative claims on behalf of ATA and SDI, alleging that all Defendants (other than Adelaida Cellars) breached their fiduciary duties owed to ATA and SDI.

2.    In the Second Cause of Action, Plaintiff asserts derivative claims on behalf of ATA and SDI, alleging corporate waste against Defendants Kedrin Van Steenwyk, Pamela Pierce, Philip Gobe, Philip Longorio, Gene Durocher, Joseph McCoy, and Daniel Carter in their capacities as Directors of ATA and SDI.

3.    In the Fifth Cause of Action, Plaintiff asserts direct claims against Defendants Elizabeth Van Steenwyk and Kedrin Van Steenwyk as the Controlling

4

Shareholders of ATA and SDI, alleging breach of fiduciary duties owed to the minority shareholders of ATA and SDI.

4.    In the Sixth Cause of Action, Plaintiff asserts direct claims against Defendants Kedrin Van Steenwyk, Pamela Pierce, Philip Gobe, Philip Longorio, Gene Durocher, Daniel Carter, Joseph McCoy, Kieran Duggan and Adelaida Cellars, alleging that they have aided and abetted the breaches of fiduciary duties by Defendants Elizabeth Van Steenwyk and Kedrin Van Steenwyk as controlling shareholders of ATA and SDI.

Plaintiff has the burden of proving each of the claims.

It has already been determined that:

1.    Defendant Elizabeth Van Steenwyk breached fiduciary duties owed to ATA and its minority shareholders in connection with the 2013 sale of Adelaida Cellars by ATA to KMBG;

2.    Defendant Kedrin Van Steenwyk breached fiduciary duties owed to ATA and its minority shareholders in connection with the December 2016 agreement between ATA and Adelaida Cellars wherein ATA agreed to sell grapes to Adelaida Cellars; and

3.    Defendant Daniel Carter aided and abetted Defendant Kedrin Van Steenwyk's breach of fiduciary duties owed to ATA and its minority shareholders in connection with the December 2016 agreement between ATA and Adelaida Cellars wherein ATA agreed to sell grapes to Adelaida Cellars.

## Defenses

Defendants deny each claim and assert the following affirmative defenses:

1.    Plaintiff's claims are barred by the relevant statutes of limitations.

2.    Plaintiff's claims are barred by the business judgment rule.

Defendants have the burden of proving these affirmative defenses.

It has already been determined that:

5

1.  Defendants Elizabeth Van Steenwyk and Kedrin Van Steenwyk may
    not assert the business judgment rule as an affirmative defense with
    respect to any transaction; and

2.  Defendants Daniel Carter and Kieran Duggan may not assert the
    business judgment rule as an affirmative defense with respect to their
    duties as officers of ATA.

**COURT'S INSTRUCTION NO. 3**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

### COURT'S INSTRUCTION NO. 4

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

# COURT'S INSTRUCTION NO. 5

You should decide the case as to each plaintiff and each defendant separately. Unless otherwise stated, the instructions apply to all parties.

# COURT'S INSTRUCTION NO. 6

The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits that are admitted into evidence;

3.    any facts to which the lawyers have agreed; and

4.    any facts that I may instruct you to accept as proved.

**COURT'S INSTRUCTION NO. 7**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some evidence is received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4)     Anything you have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**COURT'S INSTRUCTION NO. 8**

Some evidence may be admitted only for a limited purpose. When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

## COURT'S INSTRUCTION NO. 9

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**COURT'S INSTRUCTION NO. 10**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

# COURT'S INSTRUCTION NO. 11

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account, among other things:

    (1)    the opportunity and ability of the witness to see or hear or know the things testified to;

    (2)    the witness's memory;

    (3)    the witness's manner while testifying;

    (4)    the witness's interest in the outcome of the case, if any;

    (5)    the witness's bias or prejudice, if any;

    (6)    whether other evidence contradicted the witness's testimony;

    (7)    the reasonableness of the witness's testimony in light of all the evidence; and

    (8)    any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**COURT'S INSTRUCTION NO. 12**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, X (formerly known as Twitter), Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# COURT'S INSTRUCTION NO. 13

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

### COURT'S INSTRUCTION NO. 14

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the courtroom. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

**COURT'S INSTRUCTION NO. 15**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

1

## COURT'S INSTRUCTION NO. 16

2        Trials proceed in the following way: First, each side may make an opening

3    statement. An opening statement is not evidence. It is simply an outline to help you

4    understand what that party expects the evidence will show. A party is not required

5    to make an opening statement.

6        The plaintiff will then present evidence, and counsel for the defendant may

7    cross-examine. Then the defendant may present evidence, and counsel for the

8    plaintiff may cross-examine.

9        After the evidence has been presented, I will instruct you on the law that

10    applies to the case and the attorneys will make closing arguments. After that, you

11    will go to the jury room to deliberate on your verdict.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COURT'S INSTRUCTION NO. 17**

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before  you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

1

### COURT'S INSTRUCTION NO. 18

2   When a party has the burden of proving any claim or affirmative defense by

3   a preponderance of the evidence, it means you must be persuaded by the evidence

4   that the claim or affirmative defense is more probably true than not true.

5   You should base your decision on all of the evidence, regardless of which

6   party presented it.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## COURT'S INSTRUCTION NO. 19

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

# COURT'S INSTRUCTION NO. 20

You should decide the case as to the plaintiff and each defendant separately. Unless otherwise stated, the instructions apply to all parties.

### COURT'S INSTRUCTION NO. 21

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they said in their opening statements, and will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some evidence is received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4) Anything you have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

# COURT'S INSTRUCTION NO. 22

Some evidence was admitted only for a limited purpose. When I instructed you that an item of evidence was admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

1

**COURT'S INSTRUCTION NO. 23**

2      Evidence may be direct or circumstantial. Direct evidence is direct proof of a

3  fact, such as testimony by a witness about what that witness personally saw or

4  heard or did. Circumstantial evidence is proof of one or more facts from which you

5  could find another fact. You should consider both kinds of evidence. The law

6  makes no distinction between the weight to be given to either direct or

7  circumstantial evidence. It is for you to decide how much weight to give to any

8  evidence.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**COURT'S INSTRUCTION NO. 24**

2    There are rules of evidence that control what can be received into evidence.

3  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on

4  the other side thinks that it is not permitted by the rules of evidence, that lawyer

5  may object. If I overrule the objection, the question may be answered or the exhibit

6  received. If I sustain the objection, the question cannot be answered, and the

7  exhibit cannot be received. Whenever I sustain an objection to a question, you

8  must ignore the question and must not guess what the answer might have been.

9    Sometimes I may order that evidence be stricken from the record and that

10  you disregard or ignore that evidence. That means when you are deciding the case,

11  you must not consider the stricken evidence for any purpose.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# COURT'S INSTRUCTION NO. 25

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account, among other things:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

# COURT'S INSTRUCTION NO. 26

Whether or not you took notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

# COURT'S INSTRUCTION NO. 27

The parties agreed to certain facts that were read to you. You must therefore treat these facts as having been proved.

**COURT'S INSTRUCTION NO. 28**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The depositions of the following witnesses were taken on these dates:

- Dana Armstrong was deposed on July 30, 2021.
- Gene Durocher was deposed on May 12, 2021.
- Pamela Pierce was deposed on May 11, 2021.
- Phillip Gobe was deposed on May 21, 2021.

Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

# COURT'S INSTRUCTION NO. 29

## USE OF REQUEST FOR ADMISSION

Evidence was presented to you in the form of admissions to certain facts. You must treat these facts as having been proved.

# COURT'S INSTRUCTION NO. 30

You have heard testimony from the following experts who testified about their opinions and the reasons for those opinions:

- Robin Baggett
- Chelsea Cameron
- William Buckley
- Steven Hazel
- Clifford Wright
- J. Duross O'Bryan
- John Hinman

This opinion testimony is allowed because of the specialized knowledge, skill, experience, training, or education of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## COURT'S INSTRUCTION NO. 31

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

## COURT'S INSTRUCTION NO. 32

Certain charts and summaries have been admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

1

## COURT'S INSTRUCTION NO. 33

2      All parties are equal before the law and a corporation is entitled to the same

3  fair and conscientious consideration by you as any party.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### COURT'S INSTRUCTION NO. 34

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

**COURT'S INSTRUCTION NO. 35**

Corporate officers or directors owe what is known as a fiduciary duty to their corporation and the shareholders. Officers and directors must serve in good faith, in a manner believed to be in the best interests of the corporation and its shareholders. This is known as the duty of loyalty. Officers and directors must also serve with such care, including reasonable inquiry, as an ordinarily prudent person would use under similar circumstances. This is known as the duty of reasonable care.

Controlling shareholders of a corporation also owe a fiduciary duty to the corporation and its minority shareholders. Controlling shareholders have a duty to use their ability to control the corporation in a fair, just, and equitable manner. Controlling shareholders may not use their power to control corporate activities to benefit themselves alone or in a manner detrimental to the minority. Any use to which they put the corporation or their power to control the corporation must benefit all shareholders proportionately and must not conflict with the proper conduct of the corporation's business.

# COURT'S INSTRUCTION NO. 36

It has already been determined that:

1.    Defendant Elizabeth Van Steenwyk breached fiduciary duties owed to ATA and its minority shareholders in connection with the 2013 sale of Adelaida Cellars by ATA to KMBG;

2.    Defendant Kedrin Van Steenwyk breached fiduciary duties owed to ATA and its minority shareholders in connection with the December 2016 agreement between ATA and Adelaida Cellars wherein ATA agreed to sell grapes to Adelaida Cellars; and

3.    Defendant Daniel Carter aided and abetted Defendant Kedrin Van Steenwyk's breach of fiduciary duties owed to ATA and its minority shareholders in connection with the December 2016 agreement between ATA and Adelaida Cellars wherein ATA agreed to sell grapes to Adelaida Cellars.

You are not being asked to, and you must not, reconsider any of these issues that have already been decided in this case. However, you are being asked to determine whether ATA was damaged by these breaches, and if so, whether a Defendant's breach was a substantial factor in causing that damage.

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm. Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

# COURT'S INSTRUCTION NO. 37

Plaintiff claims that ATA and SDI were harmed by Defendants' breach of the fiduciary duty to use reasonable care. To establish this claim for a given Defendant, Plaintiff must prove all of the following as to that Defendant:

1.  That the Defendant was ATA or SDI's director, officer, or controlling shareholder;

2.  That the Defendant acted on ATA or SDI's behalf for purposes of operating or governing ATA or SDI;

3.  That the Defendant failed to act like a reasonably careful director, officer, or controlling shareholder would have acted under the same or similar circumstances;

4.  That ATA or SDI was harmed; and

5.  That the Defendant's conduct was a substantial factor in causing ATA or SDI's harm.

With respect to SDI alone, if you find that a director or officer of SDI profited or benefited from a transaction involving SDI, then the burden shifts to that director or officer to prove the fairness of that transaction.

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm. Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

**COURT'S INSTRUCTION NO. 38**

Plaintiff claims that ATA and SDI were harmed by Defendants' breach of the fiduciary duty of loyalty. To establish this claim for a given Defendant, Plaintiff must prove all of the following as to that Defendant:

1.    That the Defendant was an officer, director, or controlling shareholder of ATA or SDI;

2.    That Plaintiff was a shareholder of ATA or SDI;

3.    That the Defendant knowingly acted against ATA or SDI's interests in connection with transactions relating to ATA Ranches or Adelaida Cellars;

4.    That ATA or SDI were harmed; and

5.    That the Defendant's conduct was a substantial factor in causing the harm to ATA or SDI.

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm. Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

**COURT'S INSTRUCTION NO. 39**

Plaintiff claims that he was directly harmed by Defendants Elizabeth Van Steenwyk or Kedrin Van Steenwyk's breach of the fiduciary duty of loyalty as controlling shareholders. To establish this claim for a given Defendant, Plaintiff must prove all of the following as to that Defendant:

1.   That Elizabeth Van Steenwyk or Kedrin Van Steenwyk was acting as the controlling shareholder of ATA or SDI;

2.   That Plaintiff was a shareholder of ATA or SDI;

3.   That Elizabeth Van Steenwyk or Kedrin Van Steenwyk used her ability to control ATA or SDI to knowingly act against Plaintiff's interests in connection with transactions involving the ATA Ranches or Adelaida Cellars;

4.   That Plaintiff was directly harmed separate and apart from any harm to ATA or SDI; and

5.   That the conduct of Elizabeth Van Steenwyk or Kedrin Van Steenwyk was a substantial factor in causing Plaintiff's direct harm.

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm. Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

1

**COURT'S INSTRUCTION NO. 40**

2    Plaintiff claims that the directors of ATA and SDI committed "corporate

3 waste" with respect to one or more transactions involving ATA or SDI. To

4 establish this claim for a given transaction, Plaintiff must demonstrate that the

5 transaction was so one-sided that no business person of ordinary, sound judgment

6 could conclude that the corporation received adequate value in exchange.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## COURT'S INSTRUCTION NO. 41

Plaintiff claims that he was harmed by Defendants Elizabeth Van Steenwyk and Kedrin Van Steenwyk's breach of their fiduciary duties as controlling shareholders of ATA and SDI, and that Defendants Pamela Pierce, Phillip Gobe, Philip Longorio, Gene Durocher, Daniel Carter, Joseph McCoy, Kieran Duggan, and Adelaida Cellars are responsible for the harm because they aided and abetted Elizabeth Van Steenwyk and Kedrin Van Steenwyk.

If you find that Defendants Elizabeth Van Steenwyk or Kedrin Van Steenwyk committed a breach of their fiduciary duties, then you must determine whether Defendants Pamela Pierce, Phillip Gobe, Philip Longorio, Gene Durocher, Daniel Carter, Joseph McCoy, Kieran Duggan, or Adelaida Cellars are also responsible for the harm. One or more of these Defendants is responsible as an aider and abettor if Plaintiff proves all of the following:

1. That the Defendant knew that controlling shareholders Elizabeth Van Steenwyk or Kedrin Van Steenwyk owed fiduciary duties to ATA or SDI's minority shareholders and that they were breaching those fiduciary duties;

2. That the Defendant gave substantial assistance or encouragement to Elizabeth Van Steenwyk or Kedrin Van Steenwyk; and

3. That the conduct of the Defendant was a substantial factor in causing harm to the minority shareholders of ATA.

Mere knowledge that a breach of fiduciary duty was being committed and the failure to prevent it do not constitute aiding and abetting.

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm. Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

## COURT'S INSTRUCTION NO. 42

It has already been determined that:

1.     Defendants Elizabeth Van Steenwyk and Kedrin Van Steenwyk may not assert the business judgment rule as an affirmative defense with respect to any transaction; and

2.     Defendants Daniel Carter and Kieran Duggan may not assert the business judgment rule as an affirmative defense with respect to their duties as officers of ATA.

ATA and SDI's directors, Defendants Phillip Longorio, Philip Gobe, Pamela Pierce, Gene Durocher, and Joseph McCoy, and SDI's officers, Defendants Daniel Carter and Kieran Duggan, contend that Plaintiff's claims are barred under the business judgment rule. To succeed on this defense, the Defendant must prove the following:

1.     The transaction was approved by the directors of ATA or SDI; and

2.     In connection with the transaction, a majority of the directors approving the transaction were: (1) disinterested; (2) acting in good faith; and (3) reasonably diligent in informing themselves of the facts.

A director is "interested" if the director stands on both sides of the transaction or expects to derive a material personal financial benefit from the transaction that no other shareholder receives.

With respect to ATA, where a Defendant is both an officer and director of ATA, you should evaluate whether the Defendant took an action in their capacity as an officer or as a director. If the Defendant took an action in their capacity as an officer, the business judgment rule does not apply with respect to their duties to ATA.

**COURT'S INSTRUCTION NO. 43**

Each Defendant contends that Plaintiff's lawsuit was not filed within the time set by law. To succeed on this defense for a specific alleged breach of fiduciary duty or instance of corporate waste, the Defendant must prove that Plaintiff's claimed harm occurred before March 12, 2016, unless Plaintiff proves that before March 12, 2016, he did not discover, and did not know of facts that would have caused a reasonable person to suspect, Defendant's wrongful act or omission as to that particular breach of fiduciary duty or instance of corporate waste.

# COURT'S INSTRUCTION NO. 44

It is the duty of the court to instruct you about the measure of damages. By instructing you on damages, the court does not mean to suggest for which party your verdict should be rendered.

If you find for Plaintiff on his claims, you must determine Plaintiff's damages. Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Plaintiff, ATA, or SDI for any injury you find was caused by a Defendant. You should consider the following:

1. The nature and extent of the injuries;

2. The reasonable value of lost profits on the operation of ATA's ranches up to March 12, 2020;

3. The reasonable value, money, or benefits provided to the controlling shareholders up to March 12, 2020;

4. The net value of services SDI and ATA provided to KMBG and Adelaida Cellars;

5. The reasonable value of compensation paid to ATA and SDI's officers and directors up to March 12, 2020; and

6. The reasonable value of lost profits as a result of the diversion of ATA's resources away from core oilfield services business initiatives.

It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.

1

**COURT'S INSTRUCTION NO. 45**

2      You must not include in your award any damages to punish or make an

3  example of any Defendant. Such damages would be punitive damages, and they

4  cannot be a part of your verdict. You must award only the damages that fairly

5  compensate Plaintiff, ATA, or SDI for their losses.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COURT'S INSTRUCTION NO. 46**

If you decide that Plaintiff is entitled to recover damages for past economic loss on his breach of fiduciary duty claim, then you must decide whether he should also receive prejudgment interest at a rate of seven (7) percent. Prejudgment interest is the amount of interest the law provides to a plaintiff to compensate for the loss of the ability to use the funds. If prejudgment interest is awarded, it is computed from the date on which each loss was incurred until the date on which you sign your verdict. Whether Plaintiff should receive an award of prejudgment interest on all, some, or none of any past economic damages that you may award is within your discretion. It is also within your discretion to decide whether any prejudgment interest should be simple or compound.

## COURT'S INSTRUCTION NO. 47

If you decide that any Defendants' conduct caused Plaintiff's harm, you must decide whether that conduct justifies an award of punitive damages against that Defendant. The amount, if any, of punitive damages will be an issue decided later.

You may award punitive damages against an individual Defendant only if Plaintiff proves by clear and convincing evidence that such Defendant engaged in that conduct with malice, oppression, or fraud.

"Malice" means that a defendant acted with intent to cause injury or that a defendant's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A defendant acts with knowing disregard when the defendant is aware of the probable dangerous consequences of the defendant's conduct and deliberately fails to avoid those consequences.

"Oppression" means that a defendant's conduct was despicable and subjected Plaintiff to cruel and unjust hardship in knowing disregard of his rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that a defendant intentionally misrepresented or concealed a material fact and did so intending to harm Plaintiff.

You may also award punitive damages against Defendant Adelaida Cellars based on Defendant Kedrin Van Steenwyk's conduct if Plaintiff proves the following by clear and convincing evidence:

1.      That Kedrin Van Steenwyk was an officer, director, or managing agent of Adelaida Cellars and was acting on behalf of Adelaida Cellars at the time of the conduct constituting malice, oppression, or fraud; or

2.  That Kedrin Van Steenwyk's conduct constituting malice, oppression, or fraud was authorized by an officer, a director, or a managing agent of Adelaida Cellars; or

3.  That an officer, director, or managing agent of Adelaida Cellars knew of Kedrin Van Steenwyk's conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.

An employee is a "managing agent" if the employee exercises substantial independent authority and judgment in corporate decision making such that the employee's decisions ultimately determine corporate policy.

**COURT'S INSTRUCTION NO. 48**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

# COURT'S INSTRUCTION NO. 49

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website, or application, including but not limited to Facebook, YouTube, X (formerly known as Twitter), Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the

witnesses, or the lawyers—until you have been excused as jurors. If
you happen to read or hear anything touching on this case in the
media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

### COURT'S INSTRUCTION NO. 50

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

## COURT'S INSTRUCTION NO. 51

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### COURT'S INSTRUCTION NO. 52

One of your fellow jurors has been excused from service and will not participate further in your deliberations. You should not speculate about the reason the juror is no longer present.

You should continue your deliberations with the remaining jurors. Do not consider the opinions of the excused juror as you continue deliberating. All the previous instructions given to you still apply, including the requirement that all the remaining jurors unanimously agree on a verdict.

**COURT'S INSTRUCTION NO. 53**

Now that the case has been concluded, some of you may have questions about the confidentiality of the proceedings. Now that the case is over, you are free to discuss it with any person you choose. By the same token, however, I would advise you that you are under no obligation whatsoever to discuss this case with any person.

If you do decide to discuss the case with anyone, I would suggest you treat it with a degree of solemnity in that whatever you do decide to say, you would be willing to say in the presence of the other jurors or under oath here in open court in the presence of all the parties.

Finally, always bear in mind that if you do decide to discuss this case, the other jurors fully and freely stated their opinions with the understanding they were being expressed in confidence. Please respect the privacy of the views of the other jurors.

Finally, if you would prefer not to discuss the case with anyone, but are feeling undue pressure to do so, please feel free to contact the courtroom deputy, who will notify me, and I will assist.