MATTHEW DONALD UMHOFER (SBN 206607)
matthew@umklaw.com
J. ANTHONY KING (SBN 297279)
anthony@umklaw.com
DIANE H. BANG (SBN 271939)
dbang@umklaw.com
**UMHOFER, MITCHELL & KING LLP**
767 S. Alameda St., Suite 270
Los Angeles, CA 90021
Telephone: (213) 394-7979
Facsimile: (213) 529-1027

CHASE W. MARTIN (SBN 260444)
cmartin@ammcglaw.com
**ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP**
Post Office Box 3835
San Luis Obispo, California 93403-3835
Telephone: (805) 543-0990
Facsimile: (805) 543-0980

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MATTHEW D. VAN STEENWYK, Individually, as Trustee and Beneficiary of The Matthew Van Steenwyk GST Trust and The Matthew Van Steenwyk Issue Trust, and as Co-Trustee of The Gretchen Marie Van Steenwyk-Marsh GST Trust and The Gretchen Marie Van Steenwyk-Marsh Issue Trust and derivatively on behalf of Nominal Defendants APPLIED TECHNOLOGIES ASSOCIATES, INC., SCIENTIFIC DRILLING INTERNATIONAL, INC. and ATA RANCHES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> KEDRIN E. VAN STEENWYK, et al., <br><br> Defendants, <br><br> and <br><br> APPLIED TECHNOLOGIES ASSOCIATES, INC., SCIENTIFIC DRILLING INTERNATIONAL, INC., and ATA RANCHES, INC., <br><br> Nominal Defendants. | Case No.: 2:20-cv-02375-FLA-AJRx <br><br> *Hon. Fernando L. Aenlle-Rocha* <br><br> **PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S REQUEST FOR AN AWARD OF PREJUDGMENT INTEREST REGARDING DAMAGES TO SDI** <br><br> Trial Date: June 24, 2024 <br> Time: 8:30 a.m. <br> Place: Courtroom 6B |

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff respectfully requests this Court award Scientific Drilling International, Inc. ("SDI"),[1] and Plaintiff prejudgment interest on the derivative and direct damages awards for Defendants' breaches of fiduciary duties and corporate waste against SDI. Under Texas law, prejudgment interest is an equitable remedy "left to the sound discretion of the trial court" in breach of fiduciary duty cases. Dernick Res., Inc. v. Wilstein, 471 S.W.3d 468, 487 (Tex. App. 2015). For this reason, the jury verdict form did not include the option to award prejudgment interest to SDI. Thus, even though the jury found Defendants liable for the same causes of action as to both Applied Technologies Associates, Inc. ("ATA")[2] and SDI,[3] it could only award prejudgment interest to ATA. Given the intentional and deliberate nature of Defendants' wrongful conduct followed by their engagement in protracted litigation to avoid the consequences of their conduct, the rationale that Defendants "should not profit from the detention and use of money owed to the plaintiff pending a judicial determination of the plaintiff's rights," see Channel 20, Inc. v. World Wide Towers Servs., Inc., 607 F. Supp. 551, 562 (S.D. Tex. 1985), and the jury's determination already that Defendants' breaches to ATA warrant prejudgment interest, this Court should grant Plaintiff's request to grant SDI and Plaintiff prejudgment interest.

## I. ARGUMENT

### A. Texas Courts Routinely Grant Prejudgment Interest in Breach of Fiduciary Cases Like This One

"Prejudgment interest in a diversity action is . . . a substantive matter governed by state law." U.S. Fid. & Guar. Co. v. Lee Invs. LLC, 641 F.3d 1126, 1139 (9th Cir.

---

1 SDI is a Texas corporation.
2 ATA is a California corporation.
3 The Court already determined that Defendants Kedrin and Elizabeth Van Steenwyk are liable for breaches of fiduciary duty to ATA, SDI, and Plaintiff, and that Defendant Dan Carter is liable for aiding and abetting them against Plaintiff. (See ECF No. 342 at 15, 19.) The jury further found all board of directors liable for their breaches of fiduciary duties, and Elizabeth liable for corporate waste to ATA and SDI.

2011). Under Texas law, "[a]n award of prejudgment interest may be based either on an enabling statute or on general principles of equity." <u>Dernick Res., Inc. v. Wilstein</u>, 471 S.W.3d 468, 487 (Tex. App. 2015) (citing <u>Johnson Higgins Inc. v. Kenneco Energy</u>, 962 S.W.2d, 507, 528 (Tex. 1998)). When there is no enabling statute for prejudgment interest, as is the case in breach of fiduciary duty claims, the decision to award prejudgment interest is left to the sound discretion of the trial court, which should rely upon equitable principles and public policy in making its decision." <u>Id.</u> (internal citation omitted).

Texas courts have recognized that prejudgment interest is, in many cases, necessary "to fully compensate the injured party[.]" <u>Brainard v. Trinity Universal Ins. Co.</u>, 216 S.W.3d 809, 812 (Tex. 2006). "It is compensation allowed by law as additional damages for lost use of the money due as damages during the lapse of time between the accrual of the claim and the date of judgment." <u>Id.</u> at 812 (quoting <u>Johnson</u>, 962 S.W.2d at 528 (internal quotations omitted)); <u>see also</u> <u>West Virginia v. United States</u>, 479 U.S. 305, 310 n. 2 (1987) (explaining that prejudgment interest serves to compensate for the deprivation of money due from the time the claim accrues until judgment is entered, "thereby achieving full compensation for the injury that damages are intended to redress").

Federal courts applying Texas law regularly grant prejudgment interest in breach of fiduciary cases where a defendant's conduct was intentional and in bad faith. <u>See, e.g.</u>, <u>Critical Path Res., Inc. v. Huntsman Int'l, LLC</u>, 2020 WL 1291327, at *20 (Tex. App. Mar. 19, 2020) (affirming prejudgment interest award where defendant "knew a conflict of interest existed," breached fiduciary duties and benefitted himself through the conflicted interest, and "fail[ed] to disclose the conflict"); <u>Dernick Res.</u>, 471 S.W.3d at 487 (Tex. App. 2015) (affirming award of prejudgment interest for breach of fiduciary duty where defendant's conduct was "intentional and deliberate," and the defendant "engaged in protracted litigation . . . to avoid facing the consequences of that breach"); <u>Anderson v. Armstrong</u>, 132 Tex. 122, 131 (Comm'n App. 1938) (affirming

prejudgment interest where administrator "misapplie[d] funds of the estate and use[d] them for his own benefit," and to "prevent the trustee . . . from making a profit upon the funds of the estate").

For example, in <u>Dernick</u>, the Texas Court of Appeals upheld an award of prejudgment interest in a breach of fiduciary duty case by the trial court where it found that the award was "based on [the trial court's] findings and conclusions regarding the nature and severity of [the defendant's] breach of its fiduciary duty[.]" <u>Dernick</u>, 471 S.W.3d at 487. The court held that "equity dictates" that the defendant could retain a benefit it accrued "by virtue of its breach of fiduciary duty." <u>Id.</u>, at 488. Further, the defendant not only committed a "clear and serious" breach of its fiduciary duty, it "engaged in protracted litigation…to avoid facing the consequences of that breach." <u>Id.</u>, 471 S.W.3d at 488. The court held that the award "thus served an essential equitable function of prejudgment interest—to encourage settlement and discourage delay by removing incentives for defendants … to use lengthy legal proceedings to avoid its obligations as a fiduciary." <u>Id.</u>

Defendants in this case similarly acted intentionally and deliberately to siphon money and resources from SDI to benefit themselves, to the detriment of SDI and Plaintiff. Defendants were aware of the conflict of interest created by selling Adelaida Cellars in 2013 to an entity that was essentially wholly-owned and controlled by SDI's controlling shareholder, while holding onto the grape ranches that supplied the winery. Defendants were aware of that conflict of interest as they sold highly–discounted grapes from the ranches to Adelaida, provided effectively free labor and services to Adelaida, and wrote-off numerous transactions from the corporate books to give free money to Adelaida. Thus, the jury found Defendants breached their fiduciary duties to SDI by using the company's finances and resources to benefit Adelaida, an entirely separate company owned by the controlling shareholders of SDI, to the detriment of SDI and Plaintiff.

Defendants made no serious attempts to avoid or settle this litigation. From May through November of 2019, before filing this suit in March 2020, Plaintiff repeatedly asked the Board to investigate the potential subsidization and self-dealing that he had only recently discovered. Defendants, however, steadfastly refused to do so. (See Decl. of J. Anthony King ("King Decl."), ¶ 2, Exs. 1-6.)

Subsequently, Defendants "engaged in protracted litigation…to avoid facing the consequences of that breach" from March 12, 2020 on. Defendants repeatedly engaged in delay tactics in discovery and filed frivolous motions in an attempt to further obstruct the resolution of this case. (See e.g., Defs' Mots. for Reconsideration & Orders Denying Defs.' Mots., ECF Nos. 323, 325, 344, 345, 392.)

Defendants should not profit off their exploitation of the time value of the money owed to Plaintiff once they had notice of their wrongdoing over four years ago and "the detention and use of money owed to the plaintiff pending the judicial determination of the plaintiff's rights." Channel 20, Inc., 607 F. Supp. at 562. As determined by the jury's award, Defendants' conduct caused a loss of $4,394,360 to SDI, and SDI should be awarded prejudgment interest on that amount. Dernick, 471 S.W.3d at 487. Moreover, as determined by the jury's direct damages award to Plaintiff as a shareholder of SDI in the amount of approximately $4,073,163.48,[4] Plaintiff should be awarded prejudgment interest on that amount. Id.; Phillips Petroleum Co. v. Stahl Petroleum Co., 569 S.W.2d 480, 486 (Tex. 1978) (Texas courts construe statutes more liberally "when necessary to permit compensation for the use or detention of one's money").

**B.     Prejudgment Interest Should Be Awarded to SDI in the Amount of $1,624,047.10**

Prejudgment interest accrues from the earlier of: "(1) 180 days after the date a defendant receives written notice of a claim, or (2) the date suit is filed, and until the

---

[4] Calculations provided below in section C.

4

*PLAINTIFF'S MEMO OF LAW ISO PREJUDGMENT INTEREST RE SDI*

day before the judgment." Long v. Castle Tex. Prods. Ltd. P'ship, 426 S.W.3d 73, 77 (Tex. 2014). And Texas law provides that "[j]udgment interest rates are a matter of substantive law[.]" Bergstrom Air Force Base Fed. Credit Union v. Mellon Mortg., Inc.-E., 674 S.W.2d 845 (Tex. App. 1984), writ refused NRE (Oct. 24, 1984). Texas law thus governs the choice of interest rates. See cf. U.S. Fid. & Guar. Co., 641 F.3d at 1139. In Johnson, the Supreme Court of Texas held that where a state enabling statute does not apply to a particular claim, "prejudgment interest accrues at the rate for postjudgment interest and it shall be computed as simple interest." Johnson, 962 S.W.2d at 532. The postjudgment rate for judgments issued by Texas courts is set by the consumer credit commissioner. Tex. Fin. Code § 304.003; Johnson, 962 S.W.2d at 532. That rate is presently 8.5%.[5]  See, e.g., Paisano Cap. SA de CV v. 23 Texas Produce, Inc., 2019 WL 3239152, at *5 (N.D. Tex. July 18, 2019) (applying the prejudgment interest described in the Texas Finance Code).

For Defendants' breach of fiduciary duty and corporate waste, the jury awarded SDI $4,394,360. (King Decl., ¶ 3, Ex. 7, Trial Tr. Day 10 at 87:25.) Interest began accruing on March 12, 2020, when the complaint was filed—i.e., four years and 127 days until the date of the filing of this brief. Applying a simple interest formula, 8.5% of the award to SDI is $1,494,082.40, accrued annually over four years, and $129,964.70 accrued over a period of 127 days (at approximately $1,023.34 per day). In total, SDI is entitled to at least $1,624,047.10 in prejudgment interest. Accordingly, the Court should grant Plaintiff's request and award SDI at least $1,624,047.10 of prejudgment interest.

//
//
//
//

---

[5] Rates found at https://occc.texas.gov/publications/interest-rates (last visited 7/17/2024).

### C.   Prejudgment Interest Should Be Awarded to Plaintiff Matthew Van Steenwyk in the Amount of $1,505,340.79

Plaintiff's direct claims also involved damages related to SDI. Of the $30,846,340 in potential direct damages to Plaintiff,[6] $11,159,352 is related to constructive dividends conferred upon Adelaida and its controlling shareholders related to SDI for: (i) the below market, no down payment loan for the purchase of Adelaida ($749,041);[7] (ii) professional services that SDI employees provided to Adelaida for a fraction of their value ($710,311);[8] (iii) and write-offs of money owed to SDI by the controlling shareholder ($6,600,000)[9] and ($3,100,000)[10]—or approximately 36.5% of the total potential direct damages.

Accordingly, a pro-rata apportionment of the jury's $12,705,669 award against Defendants Elizabeth Van Steenwyk, Kedrin Van Steenwyk, and Adelaida Cellars, Inc., for SDI-related damages results in $4,073,163.48 that would be subject to an award of prejudgment interest.[11] Interest began accruing on March 12, 2020, when the complaint was filed—i.e., four years and 127 days until the date of the filing of this brief. Applying a simple interest formula, 8.5% of the award to Plaintiff is approximately $1,384,875.58, accrued annually over four years, and approximately $120,465.20 accrued over a period of 127 days (at approximately $948.54 per day). In total, Plaintiff is entitled to at least $1,505,340.79 in prejudgment interest. Accordingly, the Court should grant Plaintiff's request and award Matthew Van Steenwyk at least $1,505,340.79 of prejudgment interest.

---

[6] (See King Decl., ¶ 4, Ex. 8, Jury Trial Day 7 Tr., 174:9-14.)
[7] (See King Decl., ¶ 5, Ex. 9, Jury Trial Day 5 Tr., 97:15-16.)
[8] This is half of the pro rata amount owed to both ATA and SDI. (See King Decl. ¶ 5, Ex. 9, Jury Trial Day 5 Tr., 103:8-11.)
[9] (See King Decl. ¶ 5, Ex. 9, Jury Trial Day 5 Tr., 100:20-23.)
[10] (Id., at 100:24-101:4.)
[11] Because the jury's verdict does not apportion the damages to a specific breach or company, the only logical way to do so is a pro rata apportionment.

## II. CONCLUSION

Given the intentional and deliberate nature of Defendants' wrongful conduct followed by their engagement in protracted litigation to avoid the consequences of their conduct, the rationale that Defendants should not profit from the detention and use of money owed to the plaintiff pending a judicial determination of the plaintiff's rights, and the jury's determination that Defendants' breaches to ATA warrant prejudgment interest, this Court should grant Plaintiff's request to grant SDI at least $1,624,047.10 and Matthew Van Steenwyk at least $1,505,340.79 in prejudgment interest.

Dated: July 17, 2024

**UMHOFER, MITCHELL & KING, LLP**

/s/ *Matthew Donald Umhofer*
Matthew Donald Umhofer, Esq.
J. Anthony King, Esq.
Diane H. Bang, Esq.
*Attorneys for Plaintiff*