Timothy W. Fredricks (SBN 238039)
Fredricks.t@wssllp.com
Richard P. Tricker (SBN 101460)
Tricker.r@wssllp.com
**WINGET SPADAFORA & SCHWARTZBERG LLP**
1800 Century Park East, Suite 205
Los Angeles, CA 90067
Telephone: 310.836.4800
Facsimile: 310.836.4801

Attorneys for Defendants
KEDRIN E. VAN STEENWYK and
ADELAIDA CELLARS, INC.

**O'HAGAN MEYER LLP**
Samuel Y. Edgerton, III (SBN 127156)
Johnny L. Antwiler (SBN 288772)
2615 Pacific Coast Highway, Suite 300
Hermosa Beach, CA 92660
Tel: (310) 807-1110| Fax: (310) 807-1115
Email: sedgerton@ohaganmeyer.com
Email: jantwiler@ohaganmeyer.com

Attorneys for Defendants, PAMELA PIERCE, PHILIP GOBE, PHILIP
LONGORIO, GENE DUROCHER, DANIEL CARTER, JOSEPH MCCOY,
KIERAN DUGGAN, APPLIED TECHNOLOGIES ASSOCIATES, INC., ATA
RANCHES, INC. and SCIENTIFIC DRILLING INTERNATIONAL, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW D. VAN STEENWYK, Individually, as Trustee and Beneficiary of The Matthew Van Steenwyk Gst Trust And The Matthew Van Steenwyk Issue Trust, And As Co-Trustee Of The Gretchen Marie Van Steenwyk-Marsh Gst Trust And The Gretchen Marie Van Steenwyk-Marsh Issue Trust and derivatively on behalf of Defendants APPLIED TECHNOLOGIES ASSOCIATES, INC., and ATA RANCHES, INC., <br><br> Plaintiff, <br><br> v. <br><br> KEDRIN E. VAN STEENWYK, Individually, as Successor Trustee of the | Case No.: 2:20-cv-02375-FLA-AJR <br><br> **DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED JUDGMENT [DKT NO. 458-1]** |

1  Donald H. Van Steenwyk and Elizabeth
   A. Van Steenwyk 1996 Revocable Trust;
2  PAMELA PIERCE, Individually; PHILIP
   GOBE, Individually; PHILIP
3  LONGORIO, Individually; GENE
   DUROCHER, Individually; DANIEL
4  CARTER, Individually; JOSEPH
   MCCOY, Individually; ELIZABETH A.
5  VAN STEENWYK, Individually, and as
   Original Trustee and as Beneficiary of the
6  Donald H. Van Steenwyk and Elizabeth
   A. Van Steenwyk 1996 Revocable Trust;
7  ADELAIDA CELLARS, INC., a
   California Corporation; and DOES 1-25,
8  Inclusive,

9                   Defendants,

10 and

11 APPLIED TECHNOLOGIES
   ASSOCIATES, INC., a California
12 corporation; and ATA RANCHES, INC.,
   a Delaware corporation,
13
                 Nominal Defendants.
14

Complaint Filed: March 12, 2020
Trial Date: June 24, 2024

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED JUDGMENT
[DKT NO. 458-1]

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

Defendants object to Plaintiff's proposed judgment (Dkt. No. 458-1) on the following grounds:

1. The proposed judgment fails to reference and/or comply with Federal Rule of Civil Procedure 54(b), which provides in part: "When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties **only if the court expressly determines that there is no just reason for delay**." [Emphasis added.] (*See, Curtiss–Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7–10 (1980).) Absent such determination, the purported judgment is not final and remains subject to revision under Rule 54(b). (*See, Rapp v. Franklin County*, 2023 WL 8251319 *1 (9th Cir. Nov. 29, 2023).)[1]

2. Rule 54(b) judgments are improper absent "pressing needs of the litigants for an early and separate judgment as to some claims or parties." (*Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981).) Pursuant to Rule 54(b), entry of any judgment at this time is premature for the following reasons. First, trial on Plaintiff's claims in his Seventh Cause of Action based on California *Corporations Code*, Section 1601 is not complete. Evidence on these claims was introduced during the trial which was conducted from June 24, 2024 to July 10, 2024. Plaintiff has requested that the Court set a further evidentiary hearing for August 2024 for resolution of these claims. (*See*, Dkt. No. 493.) Second, the Court has yet to set a trial date with respect to Plaintiff's remaining claims set forth in the Third and Fourth Causes of Action for accounting and declaratory relief. Piecemeal resolution of these remaining claims will cause undue confusion and complexity in connection with post-trial motions and appeal, unnecessarily multiplying such proceedings. (*See, Williams v. Bridgeport Music, Inc.*, 2015 WL 12914367 (C.D.

---

[1] Federal Rule of Civil Procedure58(b) requires Court approval of the proposed Judgment.  Rule 58(b) is expressly subject to the requirements of Rule 54(b).

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED JUDGMENT
[DKT NO. 458-1]

Cal. Apr. 17, 2015)(District Court defers entry of judgment after jury verdict).)

3.     Paragraphs 2 and 3 of the proposed judgment violate Rule 54(b) because those claims are not final.  (*See, Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005)(District Court must determine whether it has rendered a final judgment).)  The Court is still considering whether Plaintiff is entitled to pre-judgment interest under Texas law.  (*See*, Dkt. No. 495.)

4.     The proposed judgment fails to accurately identify the Plaintiff in this action.  The Plaintiff is this action is Matthew D. Van Steenwyk, as Trustee and Beneficiary of The Matthew Van Steenwyk Gst Trust And The Matthew Van Steenwyk Issue Trust, And As Co-Trustee Of The Gretchen Marie Van Steenwyk-Marsh Gst Trust And The Gretchen Marie Van Steenwyk-Marsh Issue Trust.  The judgment must so indicate to avoid any confusion.

5.     The proposed judgment fails to reference and/or incorporate the matters determined by the Court prior to the jury trial in connection in its Order Granting in Part and Denying in Part Motions For Summary Judgment (Dkt. No. 342). (*See, Willie v. Piccinini*, 234 Fed.Appx. 737 (9th Cir. 2007)(appeal from judgment pursuant to jury verdict and partial summary judgment); and *Perez v. Rash Curtis & Associates*, 2020 WL 1904533 *5 (N.D. Cal. Apr. 17, 2020)(District Court granted motion to amend judgment to reflect order granting partial summary judgment, "where it would accurately reflect the disposition of issues and claims decided earlier in the case")  For this reason, the judgment must specifically reflect that the Court granted partial summary judgment in Defendants' favor on "Plaintiff's request to remove Kedrin (Van  Steenwyk) as the Successor Trustee of the Survivor's Trust." (Dkt. No. 342-37.)

6.     As to Paragraph 1 of the proposed judgment, because Elizabeth Van Steenwyk is deceased, this paragraph of the judgment must reflect that it must be enforced solely against the personal representative of her estate and/or the Trustee of the Survivor's Trust.

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED JUDGMENT
[DKT NO. 458-1]

7.     As to Paragraph 2 of the proposed judgment, because Elizabeth Van Steenwyk is deceased, this paragraph of the judgment must reflect that it must be enforced solely against the personal representative of her estate and/or the Trustee of the Survivor's Trust.

8.     Paragraph 3 of the proposed judgment deals solely with Plaintiff's direct claims for breach of fiduciary duty against the controlling shareholder of ATA/SDI. Paragraph 3 of the proposed judgment must refer to Elizabeth Van Steenwyk solely in her capacity as the Trustee of the Survivor's Trust. In addition, because Elizabeth is deceased, Paragraph 3 of the judgment must reflect that it must be enforced solely against the Trustee of the Survivor's Trust.

9.     Paragraph 3 of the proposed judgment deals solely with Plaintiff's direct claims for breach of fiduciary duty against the controlling shareholder of ATA/SDI. Paragraph 3 of the proposed judgment must refer to Kedrin Van Steenwyk solely in her capacity as the Successor Trustee of the Survivor's Trust.

//
//
//
//
//
//
//
//
//
//
//
//
//
//

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED JUDGMENT
[DKT NO. 458-1]

10.    As to Paragraph 4 of the proposed judgment, an award of post-judgment interest runs only upon entry of a final, appealable judgment. (*See*, *Dishman v. UNUM Life Ins. Co. of America,* 269 F.3d 974, 991 (9th Cir. 2001) ("[W]e hold that 'judgment' within the meaning of 28 U.S.C. § 1961 means [a] ... final, appealable order [.]"); *see, Scotts Co. v. Central Garden & Pet Co.,* 403 F3d 781, 792-793 (6th Cir. 2005) (holding that post-judgment interest did not begin to run until the district court entered an amended judgment that was final and appealable), abrogated on other grounds by *Allied Industrial Scrap, Inc. v. OmniSource Corp*., 776 F.3d 452, 452-453) (6th Cir. 2015).)  Inclusion of Paragraph 4 is premature.


**WINGET SPADAFORA & SCHWARTZBERG LLP**

Dated: July 19, 2024        By:    */s/ Richard P. Tricker*
                                               Timothy W. Fredricks
                                               Richard P. Tricker

                                               Attorneys for Defendants
                                               KEDRIN E. VAN STEENWYK and ADELAIDA
                                               CELLARS, INC.


**O'HAGAN MEYER LLP**

Dated: July 19, 2024        By:    */s/ Johnny L. Antwiler*
                                               Samuel Y. Edgerton
                                               Johnny L. Antwiler

                                               Attorneys for Defendants, PAMELA PIERCE,
                                               PHILIP GOBE, PHILIP LONGORIO, GENE
                                               DUROCHER, DANIEL CARTER, JOSEPH
                                               MCCOY, KIERAN DUGGAN, APPLIED
                                               TECHNOLOGIES ASSOCIATES, INC., ATA
                                               RANCHES, INC., and SCIENTIFIC DRILLING
                                               INTERNATIONAL, INC.

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED JUDGMENT
[DKT NO. 458-1]

## **CERTIFICATE OF SERVICE**

The undersigned certifies that DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED JUDGMENT [DKT NO. 458-1] was filed electronically with the Clerk of the Court via the CM/ECF system which effects notification to all parties registered and designated for the CM/ECF system in this action. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 19, 2024 at Los Angeles, California.


_____*/s/Lluriviana Gil-Lopez*_____
Lluriviana Gil-Lopez